IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

**DEBTOR'S OBJECTION TO CREDITOR'S
MOTION TO DISMISS FILED BY DUSTIN ETTER**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Alliance Farm and Ranch, LLC (the "Debtor") files this *Objection to Creditor's Motion to Dismiss filed by Dustin Etter,* and in support hereof, respectfully states as follows:

A. The Motion is Procedurally Defective

1. Dustin Etter ("Etter") filed his Motion to Dismiss (the "Motion) in this case on February 21, 2025. The Motion fails to include the negative notice language required by Local Rule 9013-1(b). Further, the Motion's certificate of service states only that "a true and correct copy of this instrument was served upon all parties in compliance with the Federal Rules of Civil Procedure." There is no indication of the manner in which the Motion was served or the parties to whom it was served. Local Rule 9013-1(f) requires that "The serving party must file a certificate of service including the name and address of those served." The Motion is procedurally defective and should be dismissed.

B. Etter Lacks Standing

2. Etter is not a creditor of the Debtor and hence lacks standing to file the Motion. The pleadings attached to the Motion reveal that Etter has had no direct dealings with the Debtor. Etter's claims are wholly contingent and unliquidated. Etter's only relation to the Debtor or the

Debtor's property is a *lis pendens* filed in the real property records.  However, a *lis pendens* does not confer a property interest and is improperly filed if only to satisfy a potential judgment. *Flores v. Haberman*, 915 S.W.2d 477, 478 (Tex. 1995).  Further, a party that has merely filed a *lis pendens* against property of a debtor has no standing in the Debtor's bankruptcy case. *In re Adamson*, 312 B.R. 16, 20 (Bankr. Mass. 2004).

    3.    Based upon Etter's lack of standing in this case, the Motion should be dismissed.

C. <u>Status of Case</u>

    4.    The Debtor acknowledges that it has not adequately prosecuted this case to date. The Debtor has retained new counsel, and intends to move to convert this case to chapter 11.  The Debtor intends to promptly file schedules and take all other action required by the Bankruptcy Code, Bankruptcy Rules and local rules and to fulfil all requirements mandated by the United States Trustee.

WHEREFORE, the Debtor respectfully prays that this Court deny the Motion to Dismiss the case; and grant the Debtor such other and further relief as this Court may deem just and proper.

Dated: March 14, 2025.

                                    **OKIN ADAMS BARTLETT CURRY LLP**

                                    By: <u>/s/ *Timothy L. Wentworth*</u>
                                    Timothy L. Wentworth
                                    Texas Bar No. 21179000
                                    1113 Vine St., Suite 240
                                    Houston, Texas 77002
                                    Tel: 713.228.4100
                                    Fax: 346.247.7158

                                  **PROPOSED COUNSEL FOR ALLIANCE FARM AND RANCH, LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2025, a true and correct copy of the foregoing Objection was served via the Court's CM/ECF system and by United States First Class Mail to the parties listed below.

Dustin Etter
c/o Noah E. W. Meek
Irelan McDaniel, PLLC
2520 Caroline St., 2nd Floor
Houston, Texas 77004

Erik and Darla Ostrander
20105 Krahn Rd.
Spring, TX 77388

Len E. Walker
The Weaver Law Firm
1800 Bering Dr., Suite 1050
Houston, TX 77057

United States Trustee
515 Rusk St., Suite 3516
Houston, TX 77002-2604


      By: */s/ Timothy L. Wentworth*
      Timothy L. Wentworth