IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

**DEBTOR'S EMERGENCY MOTION TO CONVERT TO CHAPTER 11**

---

**NOTICE PURSUANT TO LOCAL RULE 9013-1**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 5:00 P.M. (PREVAILING CENTRAL TIME) ON MARCH 20, 2025. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Alliance Farm and Ranch, LLC (the "Debtor") hereby files this Motion to Convert to Chapter 11 (the "Motion") pursuant to 11 U.S.C. § 706 and Fed. R. Bankr. P. 1017 and respectfully states the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is section 706(b) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 1017.

**PROCEDURAL BACKGROUND**

3. On January 7, 2025, the Debtor filed a voluntary bankruptcy petition under chapter 7, commencing this bankruptcy case. *See* ECF No. 1. Janet S. Northrup (the "Trustee") was appointed the chapter 7 Trustee at that time. No schedules and statements have been filed to date and no creditor's meeting has been set.

4. Dustin Etter filed a Motion to Dismiss the case on February 21, 2025. *See* ECF No. 7. The Debtor filed an objection to the Motion to Dismiss on March 14, 2025. *See* ECF No. 9. This Court has set a hearing on the Motion to Dismiss for April 9, 2025 at 2:00 pm.

**FACTUAL BACKGROUND**

5. The Debtor owns a 73 acre ranch located at 5450 Honea Egypt Rd., Montgomery, Texas 77316 (the "Property"). The mortgage on the Property is held by Erik and Darla Ostrander ("Ostrander"). The Debtor filed a lawsuit styled *Alliance Farm and Ranch, LLC v. Erik C. Ostrander and Darla Ostrander*, Cause No. 25-01-00068 in the District Court of Montgomery County, Texas, 284th Judicial District, on January 3, 2025 (the "Lawsuit"). The Debtor's claims asserted in the Lawsuit will have bearing upon the validity of the foreclosure.

6. Ostrander purportedly foreclosed on the Property on January 7, 2025 which prompted the Debtor's bankruptcy filing.

7. The Debtor presently has a contract to sell the Property that is set to close on April 24, 2025 and which would provide proceeds sufficient to pay the undisputed amount of the Ostrander secured claim and result in approximately $2 million in equity.

## RELIEF REQUESTED

8. The Debtor seeks entry of an Order under section 706(a) of the Bankruptcy Code, converting the Debtor's bankruptcy case under chapter 7 of the Bankruptcy Code to one under chapter 11 of the Bankruptcy Code, so that the Debtor may remain in possession of its assets and estate, continue operations of its business, and accomplish an orderly liquidation. Pursuant to section 348 of the Bankruptcy Code, an Order converting this case constitutes an order for relief in the chapter 11 case. 11 U.S.C. § 348(a).

## BASIS FOR RELIEF REQUESTED

9. Section 706 of the Bankruptcy Code governs the conversion of a chapter 7 case to one under chapter 11 and provides, in pertinent part, as follows:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> . . .
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706.

10. The Supreme Court, in *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 373 (2007), held that a case should be converted under section 706(a) unless the bankruptcy court determines that section 706(d) prohibits the debtor from being a debtor under the chapter of the

- 3 -

Bankruptcy Code to which the debtor seeks to convert its case. Although *Marrama* involved a conversion from chapter 7 to chapter 13, numerous courts have held that *Marrama* also applies to motions to convert to chapter 11. *See, e.g., In re Premier Gen. Holdings, Ltd.*, 427 B.R. 592, 601 n.8 (Bankr. W.D. Tex. 2010) (indicating that there is "little reason to confine the Court's ruling in *Marrama* to the chapter 13 context).

11. This Court may also exercise its discretion to convert a case under chapter 7 to a case under chapter 11 where it finds that conversion will "most inure to the benefit of all parties in interest." *In re Texas Extrusion Corp.*, 844 F.2d 1142, 1161 (5th Cir. 1988) (citing H.R. Rep. No. 595, 95 Cong., 1st Sess. at 380 (1977), reprinted in 1978 U.S. Code Cong. & Admin. News at 6336).

12. In this case, the Debtor is entitled to convert its case to one under chapter 11 of the Bankruptcy Code. *First*, this case has not been previously converted. *Second*, the Debtor is a "person" eligible to be a chapter 11 debtor under section 109 of the Bankruptcy Code, as the Debtor: (i) is a "corporation" within the meaning of section 101(9) of the Bankruptcy Code; and (ii) has its principal places of business in the United States and is domiciled in the United States. *Third*, the Debtor's goal in converting this case to chapter 11 is to provide an orderly liquidation of its assets, including the Property or claims and causes of action related thereto, that will benefit the creditors and equity, which is the fundamental purpose of a chapter 11 case. *In re Vill. at Camp Bowie I, L.P.,* 710 F.3d 239, 248 (5th Cir. 2013) ("… we have recognized that a single-asset debtor's desire to protect its equity can be a legitimate Chapter 11 objective.") Therefore, the Debtor has the statutory right to convert this case.

## BASIS FOR EMERGENCY CONSIDERATION

13. The Debtor requests that this Court consider this Motion on an emergency basis. As stated, the Debtor currently has a contract to sell the property for an amount that would pay all administrative claims, the mortgage holder and other creditors in full. Immediate consideration is necessary for the Debtor to take the steps necessary to maximize value to all parties and to preserve its equity in the Property.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the Debtor seeks entry of an order converting this bankruptcy case to a case under chapter 11 of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

**PROPOSED COUNSEL FOR ALLIANCE FARM AND RANCH, LLC**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 17, 2025, a true and correct copy of the foregoing Objection was served via the Court's CM/ECF system and by United States First Class Mail to the parties listed below.

Dustin Etter
c/o Noah E. W. Meek
Irelan McDaniel, PLLC
2520 Caroline St., 2nd Floor
Houston, Texas 77004

Erik and Darla Ostrander
20105 Krahn Rd.
Spring, TX 77388

Janet S. Northrup, Trustee
1201 Louisiana, Ste. 2800
Houston, TX 77002

Len E. Walker
The Weaver Law Firm
1800 Bering Dr., Suite 1050
Houston, TX 77057

United States Trustee
515 Rusk St., Suite 3516
Houston, TX 77002-2604

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth