Received and E-Filed for Record
1/3/2025 9:48 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Melanie Cintron Rodriguez

Cause No. 25-01-00068

| | | |
|---|---|---|
| **ALLIANCE FARM AND RANCH, LLC**, *Plaintiff* | § § § | IN THE DISTRICT COURT OF |
| vs. | § § § | MONTGOMERY COUNTY, TEXAS |
| **ERIK C. OSTRANDER and**, **DARLA OSTRANDER** *Defendants* | § § § § | Montgomery County - 284th Judicial District Court |
| RE: 5450 Honea Egypt Road Montgomery, TX 77316 | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S VERIFIED PETITION AND REQUEST FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, **ALLIANCE FARM AND RANCH LLC**, complaining of Defendants, **ERIK C. OSTRANDER and DARLA OSTRANDER**, and respectfully shows the Court as follows:

### I.

### DISCOVERY CONTROL PLAN

1.0    Plaintiff intends to conduct discovery under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.

### PARTIES

2.0    Plaintiff **Alliance Farm and Ranch LLC** is a Texas limited liability company with its principal place of business located in Harris County.

2.1    Defendants **Erik C. Ostrander and Darla Ostrander** are individuals residing in Texas and may be served with process at 20105 Krahn Rd., Spring, TX 77388, or through their

attorneys at The Weaver Law Firm, 1800 Bering Dr., Suite 1050, Houston, Texas 77057, or wherever they may be found.

### III.

### JURISDICTION AND VENUE

3.0  This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limits of the Court and involves claims under the Texas Property Code and other applicable laws.

3.1  Venue is proper in Montgomery County, Texas, pursuant to Section 15.011 of the Texas Civil Practice and Remedies Code, as the subject property is located in this county.

### IV.

### FACTUAL BACKGROUND

4.0  On or about April 1, 2022, Plaintiff sought to purchase real property from Defendants and in connection executed a Promissory Note in the original principal amount of $3,800,636.00 in favor of Defendants.

4.1  The Promissory Note was secured by a Deed of Trust covering Plaintiff's property located at 5450 Honea Egypt Road, Montgomery, Texas 77316 (the "Property").

4.2  Plaintiff received a Notice of Foreclosure Sale dated December 6, 2025, scheduling a foreclosure sale for January 7, 2025, despite Plaintiff's disputes regarding the validity of the alleged debt and acceleration of the Note.

4.3  Plaintiff has made good faith efforts to resolve disputes regarding payments and seeks to prevent irreparable harm, including the loss of the Property, which serves as its principal place of business and is critical to its operations.

4.4     Defendants failed to provide adequate validation of the debt or comply with the requirements under the Texas Property Code, including proper notice and opportunity to cure.

## V.
## CAUSES OF ACTION

5.0     Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff seeks a declaratory judgment that:

1. Defendants failed to comply with the Texas Property Code and other applicable laws;
2. The acceleration of the Note and foreclosure sale are invalid; and
3. Plaintiff retains ownership and possession of the Property.

5.1     Defendants breached the terms of the Promissory Note and Deed of Trust by failing to provide proper notice of default, an opportunity to cure, and adequate validation of the alleged debt.

5.2     Plaintiff seeks temporary and permanent injunctive relief to enjoin Defendants from proceeding with the foreclosure sale scheduled for January 7, 2025.

5.3.    Plaintiff also asserts fraud against Defendants. Defendants were holding themselves out to negotiate on the Note to allow Plaintiff time and during the course of negotiations pulled the rug out and decided to proceed with foreclosure. Plaintiff detrimentally relied on these representations by Defendant and now faces imminent and irreparable damages.

## VI.
## REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

6.0     Plaintiff incorporates the foregoing allegations and requests the Court to issue a Temporary Restraining Order to enjoin Defendants from conducting the foreclosure sale.

Plaintiff will suffer irreparable harm if the foreclosure sale proceeds, as monetary damages cannot compensate for the loss of its principal place of business and operational assets.

## VII.

## DAMAGES AND RELIEF REQUESTED

7.0   Plaintiff seeks the following relief:

1. A declaratory judgment declaring the foreclosure invalid;
2. Temporary and permanent injunctive relief to halt the foreclosure sale;
3. Reasonable attorneys' fees and costs of court;
4. Actual damages in an amount to be determined at trial; and
5. Any other relief the Court deems just and proper.

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court issue a Temporary Restraining Order enjoining Defendants from proceeding with the foreclosure sale scheduled for January 7, 2025, set a hearing for a Temporary Injunction and upon final hearing, the Court issue a declaratory judgment invalidating the foreclosure and granting permanent injunctive relief. Plaintiff also seeks to be awarded its costs of court, reasonable attorneys' fees, and any other relief to which it may be justly entitled.

Respectfully submitted,

**REJAS HUA & HOANG, PLLC**

By: _/s/ Thaison Hua_
**Thaison Hua**
Texas Bar No. 24097852

4909 Bissonnet St. STE 100A
Bellaire, TX 77401
713-300-5075
eservice@rhhlawgroup.com

**ATTORNEY FOR PLAINTIFFS**