IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| *Debtor.* | § | CHAPTER 7 |

THE OSTRANDERS' RESPONSE TO
DEBTOR'S EMERGENCY MOTION TO CONVERT

Erik Ostrander and Darla Ostrander (the "Ostranders"), interested parties herein, file their response in opposition (the "Response") to *Debtor's Emergency Motion to Convert to Chapter 11* (ECF No. 13) (the "Emergency Motion"). In support, the Ostranders respectfully state as follows:

SUMMARY OF RESPONSE

1. The facts here present the unfortunate but not uncommon scenario whereby an insolvent debtor files bankruptcy at the eleventh hour to stave off the foreclosure of real property. Here, however, the Debtor filed its bankruptcy petition *after* the foreclosure sale was final and the Property at issue was sold to its lender, the Ostranders. The Debtor has no interest in the contract referenced in its Emergency Motion, as the purported single asset of this single-asset Debtor is not property of the estate. Accordingly, the debtor cannot support a Chapter 11 case, and the Emergency Motion should be denied.

JURISDICTION AND VENUE

2. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this Court pursuant to 28 U.S.C. sections 1408 and 1409.

**PROCEDURAL POSTURE**

3. On January 7, 2025 (the "Petition Date"), the Debtor commenced the above-captioned chapter 7 case (the "Case") under Title 11 of the United States Code (the "Bankruptcy Code") by filing its Voluntary Petition (the "Petition") (ECF No. 1).

4. In its Petition, the Debtor declared itself a single asset real estate debtor under 11 U.S.C. § 101(51B)). The Debtor further estimated its number of creditors at between 1-49 and its assets and liabilities as both falling between $1 and 10 million (ECF No. 1, at 2-4).

5. On January 9, 2025, the Court entered an *Initial Order for Prosecution of Chapter 7 Case* (ECF No. 3). Therein, the Court noted several deficiencies, including (1) Debtor's failure to pay the chapter 7 filing fee; (2) Debtor's failure to file its list of creditors and schedules of assets and liabilities without an order extending the time to file same. *Id*.

6. On March 14, 2025, the Debtor filed a *Motion for Substitution of Counsel* (ECF No. 8). On March 17, 2025, the Debtor filed an *Amended Petition*, ostensibly to correct the Debtor's EIN number (ECF No. 11). However, the Debtor also amended its estimation of available funds – after originally declaring no funds would be available to distribute to unsecured creditors, the Debtor now believes funds will be available for distribution to unsecured creditors.

7. On March 17, 2025, the Debtor filed the *Emergency Motion* (ECF No. 13).

8. A hearing on creditor Dustin Etter's *Motion to Dismiss* is set for hearing on April 9, 2025 (ECF No. 12).

**RELEVANT FACTS**

9. On or around April 1, 2022, the Ostranders, collectively as Payee, and the Debtor, as Maker, executed a Real Estate Lien Note (the "Note") in the principal amount of $3,800,636.00. The Note provides for monthly interest payments totaling $23,082.70 and a maturity date of April

1, 2024. Note, at p. 1. The Note was executed by Jerod Furr, as Managing Member of the Debtor. *Id*. As set forth therein, the Note is secured by a vendor's lien and superior title to the 72.96 acres comprising the Property, as expressly retained in a deed of even date executed by the Ostranders. *Id*.

10. Also on April 1, 2022, the Debtors, as Grantor, and the Ostranders, as Beneficiary, executed a Deed of the Trust (the "Deed of Trust") covering the Property, which incorporates the Note. *See* Deed of Trust, at 1. The original trustee was Brent Lane, subject to Beneficiary's right to appoint a successor or substitute trustee. *Id*. at 2.

11. On April 6, 2022, the Deed of Trust was recorded with the Montgomery County Clerk.

12. The Note provides that, on default in the payment of the Note or in the performance of any obligation in any instrument securing or collateral to it, the unpaid principal balance and earned interest shall become immediately due at the election of Payee. Note at p. 2.

13. After not receiving any payments whatsoever on the Note for over six months, on December 6, 2024, pursuant to the Deed of Trust and Texas law, the Ostranders posted the Property for foreclosure at the January 7, 2025 public foreclosure sale in Montgomery County. *See* Notice of Foreclosure Sale. Therein, the Ostranders appointed Richard D. Weaver and/or Len E. Walker as Substitute Trustee (the "Substitute Trustee"), who scheduled the Property to be sold at public auction on Tuesday, January 7, 2025, at 10:00 a.m. (the "Foreclosure Sale") *Id*. The Ostranders were the purchasers at the Foreclosure Sale on January 7, 2025.

