IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | |
| | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF OKIN ADAMS BARTLETT CURRY LLP AS COUNSEL FOR THE DEBTOR**

> **THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Alliance Farm and Ranch, LLC, the above-captioned debtor (the "Debtor") hereby files this *Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Okin Adams Bartlett Curry LLP as Counsel for the Debtor* (the "Application"), and in support hereof, respectfully state as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are sections 327,

329 and 1184 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014, 2016(b), and 9013 of the Federal Rules of Bankruptcy Procedure, Rules 2014-1, 2016-1(b) (the "Bankruptcy Rules"), and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II. BACKGROUND

3. The Debtor owned a 73 acre ranch located at 5450 Honea Egypt Rd., Montgomery, Texas 77316 (the "Property"). The Debtor believes the fair market value of the Property to be approximately $7 million. The mortgage on the Property was held by Erik and Darla Ostrander ("Ostrander") in the approximate amount of $4 million.

4. On January 3, 2025, the Debtor filed a lawsuit styled *Alliance Farm and Ranch, LLC v. Erik C. Ostrander and Darla Ostrander*, Cause No. 25-01-00068 in the District Court of Montgomery County, Texas, 284th Judicial District (the "Lawsuit"). By the Lawsuit, the Debtor sought to enjoin Ostrander's foreclosure of the Property scheduled for January 7, 2025. Ostrander purportedly foreclosed on the Property on January 7, 2025. The Debtor's claims asserted in the Lawsuit will have bearing upon the validity of the foreclosure.

5. Ostrander purportedly foreclosed on the Property on January 7, 2025.

6. Ostrander presently has a contract to sell the Property that is set to close on April 24, 2025 and which would provide proceeds sufficient to pay the undisputed amount of the Ostrander secured claim and result in approximately $2 million in equity.

7. On January 7, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Upon motion of the Debtor, the case was converted to a Chapter 11 case on March 19, 2025.

## III. RELIEF REQUESTED

8. By this Application, the Debtor seeks entry of an order pursuant to sections 327(a)

2

and 328(a) of the Bankruptcy Code authorizing the employment and retention of Okin Adams Bartlett Curry LLP ("Okin Adams" or the "Firm") as bankruptcy counsel to the Debtor in accordance with the terms and conditions of the engagement letter dated March 14, 2025 (the "Engagement Letter"), which is attached to this Application as **Exhibit A** and incorporated herein by reference.

### IV.  RETENTION OF OKIN ADAMS

9. The Debtor seeks to retain Okin Adams to act as its bankruptcy counsel during the Chapter 11 Case. Timothy L. Wentworth, an attorney at Okin Adams who is primarily responsible for the representation of the Debtor, is admitted to practice in this district, as are the other Firm lawyers expected to work on this engagement.

10. The Debtor respectfully submits that it will be necessary to employ and retain counsel pursuant to section 327 of the Bankruptcy Code to serve as the Debtor's general bankruptcy counsel in this Chapter 11 Case to:

a) advise the Debtor with respect to its rights, duties and powers in the Chapter 11 Case;

b) assist and advise the Debtor in its consultations relative to the administration of the Chapter 11 Case;

c) assist the Debtor in analyzing the claims of its creditors and in negotiating with such creditors;

d) assist the Debtor in preparation and confirmation of a plan of reorganization and liquidation;

e) represent the Debtor at all hearings and other proceedings;

f) review and analyze all applications, orders, statements of operations and schedules filed with the Court and advise the Debtor as to their propriety;

g) assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives; and

3

      h) perform such other legal services as may be required and are deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code.

11. Because of the extensive legal services that will be necessary in the Chapter 11 Case, and the fact that the full nature and extent of such services are not known at this time, the Debtor believes that the employment of Okin Adams for all of the Debtor's purposes set forth above would be appropriate and in the best interests of the Debtor.

12. The Debtor further believes that Okin Adams possesses extensive knowledge and expertise in the areas of law relevant to this case and that Okin Adams is well qualified to represent the Debtor in this Chapter 11 Case.

### V.   OKIN ADAMS IS "DISINTERSTED"

13. Under section 327(a) of the Bankruptcy Code, the trustee or debtor in possession is authorized to employ one or more professional persons that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out his duties under the Bankruptcy Code. 11 U.S.C. §§ 101(14) and 327(a).

14. To the best of the Debtor's knowledge, Okin Adams is not an insider of the Debtor, nor does Okin Adams have any direct or indirect relationship to, connection with, or interest in the Debtor that would make its interests materially adverse to the interests of the estate or of any class of creditors or equity security holders. The details of all connections between Okin Adams and the Debtor or its creditors are set forth in the Declaration of Timothy L. Wentworth (the "<u>Wentworth Declaration</u>"), which is attached to this Application as **Exhibit B** and incorporated herein by reference.

15. Okin Adams was retained by Alliance Energy Partners, LLC ("Alliance Energy") on December 10, 2024 to advise Alliance Energy with respect to a chapter 11 bankruptcy filing.

4

Jerod Furr is the owner and managing member of the Debtor and 51% owner and managing member of AE Partners Holdings, Inc., the 100% owner of Alliance Energy. Other than stated herein, there is no corporate relationship between the Debtor and Alliance Energy. To date, no bankruptcy case has been filed by Alliance Energy.

16. To the best of the Debtor's knowledge, other than stated herein, Okin Adams does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed in the office of the United States Trustee for the Southern District of Texas. Based upon the Wentworth Declaration, the Debtor believes that Okin Adams is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1195, and is therefore qualified to be employed by the Debtor pursuant to section 327(a) of the Bankruptcy Code.

## VI.   TERMS OF OKIN ADAMS' ENGAGEMENT

17. The Debtor has agreed to engage Okin Adams pursuant to the Firm's standard policies and procedures, and request that this Court approve such terms and conditions of Okin Adams' employment as reasonable pursuant to section 328(a) of the Bankruptcy Code.

18. Subject to the provisions of section 327(a) of the Bankruptcy Code, as incorporated in section 330 of the Bankruptcy Code, the Bankruptcy Rules and the Bankruptcy Local Rules, the Debtor is informed that Okin Adams intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case, subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Okin Adams, as more specifically described in the Engagement Letter and Wentworth Declaration.

19. As set forth in the Wentworth Declaration, Okin Adams received an initial retainer of $25,000.00 from J Parker Construction, LLC, an entity owned by Jerod Furr, on March 14, 2025 (the "Retainer"). As of the Petition Date, $25,000.00 remains in the client trust account as required by Bankruptcy Local Rule 2016-1(c). See Wentworth Declaration at ¶¶ 8 and 9.

## VII.  PRAYER

WHEREFORE, the Debtor requests that this Court enter an order, substantially in the form attached hereto, approving the retention of Okin Adams as general bankruptcy counsel for the Debtor in the Chapter 11 Case, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted on the 21st day of March, 2025.

> Respectfully submitted,
>
> **OKIN ADAMS BARTLETT CURRY LLP**
>
> By: _/s/ Timothy L. Wentworth_
> Timothy L. Wentworth
> Texas Bar No. 21179000
> Email:  twentworth@okinadams.com
> 1113 Vine Street, Suite 240
> Houston, Texas 77002
> Telephone: 713.228.4100
> Facsimile:  346.247.7158
>
> **PROPOSED ATTORNEYS FOR THE DEBTOR**

6

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 20, 2025, a true and correct copy of the foregoing Application was served via the Court's CM/ECF system to all parties consenting to service through the same, including the United States Trustee.

                                            By:  */s/ Timothy L. Wentworth*
                                                        Timothy L. Wentworth

4911-3401-7580, v. 2