IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: | § |
| | §    Bankruptcy Case No. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC | § |

### CREDITOR DUSTIN ETTER'S RESPONSE TO DEBTOR'S APPLICATION TO EMPLOY OKIN ADAMS AS COUNSEL

Creditor and Interested Party Dustin Etter files this Response to Debtor's Application for an Order . . . (Doc. 26) in which Debtor seeks authorization to employ Okin Adams as its counsel. Mr. Etter is opposed to the Application.

1.  Mr. Etter is opposed to the Application on 2 grounds: (1) Okin Adams appears to have a potential conflict of interest due to its recent prior representation of Alliance Energy Partners, LLC ("AEP") and (2) Mr. Etter has information that Okin Adams is directly or indirectly being paid by AEP which would be improper and a violation of fiduciary duties owed by Jerod Furr, who controls both AEP and the Debtor, to AEP.

2.  As previously discussed, Mr. Etter is the indirect 50% equity owner (with 49% voting power) of AEP with Jerod Furr being the other 50% owner (with 51% voting power). Mr. Furr is also the owner of Debtor as well as of J Parker Construction, LLC which purportedly paid a $25,000 retainer for Debtor to retain Okin Adams as counsel in this matter. It is Mr. Etter's position that the Debtor only exists as a tool to assist Mr. Furr in his efforts to misappropriate funds from and breach his fiduciary duties to AEP. It is undisputed that 100% of the option fee, earnest money, and initial $960,515.25 payment for the Honea Egypt property in dispute made in 2022 came from AEP. *See* Docs. 20-1, 20-3, & 20-4. All of the subsequent monthly payments on the property also apparently came from AEP. Doc. 20-5. As a result of Mr. Furr's lavish and unsustainable lifestyle spending out of AEP, much if not most of which was made to, through, or for the benefit

of the Debtor, AEP's business has collapsed and AEP has been sued by multiple creditors and already has multiple default judgments against it. Debtor owes AEP in excess of $1,000,000. Except to the extent that Debtor still owes money to the Ostranders, AEP is likely the majority creditor of Debtor if not Debtor's only creditor.

3. In Paragraph 10 of the affidavit attached to Debtor's Application (Doc. 26-1), Debtor's proposed counsel admits that as recently as December 10, 2024, he was retained to advise AEP "with respect to chapter 11 bankruptcy filing." This appears to be a significant conflict of interest. AEP is arguably Debtor's only creditor, and at the very least one of its largest ones; and AEP has financially collapsed in significant part due to unpaid debts owed to it by AEP. Thus, less than 4 months ago, Okin Adams was representing AEP with respect to a potential bankruptcy in which collection from the Debtor would likely have been a central component. Now, said counsel essentially wants to change sides and represent Debtor instead. The proposed representation of Debtor therefore implicates significant conflicts of interest under Tex. Disciplinary R. Prof. Conduct 1.09(a), (b), & (c). *See* 11 USC § 327.

4. Creditor Mr. Etter also has information and belief that Okin Adams may be being improperly paid ultimately out of AEP or one of its affiliates. In Paragraph 8 of the affidavit attached to Debtor's Application (Doc. 26-1), Debtor's proposed counsel says that his initial $25,000 retainer payment came from J Parker Construction, LLC, an entity owned by Mr. Furr. However, Mr. Furr has previously made apparently-improper payments from AEP to J Parker Construction and it is unclear how J Parker Construction could come up with $25,000 to pay a retainer in this matter other than to get that money directly or indirectly from AEP or one of its affiliates. Mr. Etter is obviously opposed to Okin Adams being directly or indirectly paid to represent Debtor out of AEP or one of its

affiliates, particularly given that AEP is arguably Debtor's largest creditor and perhaps its only creditor of note.

PRAYER

Creditor Dustin Etter requests and prays that Debtor's Application be denied and for such other and further relief to which Creditor may be justly entitled.

Respectfully submitted,

IRELAN MCDANIEL, PLLC

By: /s/ Noah Meek
    Noah E. W. Meek
    State Bar No. 24084554
    Email: nmeek@imtexaslaw.com
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone: (713) 222-7666
    Fax:   (713) 222-7669

**ATTORNEYS FOR CREDITOR DUSTIN ETTER**

## CERTIFICATE OF SERVICE

This is to certify that on March 24, 2025, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

Timothy L. Wentworth
Okin Adams Bartlett Curry, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
VIA Email: twentworth@okinadams.com

Reagan H. "Tres" Gibbs, III
Cokinos Young
1221 Lamar St., 16th Floor
Houston, Texas 77010
VIA Email: tgibbs@cokinoslaw.com

United States Trustee
515 Rusk St., Suite 3516
Houston, Texas 77002
VIA Email: USTPRegion07.HU.ECF@USDOJ.GOV

Janet Northrup
Hughes Watters Askanase, LLP
1201 Louisiana St., 28th Floor
Houston, Texas 77002
VIA Email: jnorthrup@hwa.com

    /s/ Noah Meek
    Noah Meek