Recorded at the request of
UNIVERSITY TITLE COMPANY
GF# 2200122TW

GF No.: _____

**DEED OF TRUST**


EXHIBIT B

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

Date: April 1st, 2022

Grantor: ALLIANCE FARM AND RANCH LLC, a Texas limited liability company

Grantor's Mailing Address: 9823 Friesian Estates Dr., Spring, TX 77379
(Harris County)

Trustee: BRENT A. LANE

Trustee's Mailing Address: 10611 Grant Road, Houston, Texas 77070 (Harris County)
Telephone: (281) 897-8848  Email: brent@beardlane.com

Beneficiary: ERIK C. OSTRANDER and DARLA OSTRANDER

Beneficiary's Mailing Address: 801 Ivy Ln., Terrell Hills, TX 78209
( _____ County)

Note(s)
  Date: April 1st, 2022
  Amount: $3,800,636.00
  Maker: Alliance Farm and Ranch LLC
  Payee: Eric K. Ostrander and Darla Ostrander
  Final Maturity Date: April 1, 2024
  Terms of Payment (optional): As described in the Note.

**Property (including any improvements):**

ALL THAT CERTAIN 72.9553 ACRE TRACT OF LAND SITUATED IN THE MATTHEW CARTWRIGHT SURVEY, ABSTRACT NO. 151 AND THE ARCHIBALD HODGE SURVEY, ABSTRACT NO. 18, MONTGOMERY COUNTY, TEXAS, BEING OUT OF AND A PART OF THAT CERTAIN CALL 363.560 ACRE TRACT DESCRIBED IN DEED FILED FOR RECORD IN VOLUME 720, PAGE 857 OF THE DEED RECORDS OF MONTGOMERY COUNTY, TEXAS; SAID 72.9553 ACRE TRACT BEING THE SAME PROPERTY DESCRIBED IN WARRANTY DEED FILED FOR RECORD UNDER MONTGOMERY COUNTY CLERK'S FILE (MCCF) NO. 2004-038793 AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

**Prior Lien(s) (including recording information):** None.

**Other Exceptions to Conveyance and Warranty:** All matters of record.

For value received and to secure payment of the note, Grantor conveys the property to Trustee in trust. Grantor warrants and agrees to defend the title to the property. If Grantor performs all the covenants and pays the note according to its terms, this deed of trust shall have no further effect, and Beneficiary shall release it at Grantor's expense.

**Grantor's Obligations:**

    **Grantor agrees to:**
1. keep the property in good repair and condition;
2. pay all taxes and assessments on the property when due;
3. preserve the lien's priority as it is established in this deed of trust;
4. maintain, in a form acceptable to Beneficiary, an insurance policy that:
   a. covers all improvements for their full insurable value as determined when the policy is issued and renewed, unless Beneficiary approves a smaller amount in writing;
   b. contains an 80% coinsurance clause;
   c. provides fire and extended coverage, including windstorm coverage;
   d. protects Beneficiary with a standard mortgage clause;
   e. provides flood insurance at any time the property is in a flood hazard area; and
   f. contains such other coverage as Beneficiary may reasonably require;
5. comply at all times with the requirements of the 80% coinsurance clause;
6. deliver the insurance policy to Beneficiary and deliver renewals to Beneficiary at least ten days before expiration;
7. obey all laws, ordinances, and restrictive covenants applicable to the Property;
8. keep any buildings occupied as required by the insurance policy;
9. if this is not a first lien, pay all prior lien notes that Grantor is personally liable to pay and abide by all prior lien instruments; and
10. notify Lender of any change of address.

