IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

**DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO SECTION 327
OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT
AND RETENTION OF DEBORAH L. CRAIN AND E-MERGER LAW, PLLC
AS SPECIAL COUNSEL FOR THE DEBTOR**

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Alliance Farm and Ranch, LLC, the above-captioned debtor and debtor in possession (the "Debtor"), hereby files this *Application for an Order Pursuant to Section 327 of The Bankruptcy Code Authorizing the Employment and Retention of Deborah L. Crain and E-Merger Law, PLLC as Special Counsel for the Debtor* (the "Application") as its special counsel, and in support hereof, respectfully states as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in this Application are sections 327(e), 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas.

## II. BACKGROUND

3. The Debtor owned a 73-acre ranch located at 5450 Honea Egypt Rd., Montgomery, Texas 77316 (the "Property"). The Debtor believes the fair market value of the Property to be approximately $7 million. The mortgage on the Property was held by Erik and Darla Ostrander ("Ostrander") in the approximate amount of $4 million.

4. On January 3, 2025, the Debtor filed a lawsuit styled *Alliance Farm and Ranch, LLC v. Erik C. Ostrander and Darla Ostrander*, Cause No. 25-01-00068 in the District Court of Montgomery County, Texas, 284th Judicial District (the "Lawsuit"). By the Lawsuit, the Debtor sought to enjoin Ostrander's foreclosure of the Property scheduled for January 7, 2025. Ostrander purportedly foreclosed on the Property on January 7, 2025. The Debtor's claims asserted in the Lawsuit will have bearing upon the validity of the foreclosure and constitute the primary asset of this bankruptcy estate. In particular, the Debtor will be challenging the sale's lack of compliance with the Texas Property Code and its mandatory notice requirements, as well as address the Settlement Agreement reached between the parties and how that impacts the sale's propriety. Additional legal and factual issues will be raised by the Debtor.

5. Ostrander presently has a contract to sell the Property that is set to close on April 24, 2025, and which would provide sufficient proceeds to pay the Ostrander secured claim and result in approximately $2 million in equity. However, the "Seller" listed on the Seller's Disclosure Form is signed by Jerod Furr (which was done on behalf of Alliance Farm and Ranch).

The Ostrander's attachment of the Seller Disclosure Form by Jared Furr is questionable at the least and also demonstrates that the title to the property is in dispute.[1]

6.On January 7, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Upon motion of the Debtor, the case was converted to a Chapter 11 case on March 19, 2025 (the "Conversion Date").

7.Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtor is operating its business as debtor in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

### III.RELIEF REQUESTED

8.By this Application, the Debtor seeks entry of an order, substantially in the form submitted herewith, authorizing the Debtor to employ Deborah Crain and E-Merger Law, PLLC (collectively, "Crain") as its special counsel in accordance with the terms and conditions of the engagement letter (the "Engagement Letter"), which is attached hereto as **Exhibit A** and incorporated herein by reference.

### IV.RETENTION OF CRAIN

**A.Crain's Qualifications**

9.The Debtor respectfully proposes to retain Crain to represent it in the Lawsuit. As reflected by Crain's CV, attached hereto as **Exhibit B**, Crain has extensive experience representing

---

[1] Texas law imposes strict responsibility on the Seller for what they "disclose" on the Seller's Disclosure Form, and violations of the Disclosures could incur significant consequences. The elements of statutory real-estate fraud are: (1) a material misrepresentation; (2) that was made to induce a person to enter a contract; (3) that was relied upon by the person in entering the contract; and (4) that caused injury. Tex. Bus. & Com. Code Ann. § 27.01(a)(1) (2002). To recover for statutory fraud, the plaintiff need not establish that the defendant had actual awareness of the falsity of the representation, unless the plaintiff is seeking exemplary damages. Tex. Bus. & Com. Code Ann. § 27.01(c) (2002). The plaintiff must also prove that the defendant had actual awareness of the falsity of the representation if the plaintiff is seeking exemplary damages based on a misrepresentation made by someone other than the defendant. Tex. Bus. & Com. Code Ann. § 27.01(d) (2002) Rodriguez v. Lusk, 2004 Tex. App. LEXIS 9111, *1

3

client in litigation and real estate matters. Based upon Crain's experience, she is well suited to provide advice to the Debtor regarding the Lawsuit, including the handling of complex litigation.

### B. Terms of Service

10. Subject to further order of this Court and consistent with the Engagement Letter, the Debtor requests the retention and employment of Crain to serve as special counsel to provide legal services in connection with the Lawsuit.[2]

11. As described in the *Declaration of Deborah Crain in Support of Application to Employ Deborah L. Crain and E-Merger Law, PLLC as Special Counsel to the Debtors* (the "Crain Declaration") attached hereto as **Exhibit C**, Crain will work with the Debtor's other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in the Chapter 11 Case to prevent duplication of services and ensure the Chapter 11 Case is administered in the most efficient fashion possible.

### C. Professional Compensation

12. As set forth in the Crain Declaration, Crain intends to (a) charge for her legal services on an hourly basis in accordance with her ordinary and customary hourly rates in effect as of this Application and (b) seek reimbursement of actual and necessary out-of-pocket expenses, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. *See* Crain Declaration at ¶ 13.

