IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DEBORAH L. CRAIN AND E-MERGER.LAW AS <u>SPECIAL COUNSEL TO THE DEBTORS</u>

Having considered the *Debtor's Application for an Order Pursuant to Section 327 of The Bankruptcy Code Authorizing the Employment and Retention of Deborah L. Crain and E-Merger Law, PLLC as Special Counsel for the Debtor*[1] of Alliance Farm and Ranch, LLC, the above-captioned debtor and debtor in possession, pursuant to sections 327(a), 328, and 330 of title 11 of the United States Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, the Court finds that: (a) jurisdiction over the matter in the Application is proper pursuant to 28 U.S.C. § 1334; (b) consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and proper notice of the Application having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and (e) good and sufficient cause exists for granting the relief requested in the Application. The Court having reviewed the Application; and all objections, if any, to the Application have been withdrawn, resolved, or overruled; and upon the Crain Declaration, and the record of the hearing, if any; and the Court having determined

---

[1] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Application.

that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtor, its respective estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Debtor is authorized to employ Deborah L. Crain and E-Merger.Law (collectively, "Crain") to represent the Debtor as special counsel and to perform any and all services that are necessary or appropriate as requested by the Debtor pursuant to the Engagement Letter, including representation of the Debtor in the Lawsuit.

2. The Court finds that (a) the Application is in full compliance with all applicable provisions of the Bankruptcy Rules and the Bankruptcy Local Rules; and (b) Crain does not hold or represent any interest adverse to the Debtor or its estate with respect to the matters upon which she will be engaged.

3. Crain is authorized to receive an initial $15,000.00 retainer from Jerod Furr. Pursuant to Local Bankruptcy Rule 2016-1(c), Crain may draw down the retainer on an interim basis upon notice given to creditors and parties-in-interest no more frequently than once a month. The Retainer may be replenished without notice or approval of the Court provided that the Debtor is not the source of funds. Each notice given to draw down on the Retainer shall state the source of the funds that make up the Retainer. All fees and expenses paid on an interim basis are subject to final approval by the Bankruptcy Court.

4. Other than as stated herein, Crain shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable

provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. Crain is also required to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures both in connection with the Application and any interim and final fee applications to be filed by Crain in the Chapter 11 Case.

5. Any and all fees must be approved by the Court prior to payment, subject to any order on interim fee procedures.

6. Crain shall use her reasonable efforts to avoid any duplication of services by any of the Debtor's other retained professionals in the Chapter 11 Cases.

7. To the extent the Application, the Crain Declaration or the Engagement Letter are inconsistent with this Order, the terms of this Order shall govern.

8. The Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

9. This Court shall retain jurisdiction to hear and consider all disputes arising out of the interpretation or implementation of this Order.

SIGNED this _____ day of _____, 2025.

                                                        UNITED STATES BANKRUPTCY JUDGE

4917-5080-6572, v. 4