IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: § | |
| § | Bankruptcy Case No. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC § | |

### CREDITOR DUSTIN ETTER'S RESPONSE TO
### DEBTOR'S APPLICATION TO EMPLOY DEBORAH CRAIN AS COUNSEL

Creditor and Interested Party Dustin Etter files this Response to Debtor's Application for an Order . . . (Doc. 31) in which Debtor seeks authorization to employ Deborah L. Crain and E-Merger Law, PLLC as special counsel. Mr. Etter is opposed to the Application.

1.  As with the Application to employ Okin Adams, Mr. Etter is opposed to the Application to employ Ms. Crain because Mr. Etter has information that Deborah L. Crain and E-Merger Law, PLLC is being or would be directly or indirectly paid by AEP or an affiliate which would be improper and a violation of fiduciary duties owed by Jerod Furr, who controls both AEP and the Debtor, to AEP. Paying Ms. Crain out of funds misappropriated from a principal creditor of Debtor would also likely represent a conflict of interest.

2.  As previously discussed, Mr. Etter is the indirect 50% equity owner (with 49% voting power) of AEP with Jerod Furr being the other 50% owner (with 51% voting power). It is Mr. Etter's position that the Debtor only exists as a tool to assist Mr. Furr in his efforts to misappropriate funds from and breach his fiduciary duties to AEP. It is undisputed that 100% of the option fee, earnest money, and initial $960,515.25 payment for the Honea Egypt property in dispute made in 2022 came from AEP. *See* Docs. 20-1, 20-3, & 20-4. All of the subsequent monthly payments on the property also apparently came from AEP. Doc. 20-5. As a result of Mr. Furr's lavish and unsustainable lifestyle

spending out of AEP, much of which was made to, through, or for the benefit of the Debtor, AEP's business has collapsed and AEP has been sued by multiple creditors and already has multiple default judgments against it.

3. The Application to employ Ms. Crain says that Ms. Crain's $15,000 retainer would be coming from Jerod Furr. However, Mr. Etter has information and belief that such funds would ultimately be directly or indirectly coming from AEP or one of its affiliates. Both Mr. Furr and his counsel in the state court suit have indicated that the business was paying all of the legal fees. While people can generally hire and pay counsel however they want to, Debtor has no legal right to pay counsel with stolen or misappropriated funds or with funds in which Mr. Etter otherwise has a direct or derivative interest. "No lawyer, in any case, . . . has the right to . . . accept stolen property, or . . . ransom money, in payment of a fee. . . . The privilege to practice law is not a license to steal." *See Caplin & Drysdale v. United States*, 491 U.S. 617, 626 (1989); *see also* Texas Disciplinary Rule of Professional Conduct R. 1.15. Mr. Furr and the various entities he controls have not been responsive to Mr. Etter's books and records requests, possibly in an effort to conceal their continued self-dealing spending out of the business.

4. Debtor and Mr. Furr cannot wash funds that legally or equitably belong to Mr. Etter or AEP by first having the money go to Mr. Furr before it goes to Ms. Crain or her firm. Rather, it is well-established that it is improper for a lawyer or law firm to get paid by a client from funds misappropriated from another person and that direct recovery of the funds can be had against the lawyer or firm being paid out of misappropriated funds. *Tempay, Inc. v. Biltres Staffing of Tampa Bay, Ltd. Liab. Co.*, 929 F. Supp. 2d 1255, 1262 (M.D. Fla. 2013); *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1145 (9th Cir. 2010); *see also In re Bell & Beckwith*, 838 F.2d 844, 849 (6th Cir. 1988) (noting that an inquiry

by an attorney "*would have clearly revealed that his fee was derived from fraudulently obtained assets*").

## PRAYER

Creditor Dustin Etter requests and prays that Debtor's Application be denied and for such other and further relief to which Creditor may be justly entitled.

Respectfully submitted,

IRELAN MCDANIEL, PLLC

By:__/s/ Noah Meek_____
  Noah E. W. Meek
  State Bar No. 24084554
  Email: nmeek@imtexaslaw.com
  2520 Caroline St., 2nd Floor
  Houston, Texas 77004
  Phone:  (713) 222-7666
  Fax:      (713) 222-7669

**ATTORNEYS FOR CREDITOR
DUSTIN ETTER**

## CERTIFICATE OF SERVICE

This is to certify that on April 1, 2025, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

Timothy L. Wentworth
Okin Adams Bartlett Curry, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
VIA Email: twentworth@okinadams.com

Reagan H. "Tres" Gibbs, III
Cokinos Young
1221 Lamar St., 16th Floor
Houston, Texas 77010
VIA Email: tgibbs@cokinoslaw.com

United States Trustee
515 Rusk St., Suite 3516
Houston, Texas 77002
VIA Email: USTPRegion07.HU.ECF@USDOJ.GOV

Janet Northrup
Hughes Watters Askanase, LLP
1201 Louisiana St., 28th Floor
Houston, Texas 77002
VIA Email: jnorthrup@hwa.com

  _/s/ Noah Meek_____
  Noah Meek