**EXHIBIT 2**

CAUSE NO. 24-07-11639

| | | |
|---|---|---|
| DUSTIN ETTER | § | 457th JUDICIAL DISTRICT COURT |
| | § | |
| v. | § | |
| JEROD P. FURR, et al. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |

**JEROD P. FURR'S, CORINA FURR'S, ALLIANCE FARM & RANCH, LLC'S, AE PARTNERS HOLDINGS, INC.'s, ALLIANCE ENERGY PARTNERS, LLC'S, AEP ASSET HOLDINGS, LLC'S, and INVICTIS DRILLING MOTORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION**

TO:   Dustin Etter, by and through his attorney of record, Noah Meek, IRELAN MCDANIEL, PLLC, 2520 Caroline Street, 2nd Floor, Houston, Texas 77004.

Pursuant to Rules 192 and 196.2 of the Texas Rules of Civil Procedure, Defendants, Jerod P. Furr, Corina Furr, AE Partners Holdings, Inc., Alliance Farm Ranch, LLC, and Alliance Energy Partners, LLC, AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC serve their Objections and Responses to Plaintiff's Third Requests for Production.

Respectfully submitted,

  /s/ Alyssa M. Cuellar
J. Randal Bays
State Bar No. 01943900
randy@baysfirm.com
Alyssa M. Cuellar
State Bar No. 24135656
alyssa@baysfirm.com
THE BAYS FIRM
1503 Hailey Street
Conroe, Texas 77301
Tel: (936) 760-7670
Fax: (936) 760-7671
ATTORNEYS FOR JEROD P. FURR, CORINA FURR, ALLIANCE FARM &

RANCH, LLC, AE PARTNERS
HOLDINGS, INC., ALLIANCE
ENERGY PARTNERS, LLC, AEP
ASSET HOLDINGS, LLC'S, and
INVICTIS DRILLING MOTORS, LLC

## RESPONSES TO THIRD REQUESTS FOR PRODUCTION

**E-DISCOVERY:** Per TRCP 196.4, unless another format is specifically requested, any digital documents are requested to be produced in directly-converted PDF format with optical character recognition by USB drive, email, DropBox, or another common form of digital delivery.

**REQUEST FOR PRODUCTION NO. 38:**  Please produce any letter, email, text message, or other similar communication which any Defendant contends contains any defamatory statement about any Defendant which forms all or part of the basis of any claim of any Defendant in this lawsuit.

**OBJECTION:**    On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**REQUEST FOR PRODUCTION NO. 39:**  Please produce any letter, email, text message, or other similar communication between any Defendant and any present or former customer of any Defendant to whom any Defendant is asserting Plaintiff made a defamatory statement which was sent or dated on or after the first date on which Defendant contends a defamatory statement was made by Plaintiff to the customer.

By way of example only, if a Defendant contends that Plaintiff defamed a Defendant to Customer X on 10/1/2024, it is requested that all communications between any Defendant and Customer X on or after 10/1/2024 be produced.

**OBJECTION:**    On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:**    Jerod P. Furr, Corina Furr, AE Partners Holdings, Inc., Alliance

Energy Partners, LLC, AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC object that this request is irrelevant, overly broad, and unduly burdensome in that it requires them to produce *any* letter, email, text message, or other similar communication between Defendant and any customers of defendants that Defendants claim Mr. Etter made a defamatory statement to, the only relevant documents would be communications where these defamatory statements were made. The Texas Supreme Court has made clear repeatedly that such requests are flatly impermissible. *See In re Allstate Co. Mutual Ins.*, 227 S.W.3d 667, 669 (Tex. 2007, orig. proceeding) ("The plaintiffs make no effort to justify their hundreds of requests.  Nor can they, given what this Court has said repeatedly in similar cases"); *In re CSX Corp.*, 124 S.W.3d at 149 ("discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad."); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam) (request for every criminal act that occurred on the defendant's premises for the last seven years was overly broad); *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 491-92 (Tex. 1995) (per curiam) (request for every false imprisonment case in the last five years throughout twenty states was overly broad); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam) (request for all documents ever written by the defendant's safety director about safety was overly broad).  This request fails the test for overly broad requests because it requests *all* communications with customers after the date that Mr. Etter made defamatory statements, the only relevant documents would be documents where these defamatory statements were discussed, if any.  *CSX*, 124 S.W.3d at 153 ("A central consideration in determining over-breadth is whether the request could have been more narrowly tailored to avoid including tenuous information....").  This objection to the Request as being irrelevant (and thus necessarily overbroad) is sufficient because overbroad requests as to irrelevant matters are in appropriate regardless of whether the requests are burdensome, such that the responding party need not detail how the request is burdensome or what burden they create.  *See In re CSX Corp.*, 24 S.W.3d at 153; *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex. 1999).  "'Reasonable' discovery necessarily requires some sense of proportion."  *In re Allstate Co. Mutual Ins.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding).  "With today's technology, it is the work of a moment to reissue every discovery request one has ever sent...before.  But by definition such a request is not 'reasonably tailored.'"  *Id.* (citing *In re Graco Children's Prods.*, 210 S.W.3d 598, 601 (Tex. 2006) (per curiam); *CSX*, 124 S.W.3d at 152).  "[D]iscovery of everything the [requesting party] could imagine asking" is impermissible.  *Id.*

