# EXHIBIT 4

CAUSE NO. 24-07-11639

| | | |
|---|---|---|
| DUSTIN ETTER | § | 457th JUDICIAL DISTRICT COURT |
| | § | |
| v. | § | |
| JEROD P. FURR, et al. | § | |
| | § | MONTGOMERY COUNTY, TEXAS |

**JEROD P. FURR'S, CORINA FURR'S, ALLIANCE FARM & RANCH, LLC'S, AE PARTNERS HOLDINGS, INC.'s, ALLIANCE ENERGY PARTNERS, LLC'S, AEP ASSET HOLDINGS, LLC'S, and INVICTIS DRILLING MOTORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF"S SECOND REQUEST FOR ADMISSION**

TO:   Dustin Etter, by and through his attorney of record, Noah Meek, IRELAN MCDANIEL, PLLC, 2520 Caroline Street, 2nd Floor, Houston, Texas 77004.

Pursuant to Rules 192 and 198 of the Texas Rules of Civil Procedure, Defendants, Jerod P. Furr, Corina Furr, AE Partners Holdings, Inc., Alliance Energy Partners, LLC, AEP Asset Holdings, LLC, and Invictis Drilling Motors, LLC serve their Objections and Responses to Plaintiff's Second Requests for Admission.

Respectfully submitted,

/s/ Alyssa M. Cuellar
J. Randal Bays
State Bar No. 01943900
randy@baysfirm.com
Alyssa M. Cuellar
State Bar No. 24135656
alyssa@baysfirm.com
THE BAYS FIRM
1503 Hailey Street
Conroe, Texas 77301
Tel: (936) 760-7670
Fax: (936) 760-7671
ATTORNEYS FOR JEROD P. FURR, CORINA FURR, ALLIANCE FARM & RANCH, LLC, AE PARTNERS HOLDINGS, INC., ALLIANCE

ENERGY PARTNERS, LLC, AEP ASSET HOLDINGS, LLC'S, and INVICTIS DRILLING MOTORS, LLC

# RESPONSES TO SECOND REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 18:** Admit that Alliance Energy Partners, LLC paid at least $10,000 towards the purchase of the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316 in 2022.

**OBJECTION:** On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:** Defendant's object that this request is not an appropriate one for requests for admissions per the Texas Supreme Court's ruling in *Wheeler v. Green*:

> When requests for admissions are used as intended – addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents – deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, those due-process concerns arise. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18 (Tex. 1991).)

157 S.W.3d 439, 443 (Tex. 2005). As a result, this topic should not be addressed in a request for admission and the answering party's admission, if applicable, should not be treated as binding in the way admissions typically are.

**REQUEST FOR ADMISSION NO. 19:** Admit that Alliance Energy Partners, LLC paid at least $100,000 towards the purchase of the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316 in 2022.

**OBJECTION:** On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:** Defendant's object that this request is not an appropriate one for requests for admissions per the Texas Supreme Court's ruling in *Wheeler v. Green*:

> When requests for admissions are used as intended – addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents – deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, those due-process concerns arise. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18 (Tex. 1991).)

157 S.W.3d 439, 443 (Tex. 2005). As a result, this topic should not be addressed in a request for admission and the answering party's admission, if applicable, should not be treated as binding in the way admissions typically are.

**REQUEST FOR ADMISSION NO. 20:** Admit that Alliance Energy Partners, LLC paid at least $1,000,000 towards the purchase of the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316 in 2022.

**OBJECTION:** On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:** Defendant's object that this request is not an appropriate one for requests for admissions per the Texas Supreme Court's ruling in *Wheeler v. Green*:

> When requests for admissions are used as intended – addressing

> uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents – deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, those due-process concerns arise. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18 (Tex. 1991).)

157 S.W.3d 439, 443 (Tex. 2005).  As a result, this topic should not be addressed in a request for admission and the answering party's admission, if applicable, should not be treated as binding in the way admissions typically are.

**REQUEST FOR ADMISSION NO. 21:**   Admit that Alliance Energy Partners, LLC paid at least $10,000 towards improvements to the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316 since April 2022.

**OBJECTION:**   On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155.  Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:**   Defendant's object that this request is not an appropriate one for requests for admissions per the Texas Supreme Court's ruling in *Wheeler v. Green*:

> When requests for admissions are used as intended – addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents – deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, those due-process concerns arise. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18

(Tex. 1991).)

