**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Bankruptcy Case No. 25-30155** |
| **ALLIANCE FARM AND RANCH, LLC** | § | |

**DUSTIN ETTER'S RESPONSE TO
DEBTOR'S EMERGENCY MOTION DIRECTING JOINT ADMINISTRATION**

Creditor/Interested Party Dustin Etter files this Response to Debtor's "Emergency" Motion for Joint Administration (Doc. 40).

1.     The Motion, which was served after 5:00 PM on 4/7/2025, does not implicate any emergency in any meaningful sense of that term. The Motion also contains numerous misrepresentations and has potentially significant implications on when and how the claims of and against Alliance Energy Partners, LLC ("AEP") and Alliance Farm & Ranch, LLC ("Alliance Farm") should be handled which deserve something more than the less-than-48-hours of consideration that Debtors are attempting to have the motion decided in. It is also fair to say that Debtors, who apparently consulted their present bankruptcy counsel at least as far back as December 2024, have laid behind the log on filing for bankruptcy for AEP, and should not now be rewarded for doing so by being given an opportunity to sandbag Mr. Etter and others by being able to present such a potentially significant motion on less than 48-hours notice. Additionally, the Motion will be rendered largely moot if Alliance Farm's bankruptcy is dismissed pursuant to either of the pending motions to dismiss. It is therefore, as a preliminary matter, requested that the Motion be removed from the emergency docket and scheduled for consideration in the usual matter.

2.     The Motion contains numerous misrepresentations. It incorrectly states in Paragraph 5 that Jerod Furr is the 100% owner of AEP's parent company AE Partners Holdings, Inc. ("AEPH"), which is in fact at least 50% owned by Mr. Etter. Mr. Etter has

also asserted claims in state court seeking a constructive trust over the remaining ownership interests in AEPH, which if granted would give Mr. Etter control over AEP.

3.     Although Paragraph 8 of the Motion admits that Alliance Farm owes a substantial sum (allegedly "approximately $1,000,000) to AEP, the Motion takes a blasé approach to the debt and fails to account for the substantial sums that AEP paid to or for the benefit of Alliance Farm, seemingly gratuitously and/or as an improper constructive unequal distribution to Alliance Farm's owner Mr. Furr, including payments which took place after the initial purchase of the Honea Egypt Property on or about 4/1/2022. AEP also has an interest in declaring the lease signed between it and Alliance Farm, signed on behalf of both parties by Jerod Furr who was also living at the property, void due to the clear conflict of interest that Mr. Furr had in the transaction. Because of AEP's need to sue Mr. Furr for his mismanagement, embezzlement, and fraudulent conduct, as well as the pending dispute over control over the business, Mr. Furr anticipates requesting the appointment of an independent trustee for AEP.

4.     The main relationship between AEP and Alliance Farm relevant to their bankruptcies is not one of joint ownership or control but of a creditor and a debtor. Alliance Farm is AEP's principal creditor—and its only creditor if the claim to rescind the foreclosure of the Honea Egypt Property is unsuccessful. To fairly represent the interests of AEP's bankruptcy estate, the person in control of AEP and by extension its counsel will need to bring claims against Alliance Farm and its owner Jerod Furr. This presents a significant conflict of interest between Alliance Farm, AEP, and their creditors. Additionally, sorting out the conflicts between Alliance Farm and AEP will impose unnecessary costs and delays which can be avoided through separate bankruptcies.

5.     While it may make sense for certain potential adversary proceedings to be

consolidated, allowing a joint administration would complicate and confuse rather than streamline the bankruptcies of Alliance Farm and AEP.

## PRAYER

Dustin Etter requests and prays that Debtor's Motion be denied and for such other and further relief to which Mr. Etter may be justly entitled.

Respectfully submitted,

IRELAN MCDANIEL, PLLC

By:_____
    **/s/ Noah Meek**
        Noah E. W. Meek
        State Bar No. 24084554
        Email: nmeek@imtexaslaw.com
        2520 Caroline St., 2nd Floor
        Houston, Texas 77004
        Phone:  (713) 222-7666
        Fax:     (713) 222-7669

**ATTORNEYS FOR CREDITOR
DUSTIN ETTER**

## CERTIFICATE OF SERVICE

This is to certify that on April 7, 2025, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

Timothy L. Wentworth
Okin Adams Bartlett Curry, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
VIA Email: twentworth@okinadams.com

Reagan H. "Tres" Gibbs, III
Cokinos Young
1221 Lamar St., 16th Floor
Houston, Texas 77010
VIA Email: tgibbs@cokinoslaw.com

United States Trustee
515 Rusk St., Suite 3516
Houston, Texas 77002
VIA Email:
USTPRegion07.HU.ECF@USDOJ.GOV

Janet Northrup
Hughes Watters Askanase, LLP
1201 Louisiana St., 28th Floor
Houston, Texas 77002
VIA Email: jnorthrup@hwa.com

 **/s/ Noah Meek**
_____
    Noah Meek