CAUSE NO. 24-07-11639

**EXHIBIT 1**

| | | |
|---|---|---|
| DUSTIN ETTER, ALLIANCE ENERGY PARNERS, LLC, AE PARTNERS HOLDINGS, INC., AE PARTNERS HOLDINGS, LLC AEP ASSET HOLDINGS, LLC, AND INVICTIS DRILLING MOTORS, LLC | § | 457th JUDICIAL DISTRICT COURT |
| v. | § | |
| JEROD P. FURR, CORINA FURR, ALLIANCE FARM & RANCH, LLC, AE PARTNERS HOLDINGS, LLC, AE PARTNERS HOLDINGS, INC., ALLIANCE ENERGY PARTNERS, LLC, AEP ASSET HOLDINGS, LLC, and INVICTIS DRILLING MOTORS, LLC | § | MONTGOMERY COUNTY, TEXAS |

RESPONSE TO PLAINTIFF'S MOTION TO APPOINT RECEIVER

TO THE HONORABLE VINCENZO J. SANTINI:

AE Partners Holdings, Inc. and Alliance Energy Partners, LLC file this Response to Plaintiff's Motion to Appoint Receiver (the "Motion") and in opposition to the relief sought in the Motion, show the following:

ALLIANCE ENERGY PARTNERS, LLC

1. Dustin Etter lacks standing to request the Court to appoint a receiver to manage Alliance Energy Partners, LLC. In the Motion, Mr. Etter admits that AE Partners Holdings, Inc. is the sole owner and member of Alliance Energy Partners, LLC. *See* The Motion at p. 1. Under Texas Law, to have standing to request appointment of a rehabilitative receiver, the action must be brought by an owner or member of the domestic entity. TEX. BUS. ORG. CODE § 11.404(a)(1). With no legal support, Dustin Etter tells this Court that he has derivative standing to seek a

receivership under Section 21.552 of the Texas Business Organizations Code. However, there is nothing authorizing derivative standing to seek a receiver under Section 11.404(a)(1), the statute is clear, only an *owner or member* of a domestic entity has standing, Dustin Etter is not an owner or member of Alliance Energy Partners, LLC, thus, he cannot bring an action to appoint a rehabilitative receiver. Dustin Etter states that the receivership is being sought because Alliance Energy Partners, LLC is insolvent and is being operated in a manner that is oppressive, both items that can be brought under Section 11.404(a)(1), which Dustin Etter has no standing to bring. Thus, the Motion to Appoint a Receiver related to Alliance Energy Partners, LLC should be denied.

2. Further, although it is true that Alliance Energy Partners, LLC has lawsuits pending against it, Dustin Etter fails to tell the Court why those lawsuits exist. Alliance Energy Partners, LLC had agreements with its creditors related to payment of debts, however, after filing this lawsuit Dustin Etter went to these creditors and told them that he filed this lawsuit and that Jerod Furr was embezzling money from it. *See* Declaration of Jerod Furr, attached hereto as Exhibit A. Those statements could not be further from the truth. It is no secret that Alliance Energy Partners, LLC and AE Partners Holdings, Inc. are financially struggling, however, that is the reality in the directional drilling industry right now. *Id*. Jerod Furr is confident that the financial struggles of Alliance Energy Partners, LLC and AE Partners Holdings, Inc. can be turned around when the oil and gas business picks up. *Id*.

3. The filing of these lawsuits against Alliance Energy Partners, LLC has

left Jerod Furr, the sole director of AE Partners Holdings, Inc., with no choice but to place Alliance Energy Partners, LLC in bankruptcy. *Id.* Dustin Etter is aware of this plan, and his attorney has even indicated that he would not be generally opposed to a bankruptcy proceeding. *See* Email from Noah Meek to Jerod B. Martin dated November 21, 2024 at 6:09 P.M., attached hereto as Exhibit B. Notably, this Motion to Appoint Receiver was filed *after* Dustin Etter was made aware of the intention for Alliance Energy Partners, LLC to file bankruptcy.

AE PARNTERS HOLDINGS, INC.

4. To grant the Motion to appoint a receiver for AE Partners Holdings, Inc., Dustin Etter must show:

> AE Partners Holdings, Inc. is insolvent or in imminent danger of insolvency;
>
> The governing persons of the entity are deadlocked in the management of the entity's affairs, the owners or members of the entity are unable to break the deadlock, and the irreparable injury to the entity is being suffered or is threatened because of the deadlock;
>
> the actions of the governing persons of the entity are illegal, oppressive, or fraudulent;
>
> the property of the entity is being misapplied or wasted; or
>
> the shareholders of the entity are deadlocked in voting power and have failed, for a period of at least two years, to elect successors to the governing persons of the entity whose terms have expired or would have expired on the election and qualification of their successors.

TEX. BUS. ORGS. CODE § 11.404(a)(1). Dustin Etter's only claim is that AE Partners Holdings, Inc. is being operated in a manner that is oppressive. *See* Motion at 1.

