**EXHIBIT 5**   1

REPORTER'S RECORD
VOLUME 1 OF 1

TRIAL COURT NO. 24-07-11639-CV

| | | |
|---|---|---|
| DUSTIN ETTER, ALLIANCE | ) | IN THE DISTRICT COURT OF |
| ENERGY PARTNERS, LLC, ET | ) | |
| AL | ) | |
| | ) | |
| VS. | ) | MONTGOMERY COUNTY, TEXAS |
| | ) | |
| JEROD P. FURR, CORINA | ) | |
| FURR, ALLIANCE FARM & | ) | |
| RANCH LLC, ET AL | ) | 457TH  JUDICIAL DISTRICT |

-------------------------------

*(HEARING)*

-------------------------------

On the 6th day of September, 2024, the

following proceedings came on to be heard in the

above-entitled and numbered cause before the Honorable

Vincent Santini, Judge presiding, held in Conroe,

Montgomery County, Texas:

Proceedings reported by Oral Stenography and

Computer-Assisted Transcription.

```
 1                    A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4   Mr. Jonathan W. Henley
     SBOT No. 24057896
 5   Attorney at Law
     309 E. Pecan
 6   Gainesville, TX 76240
     (940) 668-2600
 7   j.henley@bennetthenley law.com

 8
     FOR THE DEFENDANTS:
 9
     Mr. J. Randal Bays
10   SBOT No. 01943900
     randy@baysandbays.com
11   Ms. Alyssa Cuellar
     SBOT No. 24135656
12   alyssa@baysandbays.com
     Messrs. Bays & Bays
13   1503 Hailey St.
     Conroe, TX 77301
14   (936) 760-7670

15

16

17

18

19

20

21

22

23

24

25
```

```
1                    CHRONOLOGICAL WITNESS INDEX

2                            VOLUME 1

3
    SEPTEMBER 6, 2024
4                                              PAGE VOL.

5   Announcements ............................    5    1

6   Opening statement by Mr. Henley .............    9    1
    Opening statement by Mr. Bays ..............   12    1
7

8                             DIRECT CROSS VOIR DIRE VOL.

9   DUSTIN ETTER                   21    48                1
                                  138   139
10  JEROD FURR                    142                      1

11  Plaintiff Rests ......................... 154    1

12  Defendant's Motion for Directed Verdict ...... 154    1
    Court's Ruling .............................. 154    1
13
    Adjournment ................................ 154    1
14  Court Reporter Certificate ................. 155    1

15

16                          EXHIBIT INDEX

17  EXHIBITS    DESCRIPTION           OFFERED ADMITTED VOL.

18   1          Contribution Agreement    8       8       1
                - AE Partners Holdings
19
     2          Contribution Agreement    8       8       1
20              - AE Partners Holdings
                Inc. and AEP Asset
21              Holdings, LLC

22   3          Unanimous Written         8       8       1
                Consent of Board of
23              Directors

24   4          Bylaws of AE Partners     8       8       1
                Holdings Inc.
25
```

1  reduction in debt.

2      Q.    Really.

3      A.    The -- what --

4              MR. BAYS:  I'll pass the witness, Judge.

5              MR. HENLEY:  No more questions, Your Honor.

6              THE COURT:  All right.  Thank you so much,

7  Mr. Etter.

8              THE WITNESS:  Thanks.

9              THE COURT:  Do you have more witnesses,

10 sir?

11             MR. HENLEY:  I'd like to call Jerod Furr,

12 Your Honor.

13             THE COURT:  Okay.  Mr. Furr?

14             Mr. Furr, can I get you to raise your right

15 hand.

16             (WITNESS SWORN)

17             THE COURT:  All right.  Thank you so much.

18                     JEROD FURR,

19 having been first duly sworn, testified as follows:

20                 DIRECT EXAMINATION

21 BY MR. HENLEY:

22     Q.    Mr. Furr -- let me get that on.  Sorry.

23             Mr. Furr, are you the sole member of

24 Alliance Farm & Ranch LLC?

25     A.    Yes.

1      Q.   Okay.   And when did you set that up?

2      A.   March of 2022.

3      Q.   Okay.   Why did you set that up?

4      A.   I set it up to purchase the property at 5450

5 Honea-Egypt Road.

6      Q.   Okay.   But you didn't inform Mr. Etter that

7 you were setting that up to purchase the property, did

8 you?

