IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| Alliance Farm and Ranch, LLC, | § | Case No. 25-30155 |
| | § | |
| Debtor. | § | |

## THE OSTRANDERS' POST-HEARING BRIEF IN SUPPORT OF MOTION TO DISMISS
*[Relates to ECF No. 29]*

Erik and Darla Ostrander (the "Ostranders") file the following post-hearing brief ("Brief") in support of their *Emergency Motion to Dismiss* (the "Motion")[1] (ECF No. 29), which was heard by the Court on April 9, 2025.

### BASIS FOR DISMISSAL

1. Despite not needing all six *Little Creek* factors to dismiss this case for "cause" under section 1112(b),[2] the Ostranders established all six factors nonetheless. Debtor's suggestion that dismissal for "cause" under *Little Creek*, and consequently section 1112(b), necessitates a determination of "wrongdoing" on its part, is not an accurate summary of the law. In *Little Creek*, the Fifth Circuit merely stated that "[t]here are *sometimes* allegations of wrongdoing by the debtor or its principals" after listing all of the actual factors that are relevant to the analysis. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986) (emphasis added).

2. Bankruptcy Courts in the Southern District of Texas have interpreted *Little Creek* in relevant part "to include whether: '(1) the debtor has one asset, which is a tract of real property; (2) the debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors; (3) the debtor has few employees; (4) the property is the subject of a foreclosure action as a

---

[1] Capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Ostranders' Emergency Motion to Dismiss.
[2] *See In re McMahan*, 481 B.R. 901, 916 (Bankr. S.D. Tex. 2012) ("Each of these circumstances, if present, weighs against a finding of good faith; moreover, there is no requirement that all factors be present, and the Court may place more weight on one factor than another.").

result of arrearages on the debt; (5) the debtor's financial problems involve essentially a dispute between the debtor and a secured creditor which can be resolved in a pending state court action; and (6) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.'" *In re Triumph Christian Ctr., Inc.*, 493 B.R. 479, 494 (Bankr. S.D. Tex. 2013) (quoting *In re McMahan*, 481 B.R. 901, 915-16 (Bankr. S.D. Tex. 2012)).

3. Here, the Ostranders are not concerned whether the Debtor engaged in acts of wrongdoing, although the evidence supports such conclusion. Rather, the Ostranders assert Debtor's filing for relief lacks good faith based on all of the relevant considerations cited above. As explained below, every *Little Creek* factor supports dismissal.

**I.    Factor One – The Debtor has one asset, which is a tract of real property.**

4. This factor leans in favor of dismissal. Here, the Debtor lists both the Property and some personalty in its schedules. Nevertheless, the value of the Debtor's personal property is incredibly small compared to the value of the Debtor's alleged main asset—i.e., the Property. Specifically, the Debtor's Schedules value the Property at $7,400,000, which dwarfs the list of personal assets valued at $231,532 (ECF No. 34).[3] Further, it is unclear whether Debtor even owns these additional assets, as Mr. Jared Furr testified that most of the personal property listed in Debtor's schedules was already on the land when he came into possession of the Property. In other words, there is a question about whether the personal property was the Debtor's property when it filed the petition. In any event, as shown below, what little personal property the estate may hold is immaterial in light of the lack of estate creditors for whose benefit the property would be administered.

---

[3] *See In re Triumph Christian Ctr., Inc.*, 493 B.R. 479, 494 (Bankr. S.D. Tex. 2013) ("One Asset. Whereas the Debtor in *Little Creek* had one asset, which was a tract of real property, here the Debtor also has some personalty. Still, the value of the Debtor's personal property is relatively small (i.e., the Debtor's Schedules list its personal assets consisting of equipment and supplies as having a value of $126,838.00) compared to the value of the Debtor's main asset, which is its twenty-three acres of land and three improvements (which the Debtor's schedules value at $4,800,000.00). [Debtor's Ex. 3, pp. 6 & 10]. Thus, this factor leans slightly in favor of a finding of bad faith.").

