IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| | § | (CHAPTER 11) |
| DEBTOR. | § | |

**DEBTOR'S REPLY TO DUSTIN ETTER'S RESPONSE TO
DEBTOR'S APPLICATION TO EMPLOY OKIN ADAMS AS COUNSEL
AND SUBMISSION OF AMENDED DECLARATION OF COUNSEL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Alliance Farm and Ranch, LLC (the "Debtor") files this *Reply to Dustin Etter's Response to Debtor's Application to Employ Okin Adams as Counsel,* and in support hereof, respectfully states as follows:

1. Dustin Etter ("Etter") has filed a response to the *Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Okin Adams Bartlett Curry LLP as Counsel for the Debtor* (the "Application") seeking to employ Okin Adams Bartlett Curry, LLP ("Okin Adams") as counsel based upon an alleged conflict between the Debtor and Alliance Energy Partners, LLC ("AEP"). Since the filing of Etter's response, AEP has filed a bankruptcy petition, and a motion seeking joint administration of the estates is pending before the Court. Okin Adams also represents AEP in connection with its bankruptcy case.

2. The declaration of Timothy Wentworth attached to the Application reveals the connection between the Debtor and AEP:

> Okin Adams was retained by Alliance Energy Partners, LLC ("Alliance Energy") on December 10, 2024 to advise Alliance Energy with respect to a chapter 11 bankruptcy filing. Jerod Furr is the owner and managing member of the Debtor and 51% owner and

managing member of AE Partners Holdings, Inc., the 100% owner of Alliance Energy. Other than as stated herein, there is no corporate relationship between the Debtor and Alliance Energy.

3. As the testimony of Jerod Furr at the hearing before this Court on April 9 reflects, and as the Debtor's and AEP's recently-filed schedules attest, AEP is a creditor of the Debtor in the amount of $1 million as a result of a 2022 loan that enabled the Debtor to purchase the 5450 Honea Egypt Rd. property (the "Property"). Attached hereto as Exhibit "A" is Timothy Wentworth's amended declaration that discloses this additional connection between the two Debtors.

4. Section 327(c) of the Bankruptcy Code provides that "In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." Accordingly, the Court must determine whether Okin Adam's representation of the Debtor and AEP constitutes an "actual conflict of interest."

5. "There is a fundamental distinction between the potentially conflicting interests that may arise in every instance of joint representation and an actual conflict of interest as contemplated by section 327. The representation of entities with potentially conflicting interests does not violate section 327. Whether an actual disqualifying conflict exists must be considered in light of the particular facts of each case." *In re Marino*, 2009 Bankr. LEXIS 3149 at *5 (Bankr. S.D. Tex. 2009), citing *Consolidated BancShares, Inc.*, 785 F.2d 1249 (5th Cir. 1986) and *In re Global Marine, Inc.*, 108 B.R. 998 (Bankr. S. D. Tex. 1987).

6. Conflicts of interest are most frequently defined by the Courts in connection with criminal matters. "A conflict of interest exists when defense counsel places himself in a position

conducive to divided loyalties." *United States v. Medina*, 161 F.3d 867, 869 (5th Cir. 1998). "An 'actual conflict' exists when defense counsel is compelled to compromise his or her duty of loyalty or zealous advocacy to the accused by choosing between or blending the divergent or competing interests of a former or current client. *Perillo v. Johnson*, 205 F.3d 775, 781 (5th Cir. 2000). The adverse effect of a conflict "may be established with evidence that 'some plausible alternative defense strategy or tactic' could have been pursued, but was not because of the actual conflict impairing counsel's performance." *Perillo*, 205 F.3d at 781.

7. There is no actual conflict of interest in this case. Jerod Furr is the managing member of both AEP and the Debtor. He has testified that the claim between the two entities is uncontested. Further, he has acknowledged the necessity of payment of AEP's claim so that its creditors may be paid. There are no competing general unsecured claims in this case, and hence no party will be disadvantaged by payment of AEP's claim to the fullest extent permitted.

