IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § § | |
| | § | (CHAPTER 11) |
| DEBTOR. | § § | |

**AMENDED DECLARATION OF TIMOTHY L. WENTWORTH IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF OKIN ADAMS BARTLETT CURRY LLP AS COUNSEL FOR THE DEBTOR AND STATEMENT PURSUANT TO BANKRUPTCY RULE 2016(b)**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

Timothy L. Wentworth, being duly sworn according to law, upon his oath, deposes and says:

1. I am an attorney with the firm Okin Adams Bartlett Curry LLP ("Okin Adams" or the "Firm"), which has its principal office located at 1113 Vine Street, Suite 240, Houston, Texas 77002. I am an attorney licensed to practice law in the State of Texas since 1987. Except where otherwise specifically noted, I have personal knowledge of the facts set forth below.

2. This declaration is being submitted in connection with the proposed retention of the Firm as general bankruptcy counsel for the above-referenced Debtor to perform services as set forth in the *Application for an Order Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Okin Adams Bartlett Curry LLP as Counsel for the Debtor* (the "Application"),[1] filed by OTSO Energy Solutions, LLC, the above-captioned debtor and debtor in possession (the "Debtor").

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Application.

3. Okin Adams is well qualified to serve as bankruptcy counsel to the Debtor. The Firm's professionals have assisted, advised and provided legal counsel to debtors in possession of all sizes. I am admitted to practice in the courts of the State of Texas, and I am admitted to practice before the courts of this judicial district. In addition, the other attorneys who will work on this matter are also admitted to practice in the Southern District of Texas.

4. As bankruptcy counsel for the Debtor, Okin Adams will render such services as are necessary and appropriate during the pendency of the Debtor's Chapter 11 Case. Okin Adams' decision to accept this engagement to assist the Debtor is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment, which are detailed below.

5. Okin Adams is providing and will continue to provide the Debtor with the following generally described services:

   a) advise the Debtor with respect to its rights, duties and powers in the Chapter 11 Case;

   b) assist and advise the Debtor in its consultations relative to the administration of the Chapter 11 Case;

   c) assist the Debtor in analyzing the claims of its creditors and in negotiating with such creditors;

   d) assist the Debtor in preparation and confirmation of a plan of reorganization;

   e) represent the Debtor at all hearings and other proceedings;

   f) review and analyze all applications, orders, statements of operations and schedules filed with the Court and advise the Debtor as to their propriety;

   g) assist the Debtor in preparing pleadings and applications as may be necessary in furtherance of the Debtor's interests and objectives; and

   h) perform such other legal services as may be required and are deemed to be in the interests of the Debtor in accordance with the Debtor's powers and duties as set forth in the Bankruptcy Code.

6. The primary attorneys at the Firm who will represent the Debtor and the current rates of those attorneys are as follows:

    a) Timothy L. Wentworth,                    $550.00 per hour

In addition, Okin Adams will charge $140.00 per hour for the work of legal assistants on this matter. Okin Adams will also bill the Debtor for all out-of-pocket expenses incurred.

7. The Firm will bill the Debtor for services rendered and expenses incurred on and after the Petition Date on a monthly basis. The Debtor will pay Okin Adams as funds are available and only after approval by the Court of fee applications submitted in accordance with the requirements of the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable orders and procedures the Court may approve.

8. Debtor first contacted Okin Adams to assist it with this matter on or about March 13, 2025, and Okin Adams was retained on March 14, 2025. Okin Adams received an initial retainer of $25,000.00 from J Parker Construction, LLC, an entity owned by Jerod Furr, on March 14, 2025 (the "Retainer"). As of the Petition Date, $25,000.00 remains in the client trust account as required by Bankruptcy Local Rule 2016-1(c).

9. I have reviewed Okin Adams' records to determine whether the Firm or its partners have any current or prior relationship with the Debtor or any of the individuals or entities who may be creditors or parties in interest in the Chapter 11 Case. To the extent that I have been able to ascertain, the Firm is not a creditor, an equity security holder or an insider of the Debtor, nor does it have any direct or indirect relationship to, connection with, or interest in, the Debtor that would make its interests materially adverse to the interests of the estates or of any class of creditors or equity security holders.

10. Okin Adams was retained by Alliance Energy Partners, LLC ("Alliance Energy") on December 10, 2024 to advise Alliance Energy with respect to a chapter 11 bankruptcy filing. Jerod Furr is the owner and managing member of the Debtor and 51% owner and managing member of AE Partners Holdings, Inc., the 100% owner of Alliance Energy. Other than as stated herein, there is no corporate relationship between the Debtor and Alliance Energy.

11. Okin Adams represents Alliance Energy in its chapter 11 bankruptcy case filed on April 7, 2025. As reflected in the schedules filed by both the Debtor and Alliance Energy, Alliance Energy is an undisputed creditor of the Debtor in the amount of $1 million as a result of a 2022 loan that enabled the Debtor to purchase the property located at 5450 Honea Egypt Rd. in Montgomery, Texas.

12. Other than as set forth herein, Okin Adams and its attorneys have no connection with the Debtor or with any of the individuals or entities, of whom I am aware, that are or may become creditors or parties in interest in this Chapter 11 Case; nor, to the extent they are known to us, does the Firm have any connection with such parties' respective attorneys and accountants. Further, the Firm and its attorneys do not have any connection with the United States Trustee for the Southern District of Texas, or any person employed in the office of the United States Trustee for the Southern District of Texas. To the extent Okin Adams discovers any other connections, I will promptly supplement this disclosure.

13. To the best of my knowledge, Okin Adams is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1195, and is therefore qualified to be employed by the Debtor pursuant to section 327(a) of the Bankruptcy Code. That is, Okin Adams is not a creditor, an equity security holder, or an insider of the Debtor. Okin Adams is not, and was not, within two (2) years before the Petition Date, a director, officer, or

employee of the Debtor.  Additionally, Okin Adams does not have an interest materially adverse to the interests of the estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14. Based upon the above review and to the best of my knowledge, Okin Adams has not been retained to assist any person or entity other than the Debtor on matters relating to, or in connection with, the Chapter 11 Case.  If the Court approves the proposed employment of Okin Adams by the Debtor, Okin Adams will not accept any engagement or perform any service for any person or entity other than the Debtor in the Chapter 11 Case.

15. There is no agreement or understanding between Okin Adams and any other person or entity for the sharing of compensation received or to be received for services rendered by Okin Adams in connection with the Chapter 11 Case.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: April 16, 2025.

By:    /s/ *Timothy L. Wentworth*
       Timothy L. Wentworth
       **Okin Adams Bartlett Curry LLP**
       1113 Vine Street, Suite 240
       Houston, Texas 77002
       Tel: 713.228.4100
       Fax: 346.247.7158