IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE: § | |
| § | |
| ALLIANCE FARM AND RANCH, LLC § | Bankruptcy Case No. 25-30155 |
| and § | |
| ALLIANCE ENERGY PARTNERS, LLC § | |

**DUSTIN ETTER'S SURREPLY TO
DEBTOR'S APPLICATION TO EMPLOY OKIN ADAMS AS COUNSEL**

Creditor and Interested Party Dustin Etter files this Surreply to Debtor's Application for an Order . . . (Doc. 26) in which Debtor seeks authorization to employ Okin Adams as its counsel. Mr. Etter is opposed to the Application.

1.      There is a significant conflict of interest between representing Alliance Energy Partners, LLC ("AEP") and Alliance Farm & Ranch, LLC ("Alliance Farm"). 11 USC § 327; Tex. Disciplinary Rules Prof'l Conduct R. 1.06. Arguably the #1 job of an attorney representing AEP should be to have it sue Alliance Farm for everything that Alliance Farm has and prevent Alliance Farm from spending out of funds that were misappropriated from AEP to pay for anything, including Alliance Farm's lawyers. Alliance Farm essentially exists for the sole purpose of being a tool for its owner Jerod Furr (who is also the indirect 50% equity and 51% voting power owner of AEP) to embezzle and misappropriate from AEP. Any reasonably competent and loyal counsel for AEP would seek a constructive trust over the entirety of Alliance Farm and all of its assets and to void the lease between Alliance Farm and AEP in which Alliance Farm purported to lease AEP a property which was 100% paid for and significantly improved by AEP. However, it appears that the AEP bankruptcy was filed in significant part to interfere with, impede, and defeat AEP's right to full recovery from Alliance Farm and others rather than to actually facilitate the orderly and maximum payment of AEP's creditors.

2. At the time of Alliance Farm's bankruptcy filing, Mr. Etter had—in addition to his individual claims—significant derivative claims pending in state court on behalf of AEP against Alliance Farm. **Exhibit 1**, <u>Dustin Etter's Live Pleading at the Time of Alliance Farm Bankruptcy Filing</u>. It is notable that although that pleading identifies multiple derivative claims via AEP against Alliance Farm, Debtors have at this point made no effort to pursue them or even list the existence of these possible claims on either Debtors' bankruptcy schedules. But it all makes sense, because these bankruptcies are not about protecting AEP, Alliance Farm, or their creditors, they are about protecting Jerod Furr.

3. To be clear the main problems are that Okin Adams appears to be assisting Jerod Furr in failing to report or pursue and grossly undervaluing AEP's claims against Alliance Farm to maximize the possibility that there will be net proceeds left over for Jerod Furr personally rather than for AEP's creditors and AEP's other indirect/ultimate owner Dustin Etter. Okin Adams' divided loyalty is not hypothetical or contingent. Rather, Okin Adams has already breached its duties to AEP in knowingly or recklessly signing off on bankruptcy schedules for AEP and Alliance Farm which grossly undervalue AEP's claims against Alliance Farm. Although Okin Adams' first client was AEP, all of its decisions and services seem to further the interests of Alliance Farm and Jerod Furr, often at the expense of AEP. It is well-established that it is a "disqualifying conflict" for a debtor's counsel to receive fees from a party "against whom avoidance and recovery actions may have to be taken." *In re Bellevue Place Assocs.*, 171 B.R. 615, 627 (Bankr. N.D. Ill. 1994). Similarly, "a disqualifying conflict of interest exist[s] where the actions of counsel for the debtor in possession were designed to further the interests of the principals of the debtor rather than the debtor-in-possession's owns interests." *Id.* at 627; *see also In re Kendavis Indus. Int'l, Inc.*, 91 B.R. 742, 754 (Bankr. N.D. Tex. 1988) (holding "whenever counsel

for a debtor corporation has any agreement, express or implied, with management or a director of the debtor, or with a shareholder, or with any control party, to protect the interest of that party, counsel holds a conflict").

4. Alliance Farm is a single-asset entity whose only asset of consequence is/was a 73-acre ranchette located at 5450 Honea Egypt Rd., Montgomery, Montgomery County, Texas 77316. AEP originally had the contract to buy the property in early 2022 before Alliance Farm had even been formed. **Exhibit 2**, Purchase Contract; *see also* **Exhibit 13**, Business Records Questions. Before Alliance Farm was even formed, AEP had already put down the $5,000 option fee and $30,000 earnest money on the property. **Exhibit 3**, Disbursement Ledger. Much of the purchase-related paperwork was done by or for AEP, such as the survey which still lists AEP as the requesting party. **Exhibit 4**, Survey. Shortly before the closing, Alliance Farm was formed and the contract was switched to be in the name of Alliance Farm instead of AEP. **Exhibit 5**, Purchase Contract Amendment. However, AEP still paid the $960,515.25 down payment. **Exhibit 6**, April 2022 Bank Statement of AEP; **Exhibit 7**, Filing with Ledger of Payments from Alliance Farm. Of that money, approximately $139,290.38 went to AEP's office manager and Jerod Furr's ex-wife to whom he owed child support obligations, who was dual-hatting as the buyer's agent. **Exhibit 3**. Thereafter, AEP directly or indirectly made all of the monthly installment payments which were paid to the Ostranders under the note. **Exhibit 7**; **Exhibit 8**, Real Estate Lien Note. This started in April, May, and June 2022 when AEP directly paid the Ostranders. Although Alliance Farm was paying the Ostranders 6% interest and 18% interest on maturity on the purchase loan for the Honea Egypt property which was secured by a first position lien on property worth in excess of the value of the note, according to testimony given in this case by Jerod Furr, AEP gave Alliance Farm a

