**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-30155** |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| **DEBTOR** | § | |
| | § | |
| | § | |
| **IN RE:** | § | **CASE NO. 25-31937** |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| **DEBTOR** | § | |

**DEBTORS' UNOPPOSED EMERGENCY MOTION FOR CONTINUANCE OF**
**HEARING ON APPLICATIONS TO EMPLOY COUNSEL FOR THE DEBTOR**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 12:00 P.M. (PREVAILING CENTRAL TIME) ON APRIL 29, 2025. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC, the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby file this *Unopposed Emergency Motion for Continuance of Hearing on Applications to Employ Counsel for the Debtor*

(the "Motion"), and in support hereof, respectfully state as follows:

1.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2.    On January 7, 2025, Alliance Farm and Ranch, LLC ("AFR") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  Upon motion of the Debtor, the case was converted to a Chapter 11 case on March 19, 2025 (the "Conversion Date").

3.    On April 7, 2025, Alliance Energy Partners, LLC ("AEP") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.  Pursuant to the Court's order entered on April 23, 2025, the AFR and AEP cases are being jointly administered by the Court under Case No. 25-30155.  Docket No. 55.

4.    Pursuant to Bankruptcy Code sections 1107(a) and 1108, the Debtors are operating their businesses and managing their property as debtors in possession. No official committee has been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

5.    AFR owned a 73-acre ranch located at 5450 Honea Egypt Rd., Montgomery, Texas 77316 (the "Property") and operated its ranching and cattle business thereon.  The mortgage on the Property was held by Erik and Darla Ostrander ("Ostrander") in the approximate amount of $4 million.

6.    On January 3, 2025, the AFR filed a lawsuit styled *Alliance Farm and Ranch, LLC v. Erik C. Ostrander and Darla Ostrander*, Cause No. 25-01-00068 in the District Court of

2

Montgomery County, Texas, 284th Judicial District (the "Lawsuit").  By the Lawsuit, the Debtor sought to enjoin Ostrander's foreclosure of the Property scheduled for January 7, 2025. Ostrander purportedly foreclosed on the Property on January 7, 2025. The Debtor's claims asserted in the Lawsuit will have bearing upon the validity of the foreclosure and constitute the primary asset of the AFR bankruptcy estate.  AFR has minimal creditors other than Ostrander's secured claim.

7.      On March 20, 2025, AFR filed an application to employ Okin Adams Bartlett Curry LLP as general bankruptcy counsel (the "Okin Adams Application").  Docket No. 26.  Dustin Etter ("Etter") filed an objection to the Okin Adams Application on March 24, 2025.  Docket No. 28.

8.      On April 1, 2025, AFR filed an application to employ Deborah L. Crain and E-Merger Law, PLLC as special counsel (the "Crain Application," and together with the Okin Adams Application, the "Applications").  Docket No. 31.

9.      A hearing (the "Hearing") on both Applications has been set for May 1, 2025 at 11:00 a.m. (prevailing Central Time).

10.     The Debtor is in discussion to settle its claims against the Ostranders. The resolution of such claims will affect the Applications to employ counsel and may moot Etter's objection. Accordingly, the Debtor requests that this Court continue the Hearing for a period of approximately two weeks to a date and time that is convenient for the Court.

11.     AFR's proposed counsel has contacted counsel for Etter who indicated that he was unopposed to this Motion and a continuance of the Hearing.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

3

DATED: April 28, 2025.

**OKIN ADAMS BARTLETT CURRY LLP**

By:     */s/ Timothy L. Wentworth*
      Timothy L. Wentworth
      Texas Bar No. 21179000
      Email: twentworth@okinadams.com
      1113 Vine St., Suite 240
      Houston, Texas 77002
      Tel: 713.228.4100
      Fax: 346.247.7158

**PROPOSED ATTORNEYS FOR THE
DEBTORS**

## CERTIFICATE OF ACCURACY PURSUANT TO B.L.R 9013-1(i)

In accordance with Bankruptcy Local Rule 9013-1(i), I hereby certify the accuracy of the matters set forth in the foregoing Motion.

By:     */s/ Timothy L. Wentworth*
      Timothy L. Wentworth

## CERTIFICATE OF CONFERENCE

I hereby certify that, prior to filing this Motion, I conferred with counsel for Dustin Etter regarding the relief requested in this Motion. Counsel for Mr. Etter indicated that he was unopposed to the Motion and the continuance of the Hearing.

By:     */s/ Timothy L. Wentworth*
      Timothy L. Wentworth

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2025, a true and correct copy of the foregoing Motion was served via the Court's CM/ECF system and by United States First Class Mail to the parties listed on the attached service lists.

By:     */s/ Timothy L. Wentworth*
      Timothy L. Wentworth