IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |

### DEBTORS' OBJECTION TO EMERGENCY MOTION TO CONVERT CHAPTER 11 CASES TO CHAPTER 7

THE DEBTORS REQUEST THAT IF A HEARING IS SET ON THIS MATTER, THAT IT BE SET ON MAY 16, 2025 AT 10 A.M. TO AVOID DUPLICATION OF EFFORTS AND CONSERVE THE COURT'S RESOURCES.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Alliance Farm and Ranch, LLC ("AFR") and Alliance Energy Partners, LLC ("AEP") (collectively, the "Debtors") file this *Objection to Emergency Motion to Convert Chapter 11 Cases to Chapter 7,* and in support hereof respectfully state as follows:

1. Dustin Etter ("Etter"), an alleged creditor of the Debtors, a mere 13 days after this Court denied a motion to dismiss these cases[1], has now filed a motion to convert based largely on the same contested facts previously raised. The motion should be denied.

The Court Has Already Ruled On Bad Faith

2. This Court has already denied dismissal of the case based on allegations that the

---

[1] Or more accurately, Etter withdrew his motion to dismiss in deference to the motion to dismiss filed by the Ostranders that raised the same bad faith arguments now asserted by Etter.

cases were filed in bad faith. Specifically, the Court ruled that "the evidence presented at the hearing does not compel a finding of bad faith…" Nothing has changed in the 13 days since the Court's order. Evidently, Etter wants another bite at the apple to present his evidence. This attempt to circumvent the Court's order should be denied.

Etter's Claims Cannot Be Assumed To Be True

3. The alleged evidence presented by Etter is highly contested and subject to objection by the Debtors. Such claims cannot be taken at face value since the Debtors will have defenses and offsetting claims that have not yet been evaluated. Etter's claims must be litigated as part of the claims process in this Court, and not summarily adopted as a basis to convert these cases.

The Debtors Can Resolve Any Avoidance Claims Through The Plan

4. Even if there are viable avoidance claims, it does not follow that the Debtors will not "pursue" such claims. Etter apparently assumes that AFR or the Debtors' managing member Jerod Furr ("Furr") must immediately be sued to recover these alleged transfers. However, the primary purpose of a chapter 11 is to propose a confirmable plan of reorganization. If there are claims against insiders, these claims can be adequately handled as part of a plan. Conversion of these cases will cut off the Debtor's ability to propose a solution that may well be acceptable to all parties. These cases are in their infancy and the Debtors are entitled to breathing room in order to successfully reorganize or liquidate.

Section 1112(b) Does Not Provide For Conversion For Pre-Bankruptcy Acts

5. Etter alleges that the Debtors and/or Furr participated in fraudulent transfers prior to the petitions. However, Section 1112 of the Bankruptcy Code does not contemplate conversion

based upon prepetition acts.[2] The non-excusive list of causes to convert contained in Section 1112(b)(4) all deal with post-petition acts that harm the bankruptcy estate. In this case, there has been no mismanagement of these cases (at least since conversion of the AFR case) since there is effectively nothing to manage. The Debtors have no assets other than claims against AFR's mortgagee which are being diligently pursued.[3] The Debtors presently have no ongoing business operations. Etter's motion does not state how the estates are being harmed, nor is there any credible allegation of diminution of the estates.

The Debtors' Pending Deficiencies

6. AEP acknowledges that it has not yet filed its Statement of Financial Affairs. AEP intends to correct this deficiency promptly. Further, AFR's first operating report is not due until May 21. The Debtors contend that any existing deficiencies do not rise to the level that would require conversion of these cases.

There Is No Basis For Emergency Consideration

7. Nothing has occurred, or is occurring, in the bankruptcy cases that justify emergency consideration. Etter's purported basis for emergency consideration is that AFR has filed a motion to expunge Etter's *lis pendens* on the ranch property in state court proceedings. It is unclear how this fact provides a basis for emergency consideration.

WHEREFORE, the Debtors respectfully pray that this Court deny the Etter's Motion to

---

[2] "Bad faith" is a non-statutory basis for conversion in which the Court may consider prepetition conduct, but only related to a debtor's decision to file the bankruptcy case. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)("Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities.") There is no basis for conversion of a bankruptcy case based upon a debtor's general prepetition bad conduct. Etter's allegations are wholly unrelated to the Debtors' decision to file these bankruptcy cases. As the Court is aware from the Debtors' prior testimony, the AFR and AEP cases were filed due to the foreclosure of the ranch property at which both Debtors operated.

[3] Including claims relating to AFR's personal property that Etter erroneously claims have not been "protected for the benefit of creditors."

Convert these cases; and that the Debtors be granted such other and further relief as this Court may deem just and proper.

Dated: May 6, 2025.

**OKIN ADAMS BARTLETT CURRY LLP**

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth
Texas Bar No. 21179000
1113 Vine St., Suite 240
Houston, Texas 77002
Tel: 713.228.4100
Fax: 346.247.7158

**PROPOSED COUNSEL FOR ALLIANCE FARM AND RANCH, LLC AND ALLIANCE ENERGY PARTNERS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2025, a true and correct copy of the foregoing Objection was served via the Court's CM/ECF system.

By: /s/ *Timothy L. Wentworth*
Timothy L. Wentworth

4923-8279-4559, v. 2