# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Case No. 25-30155** |
| **ALLIANCE FARM AND RANCH, LLC &** | § | |
| **ALLIANCE ENERGY PARTNERS, LLC** | § | (Jointly Administrated) |
| Debtors. | § | |

## EMERGENCY MOTION TO CONVERT CHAPTER 11 CASES TO CHAPTER 7

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**\*\*\* <u>EMERGENCY CONSIDERATION IS REQUESTED BEFORE MAY 15, 2025, OR AS SOON AS THE COURT'S CALENDAR WILL ALLOW.</u>**

Dustin Etter ("**Mr. Etter**") files this *Emergency Motion to Convert Chapter 11 Cases to Chapter 7* (the "**Motion**"). In support of this Motion, Mr. Etter respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     Jarod Furr ("**Mr. Furr**") is the current majority owner of both chapter 11 debtors - Alliance Farm (100%)[1] and AEP (51% via its parent) (both defined below).  Mr. Etter holds a 49% interest in AE Partners Holdings, Inc., the parent entity of AEP.[2] Mr. Etter seeks to convert both cases to chapter 7 and remove joint administration for the benefit of creditors due to substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, and lack of good faith as further described below.

2.     On or about July 29, 2024, Mr. Etter sued Mr. Furr and Alliance Farm on his behalf and on behalf of AEP for, among other things, breach of fiduciary duty, fraud, statutory fraud, restitution, unjust enrichment and money had and received and to obtain a majority controlling interest in AE Partners Holdings, Inc.[3] On information and belief, Mr. Furr used significant funds in excess of $1.5 million from AEP to buy and remodel a 73-acre Ranch[4] worth approximately $6.8 million[5] recorded in the name of Alliance Farm with no corresponding benefit to AEP save an undocumented, unsecured $1 million loan at 0% interest. Thus, AEP has substantial claims against Alliance Farm and Mr. Furr as further described below.

3.     The schedules and statement of financial affairs in these cases reflect virtually no funds on hand to fund a chapter 11 process and no real or personal property save personal property scheduled by Alliance Farm and located at the Ranch now set to be sold.

---

[1] *See* List of Equity Security Holders [Dkt No. 35].
[2] *See* Contribution Agreement attached hereto as **Exhibit "A"**.
[3] *See* Plaintiff's Eighth Amended Petition (the "**8th Amended Petition**") [Claim No. 2-1, Paragraphs 16, 22, 51, 56, 58 and 62].
[4] In this Motion, "**Ranch**" refers to the 73-acre ranchette located at 5450 Honea Egypt Rd., Montgomery, Montgomery County, Texas 77316. *See* Deed of Trust [Dkt No. 37-2].
[5] *See* Farm and Ranch Contract [Dkt No. 37-6, Paragraph 3]; *See also* Order Denying Emergency Motion to Dismiss and Granting Emergency Motion for Joint Administration (the "**Order Denying Motion to Dismiss**") [Dkt. No. 54, Page 4].

4.     The apparent assets of the AEP bankruptcy estate consist of (unscheduled) claims AEP has against Alliance Farm and Mr. Furr which Mr. Furr does not appear to be pursuing and appears to be litigating against in state court by seeking to expunge a notice of lis pendens originally filed for the benefit of both Mr. Etter and AEP.

5.     The apparent assets of the Alliance Farm bankruptcy estate consist of (i) personal property located at the Ranch now set to be sold to a third party, with no indication that Mr. Furr has caused the Alliance Farm to liquidate or protect since filing in January this year; and (ii) claims against the Ostranders (defined below) related to alleged wrongful foreclosure on the Ranch, Alliance Farm's main asset.

6.     No monthly operating reports have been filed for either Debtor. No statement of financial affairs has been filed by AEP.

7.     Allowing Mr. Furr to control these litigation claims is a clear conflict of interest and creditors would best be served by an independent fiduciary to investigate and pursue claims, such as a chapter 7 trustee. Mr. Etter requests the Court convert both cases to chapter 7 to be administered separately. Converting to chapter 7 would be administratively more efficient, less costly, and avoids the cost of chapter 11 U.S. Trustee fees.

8.     Emergency consideration is requested because a hearing is set for May 23, 2025 to remove the *lis pendens* filed by Mr. Etter, individually and on behalf of AEP, against the Ranch, which if removed would significantly reduce the expectation of AEP's recovery against Alliance Farm for dissipating AEP assets.

