# EXHIBIT 14

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 25-30155 |
| ALLIANCE FARM AND RANCH, § | |
| LLC, *et al.*, § | |
| § | |
| Debtors. § | |
| § | |
| § | CHAPTER 11 |

## ORDER DENYING EMERGENCY MOTION TO DISMISS (ECF NO. 29) AND GRANTING EMERGENCY MOTION FOR JOINT ADMINISTRATION (ECF NO. 40).

### I. BACKGROUND

Alliance Farm and Ranch, LLC ("AFR") filed its petition for chapter 7 bankruptcy on January 7, 2025 ("Petition Date").[1] Dustin Etter filed a Motion to Dismiss for Failure to File Information on February 21, 2025.[2] This motion was subsequently withdrawn at the April 9, 2025, hearing.[3] AFR filed an Emergency Motion to Convert Case to Chapter 11 ("Motion to Convert") on March 17, 2025.[4] On March 19, 2025, this Court heard argument on the Motion to Convert[5] and entered an order granting the Motion to Convert.[6]

Erik and Darla Ostrander filed an Emergency Motion to Dismiss ("Motion to Dismiss") on March 28, 2025.[7] AFR filed an Objection to the Motion to Dismiss on April 7, 2025.[8] On the same day, Alliance Energy

---

[1] ECF No. 1.
[2] ECF No. 7.
[3] ECF No. 46.
[4] ECF No. 13.
[5] ECF No. 23.
[6] ECF No. 24.
[7] ECF No. 29.
[8] ECF No. 41.

Partners, LLC ("AEP") filed for relief under chapter 11 of the bankruptcy code. AEP and AFR then filed an Emergency Motion for Joint Administration ("Motion for Joint Administration").[9] Etter filed a Response to the Motion for Joint Administration.[10] The hearing on the Motion to Dismiss and Motion for Joint Administration was scheduled for April 9, 2025. All parties submitted Witness and Exhibit Lists. [11] On April 9, 2025, the Court heard testimony and argument on the Motion to Dismiss and Motion for Joint Administration.[12] The Court admitted exhibits at ECF Nos. 37-1 through 37-8, 44-5, and 44-6.[13] The Court took judicial notice of ECF No. 45-1.[14] The Court took the Motion to Dismiss and the Motion for Joint Administration under advisement. Subsequently, Ostrander filed a Post-Hearing Brief in Support of the Motion to Dismiss[15] and AFR filed a Reply.[16]

## II.   JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This proceeding has been referred to the Bankruptcy Court under General Order 2012-6.

The Ostranders are scheduled to close on the sale of 5450 Honea Egypt Rd, Montgomery, TX 77316 (the "Property") on April 24, 2025. Therefore, emergency consideration of the Motion to Dismiss and Motion for Joint Administration is appropriate.

---

[9] ECF No. 40.
[10] ECF No. 42.
[11] ECF Nos. 37, 38, 39, 44, 45.
[12] ECF No. 46.
[13] ECF No. 46.
[14] ECF No. 46.
[15] ECF No. 50.
[16] ECF No. 52.

## III. LEGAL STANDARD

### A. Motion for Joint Administration

Under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, this Court can jointly administer cases involving related debtors. Joint administration of cases is governed by Rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas.

### B. Motion to Dismiss

Under Section 1112(b) of the Bankruptcy Code, this Court has the authority to dismiss a case for "cause," as non-exhaustively defined in 1112(b)(4). Additionally, section 1112(b) affords flexibility for bankruptcy courts by allowing findings of "cause" outside of the examples enumerated under the statute. *See In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). Numerous cases have found a lack of good faith to constitute "cause" for dismissing the case. *Id.*

## IV. DISCUSSION

### A. Motion for Joint Administration

AFR and AEP request joint administration of the two bankruptcy cases. According to AFR and AEP, financial affairs, management, and business operations are related, and both entities historically operated from the Property.[17] Consolidation of the cases is a procedural remedy and does not affect any parties' substantive rights. Intercreditor relationships do not make consolidation for joint administration inappropriate.

