IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | |
| | § | |
| | § | (CHAPTER 7) |
| DEBTOR. | § | |

**DECLARATION OF DEBORAH L. CRAIN IN SUPPORT OF APPLICATION TO EMPLOY DEBORAH L. CRAIN AND E-MERGER LAW, PLLC AS SPECIAL COUNSEL FOR THE DEBTOR**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

I, Deborah L. Crain, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1. I am President of E-Merger.Law, which maintains offices for the practice of law at 1334 Brittmoore Road, #2314, Houston, Texas 77043.

2. I submit this declaration on behalf of myself (the "Crain Declaration")[3] in support of the Application and to provide the disclosures required under section 329 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Bankruptcy Local Rules. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

3. I am duly admitted to practice in the State of Texas. I and those of my fellow attorneys and paralegals who will work on the Chapter 11 Case have special knowledge and

---

[3] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Application.

expertise in representing parties in litigation and real estate matters, and are qualified to serve as special counsel in this Chapter 11 Case.

4.  To the best of my knowledge and information, I hold no interest adverse to the Debtor or the Debtor's estate with respect to the matters for which I am to be employed, except as otherwise specified herein. Accordingly, I submit that my employment by the Debtor is consistent with the requirements of Bankruptcy Code sections 327(a), 328(a), and 330.

5.  Additionally, insofar as I have been able to ascertain after due inquiry, neither I, Deborah L. Crain, nor any attorney or employee of E-Merger.Law is a relative of, or has a connection to, the United States Bankruptcy Judge assigned to the Chapter 11 Case or his staff, the United States Trustee for the Southern District of Texas, or any employee of the U.S. Trustee. Accordingly, I submit that Bankruptcy Rule 5002 would not prohibit my employment as special counsel to the Debtor.

## My Qualifications

6.  My CV is attached to the Application. I am well qualified to serve as special counsel to provide, among other things, litigation and real estate services to the Debtor.

## Services to Be Provided

7.  Subject to further order of this Court and the Engagement Letter between me and the Debtor, dated March 26, 2025, I will be expected to provide legal services in connection with the Lawsuit. Other than as set forth herein, no proposed arrangement to compensate me exists. I have not shared, nor agreed to share, (a) any compensation I have received or may receive with any other party or person or (b) any compensation another person or party has received or may receive.

8.  I intend to make a reasonable effort to comply with the U.S. Trustee requests for information and additional disclosures as set forth in the U.S. Trustee Fee Guidelines both in

11

connection with this Application and any interim and final fee applications that I will file in this case. I also intend to work cooperatively with the U.S. Trustee to address any concerns pursuant to the terms of the U.S. Trustee Fee Guidelines. Notwithstanding the foregoing, the Debtor and I reserve all rights as to the relevance and substantive legal effect of the U.S. Trustee Fee Guidelines in respect of any application for employment or compensation in the Chapter 11 Case.

9. In compliance with paragraph D.l. of the U.S. Trustee Fee Guidelines, I represent as follows:

   a. I have not agreed to any variations from, or alternative to, my customary billing arrangements for this engagement;

   b. None of the E-Merger.law professionals included in this engagement vary their rates based on the geographic location of the applicable case; and

   c. The Debtor has approved my proposed rates and staffing plan.

### Coordination with Other Professionals for the Debtor

10. I am aware that the Debtor has engaged Okin Adams Bartlett Curry LLP as Bankruptcy Counsel. I will work with the Debtor's other professionals to ensure a clear delineation of each firm's respective roles in connection with representation of the Debtor in the Chapter 11 Case to prevent duplication of services and ensure the Chapter 11 Case is administered in the most efficient fashion possible. In particular, I will carefully coordinate with Bankruptcy Counsel, who is responsible for assisting with the various legal matters concerning the issues in the Chapter 11 Case.

### Professional Compensation

11. I shall receive an initial $15,000.00 retainer from Jerod Furr. Pursuant to Local Bankruptcy Rule 2016-1(c), I may draw down the Retainer on an interim basis upon notice given to creditors and parties-in-interest no more frequently than once a month. The Retainer may be replenished without notice or approval of the Court provided that the Debtor is not the source of

12

funds.  Each notice given to draw down on the Retainer shall state the source of the funds that make up the Retainer.