14. On January 7, 2025, the Substitute Trustee executed a Substitute Trustee's Deed (the "Substitute Trustee's Deed"), which transferred the Property to the Ostranders, collectively as Grantee. The Substitute Trustee's Deed declares that default occurred in the payment of the Note

and the performance obligations under the Deed of Trust, and based on that, the Ostranders, as Beneficiary under the Deed of Trust and holders of the Note, conveyed the Property for purposes of securing and enforcing payment of the Note. Substitute Trustee's Deed at 2.

15. Notably, the Substitute Trustee's Deed sets forth that the Property was sold to the Ostranders at <u>10:15 a.m. on the morning of Tuesday, January 7, 2025</u>.

16. The Lawsuit referenced in the Debtor's Emergency Motion is time-stamped 9:48 a.m. on January 3, 2025, however there is no indication that the 284th Judicial District Court of Montgomery County, Texas entered a restraining order or other injunctive relief preventing the Foreclosure Sale from proceeding.

17. Similarly, although the Debtor filed its Petition on January 7, 2025, there is no indication that the Petition was filed before the Foreclosure Sale. In fact, correspondence with the Court suggest the Petition was filed after the Foreclosure Sale transpired. The Debtor does not seem to argue that the foreclosure was an improper violation of the automatic stay.

18. The Ostranders currently have the Property under contract to be sold, with closing scheduled for April 24, 2025 (the "<u>Contract</u>").

### THE PROPERTY AT ISSUE IS NOT PROPERTY OF THE ESTATE, THUS THE DEBTOR CANNOT BE A CHAPTER 11 DEBTOR.

19. The Emergency Motion is void of facts and argument warranting conversion to Chapter 11. The purported contract referenced in the Emergency Motion is the same Contract referenced above, which again was executed by the Ostranders as the Sellers, not the Debtor. The Debtor has no interest in the Property or the upcoming sale. Accordingly, as a single-asset real estate debtor, conversion should be denied.

20. The Bankruptcy Code provides that, ". . . notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title *unless the*

*debtor may be a debtor under such chapter.*" 11 U.S.C. § 706(d) (emphasis added). As pointed out by Chief Judge Rodriguez in *In re Zamora-Quezada*, the permissive language used in section 706 gives the Court discretion to deny such a request, particularly "<u>*if the facts establish that one of the causes to dismiss or convert a chapter 11 case are present*</u>." 622 B.R. 865, at 877 (Bankr. S.D. Tex. 2017) (quoting *Breakwell*, 2010 WL 3385025, at *2, 2010 U.S. Dist. LEXIS 88367, at *4 (Bankr. N.D. Tex. Aug. 25, 2010).

21. The Fifth Circuit reasoned that the onus was on the bankruptcy judge, evaluating the facts at bar, to determine the viability of the debtor and it's progress in the bankruptcy through the lens of what is in "the best interest of creditors and the estate." *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d. 363 at 372 (5th Cir. 1987); *c.f. Matter of Swift*, 3 F.3d 929, 931 (5th Cir. 1993) (stating that the bankruptcy court has the duty as the finder of fact to "distinguish hogs from pigs . . .").

22. Although the Debtor may have the statutory right to convert the case, it still must show it is eligible to be a debtor under Chapter 11. *See In re Zamora-Quezada*, 622 B.R. at 881. In fairness, and unlike the debtor in *Zamora-Quezada*, the Ostranders do not know if the Debtor proceeds in bad faith. However, the procedural facts support a finding that the Debtor has not conducted itself in good faith. For instance, the Debtor has not complied with its obligations as a chapter 7 debtor, such as the filing of schedules and statements, which to date have still not been filed.

23. Moreover, a bankruptcy court can deny a conversion from chapter 7 to chapter 11 by a determination that the debtor is ineligible or would face dismissal under § 1112. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973 (2017). The analysis under § 1112(b) focuses on a

determination of cause under a non-exhaustive list of factors and is "case-specific, focusing on the circumstances of each debtor." *In re Timbers of Inwood Forest Assocs., Ltd.*, 808 F.2d at 371-72.

24. Here, most importantly, the Debtor has not shown there is any property of the estate to administer. The Debtor acknowledges it is a single asset real estate debtor, however the legal records show that the Debtor is not the legal or equitable owner of the subject Property. Accordingly, there are no assets to "orderly liquidate."

25. For these reasons, the Ostranders asks the Court to deny the Emergency Motion and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

**COKINOS | YOUNG**

By: */s/ Reagan H. "Tres" Gibbs, III*
    Reagan H. "Tres" Gibbs, III
    State Bar No. 24083068
    tgibbs@cokinoslaw.com
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010-3039
    Tel.: (713) 535-5500
    Fax: (713) 535-5533

*Counsel for Erik and Darla Ostrander*

### CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing system for the United States Bankruptcy Code for the Southern District of Texas.

   */s/ Reagan H. "Tres" Gibbs, III*
   Reagan H. "Tres" Gibbs, III