**Beneficiary's Rights:**

1. Beneficiary or Beneficiary's mortgage servicer may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.
2. If the proceeds of the note are used to pay any debt secured by prior liens, Beneficiary is subrogated to all of the rights and liens of the holders of any debt so paid.
3. Beneficiary may apply any proceeds received under the insurance policy either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.
4. Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Beneficiary from Grantor with respect to the Obligation or this deed of trust may, at Beneficiary's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Beneficiary with respect to the Obligation, to be applied to late charges, principal, or interest in the order Beneficiary in its discretion determines.
5. If Grantor fails to perform any of Grantor's obligations, Beneficiary may perform those obligations and be reimbursed by Grantor on demand at the place where the note is payable for any sums so paid, including attorney's fees, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this deed of trust.
6. If Grantor defaults on the note or fails to perform any of Grantor's obligations or if default occurs on a prior lien note or other instrument, and the default continues after Beneficiary gives Grantor notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Beneficiary may:
   a. declare the unpaid principal balance and earned interest on the note immediately due;
   b. exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;
   c. request Trustee to foreclose this lien, in which case Beneficiary or Beneficiary's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and
   d. purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.
7. Beneficiary may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**Trustee's Duties:**

If requested by Beneficiary to foreclose this lien, Trustee shall:
1. either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then amended;
2. sell and convey all or part of the property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to other exceptions to conveyance and warranty and without representation or warranty, express or implied, by Trustee;
3. from the proceeds of the sale, pay, in this order:
   a. expenses of foreclosure, including a commission to Trustee of 5 % of the bid;
   b. to Beneficiary, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;
   c. any amounts required by law to be paid before payment to Grantor; and
   d. to Grantor, any balance.
4. be indemnified, held harmless, and defended by Beneficiary against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**General Provisions:**

1. If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.
2. Recitals in any Trustee's deed conveying the property will be presumed to be true.
3. Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.
4. This lien shall remain superior to liens later created even if the time of payment of all or part of the note is extended or part of the property is released.
5. If any portion of the note cannot be lawfully secured by this deed of trust, payments shall be applied first to discharge that portion.
6. Grantor assigns to Beneficiary all sums payable to or received by Grantor from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the property. After deducting any expenses incurred, including attorney's fees, Beneficiary may release any remaining sums to Grantor or apply such sums to reduce the note. Beneficiary shall not be liable for failure to collect or to exercise diligence in collecting any such sums. Grantor will immediately give Beneficiary notice of any actual or threatened proceedings for condemnation of all or part of the Property.
7. Grantor assigns to Beneficiary absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Grantor warrants the validity and enforceability of the assignment. Grantor may as Beneficiary's licensee collect rent and other income and receipts as long as Grantor is not in default under the note or this deed of trust. Grantor will apply all rent and other income and receipts to payment of the note and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the note and deed of trust, Grantor may retain the excess. If Grantor defaults in payment of the note or performance of this deed of trust, Beneficiary may terminate Grantor's license to collect and then as Grantor's agent may rent the property if it is vacant and collect all rent and other income and receipts. Beneficiary neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Beneficiary may exercise Beneficiary's rights and remedies under this paragraph without taking possession of the property. Beneficiary shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Beneficiary's rights and remedies and then to Grantor's obligations under the note and this deed of trust in the order determined by Beneficiary. Beneficiary is not required to act under this paragraph, and acting under this paragraph does not waive any of Beneficiary's other rights or remedies. If Grantor becomes a voluntary or involuntary bankrupt, Beneficiary's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.
8. In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.
9. Interest on the debt secured by this deed of trust shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that

maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

10. When the context requires, singular nouns and pronouns include the plural.

11. The term *note* includes all extensions, modifications, and renewals of the Note and all sums secured by this deed of trust.

12. This deed of trust shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

13. Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Beneficiary's rights under this deed of trust if an attorney who is not an employee of Beneficiary is retained for its enforcement.

14. If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

15. The term *Beneficiary* includes any mortgage servicer for Beneficiary.

16. Grantor hereby grants Beneficiary a right of first refusal with respect to Grantor's power to authorize any third party (other than Beneficiary pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Beneficiary) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Beneficiary, within ten days after receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Beneficiary's rights as set forth in this instrument.