13. Specifically, Crain intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the

---

[2] This summary is for convenience purposes only. To the extent that the summary conflicts with the Engagement Letter, the Engagement Letter shall govern. Capitalized terms in this summary shall have the meanings ascribed to them in the Engagement Letter.

4

Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure Crain will use in the Chapter 11 Case is the same as the hourly rates and corresponding rate structure that Crain uses for other matters, regardless of whether a fee application is required.

14. Crain shall receive an initial $15,000.00 retainer from Jerod Furr, individually (the "Retainer"). Pursuant to Local Bankruptcy Rule 2016-1(c), Crain may draw down the retainer on an interim basis upon notice given to creditors and parties-in-interest no more frequently than once a month. The Retainer may be replenished without notice or approval of the Court provided that the Debtor is not the source of funds. Each notice given to draw down on the Retainer shall state the source of the funds that make up the Retainer.

15. Crain will maintain detailed records of costs and expenses incurred in connection with her legal services and these will be set forth in detail in any fee applications. Crain's hourly rates are set at a level designed to compensate Crain fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Crain's current hourly rate for the services in the Chapter 11 Case will be as follows:

| Team Member | Position | Rate |
|---|---|---|
| Deborah L. Crain | Attorney | $600.00 |

16. Crain's hourly rates are consistent with the rates that Crain charges other comparable clients for similar services, whether in or outside of chapter 11, regardless of the location of the client or the chapter 11 case. Crain, to the extent possible, attempts to observe the

5

4917-5080-6572, v. 4

prevailing rates for legal services rendered by attorneys of comparable expertise in similar cases in the relevant jurisdiction.

17. Crain is expected to have primary responsibility for providing the services to the Debtor. As necessary, other Crain professionals and paraprofessionals may provide services to the Debtor.

18. The Debtor agrees, subject to the fee application process and the Court's approval, to pay Crain based on time spent rendering legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date such services are rendered.

19. Crain's policy is to charge her clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Crain's policy is also to charge its clients only the amount actually incurred by Crain in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

**D.    Crain is Disinterested**

20. As described in the Crain Declaration, Crain researched her client database and performed reasonable due diligence to determine whether she has any adverse interest to the Debtor. To the best of the Debtor's knowledge after diligent inquiry, and as disclosed in the Crain Declaration, neither Crain nor its attorneys hold any interest adverse to the Debtor or its estate with respect to the matter for which Crain is to be employed within the meaning of section 327(a) of the Bankruptcy Code except as may be set forth in the Crain Declaration.

21. To the best of the Debtor's knowledge, Crain is not an insider of the Debtor, nor does Crain have any direct or indirect relationship to, connection with, or interest in the Debtor

4917-5080-6572, v. 4

that would make her interests materially adverse to the interests of the estate or of any class of creditors or equity security holders. To the best of the Debtor's knowledge, Crain does not have any connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed in the office of the United States Trustee for the Southern District of Texas.

22. Crain will review her files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Crain will use reasonable efforts to identify such further developments and will promptly supplement the Crain Declaration, as required by Bankruptcy Rule 2014(a).

## V. ARGUMENT AND AUTHORITY

23. Section 327(a) of the Bankruptcy Code provides that with court approval, the Debtors:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11. U.S.C. § 327(a).

31. Additionally, pursuant to section 328(a) of the Bankruptcy Code, the Debtor "with the court's approval, may . . . authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section

328(a) of the Bankruptcy Code permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.

32. Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. trustee, or any person employed in the office of the U.S. trustee.

FED. R. BANKR. P. 2014(a).

33. Here, the Debtor submits that for all the reasons stated herein and in the Crain Declaration, the retention and employment of Crain as special counsel to the Debtor is warranted.

34. The Debtor believes that Crain is well qualified to represent the Debtor during this Chapter 11 Case. The Debtor selected Crain because, among other things, she has had considerable experience in matters of this character. Crain is a knowledgeable real estate and litigation lawyer and has the expertise and ability to represent the Debtor as special counsel in this Chapter 11 Case.

## VI.  CONCLUSION

WHEREFORE the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper, both at law and in equity.

4917-5080-6572, v. 4

Respectfully submitted on the 1st day of April, 2025.

                Respectfully submitted,

                **OKIN ADAMS BARTLETT CURRY LLP**

                By:  */s/ Timothy L. Wentworth*
                Timothy L. Wentworth
                Texas Bar No. 21179000
                Email:  twentworth@okinadams.com
                1113 Vine Street, Suite 240
                Houston, Texas 77002
                Telephone: 713.228.4100
                Facsimile:  346.247.7158

                **PROPOSED ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

     I hereby certify that on April 1, 2025 a true and correct copy of the foregoing Application was served: (i) via the Court's CM/ECF system to all parties consenting to service through the same; and (ii) via email and regular mail to counsel for the United States Trustee at the address set forth below in accordance with Bankruptcy Rule 2014(a) and Bankruptcy Local Rules 2014-1(e) and 9003-1.

                By:  */s/ Timothy L. Wentworth*
                    Timothy L. Wentworth

Office of the United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002
Email:

4917-5080-6572, v. 4