**OBJECTION:**     Jerod P. Furr, Corina Furr, AE Partners Holdings, Inc., Alliance Energy Partners, LLC, AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC objects that this request falls outside the scope of permissible discovery and is not relevant to the triable issues in this case.  The scope of permissible discovery relates to any non-privileged matter which "is relevant to the subject matter of the pending action," recognizing that items inadmissible in evidence may still be discoverable "if

the information sought appears reasonably calculated to lead to the discovery of admissible evidence". TEX. R. CIV. P. 192.3(a). For a matter to be "relevant" it must have some tendency to "make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Communications with current or past customers that have nothing to do with the defamatory statements made by Mr. Etter are not relevant to this case.

**REQUEST FOR PRODUCTION NO. 40:**   Please produce any letter, email, text message, or other similar communication between any Defendant and any present or former vendor of any Defendant to whom any Defendant is asserting Plaintiff made a defamatory statement which was sent or dated on or after the first date on which Defendant contends a defamatory statement was made by Plaintiff to the vendor.

> By way of example only, if a Defendant contends that Plaintiff defamed a Defendant to Vendor X on 10/1/2024, it is requested that all communications between any Defendant and Vendor X on or after 10/1/2024 be produced.

**OBJECTION:**   On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:**   Jerod P. Furr, Corina Furr, AE Partners Holdings, Inc., Alliance Energy Partners, LLC, AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC object that this request is irrelevant, overly broad, and unduly burdensome in that it requires them to produce any letter, email, text message, or other similar communication between Defendant and any vendor of defendants that Defendants claim Mr. Etter made a defamatory statement to the only relevant documents would be communications where these defamatory statements were made. The Texas Supreme Court has made clear repeatedly that such requests are flatly impermissible. *See In re Allstate Co. Mutual Ins.*, 227 S.W.3d 667, 669 (Tex. 2007, orig. proceeding) ("The plaintiffs make no effort to justify their hundreds of requests. Nor can they, given what this Court has said repeatedly in similar cases"); *In re CSX Corp.*, 124 S.W.3d at 149 ("discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad."); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam) (request for every criminal act that occurred on the defendant's premises for the last seven years was overly broad); *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 491-92 (Tex. 1995) (per curiam) (request for every false imprisonment case in the last five years throughout twenty states was overly broad); *Texaco, Inc. v. Sanderson*, 898

S.W.2d 813, 815 (Tex. 1995) (per curiam) (request for all documents ever written by the defendant's safety director about safety was overly broad). This request fails the test for overly broad requests because it requests all communications with vendors after the date that Mr. Etter made defamatory statements. *CSX*, 124 S.W.3d at 153 ("A central consideration in determining over-breadth is whether the request could have been more narrowly tailored to avoid including tenuous information...."). This objection to the Request as being irrelevant (and thus necessarily overbroad) is sufficient because overbroad requests as to irrelevant matters are in appropriate regardless of whether the requests are burdensome, such that the responding party need not detail how the request is burdensome or what burden they create. *See In re CSX Corp.*, 24 S.W.3d at 153; *In re Union Pac. Res. Co.*, 22 S.W.3d 338, 341 (Tex. 1999). "'Reasonable' discovery necessarily requires some sense of proportion." *In re Allstate Co. Mutual Ins.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). "With today's technology, it is the work of a moment to reissue every discovery request one has ever sent...before. But by definition such a request is not 'reasonably tailored.'" *Id.* (citing *In re Graco Children's Prods.*, 210 S.W.3d 598, 601 (Tex. 2006) (per curiam); *CSX*, 124 S.W.3d at 152). "[D]iscovery of everything the [requesting party] could imagine asking" is impermissible. *Id.*

**OBJECTION:**    Jerod P. Furr, Corina Furr, AE Partners Holdings, Inc., Alliance Energy Partners, LLC, AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC objects that this request falls outside the scope of permissible discovery and is not relevant to the triable issues in this case. The scope of permissible discovery relates to any non-privileged matter which "is relevant to the subject matter of the pending action," recognizing that items inadmissible in evidence may still be discoverable "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence". TEX. R. CIV. P. 192.3(a). For a matter to be "relevant" it must have some tendency to "make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Communications with current or past vendors that have nothing to do with the defamatory statements made by Mr. Etter are not relevant to this case.

**REQUEST FOR PRODUCTION NO. 41:**    Please produce any written demand for payment or notice of an unpaid overdue debt sent to any Defendant in this lawsuit by any person other than Plaintiff or a representative for Plaintiff which was sent or dated at any time on or after 1/1/2023.

**OBJECTION:**    On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants

refuse to answer this request.

**REQUEST FOR PRODUCTION NO. 42:**   Please produce any letter, email, text message, or other similar communication between FT Machine, LLC and any Defendant sent or dated at any time on or after 7/1/2023.