157 S.W.3d 439, 443 (Tex. 2005). As a result, this topic should not be addressed in a request for admission and the answering party's admission, if applicable, should not be treated as binding in the way admissions typically are.

**REQUEST FOR ADMISSION NO. 22:** Admit that Alliance Energy Partners, LLC paid at least $100,000 towards improvements to the property at 5450 Honea Egypt Rd., Montgomery, Texas 77316 since April 2022.

**OBJECTION:** On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:** Defendant's object that this request is not an appropriate one for requests for admissions per the Texas Supreme Court's ruling in *Wheeler v. Green*:

> When requests for admissions are used as intended – addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents – deeming admissions by default is unlikely to compromise presentation of the merits. *See Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (stating requests for admissions were intended to "eliminat[e] matters about which there is no real controversy" and were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense") (quoting *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). But when a party uses deemed admissions to try to preclude presentation of the merits of a case, those due-process concerns arise. *See TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917-18 (Tex. 1991).)

157 S.W.3d 439, 443 (Tex. 2005). As a result, this topic should not be addressed in a request for admission and the answering party's admission, if applicable, should not be treated as binding in the way admissions typically are.

**REQUEST FOR ADMISSION NO. 23:** Admit that Alliance Energy Partners, LLC paid at least $10,000 for expenses for the wedding of Jerod Furr and Corrina Furr in 2024.

**OBJECTION:** On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:** Defendants' object that this request falls outside the scope of permissible discovery and is not relevant to the triable issues in this case. The scope of permissible discovery relates to any non-privileged matter which "is relevant to the subject matter of the pending action," recognizing that items inadmissible in evidence may still be discoverable "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). For a matter to be "relevant" it must have some tendency to "make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. In this case, the issues of consequence to the determination of the action pertain exclusively to the alleged breach of fiduciary duty and fraud as it relates to, Jerod D. Furr and named Defendents. Admitting that Alliance Energy Partners, LLC paid at least $10,000 for expenses for the wedding of Jerod Furr and Corrina Furr in 2024 has no tendency to make any material fact related to the triable claims more or less true, and this information is, therefore, irrelevant. Jarod Furr and named Defendants' refuse to answer as this request falls outside the scope of permissible discovery.

### REQUEST FOR ADMISSION NO. 24:
Admit that Alliance Energy Partners, LLC paid at least $100,000 for expenses for the wedding of Jerod Furr and Corrina Furr in 2024.

**OBJECTION:** On January 7, 2025, Alliance Farm & Ranch, LLC filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District Of Texas under Case Number 25-30155. Because the filing of bankruptcy stays litigation, and because this lawsuit surrounds 5450 Honea Egypt Road, Montgomery, Texas 77356, which is wholly owned by Alliance Farm & Ranch, LLC, Defendants refuse to answer this request.

**OBJECTION:** Defendants' object that this request falls outside the scope of permissible discovery and is not relevant to the triable issues in this case. The scope of permissible discovery relates to any non-privileged matter which "is relevant to the subject matter of the pending action," recognizing that items inadmissible in evidence may still be discoverable "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). For a matter to be "relevant" it must have some tendency to "make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." TEX. R. EVID. 401. In this case, the issues of consequence to the determination of the action pertain exclusively to the alleged breach of fiduciary duty and fraud as it relates to, Jerod D. Furr and named Defendents. Admitting that Alliance Energy Partners, LLC paid at least $100,000 for expenses for the wedding of Jerod Furr and Corrina Furr in 2024 has no tendency to make any material fact related to the triable claims more or less true, and this information is, therefore, irrelevant. Jarod Furr and named Defendants' refuse to answer as this request falls outside the scope of permissible discovery.

## CERTIFICATE OF SERVICE

This is to certify that on January 8, 2025, Jerod P. Furr's, Corina Furr's, AE Partners Holdings, Inc.'s, Alliance Energy Partners, LLC's, Alliance Farm & Ranch, LLC's, AEP Asset Holdings, LLC's, and Invictis Drilling Motors, LLC's Objections and Answers to Plaintiff's Second Set of Requests for Admissions was served on the following counsel of record via e-service pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure:

Noah Meek
IRELAN MCDANIEL, PLLC
2520 Caroline Street, 2nd Floor
Houston, Texas 77004.

                                                                           /s/ Alyssa M. Cuellar
                                                                           Alyssa M. Cuellar