5. Section 11.404(b) places significant restrictions on the availability of a

receivership:

> (1) the receivership must be "necessary ... to conserve the assets and business of the corporation and to avoid damage to parties at interest";
>
> (2) "all other requirements of law [must be] complied with"; and
>
> (3) "all other remedies available either at law or in equity" must be "inadequate."

TEX. BUS. ORGS. CODE § 11.404(b). "These requirements demonstrate the Legislature's intent that receivership—which replaces the managers the shareholders chose with the courts' chosen managers—is a "harsh" remedy that is not readily available." *Ritchie v. Rupe*, 443 S.W.3d 856, 867 (Tex. 2014). In fact, by requiring termination of the receivership immediately after the condition that necessitated the receiver is remedied, the Legislature has expressed its intent that receivership be a temporary fix for exigent circumstances. *Id.*; TEX. BUS. ORGS.CODE § 11.404(c). But here, there are no exigent circumstances that will be remedied by choosing new management. The only change needed is for the market to turn around and for oil producer to drill more new wells.

6. Directors, or those acting as directors, owe a fiduciary duty to the corporation in their directorial actions, and this duty "includes the dedication of [their] uncorrupted business judgment for the sole benefit of the corporation." *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W.2d 567, 577 (Tex.1963); *see also Gearhart Indus., Inc. v. Smith Intern., Inc.*, 741 F.2d 707, 723–24 (5th Cir.1984) (describing corporate director's fiduciary duties of obedience, loyalty, and due care). Actions of a director are only oppressive if they are "inconsistent with the honest exercise of business judgment and discretion." *Ritchie*, 443 S.W.3d at 869. All actions taken by Jerod Furr have

been within the honest exercise of his business judgment and discretion. *See* Exhibit A.

7. Further, if lesser remedies are available under either the common law or other statutory provisions, and those remedies are adequate, the Court cannot appoint a rehabilitative receiver. TEX. BUS. ORG. CODE § 11.404(b)(3). The kinds of actions that support a shareholder action for receivership under the "oppressive" prong of the statute are the kinds of conduct that also may support other causes of action, such as fraud or breach-of-fiduciary-duties to the corporation. *Id.*; *Ritchie*, No. 11-0447, at 874. In *Ritchie*, the Texas Supreme Court ruled that *prior* to granting a receivership, the trial court was required to determine whether the plaintiff was entitled to remedies for breach of fiduciary duty and whether those remedies were adequate. *Id*. The Court has made no such determination here, nor has it been asked to.

8. The Motion is simply another half-hearted attack by Dustin Etter to gig Jerod Furr, just as when he filed this lawsuit and got a TRO from this Court, but failed to carry his burden of proof to obtain a temporary injunction. Dustin Etter further failed to show the Court what would be necessary to protect AE Partners Holdings, Inc. if a receiver is appointed. TEX. CIV. PRAC. & REM. CODE § 64.023. AE Partners Holdings, Inc. has all kinds of assets, it is likely that any new manager would require payment of more than $250,000.00 a year, a payment that AE Partners Holdings, Inc. cannot make at this time. *See* Exhibit A. The inability to make this payment is not because of Jerod Furr as Dustin Etter seems to want this Court to believe. The inability to pay is based on the current political climate in which drilling is depressed.

*Id*. Jerod Furr is optimistic that with the current election results, the oil industry will turn around and AE Partners Holdings, Inc. will be making money again. No matter how Dustin Etter puts it, the problems with the business all surround the market conditions, and new management cannot change the market.

9. The required exigent circumstances do not exist here. There has been no ruling that Dustin Etter has been oppressed. Dustin Etter has adequate remedies at all, namely the lawsuit itself. Jerod Furr, the sole director of AE Partners Holdings, Inc. is acting on his business judgment, thus, the Court should deny the Motion.

PRAYER

AE Partners Holdings, Inc. and Alliance Energy Partners, LLC respectfully pray that the Court deny the Motion, and grant to them any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

/s/ Alyssa M. Cuellar

J. Randal Bays
State Bar No. 01943900
randy@baysfirm.com
Alyssa M. Cuellar
State Bar No. 24135656
alyssa@baysfirm.com
The Bays Firm
1503 Hailey Street
Conroe, Texas 77301
Tel: (936) 760-7670
Fax: (936) 7607671
ATTORNEYS FOR JEROD P. FURR, CORINA FURR, ALLIANCE FARM & RANCH, LLC, AE PARTNERS HOLDINGS, INC., ALLIANCE ENERGY PARTNERS, LLC, AEP

ASSET HOLDINGS, LLC'S, and INVICTIS DRILLING MOTORS, LLC

CERTIFICATE OF SERVICE

This is to certify that on December 12, 2024, the foregoing Response to Motion to Appoint Receiver was served via e-service on the following counsel of record pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure:

Noah Meek
IRELAN MCDANIEL, PLLC, LLP
2520 Caroline Street, 2nd Floor
Houston, Texas 77004