9      A.   Originally, we had talked about buying the

10 property in the company's name and we were doing all of

11 these deals forming -- forming the company, I was

12 advised by the attorney at the time not to own property

13 in the company.

14      Q.   Okay.   But did you tell Dusty Etter that you

15 were purchasing this property with partial funds from

16 the company and putting it in an LLC that you own?

17      A.   I did tell him that.

18      Q.   When did you tell him that?

19      A.   Sometime after the transaction, maybe 30 days.

20      Q.   Okay.   So did you this transaction and then

21 you told him about it after it was too late?

22      A.   I don't -- I told him after the fact.

23      Q.   Okay.   Had you taken any steps to -- to -- is

24 it your contention that 5450 Honea-Egypt is your

25 property or is it company property?

1     A.    It belongs to Alliance Farm & Ranch LLC.

2     Q.    Okay.  So it's essentially your company;

3 correct?

4     A.    That's correct.

5     Q.    Okay.  It's your property that you claim as an

6 individual; is that correct?

7     A.    Through an LLC that I own.

8     Q.    So do you own the shop -- the company shop?

9     A.    Yes.

10     Q.    As an individual?

11     A.    As an entity that -- I own the entity that

12 owns it.  I'm the sole owner of the entity.

13     Q.    You -- you've stated earlier that there is a

14 debt on the company books; is that correct?

15     A.    That's correct.

16     Q.    Okay.  Is there a written note?

17     A.    No.  We don't have a written note.  I just

18 told the accountants at the time that it was a loan.

19     Q.    Okay.  So just on some piece of paper, you

20 wrote that it's a loan.

21     A.    I told our accountants, our CPA, to put it on

22 the books as a loan that I owe back to the company.

23     Q.    Okay.  And so isn't a note evidence of debt?

24     A.    I would say, sitting --

25             MR. BAYS:  Objection, Judge.  That calls

1 for a legal conclusion by this witness.

2                    THE COURT:   Overruled.

3      Q.    (BY MR. HENLEY)   How do you have -- you've

4 done lots of paperwork here.   You've got lots of

5 documents.   You brought all kinds of stuff to court

6 today.   How come you haven't provided a note to the

7 company that you owe a million dollars back to the

8 company?

9      A.    I just haven't.

10      Q.    Does that document exist?

11      A.    No.

12      Q.    Are you willing to do one?

13      A.    Certainly.   It sits on -- it sits on the

14 balance sheet.   It hasn't been removed from the balance

15 sheet.

16      Q.    Okay.   But have you -- did you bring a Deed of

17 Trust securing that note in the real estate today?

18      A.    No.

19      Q.    Does one exist?

20      A.    No.

21      Q.    So don't you think it might alleviate some of

22 Dusty Etter's concerns if he has formal documents and

23 there is a note that evidences this debt, that you're

24 going to actually pay the million dollars back to the

25 company, not just sell it and put it in your own pocket?

155

```
 1  COUNTY OF MONTGOMERY     )

 2  STATE OF TEXAS              )

 3          I, Christina Cooksey, Deputy Official Court

 4  Reporter in and for the 457th District Court of

 5  Montgomery County, State of Texas, do hereby certify

 6  that the above and foregoing contains a true and correct

 7  transcription of all portions of evidence and other

 8  proceedings requested in writing by counsel for the

 9  parties to be included in this volume of the Reporter's

10  Record, in the above-styled and numbered cause, all of

11  which occurred in open court or in chambers and were

12  reported by me.

13          I further certify that this Reporter's Record

14  of the proceedings truly and correctly reflects the

15  exhibits, if any, admitted, tendered in an offer of

16  proof, or offered into evidence.

17          I further certify that the total cost for the

18  preparation of this Reporter's Record is $1,039.55 and

19  was paid by Gauntt Koen Binney & Kidd, LLP.

20          WITNESS MY OFFICIAL HAND this the 12th day of

21  October, 2024.

22  _____
            _Christina Cooksey_
    Christina Cooksey, Texas CSR No. 12981
23          Expiration Date:  7-31-26
            Deputy Official Court Reporter
24          457th District Court; Montgomery County, Texas
            PO Box 1164; Willis, TX 77378
25          (281) 813-8393; christina.r.cooksey@gmail.com
```