2

**II. Factor Two – The Debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors.**

5.  This factor leans in favor of dismissal. The Debtor has disclosed a total of two unsecured creditors with claims totaling $1,000,000 (ECF No. 34). In contrast, the Debtor's total secured debt amounts to $4,500,000, which solely represents the claim related to the Ostranders. *Id.* Consequently, the Debtor's unsecured debt makes up less than 20% of the overall debt, whereas the Ostranders account for nearly 82% of it. The relatively small amount of the Debtor's unsecured debt compared to that related to the Ostranders, along with the fact that the Debtor's only unsecured creditors also requested dismissal of this case for similar reasons, shows that this factor weighs in favor of dismissal.[4]

**III. Factor Three – The Debtor has few employees.**

6.  This factor weighs in favor of dismissal. Mr. Jared Furr admitted at the hearing that Alliance Farm and Ranch, LLC currently has no employees and had no employees in 2024.[5]

**IV. Factor Four – The Property is the subject of a foreclosure action as a result of arrearages on the debt.**

7.  The circumstances of the instant case align perfectly with this element, and even bolster the support for dismissal considering that Debtor has already acknowledged that the Property is not part of the bankruptcy estate (ECF No. 41). The Ostranders scheduled the Property for a foreclosure sale on January 7, 2025. In an effort to stop this foreclosure, the Debtor sought injunctive relief from the District Court of Montgomery County, Texas. However, the Debtor was unable to secure such relief before the

---

[4] *See In re Triumph Christian Ctr., Inc.*, 493 B.R. at 494 ("Few Unsecured Creditors. The Debtor has disclosed a total of six unsecured creditors with claims totaling $91,843.26. [Debtor's Ex. 3, pp. 1 & 14-16]. By way of comparison, the Debtor scheduled total secured debts amounting to $2,947,332.87, $2,923,924.40 of which represents FCR's claim. [*Id.* at pp. 112-13]. Thus, the Debtor's unsecured debt is only three percent of the total debt amount. By way of comparison, FCR is owed nearly ninety-seven percent of the total debt. The fact that the Debtor's unsecured debt is very small in comparison to the amount owed to FCR leans strongly in favor of a finding of bad faith.").

[5] *Cf. In re Triumph Christian Ctr., Inc.*, 493 B.R. at 494 (finding that twelve employees qualified as more than a "few employees" but still dismissing the case under the *Little Creek* factors because the other five factors weighed in favor of dismissal).

foreclosure sale took place. Subsequently, the Debtor initiated the current bankruptcy case on January 7, 2025—the same day as the foreclosure sale. Therefore, this factor strongly supports dismissal.[6]

### V. Factor Five – The Debtor's financial problems involve essentially a dispute between the Debtor and a secured creditor which can be resolved in a pending state court action.

8. Here, the Ostranders are owed 82% percent of the Debtor's total debt and 100% of the secured debt (ECF No. 34). Thus, while the Debtor does have some other creditors (creditors who also moved for this bankruptcy to be dismissed), this is overwhelmingly a dispute between the Ostranders and the Debtor over the Property, for which the Ostranders hold title. Although Debtor argues that there are various creditors for Alliance Energy Partners, LLC, these creditors are entirely unrelated to the case at hand, as the Ostranders' Emergency Motion to Dismiss relates to Alliance Farm and Ranch, LLC's bankruptcy petition—not Alliance Energy Partners, LLC. Accordingly, this factor weighs strongly in favor of dismissal.[7]

### VI. Factor Six – The Timing of the Debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the Debtor's secured creditors to enforce their rights.

9. This factor overwhelmingly favors dismissal. Here, the Debtor filed the Bankruptcy Petition on the same day as the foreclosure sale. The Debtor chose not to try to obtain an injunction in state court to halt the foreclosure, and Mr. Jared Furr testified at the hearing that Debtor's bankruptcy