8. There is no scenario in which Okin Adam's loyalty will be divided. There is no basis in fact to object to AEP's claim and the Debtor does not intend to file such an objection. Such an objection would defeat the primary purpose of these bankruptcy cases, which is to pay AEP's legitimate creditors. Accordingly, there is no "plausible alternative defense strategy or tactic" that Okin Adams can ignore in its prosecution of either case.

9. Okin Adams is also disinterested as required by Section 327(a). The "disinterestedness" requirement relates to counsel's personal relationships with the Debtor or parties-in-interest. Bankruptcy Code Section 101(14)(C). *In re Barkany*, 542 B.R. 699, 713 (Bankr. E.D.N.Y. 2015)("The purpose of the disinterestedness requirement is to avoid any associations or connections, whether direct or indirect, between potential employees of the trustee and the estate, which could introduce conflicting loyalties into the bankruptcy case.") Okin Adams

has no connection with the Debtor, AEP or any interested party that would render it not disinterested in the proceedings.

WHEREFORE, the Debtor respectfully prays that this Court grant the Application; and grant the Debtor such other and further relief as this Court may deem just and proper.

Dated: April 16, 2025.

        **OKIN ADAMS BARTLETT CURRY LLP**

        By: /s/ *Timothy L. Wentworth*
        Timothy L. Wentworth
        Texas Bar No. 21179000
        1113 Vine St., Suite 240
        Houston, Texas 77002
        Tel: 713.228.4100
        Fax: 346.247.7158

        **PROPOSED COUNSEL FOR ALLIANCE FARM AND RANCH, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a true and correct copy of the foregoing Reply was served via the Court's CM/ECF system and by United States First Class Mail to the parties listed on the attached service lists.

        By: /s/ *Timothy L. Wentworth*
        Timothy L. Wentworth

```
Label Matrix for local noticing       ALLIANCE FARM AND RANCH, LLC          4
0541-4                                 5450 Honea Egypt Rd                   United States Bankruptcy Court
Case 25-30155                          Montgomery, TX 77316-2364             PO Box 61010
Southern District of Texas                                                   Houston, TX 77208-1010
Houston
Mon Apr  7 14:22:35 CDT 2025

Alliance Energy Partners, LLC          Alliance Energy Partners, LLC         Dustin Etter
20008 Champions Forest Dr., Suite 1203 5450 Honea Egypt Rd                   c/o Noah E. W. Meek
Spring, TX 77379-8697                  Montgomery, TX 77316-2364             Irelan McDaniel, PLLC
                                                                             2520 Caroline, 2nd Floor
                                                                             Houston, TX 77004-1000

Erik and Darla Ostrander               Reagan H. 'Tres' Gibbs, III           Timothy L. Wentworth
20105 Krahn Rd.                        Cokinos Young                         Okin Adams Bartlett Curry LLP
Spring, TX 77388-4012                  1221 Lamar, 16th Floor                1113 Vine St., Suite 240
                                       Houston, TX 77010-3039                Houston, TX 77002-1044

US Trustee                             United States Trustee's Office        Thaison Danny Hua
Office of the US Trustee               515 Rusk St., Suite 3516              Rejas Hua & Hoang, PLLC
515 Rusk Ave                           Houston, TX 77002-2604                4909 Bissonnet St.
Ste 3516                                                                     Ste. 100
Houston, TX 77002-2604                                                       Houston, TX 77401-4051

Timothy L. Wentworth
Okin Adams, LLP
1113 Vine St., Suite 240
Houston, TX 77002-1044
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Alliance Farm and Ranch, LLC        (u)Dustin Etter                       (u)Erik and Darla Ostrander
5450 Honea Egypt Rd.
Montgomery, TX 77316-2364
```

End of Label Matrix
Mailable recipients    12
Bypassed recipients     3
Total                  15