$1,000,000 loan at 0% interest and which was not secured by anything. In addition to this, several hundred thousand dollars were directly spent out of AEP to remodel the property, including (a) at least $17,500 in payments to J Parker Construction, LLC which is another entity controlled by Mr. Furr and (b) at least $422,908 paid to Arroyos Remodeling.

5. In a declaration in the state court lawsuit filed by Dustin Etter which Mr. Furr, AEP, and 3 related entities signed on 4/18/2025 and filed on 4/21/2025 attached as **Exhibit 9**, Defendant Mr. Furr admitted to spending at least approximately $360,000 out of AEP to improve the now foreclosed-upon Honea Egypt property, which he indicates is a form of informal compensation. Similarly, in a filing in Alliance Farm's state court lawsuit against the Ostranders, Alliance Farm references these improvements and includes numerous invoices for them showing that they are for the residential part of the Honea Egypt property (i.e. the "master bedroom"). **Exhibit 10**, Remodeling Invoices; *see also* **Exhibit 11**, Affidavit of Jerod Furr. One could go on and on.

6. Despite the fact that AEP started paying for the property in January 2022 before Alliance Farm even existed, no purported lease was signed between Alliance Farm and AEP until 2 years later in January 2024 when Jerod Furr purportedly signed a 3-year $30,000/month lease on behalf of both AEP and Alliance Farm. **Exhibit 12**, Commercial Lease Agreement. Despite the fact that AEP was paying for the entire property including, according to Mr. Furr, providing Alliance Farm with a 0% apparently indefinite-term loan for $1,000,000 to buy the property, AEP was only leased back the 18,000 square foot shop while Mr. Furr and his wife lived on and used the rest of the property rent-free. There are also other notable issues with the timing of the lease. At the time the lease was signed, AEP was already seriously behind in paying its main vendors. Also, the note between the Ostranders and Alliance Farm called for a balloon payment due on April 1, 2024. **Exhibit**

**8**. So by the time a written lease actually got signed, AEP was unlikely to be able to pay and Alliance Farm was unlikely to be able to keep the property.

7.  The large sums that AEP paid to or for the benefit of Alliance Farm without receiving fair value or consideration in exchange are something that any reasonable and loyal counsel for AEP would want to go after. The $1,000,000 zero-interest, indefinite term, unsecured loan not papered by any more than some accounting entries that Jerod Furr claims he had AEP make to Alliance Farm was obviously improper self-dealing. More generally, under basic Texas law fiduciary duty principles, every single payment by AEP to or for the benefit of Alliance Farm is subject to a presumption of unfairness that Alliance Farm and Mr. Furr would have the burden to overcome. *E.g., In re Estate of Klutts*, No. 02-18-00356-CV, 2019 Tex. App. LEXIS 11063, at *8 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (explaining "a fiduciary, carries the burden of proof to overcome the presumption of unfairness that arises in self-dealing transactions"). The payments by AEP to or for the benefit of Alliance Farm are also likely all fraudulent transfers in violation of the Uniform Fraudulent Transfer Act. TEX. BUS. & COM. CODE ch. 24.

## **PRAYER**

Creditor and Interested Party Dustin Etter requests and prays that Debtor's Application be denied and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

IRELAN MCDANIEL, PLLC

By: __/s/ Noah Meek_____
    Noah E. W. Meek
    State Bar No. 24084554
    Email: nmeek@imtexaslaw.com
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone: (713) 222-7666
    Fax:      (713) 222-7669

**ATTORNEYS FOR DUSTIN ETTER**

### CERTIFICATE OF SERVICE

      This is to certify that on April 24, 2025, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

Timothy L. Wentworth
Okin Adams Bartlett Curry, LLP
1113 Vine St., Suite 240
Houston, Texas 77002
VIA Email: twentworth@okinadams.com

Reagan H. "Tres" Gibbs, III
Cokinos Young
1221 Lamar St., 16th Floor
Houston, Texas 77010
VIA Email: tgibbs@cokinoslaw.com

United States Trustee
515 Rusk St., Suite 3516
Houston, Texas 77002
VIA Email:
USTPRegion07.HU.ECF@USDOJ.GOV

Janet Northrup
Hughes Watters Askanase, LLP
1201 Louisiana St., 28th Floor
Houston, Texas 77002
VIA Email: jnorthrup@hwa.com

    _/s/ Noah Meek_____
    Noah Meek