3138839

## JURISDICTION

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This matter is a core proceeding under 11 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

10. On January 7, 2025 (the "**Alliance Farm Petition Date**"), Alliance Farm and Ranch, LLC ("**Alliance Farm**") filed a voluntary petition for relief under Chapter 7 of Title 11 under Case No. 25-30155 of the U.S. Code (11 U.S.C. §§ 101 *et seq*., herein after referred to as the "**Bankruptcy Code**").

11. On March 13, 2025, Alliance Farm moved to convert to Chapter 11, which the Court granted on March 19, 2025. [Docket Nos. 13 and 24].

12. On April 7, 2025 (the "**AEP Petition Date**"), Alliance Energy Partners, LLC ("**AEP**", and together with Alliance Farm, the "**Debtors**") filed a voluntary petition for relief under Chapter 11 of Title 11 under Case No. 25-31937 of the Bankruptcy Code.

13. On April 7, 2025, the Debtors moved for joint administration of the cases, which the Court granted on April 23, 2025. [Docket Nos. 40 and 55].

## I. Alliance Farm Schedules, SOFA, and "Operations"

14. Alliance Farm's schedules and statement of financial affairs generally reflect:

   a. Minimal cash of $232.00;
   b. Farming related equipment and personal property;
   c. The Ranch that was foreclosed upon pre-petition on January 7, 2025;
   d. Litigation claims related to the pre-petition foreclosure;
   e. $1 million unsecured debt owed to AEP[6];

---

[6] This debt is not documented: "Q: Okay. Is there a written note? A: No. We don't have a written note. I just told the accountants at the time that is was a loan." *See* Hearing Transcript [Dkt No. 44-5, Page 6, Lines 16-18]., admitted into evidence per the Order Denying Motion to Dismiss. Additionally, Mr. Furr has denied the existence of the debt. *See* Defendants' Answers to Plaintiff's Second Set of Interrogatories [Dkt No. 44-6, Page 2, Interrogatory No. 9], admitted into evidence per the Order Denying Motion to Dismiss.

     f.   Lease between Alliance Farm and AEP for the shop located on the Ranch; and

     g.   No income for 2025.

*See* Alliance Farm's Schedules and Statement of Financial Affairs. [Docket Nos. 34 and 36].

15.    On information and belief, Alliance Farm has not moved to sell its personal property allegedly valued at more than $200,000.00.  On information and belief, the Ostranders' foreclosure on the Ranch did not include the personal property. Further, Alliance Farm's statement of financial affairs reflects no income for 2025. Lastly, Alliance Farm has failed to file any monthly operating reports as required under the Bankruptcy Code.

## II.    AEP Schedules, SOFA, and "Operations"

16.    AEP schedules generally reflect:

     a.   A negative checking account balance;
     b.   Office furniture valued at $0;
     c.   A loan due from Alliance Farm for $1 million; and
     d.   A lease with Alliance Farm related to the Ranch.

*See* AEP's Schedules. [Docket No. 1, Case No. 25-31937].

17.    AEP has failed to file a Statement of Financial Affairs in violation of Fed. R. Bankr. P. 1002 and 1007 and  AEP has not moved to extend the deadline to file same.

## III.    AEP Paid for the Ranch

18.    On or about January 20, 2022, AEP entered into a contract to buy the Ranch from Erik and Darla Ostrander (the "**Ostranders**") before Alliance Farm was formed.[7] On information and belief, AEP funded the purchase of the Ranch as follows:

---

[7] *See* Farm and Ranch Contract (the "**Ranch Purchase Contract**") [Dkt No. 56-2].

3138839

| Date | Amount | Purpose |
|------|--------|---------|
| 1/24/2022 | $30,000.00 | Earnest money[8] |
| 1/24/2022 | $5,000.00 | Option fee[9] |
| 4/1/2022 | $960,515.25 | Purchase money[10] |
| April 2022 – March 2024 | $530,902.10 | 23 payments of $23,082.70[11] |
| | **$1,526,417.35** | **Total** |

19.     Shortly before closing, the Ranch Purchase Contract was amended to reflect the name of Alliance Farm instead of AEP, which contract also provided the Ostrander's with an annual 6% interest rate on unpaid principal and a monthly 1.5% interest rate on unpaid amounts at maturity (together, the "**Interest Rates**").[12] However, AEP still paid the $960,515.25 purchase money payment.