### B. Motion to Dismiss

It is uncontested that foreclosure of the Property occurred before AFR's bankruptcy petition was filed.[18] The foreclosure occurred on

---

[17] ECF No. 40 at 5.
[18] ECF No. 41 at 1.

January 7, 2025, at 10:15 am.[19] AFR's bankruptcy petition was filed on January 7, 2025, at 10:40 am.[20] AFR does not dispute the automatic stay does not apply to the foreclosure.[21] As such, the Property is not, and could not have been, part of the bankruptcy estate.

Ostrander had a secured claim against AFR of $4,500,000 with a lien on the Property.[22] Ostrander has entered a contract to sell the Property to a third-party buyer for $6,800,000.[23] Ostrander testified at the hearing if the sale goes through, Ostrander will be owed nothing from AFR.[24]

The testimony indicated AFR has personal property of $231,532.[25] Ostrander has no lien on AFR or AEP personal property, so the personal property could not have been foreclosed on and is part of the estate. At the hearing, Jerrod Furr was called to testify. Furr is the controlling partner of Alliance Energy Partner Holdings, which holds 100% of AEP.[26] Furr is also the President of AFR.[27] AEP leased and operated out of the Property prior to the foreclosure.[28] Furr lived with his family on the Property. Furr testified that AEP owes approximately $2,780,000 to its creditors and has an unsecured claim against AFR for approximately $1,000,000 although owns that claim is disputed.[29]

In the Motion to Dismiss, Ostrander argues the case should be dismissed under Section 1112(b) of the Bankruptcy Code for "cause" because there is no real property in the estate and therefore no basis for reorganization.[30] However, this argument is not persuasive. The

---

[19] ECF No. 37-5.
[20] ECF No. 37-7.
[21] ECF No. 41 at 1.
[22] ECF No. 45-1.
[23] ECF No. 37-6 at 2.
[24] ECF No. 46.
[25] ECF No. 45-1.
[26] ECF No. 46.
[27] ECF No. 45-1.
[28] ECF No. 46.
[29] ECF No. 45-1.
[30] ECF No. 29 at 8.

existence of Debtor's personal property as part of the bankruptcy estate, as well as claims against and potentially by the estate, makes this a bankruptcy case appropriate for potential reorganization or liquidation.

Next, the Court must look to whether the bankruptcy petition was a bad faith filing. This is the second argument Ostrander advances in the Motion to Dismiss.[31] "Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities. *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986). Evaluating the six factors outlined in *Little Creek*, issues of fact exist.

Furthermore, the fact the filing did not accomplish its purpose of preventing the January 7, 2025, foreclosure sale of the Property does not automatically make the filing a bad faith filing. For a bad faith finding, a debtor must do more than avail themselves of their legal right to file for bankruptcy protection. "Courts can determine good faith only on an ad hoc basis and must decide whether the petitioner has abused the provisions, purpose, or spirit of bankruptcy law." *In re Tamecki*, 229 F.3d 205, 207 (3d Cir. 2000). The evidence presented at the hearing does not compel a finding of bad faith, more evidence would be needed.

## V. CONCLUSION

Because the foreclosure sale of the Property occurred prior to the Petition Date, the Court CONFIRMS that the Property is not property of the estate under 11 U.S.C. section 541 and that the automatic stay is not in effect with respect to the Property (5450 Honea Egypt Rd, Montgomery, TX 77316).

With respect to the Motion for Joint Administration, this is a strictly procedural motion that does not impact any parties' substantive rights. As a result, the Motion for Joint Administration is GRANTED. A separate Order will be entered to this effect.

---

[31] ECF No. 29 at 10.

With respect to the Motion to Dismiss, AFR and AEP state there are valid claims against the bankruptcy estates by third-party creditors.[32] The analysis of these claims is a question for another day. To determine whether AFR acted in good faith in filing this bankruptcy case, more evidence would have been needed. As a result, the Motion to Dismiss is DENIED.

IT IS SO ORDERED.

SIGNED 04/22/2025

*Alfredo R Pérez*
Alfredo R Pérez
United States Bankruptcy Judge

---

[32] ECF No. 45-1.