12. I intend to apply for allowance of compensation and reimbursement of expenses for professional services incurred in connection with the Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the U.S. Trustee Fee Guidelines, any order establishing compensation procedures, and any other of the Court's applicable procedures and orders.

13. The hourly rates and corresponding rate structure I will use in the Chapter 11 Case is the same as the hourly rates and corresponding rate structure that I use in other similar matters, whether in court or otherwise, regardless of whether a fee application is required.

14. The Debtor has agreed, subject to the fee application process and this Court's approval, to pay me based on time spent rendering legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as are in effect on the date services are rendered.  My current hourly rates for the services in the Chapter 11 Case will be as follows:

| Team Member | Position | Rate |
| --- | --- | --- |
| Deborah L. Crain | Attorney | $600 |

15. I am expected to have primary responsibility for providing the services to the Debtor. As necessary, other E-Merger.Law professionals and paraprofessionals will provide the services to the Debtor.

16. Each professional's rate will be clearly reflected in the invoices and fee applications submitted in the Chapter 11 Case.  Moreover, I will maintain detailed records of costs and expenses incurred in connection with the legal services and these will be set forth in detail in monthly invoices and fee applications.  My hourly rates are set at a level designed to compensate me fairly

13

for my work and to cover fixed and routine expenses. E-Merger.Law Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

17. My rate structure is appropriate and not significantly different from (a) the rates that I charge for other similar types of representations, or (b) the rates that other comparable counsel would charge to do work substantially similar to the work I will perform in the Chapter 11 Case.

18. My policy is to charge my clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also my policy to charge clients only the amount actually incurred by me in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

## I am Disinterested

19. To my knowledge, based on reasonable inquiry, (a) neither I nor E-Merger.Law hold or represent any interest adverse to the Debtor with respect to the matters on which I am to be retained in the Chapter 11 Case, or in matters directly related to the services that I am to perform for the Debtor; (b) other than as set forth below, and to the best of my knowledge, information, and belief, I have no relationship to the Debtor, any of the Debtor's significant creditors, interest owners, other known Parties in Interest in the Chapter 11 Case, or to the Debtor's professionals that are known to be assisting in the Chapter 11 Case; and (c) to the best of my knowledge, information, and belief, the personnel anticipated to provide the services to the Debtor in connection herewith are not related to the U.S. Trustee assigned to the Chapter 11 Cases, any persons employed with the U.S. Trustee's Office, the Bankruptcy Judge presiding over the Chapter

11 Cases or any of the Bankruptcy Judge's staff. I will update this Declaration, as necessary, if and when I become aware of any additional material information.

20. I researched my client database and performed reasonable due diligence to determine whether I have any adverse interest to the Debtor. To the best of my knowledge after diligent inquiry, and as disclosed in this Declaration, neither I nor E-Merger.Law and its attorneys hold any interest adverse to the Debtor or its estate with respect to the matter for which I am to be employed within the meaning of section 327(a) of the Bankruptcy Code except as may be set forth in this Declaration.

21. To the best of the my knowledge, I am not an insider of the Debtor, nor do I have any direct or indirect relationship to, connection with, or interest in the Debtor that would make my interests materially adverse to the interests of the estate or of any class of creditors or equity security holders. To the best of my knowledge, I do not have any connections with the Debtor, its creditors any other party in interest, their respective attorneys and accountants, the United States Trustee for the Southern District of Texas, or any person employed in the office of the United States Trustee for the Southern District of Texas.

22. I will review my files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, I will use reasonable efforts to identify such further developments and will promptly supplement this Declaration, as required by Bankruptcy Rule 2014(a).

23. In the event that the scope of services expands beyond that discussed herein, I will file a supplemental retention application with the Court.

15

24. By reason of the foregoing, I believe I am eligible for employment and retention by the Debtor pursuant to section 327 of the Bankruptcy Code and the applicable Bankruptcy Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Further affiant sayeth not.

By: */s/ Deborah L. Crain*
    Deborah L. Crain
    President
    E-Merger.Law