17. If Grantor and Maker are not the same person, the term *Grantor* shall include Maker.

**Special Provisions:**

1. <u>PURCHASE MONEY MORTGAGE WITH VENDOR'S LIEN</u>: The indebtedness, the payment of which is hereby secured, is in part payment of the purchase price of the real property herein described, and is also secured by a vendor's lien thereon retained in deed of even date herewith to the undersigned, and this Deed of Trust is given as additional security for the payment of said indebtedness.

2. <u>CONSENT REQUIRED</u>: If all or any part of the Property is sold, conveyed, leased for a period longer than three (3) years, leased with an option to purchase, or otherwise sold (including any contract for deed), without Beneficiary's prior written consent, which consent may be withheld in Beneficiary's sole discretion, Beneficiary may declare the balance of the Note to be immediately due and payable. The creation of a subordinate lien, any conveyance under threat or order of condemnation, any deed solely between Grantors, or the passage of title by reason of the death of a Grantor or by operation of law will not entitle Beneficiary to exercise the remedies provided in this paragraph.

3. <u>ESCROW NOT REQUIRED</u>: Grantor shall furnish Beneficiary annually, before the taxes become delinquent, evidence that all taxes on the property have been paid. Grantor shall furnish Beneficiary annually evidence of paid-up casualty insurance naming Beneficiary as an additional loss payee. Grantor shall furnish Beneficiary annually, evidence that all homeowners association fees on the property have been paid in full. If Grantor does not pay obligations on time and/or does not furnish Beneficiary evidence that taxes, casualty insurance and/or homeowners association fees have been paid in full, Beneficiary may require Grantor to deposit with Beneficiary in escrow a pro rata part of the estimated annual ad valorem taxes and casualty insurance premiums and/or homeowners association fees for the property, at Beneficiary's discretion. If Beneficiary requires Grantor to deposit any escrow payments, Grantor shall pay any deficiency within 30 days after notice from Beneficiary and Grantor's failure to pay the deficiency constitutes a default under this deed of trust. Grantor is not required to deposit any escrow payments for taxes and insurance and/or homeowners association fees that are deposited with a superior lienholder.

Executed on the date first above written.

ALLIANCE FARM AND RANCH LLC

By: _____
(name) Jerod Fuvr
       Managing member

(title)

STATE OF  Texas        )
                       )
COUNTY OF Montgomery   )

This instrument was acknowledged before me on the __1__ day of __April__, 2022, by __Jerod Furr__, __Managing Member__ of ALLIANCE FARM AND RANCH LLC, a Texas limited liability company, on behalf of said company.



DANELL OSBORN
Notary Public
State of Texas
ID # 12634138-7
My Comm. Expires 12-13-2023

_____
Notary Public in and for the
State of _____

**PREPARED IN THE OFFICE OF:**
Law Office of Beard & Lane, P.C.
10611 Grant Road
Houston, Texas 77070
Telephone: (281) 897-8848
Email: brent@beardlane.com

**AFTER RECORDING RETURN TO:**

1BW8087 DT

Escrow File No.: **2200122TW**

EXHIBIT "A"

ALL THAT CERTAIN 72.9553 ACRE TRACT OF LAND SITUATED IN THE MATTHEW CARTWRIGHT SURVEY, ABSTRACT NO. 151 AND THE ARCHIBALD HODGE SURVEY, ABSTRACT NO. 18, MONTGOMERY COUNTY, TEXAS, BEING OUT OF AND A PART OF THAT CERTAIN CALL 363.560 ACRE TRACT DESCRIBED IN DEED FILED FOR RECORD IN VOLUME 720, PAGE 857 OF THE DEED RECORDS OF MONTGOMERY COUNTY, TEXAS; SAID 72.9553 ACRE TRACT BEING THE SAME PROPERTY DESCRIBED IN WARRANTY DEED FILED FOR RECORD UNDER MONTGOMERY COUNTY CLERK'S FILE (MCCF) NO. 2004-038793 AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