**OBJECTION:**     On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:**     Defendants' object that this request is overly broad and unduly burdensome in that it requires them to produce any letters, emails, text messages, or or other similar communications between FT Machine, LLC and any Defendant sent or dated at any time on or after 7/1/2023.  The Texas Supreme Court has made clear repeatedly that such requests are flatly impermissible.  *See In re Allstate Co. Mutual Ins.*, 227 S.W.3d 667, 669 (Tex. 2007, orig. proceeding) ("The plaintiffs make no effort to justify their hundreds of requests.  Nor can they, given what this Court has said repeatedly in similar cases"); *In re CSX Corp.*, 124 S.W.3d at 149 ("discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad."); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam) (request for every criminal act that occurred on the defendant's premises for the last seven years was overly broad); *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 491-92 (Tex. 1995) (per curiam) (request for every false imprisonment case in the last five years throughout twenty states was overly broad); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam) (request for all documents ever written by the defendant's safety director about safety was overly broad).  This request fails the test for overly broad requests because there may be communications with FT Machine, LLC that have nothing to do with any of the claims or defenses in this lawsuit, it is unclear what Plaintiff's reasoning for requesting communications with FT Machine, LLC is.  *CSX*, 124 S.W.3d at 153 ("A central consideration in determining over-breadth is whether the request could have been more narrowly tailored to avoid including tenuous information....").

**REQUEST FOR PRODUCTION NO. 43:**   Please produce any letter, email, text message, or other similar communication between IAE International, Inc. a/k/a Sniper Drilling Motors and any Defendant sent or dated at any time on or after 7/1/2023.

**OBJECTION:**     On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays

litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:**      Defendants' object that this request is overly broad and unduly burdensome in that it requires them to produce any letters, emails, text messages, or other similar communications between IAE International, Inc. a/k/a Sniper Drilling Motors and any Defendant sent or dated at any time on or after 7/1/2023. The Texas Supreme Court has made clear repeatedly that such requests are flatly impermissible. *See In re Allstate Co. Mutual Ins.*, 227 S.W.3d 667, 669 (Tex. 2007, orig. proceeding) ("The plaintiffs make no effort to justify their hundreds of requests.  Nor can they, given what this Court has said repeatedly in similar cases"); *In re CSX Corp.*, 124 S.W.3d at 149 ("discovery orders requiring document production from an unreasonably long time period or from distant and unrelated locales are impermissibly overbroad."); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (per curiam) (request for every criminal act that occurred on the defendant's premises for the last seven years was overly broad); *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491, 491-92 (Tex. 1995) (per curiam) (request for every false imprisonment case in the last five years throughout twenty states was overly broad); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995) (per curiam) (request for all documents ever written by the defendant's safety director about safety was overly broad).  This request fails the test for overly broad requests because there may be communications with IAE International, Inc. that have nothing to do with this litigation, it is unclear what Plaintiff's reasoning for requesting these documents is.  *CSX*, 124 S.W.3d at 153 ("A central consideration in determining over-breadth is whether the request could have been more narrowly tailored to avoid including tenuous information....").

**REQUEST FOR PRODUCTION NO. 44:**   Please produce any letter, email, text message, or other similar communication between any Defendant and any other person regarding any proposal, suggestion, or inquiry regarding selling all or a substantial part of the ownership interests, drilling motors, or other assets of any entity Defendant which was sent or dated at any time on or after 1/1/2024.

**OBJECTION:**      On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**REQUEST FOR PRODUCTION NO. 45:** Please produce any shareholder agreements, subscription agreements, balance sheets, financial statements, or other similar documents discussing or referencing the existence, creation, or transfer of any

ownership interest of AE Partners Holdings, Inc. in Isodrill, Inc. created, dated, or in effect at any time on or after 5/1/2022.

**OBJECTION:**     On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**REQUEST FOR PRODUCTION NO. 46:**   Please produce any letter, email, text message, or other similar communication discussing any actual or proposed sale, transfer, or conversion of any interest of AE Partners Holdings, Inc. in Isodrill, Inc

**OBJECTION:**     On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**REQUEST FOR PRODUCTION NO. 47:**   Please produce any letter, email, text message, or other similar communication between any Defendant and any other person which discusses, references, or mentions any actual, proposed, or contemplated refinance of any loan on the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316 or any requirements or financial or business information related to any such refinance, which was sent or dated at any time on or after 6/1/2023.

**OBJECTION:**     On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**CERTIFICATE OF SERVICE**

This is to certify that on January 8, 2025, Jerod P. Furr's, Corina Furr's, AE Partners Holdings, Inc.'s, Alliance Energy Partners, LLC's, AEP Asset Holdings, LLC's, Alliance Farm & Ranch, LLC's, and Invictis Drilling Motors, LLC's Objections and Answers to Plaintiff's Third Requests for Production was served on the following counsel of record via e-service pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure:

Noah Meek
IRELAN MCDANIEL, PLLC
2520 Caroline Street, 2nd Floor
Houston, Texas 77004.

　　　　　　　　　　　　　　 /s/ Alyssa M. Cuellar
　　　　　　　　　　　　　　Alyssa M. Cuellar