/s/ Alyssa M. Cuellar
Alyssa M. Cuellar

CAUSE NO. 24-07-11639

| | | |
|---|---|---|
| DUSTIN ETTER, ALLIANCE ENERGY PARNERS, LLC, AE PARTNERS HOLDINGS, INC., AE PARTNERS HOLDINGS, LLC AEP ASSET HOLDINGS, LLC, AND INVICTIS DRILLING MOTORS, LLC<br>v.<br>JEROD P. FURR, CORINA FURR, ALLIANCE FARM & RANCH, LLC, AE PARTNERS HOLDINGS, LLC, AE PARTNERS HOLDINGS, INC., ALLIANCE ENERGY PARTNERS, LLC, AEP ASSET HOLDINGS, LLC, and INVICTIS DRILLING MOTORS, LLC | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 457th JUDICIAL DISTRICT COURT<br><br><br><br><br><br><br><br><br><br><br><br><br><br>MONTGOMERY COUNTY, TEXAS |

**DECLARATION OF JEROD FURR**

My name is Jerod Furr, my date of birth is May 18, 1975, my address is 5450 Honea Egypt Road, Montgomery, Texas 77316, United States of America. I am over eighteen years of age, I am of sound mind and body, and I am capable of making this declaration. I have personal knowledge of all matters stated herein and I declare under penalty of perjury that the following is true and correct:

> I am the sole director of AE Partners Holdings, Inc. AE Partners Holdings, Inc. is the sole owner and member of Alliance Energy Partners, LLC.
>
> I am aware that Alliance Energy Partners, LLC is being sued by various creditors. However, payment plans for these debts were set up long before this lawsuit was filed by Dustin Etter. After being fired and removed from the board of directors of AE Partners Holdings, Inc., Dustin Etter told customers and vendors that he was suing me and that I embezzled money from Alliance Energy Partners, LLC and AE Partners Holdings, Inc., which is not true.
>
> Because of the lawsuits against Alliance Energy Partners, LLC, I have no

choice but to place Alliance Energy Partners, LLC into bankruptcy. Dustin is aware of this plan as the attorney who was going to handle this bankruptcy emailed Dustin's attorney to inform him of this plan.

All of the actions I have taken in relation to Alliance Energy Partners, LLC and AE Partners Holdings, Inc. have been within my honest exercise of my business judgment and discretion.

AE Partners Holdings, Inc. has all kinds of assets, I have been in the industry for many years, and to hire someone to manage those assets would cost in excess of $250,000.00. At this time, AE Partners Holdings, Inc. does not have the ability to pay anyone that kind of money. In fact, I have not taken a salary in many months because of the financial situation. Appointing a new manager to manage AE Partners Holdings, Inc. will not fix any of the financial problems that the business is facing. The only way to turn these problems around is for the market to flip and for oil producers to drill new wells. I am hopeful that with the new president, that is exactly what is going to happen.

Signed in Montgomery, Montgomery County, Texas on December 11, 2024.

Jerod Furr




**Fwd: Furr/Alliance Energy**





**From:** Noah Meek <nmeek@imtexaslaw.com>
**Sent:** Thursday, November 21, 2024 6:09 PM
**To:** Martin, Jarrod B. <Jarrod.Martin@chamberlainlaw.com>
**Cc:** dustin.etter@rocketmail.com <dustin.etter@rocketmail.com>
**Subject:** RE: Furr/Alliance Energy

[CAUTION - EXTERNAL EMAIL] DO NOT reply, click links, or open attachments unless you have verified the sender and know the content is safe.

Martin,

***Dustin is not inherently opposed to a bankruptcy or y'all doing it***, but the problem we're having is that Jerod is not giving us books and records. I have an MSJ on that set for 12/13. We don't want Alliance Energy Partners, LLC ("AEP") to just have defaults taken against it in some of these pending suits. But Dustin is at an informational disadvantage here. He doesn't want to agree or consent to a bankruptcy not really knowing the ramifications of that and then figure out after the fact that he gets screwed in the whole deal.

It's my understanding that Invictus is owned by AE Partners Holdings, Inc. ("AEPH"), which is AEP's parent company, not AEP. Isn't that correct?

But you're not proposing to bankrupt AEPH, correct?

If Invictus is an AEP sister company rather than an AEP subsidiary and the debts in question are owed by AEP rather than Invictus or AEPH, why would one want to throw in Invictus's assets into the mix?

Obviously one way for the business to pay off its debts is for Jerod Furr to pay off the huge debt he owes to the business. Attached is a spreadsheet that I understand came from Jerod. If you look at the far right, you'll see reference to 5450, that's to a property at 5450 Honea Egypt that an entity owned by Mr. Furr bought. And the remodel is a reference to that.

Thanks,

**Noah Meek**
Senior Counsel
**Irelan McDaniel, PLLC**
www.IMTexasLaw.com




NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute, or use the message in any manner; and (iii) notify the sender immediately.