---

[6] *See In re Triumph Christian Ctr., Inc.*, 493 B.R. at 494-495 ("Subject of a Foreclosure Action. *Little Creek* identified the following factor as indicative of bad faith: '[t]he property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court.' *In re Little Creek Dev.*, 779 F.2d at 1073. The facts in the instant case fit this element exactly. FCR first posted the Property for a foreclosure sale to take place on January 1, 2013. [Finding of Fact No. 15]. The Debtor was able to obtain a temporary restraining order halting this foreclosure from the District Court of Fort Bend County, Texas. [Finding of Fact No. 17]. However, the Debtor declined to go forward and attempt to obtain an injunction at the state court hearing scheduled for January 8, 2013. [Finding of Fact No. 18]. Thus, the temporary restraining order expired and FCR again posted the property for a foreclosure sale to occur on February 5, 2013. [Finding of Fact Nos. 18 & 19]. The Debtor then filed the Second Case on February 4, 2013—one day before the scheduled foreclosure. [Finding of Fact No. 21]. Thus, this factor strongly favors a finding of bad faith.").

[7] *See In re Triumph Christian Ctr., Inc.*, 493 B.R. at 495 (Bankr. S.D. Tex. 2013) ("Two-party dispute. Here, FCR is owed ninety-seven percent of the Debtor's total debt and over ninety-nine percent of the secured debt. [Debtor's Ex. 3, pp. 1, 14-16 & 112-113]. Thus, while the Debtor does have some other creditors, this is overwhelmingly a dispute between FCR and the Debtor over the Property, on which FCR holds its lien. Therefore, this factor weighs strongly in favor of a bad faith finding.").

filing was made only to stop the foreclosure sale from happening. The testimony of Mr. Jared Furr coupled with the timing of the filing evidences a clear intent to delay and frustrate the legitimate efforts of the Ostranders to enforce the rights it bargained for and preserved under the Note and Deed of Trust.[8]

## CONCLUSION

10.  In sum, a finding of wrongdoing by the Debtor and/or its principals is not necessary to dismiss the case for "cause" under *Little Creek*, and correspondingly section 1112(b). Instead, the Court simply needs to find that some factors are present and assign weight to them as it sees fit in light of the total circumstances of the case. Here, as established above, all six of the *Little Creek* factors are established and, accordingly, no matter how much weight this Court assigns to each individual factor, this bankruptcy case should be dismissed.

Dated: April 15, 2025

Respectfully submitted,

**COKINOS | YOUNG**

By: */s/ Reagan H. "Tres" Gibbs, III*
Reagan H. "Tres" Gibbs, III
State Bar No. 24083068
Samuel T. Pendergast
State Bar No. 24133943
tgibbs@cokinoslaw.com
spendergast@cokinoslaw.com
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
Tel.: (713) 535-5500
Fax: (713) 535-5533

*Counsel for Erik and Darla Ostrander*

---

[8] *See In re Triumph Christian Ctr., Inc.*, 493 B.R. at 495 ("Timing of Filing. The Debtor filed the Second Case on February 4, 2013, on the eve of a foreclosure which was scheduled to take place on February 5, 2012. [Finding of Fact No. 21]. The Debtor had chose not to try to obtain an injunction in state court to halt the foreclosure [Finding of Fact No. 18], and admitted to filing the Second Case, in part, to stop FCR's foreclosure of the Property. [Doc. No. 45, p. 2]. As the timing of the filing of the Second Case evidences an intent to delay or frustrate the legitimate efforts of FCR to enforce the rights it bargained for and preserved under the Plan, this factor also leans strongly in favor of a finding of bad faith.").

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025, a true and correct copy of the foregoing document was served upon all parties via the Electronic Case Filing system for the United States Bankruptcy Code for the Southern District of Texas.

Timothy L. Wentworth
Okin Adams Bartlett Curry, LLP
1113 Vine Street, Suite 240
Houston, Texas 77002
twentworth@okinadams.com

Noah E. Meek
Irelan McDaniel, PLLC
2520 Caroline Street, 2nd Floor
Houston, Texas 77004
nmeek@imtexaslaw.com

Thaison Danny Hua
Rejas Hua & Hoang, PLLC
4909 Bissonnet St., Suite 100
Houston, TX 77401
thaison@rhhlawgroup.com

United States Trustee
Office of the US Trustee
515 Rusk St., Suite 3516
Houston, Texas 77002
USTPRegion07.HU.ECF@USDOJ.GOV

                                              */s/ Samuel T. Pendergast*
                                              Samuel T. Pendergast