20.     Initially, AEP paid the Ostranders directly for the April, May and June 2022 payments.[13] From April 2022 to March 2024, AEP made 23 of the monthly payments of $23,082.70 to, on information and belief Alliance Farm and/or Eric Ostrander, totaling $530,902.10.[14]

---

[8] *See* Receipt & Disbursement Ledger (the "**Disbursement Ledger**") [Dkt No. 56-3, Page 1].
[9] *See* Disbursement Ledger.
[10] *See* Truist Bank Statement (April 2022) [Dkt No. 56-6, Page 1] and attached hereto as **Exhibit "B"**.; *See also* Alliance Energy Partners Vendor Quick Report for Eric Ostrander [Dkt No. 56-7, Page 4] and attached hereto as **Exhibit "C"**.
[11] *See* **Exhibit "C"** - Alliance Energy Partners Vendor QuickReport for Eric Ostrander.
[12] *See* Ranch Contract Amendment [Dkt No. 56-5, Subsection 9] and Real Estate Lien Note attached hereto as **Exhibit "H"**.
[13] *See* **Exhibit "C"** – Alliance Energy Partners Vendor QuickReport for Eric Ostrander; *See also* Bank Statements for April – June 2022 attached hereto as **Exhibit "B"**; *See also* AEP June 2022 QuickBooks Ledger attached hereto as **Exhibit "D"**.
[14] *See* **Exhibit "C"** – Alliance Energy Partners Vendor QuickReport for Eric Ostrander.

3138839

21.     Although Alliance Farm paid the Interest Rates to the Ostranders for the purchase loan for the Ranch, which was secured by a senior lien on the Ranch worth in excess of the value of the Ranch Note, on information and belief, Mr. Furr caused AEP to give Alliance Farm an unsecured $1 million loan at 0% interest in exchange for AEP's payments to acquire and remodel the Ranch.

22.     On information and belief, Mr. Furr caused AEP to fund remodeling of the Ranch by paying a total of at least $17,500.00 in payments to J Parker Construction, LLC[15], which is an entity controlled by Mr. Furr[16], and at least another $422,908.00 paid to Arroyos Remodeling for, on information and belief, improvements made on the Ranch mainly for the benefit of Mr. Furr or Alliance Ranch.[17]

23.     Further, on or about January 1, 2024, Mr. Furr then purportedly caused AEP to enter a 3-year lease with Alliance Farm to lease the Ranch for "shop space" at $30,000.00 a month.[18]

24.     Thus, AEP has claims against Alliance Farm and Mr. Furr for payments made in relation to the Ranch as stated in the 8th Amended Petition. The claims related to the large sums that AEP paid to or for the benefit of Alliance Farm without receiving fair value or consideration in exchange should be pursued for AEP's creditors. Further, Mr. Furr's self-dealing actions related to the Ranch and use of AEP's funds for his benefit to AEP's detriment should be investigated.

---

[15] See AEP November and December 2022 QuickBooks Ledger attached hereto as **Exhibit "E"**.
[16] *See* Texas Franchise Tax Public Information Report, J. Parker Construction, LLC, 2022 attached hereto as **Exhibit "F"**.
[17] *See* AEP April 2022 through December 2022 QuickBooks Ledger attached hereto as **Exhibit "G"**; *See also* Remodel Invoices [Dkt. 56-10].
[18] *See* Commercial Lease Agreement [Dkt No. 56-12].

25.     Under Texas fiduciary duty principles, payments AEP made to or for the benefit of Alliance Farm are subject to a presumption of unfairness that Alliance Farm and Mr. Furr would have the burden to overcome. *E.g., In re Estate of Klutts*, No. 02-18-00356-CV, 2019 Tex. App. LEXIS 11063, at *8 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (explaining "a fiduciary, carries the burden of proof to overcome the presumption of unfairness that arises in self-dealing transactions"). Further, the payments by AEP made to or for the benefit of Alliance Farm or Mr. Furr are also likely to be deemed fraudulent transfers in violation of the Uniform Fraudulent Transfer Act. *See* Tex. Bus & Com Code Ch. 24.