BEGINNING AT AN IRON ROD FOUND IN THE SOUTH LINE OF SAID MATTHEW CARTWRIGHT SURVEY AND THE NORTH LINE OF THE THOMAS CURRY SURVEY, ABSTRACT NO. 1136, MONTGOMERY COUNTY, TEXAS, AT AN ANGLE POINT IN THE WOODFOREST PARTNERS, LP. TRACT (MCCF NO. 2006-103723) FOR THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE NORTH 89°45'07" WEST ALONG A COMMON LINE WITH SAID WOODFOREST PARTNERS TRACT, A DISTANCE OF 1348.18 FEET TO A POINT AT THE NORTHWEST CORNER OF LOT 30, BLOCK 1, OF MONTGOMERY TRACE, SECTION 4, A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET 3, SHEET 132 OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS;

THENCE NORTH 89°49'39" WEST ALONG THE NORTH LINE OF MONTGOMERY TRACE, SECTION 4, AT A DISTANCE OF 2448.64 FEET PASS AN IRON ROD FOUND AT THE NORTHWEST CORNER OF LOT 1, BLOCK 1, OF MONTGOMERY TRACE, SECTION 4, AND CONTINUE FOR A TOTAL DISTANCE OF 2478.64 FEET TO A P.K. NAIL SET IN THE CENTERLINE OF HONEA EGYPT ROAD (A 60-FOOT ROADWAY EASEMENT) AND IN THE EAST LINE OF SAID ARCHIBALD HODGE SURVEY AND THE WEST LINE OF SAID MATTHEW CARTWRIGHT SURVEY FOR THE SOUTHWEST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE NORTH 03°40'36" WEST ALONG THE CENTERLINE OF HONEA EGYPT ROAD, A DISTANCE OF 119.01 FEET TO A P.K. NAIL SET AT AN ANGLE POINT; THENCE NORTH 05°23'38" WEST CONTINUING ALONG THE CENTERLINE OF HONEA EGYPT ROAD, A DISTANCE OF 470.21 FEET TO A P.K. NAIL SET AT THE BEGINNING POINT OF A CURVE TO THE LEFT, HAVING A RADIUS OF 231.06 FEET;

THENCE IN A NORTHWESTERLY DIRECTION CONTINUING ALONG THE CENTERLINE OF HONEA EGYPT ROAD WITH SAID CURVE TO THE LEFT, HAVING A RADIUS OF 231.06 FEET, AN ARC LENGTH OF 86.50 FEET TO A P.K.

NAIL SET AT THE SOUTHWEST CORNER OF THE DONALD ALLAN STEFAN AND LINDA C. STEFAN TRACT (MCCF NO. 2000-017069) FOR THE NORTHWEST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE NORTH 85°42'15" EAST ALONG THE SOUTH LINE OF SAID STEFAN TRACT, AT A DISTANCE OF 32.17 FEET PASS AN IRON ROD FOUND IN THE LINE OF HONEA EGYPT ROAD, AND CONTINUE FOR A TOTAL DISTANCE OF 3915.91 FEET TO AN IRON ROD FOUND IN A COMMON LINE WITH SAID WOODFOREST PARTNERS TRACT FOR THE NORTHEAST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE SOUTH 00°8'28" WEST ALONG SAID COMMON LINE WITH SAID WOODFOREST PARTNERS TRACT, A DISTANCE OF 976.15 FEET TO THE POINT OF BEGINNING AND CONTAINING 72.9553 ACRES OF LAND.

NOTE: The Company is prohibited from insuring the area or quantity of land described herein. Any statement in the above legal description of the area or quantity of land is not a representation that such area or quantity is correct, but is made only for informational and/or identification purposes and does not override Item 2 of Schedule B hereof.

**Doc #: 2022043837**
**Pages 8**

**E-FILED FOR RECORD**
04/06/2022   08:00AM

*[signature: Mark Turnbull]*
COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

STATE OF TEXAS,
COUNTY OF MONTGOMERY
I hereby certify that this instrument was e-filed in the file number sequence on the date and time stamped herein by me and was duly e-RECORDED in the Official Public Records of Montgomery County, Texas.

04/06/2022

*[seal and signature: Mark Turnbull]*
County Clerk
Montgomery County, Texas