26.     Mr. Furr's conflict of interest in investigating himself for his actions in breach of fiduciary duties cannot be overcome without the appointment of an independent fiduciary.

### REQUEST FOR RELIEF

27.     Considering the lack of the Debtors' operations, current cash position, the likelihood that the bankruptcy estates' main assets, the litigation claims, will not be pursued while Mr. Furr remains the debtor-in-possession, and the desire to minimize administrative costs of the Debtors' bankruptcy estates to maximize potential distributions to creditors, Mr. Etter submits that conversion of both cases to Chapter 7 is appropriate and that the bankruptcy estates of Alliance Farm and AEP should be administered separately given AEP's claims against Alliance Farm.

### ARGUMENT

28.     Section 1112(b) allows the Court to convert a Chapter 11 case to Chapter 7 for cause and states:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best

interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

29. "Cause" includes:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1112(b)(4).

3138839

30.     Factors set forth in Section 1112(b) are not exhaustive and courts may dismiss or convert based on lack of good faith. Factors indicating lack of good faith include:

> a.  One asset such as real property;
> b.  No employees except for the principal;
> c.  Little or no cash flow;
> d.  No available sources of income to sustain a plan of reorganization;
> e.  Few unsecured creditors with relatively small claims; and
> f.  Allegations of wrongdoing by the debtor or its principals.

*In re Little Creek Dev. Co.*, 779 F.2d 1068, 1073 (5th Cir. 1986) ("Resort to the protection of the bankruptcy laws is not proper under these circumstances because there is no going concern to preserve, there are no employees to protect, and there is no hope of rehabilitation, except according to the debtor's 'terminal euphoria.'").

## I.     "Cause" to Convert Alliance Farm to Chapter 7

31.     Cause exists to here to convert Alliance Farm to Chapter 7 under 11 U.S.C. § 1112(b)(4)(A) for continuing loss and no rehabilitation. Mr. Furr has made no indication of selling the personal property of Alliance Farm to fund any purported plan of reorganization. The assets appear to be located on real property that has been foreclosed upon with a pending sale to a buyer with no indication that property of the estate has been protected for the benefit of creditors (specifically, AEP and Mr. Etter as litigation claimant). There are no further operations of Alliance Farm as it appears to have existed solely to hold real property which was foreclosed upon pre-petition. The only listed unsecured creditor is AEP, which Mr. Furr testified inconsistently that (i) AEP is not owed any money, and (ii) such debt was not documented. It appears Mr. Furr used $1.5 million of AEP funds to purchase the Ranch leaving AEP with nothing, except a potential unsecured $1 million note at 0% interest. Given these facts, conversion to chapter 7 is appropriate to serve the best interest of creditors.

3138839

32.    "Cause" further exists here to convert Alliance Farm to Chapter 7 under 11 U.S.C. § 1112(b)(4)(B) for gross mismanagement. Mr. Furr has made no indication of selling the personal property of Alliance Farm to fund any purported plan of reorganization. The allegations against Mr. Furr suggest that he is likely to dissipate any funds that come into the Alliance Farm bankruptcy estate. Further, Mr. Furr has testified to contradictory statements under oath in underlying state court litigation. Thus, these assertions indicate cause for gross mismanagement.

33.    "Cause" further exists to convert Alliance Farm to Chapter 7 as a "bad faith" filing.  Alliance Farm's main asset was real estate.  It appears to have no employees, no cash clow, only one unsecured creditor and allegations of wrongdoing exist against its principal as detailed in the 8th Amended Petition.

**II.    "Cause" to Convert AEP to Chapter 7**

34.    Cause exists to here to convert AEP to Chapter 7 under 11 U.S.C. §§ 1112(b)(4)(A) and 1112(b)(4)(B) for continuing loss, no rehabilitation, and gross mismanagement. Mr. Furr is not pursuing AEPs claims against himself or Alliance Farm, which appear to be the only significant assets of the AEP bankruptcy estate, save the $1 million unsecured claim against Alliance Farm which Mr. Furr does not appear to be pursuing either. Mr. Furr has failed to cause AEP to file a proof of claim in the Alliance Farm case. Further, there is no indication of ongoing operations of AEP. Lastly, Mr. Furr has failed to timely file a statement of financial affairs for AEP as required by the Bankruptcy Code. Thus, these assertions indicate cause for continuing loss, no rehabilitation, and gross mismanagement.

35.    Cause further exists here to convert AEP to Chapter 7 for lack of good faith. Mr. Furr used AEP funds to support a lavish lifestyle (as detailed in the 8th Amended Petition) without receiving fair value or consideration for the benefit to AEP. Mr. Furr caused AEP to pay

for the Ranch in exchange for at best a *potential* $1 million, zero-interest, indefinite term, unsecured loan, which reflects improper self-dealing. Thus, these assertions indicate cause for lack of good faith.

36.     Alternatively, if the Court finds that conversion to Chapter 7 is not warranted, Mr. Etter requests that a Chapter 11 trustee be appointed to pursue AEP's claims against Mr. Furr and Alliance Farm for the benefit of its bankruptcy estate and creditors.

## BASIS FOR EMERGENCY RELIEF

37.     An emergency exists because Alliance Farm and Mr. Furr filed a motion to expunge a lis pendens on the Ranch in the pending state court litigation matter under Cause No. 24-07-11639 (the "**State Court Litigation**") in the 457th Judicial District Court Montgomery County, Texas (the "**District Court**"). That lis pendens was partially filed based on claims which were asserted by Dustin Etter derivatively on behalf of AEP. However, it appears that Mr. Etter and his counsel are no longer able to defend those claims due to AEP's bankruptcy filing. *See UBS Fin. Servs. v. Est. of Serrano (In re Fin. Oversight & Mgmt. Bd. for P.R.)*, 102 F.4th 527, 534 (1st Cir. 2024) ("When a cause of action belongs to the bankruptcy estate, the trustee has the exclusive right to assert it, and all other parties are precluded from bringing derivative or general claims to vindicate harm to the estate."). The motion to expunge the lis pendens has been set for submission in the District Court for May 23, 2025.

38.     Based on the current state of multi-party settlement discussions, it does not appear that AEP's interests are being fully or adequately defended in the State Court Litigation.[19] Thus, Mr. Etter requests conversion of the cases before the May 23, 2025 hearing so that a Chapter 7 trustee is in place to fully protect AEP's interests.

---

[19] *See* Mr. Etter's Emergency Motion to Reschedule [Dkt No. 64].

3138839

39.     Further, in the event that funds from the sale of the Ranch are deposited with Alliance Farm, given the conflicts of interest between Alliance Farm and AEP, conversion and severance of the joint administration of the cases is sought to displace Mr. Furr from controlling both of the Chapter 11 bankruptcy estates and preserve the assets of Alliance Farm for its creditors including AEP.

40.     Lastly, Mr. Etter has raised conflict of interest issues with the Debtors' proposed counsel as set forth in *Creditor Dustin Etter's Response to Debtor's Application to Employ Okin Adamas as Counsel* filed at Docket No. 28.  The issues raised in these pleadings relate to Mr. Furr's conflict of interest in controlling both Debtors given the claims that exist between AEP, Mr. Furr and Alliance Farm. A hearing is currently set on the application to employ Okin Adams Bartlett Curry LLP  as counsel for the Debtor on May 16, 2025 at 10 a.m.

## CONCLUSION

WHEREFORE, premises considered, Mr. Etter respectfully requests that the Court convert both the Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC cases to Chapter 7, where they can be separately administered with independent trustees, and for such other and further relief to which the parties may be entitled.

DATE: May 5, 2025.

3138839

Respectfully submitted:

*/s/ Heather Heath McIntyre*
Heather McIntyre    TBN 24041076
hmcintyre@hwa.com
Abdiel Lopez-Castro  TBN 24140125
alopezcastro@hwa.com
HUGHESWATTERSASKANASE, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: (713) 590-4200
Facsimile: (713) 590-4230
**ATTORNEYS FOR DUSTIN ETTER**

## <u>CERTIFICATION FOR ACCURACY PURSUANT TO LBR 9013-1(I)</u>

      I hereby certify that the facts and assertions made in the foregoing are true and accurate to the best of my knowledge.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a true and correct copy of the foregoing *Emergency Motion to Convert Chapter 11 Cases to Chapter 7* has been served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on this 5th day of May 2025.

*/s/ Heather Heath McIntyre*
Heather Heath McIntyre

3138839