## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-30155** |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| **DEBTOR** | § | |
| | § | |
| **IN RE:** | § | **CASE NO. 25-31937** |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| **DEBTOR** | § | |
| | § | |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025

**THIS APPLICATION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE APPLICATION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE APPLICATION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE APPLICATION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE APPLICATION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The Official Committee of Unsecured Creditors (the "Committee") of Alliance Farm and

Ranch, LLC and Alliance Energy Partners, LLC (the "Debtors") hereby submits this application

("Application") for entry of an order (the "Proposed Order"), substantially in the form attached

hereto as **Exhibit A**, authorizing the employment, retention, and compensation of Dykema

126985.000001  4928-2335-4957.1

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025

PAGE 1

Gossett, PLLC ("Dykema") as counsel to the Committee, effective as of May 13, 2025, pursuant to sections 327, 328, 330, and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").  In support of this Application, the Committee submits the *Declaration of William Hotze in Support of the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Dykema Gossett, PLLC as Counsel, Effective as of May 13, 2025* (the "Hotze Declaration"), attached hereto as **Exhibit B**, which is incorporated herein by reference.  In further support of the Application, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the* United *States District Court for the Southern District of Texas*, dated May 24, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The relief requested is consistent with the U.S. Trustee Guidelines. The Committee confirms its consent to the entry of a final order with respect to this Application, if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 327, 328(a), 330, and 1103(a) of the Bankruptcy Code.  Relief is also proper pursuant to Bankruptcy Rules 2014 and

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 2

2016, and Local Rules 2014-1 and 2016-1 and the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures").

## BACKGROUND

4.     On January 7, 2025 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court.

5.     On March 19, 2025, the Court entered an order converting these Cases to cases under Chapter 11 of the Bankruptcy Code (the "Conversion Date").  The Debtors continue to manage and operate its businesses as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 24, 2025, the Court ordered joint administration of the Debtors' respective cases.

6.     On May 12, 2025, pursuant to section 1102 of the Bankruptcy Code, the Office of the United States Trustee for Region 7 (the "U.S. Trustee") appointed the Committee, consisting of the following members: (i) Gordon Technologies LLC, and (ii) DrilTech, LLC.  *See* Docket No. 77.

7.     On May 13, 2025 (the "Retention Date"), the Committee, in connection with the exercise of its powers and the performance of the duties conferred upon it pursuant to section 1103 of the Bankruptcy Code, selected Dykema to serve as its counsel in connection with these chapter 11 cases ("Cases"), subject to Court approval.

8.     On May 23, 2025, the Court entered an order appointing a chapter 11 trustee in these Cases.  Tom A. Howley (the "Trustee") serves as the chapter 11 trustee.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 3

## RELIEF REQUESTED

9.      By this Application, the Committee requests entry of the Proposed Order, attached hereto as **Exhibit A**, approving the employment and retention of Dykema, effective as of May 13, 2025, which is the date on which the Committee selected Dykema to serve as its counsel and the date that Dykema began rendering services to the Committee.  Subject to the terms set forth herein, the Committee seeks to retain Dykema in accordance with Dykema's normal hourly rates in effect when service are rendered and normal reimbursement policies subject to Local Rule 2016-1.

## THE RETENTION OF DYKEMA IS WARRANTED

### A.  DYKEMA'S EXPERIENCE

10.     The Committee selected Dykema because Dykema's attorneys possess extensive knowledge and considerable expertise in the fields of bankruptcy, insolvency, reorganizations, creditors' rights, debt restructuring and corporate reorganizations, among other qualifications. In addition, Dykema's attorneys possess substantial experience appearing before Courts in this District and are familiar with local practice and procedure.

11.     Dykema comprises nearly 400 lawyers who practice in 14 offices throughout the United States. The attorneys in Dykema's Bankruptcy and Financial Restructuring group have played significant roles in a wide array of chapter 11 cases across the country, including acting as counsel for official committees of unsecured creditors in the following cases: *In re Kalera, Inc.*, No. 23-90290 (Bankr. S.D. Tex. 2023); *In re Connect Transport, Inc.*, No. 16-33971-hdh7 (Bankr. N.D. Tex. 2016); *In re Dune Energy, Inc.*, No. 15-10336 (Bankr. W.D. Tex. 2015); *In Yellow Cab Affiliation, Inc.*, No. 15-9539 (Bankr. N.D. Ill. 2015); *In re Texas Rangers Baseball Partners*, No. 10-43400 (DML) (Bankr. N.D. Tex. 2010); *In re Gulf Fleet Holdings, Inc.*, No. 10-50713 (Bankr.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 4

W.D. La. 2010); *In re Deep Marine Holdings, Inc.*, No. 09-39313 (Bankr. S.D. Tex. 2009); *In re Encompass Services Corp.*, No. H-06-CV-0392 (Bankr. S.D. Tex. 2006); and *In re AgriBiotech, Inc.*, No. 00-10533 (Bankr. D. Nev. 2000). The cases listed above are a small sample of Dykema's experience representing official committees of unsecured creditors.

12.     The Committee believes that Dykema is well qualified to serve as its counsel in this Case.  Further, employment of Dykema, effective as of May 13, 2025, is warranted under the circumstances of this chapter 11 Case.  Upon its selection, the Committee requested that Dykema commence work immediately on time-sensitive matters and devote substantial resources to this Case prior to the submission and approval of this Application.  Among other things, Dykema was immediately required to address matters related to the Debtor's proposed debtor-in-possession financing and motion to approve auction procedures.

### B.  SERVICES TO BE PROVIDED

13.     Dykema will, in connection with this Case and subject to this Court's orders, provide the following legal services, among others, to the Committee:

    a. advise the Committee with respect to its rights, duties, and powers in this Case;

    b. Participate in in-person and telephonic meetings of the Committee and subcommittees formed thereby, if any;

    c. assist and advise the Committee in its meetings and negotiations with the Trustee and other parties in interest regarding the chapter 11 Case;

    d. assist the Committee in analyzing claims asserted against, and interests in, the Debtors, and in negotiating with the holders of such claims and interest and bringing, or participating in, objections or estimation proceedings with respect to such claims and interests;

    e. assist the Committee in analyzing the Debtors' assets and liabilities, including in its review of the Debtor's Schedules of Assets and Liabilities, Statements of Financial Affairs, and other reports prepared by the Debtor, investigating the extent and validity of liens and participating in and reviewing any proposed transfer, sale,

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 5

or disposition of the Debtors' assets, financing arrangements, and cash collateral stipulations or proceedings;

f.   assist the Committee in its investigation of the acts, conduct, assets, liabilities, management, and financial conditions of the Debtors, the Debtors' historic and ongoing operations of its business, and any other matters relevant to the chapter 11 Case;

g.   assist the Committee in its analysis of, and negotiations with the Debtors or any third party related to, financing, asset disposition transactions, and compromises of controversies, reviewing and determining the Debtors' rights and obligations under leases and executory contracts, and assisting, advising, and representing the Committee in any manner relevant to the assumption and rejection of executory contracts and unexpired leases;

h.   assist the Committee in its analysis of, and negotiations with, the Debtors or any third party related to, the formulation, confirmation, and implementation of a chapter 11 plan and all documentation related thereto (including the disclosure statement);

i.   assist, advise, and represent the Committee in understanding its powers and duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

j.   assist and advise the Committee with respect to communications with the general creditor body regarding significant matters in the Case;

k.   respond to inquiries from individual creditors as to the status of, and developments in, the Case;

l.   represent the Committee at hearings and other proceedings before the Court and other courts or tribunals, as appropriate;

m.   review and analyze complaints, motions, applications, orders, and other pleadings filed with the Court, and advise the Committee with respect to formulating positions with respect, and filing responses, thereto;

n.   assist the Committee in its review and analysis of, and negotiations with the Debtors and their non-Debtor affiliates related to intercompany claims and transactions;

o.   review and analyze third-party analyses and reports prepared in connection with the Debtors' potential claims and causes of action, advise the Committee with respect to formulating positions thereon, and perform such other diligence and independent analysis as may be requested by the Committee;

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 6

      p.   advise the Committee with respect to applicable federal and state regulatory issues, as such issues may arise in the Case;

      q.   assist the Committee in preparing pleadings and applications, and pursuing or participating in adversary proceedings, contested matters, and administrative proceedings as may be necessary or appropriate in furtherance of the Committee's duties;

      r.   take all necessary or appropriate actions as may be required in connection with the administration of the Debtors' estates, including with respect to a chapter 11 plan and related disclosure statement; and

      s.   perform such other legal services as may be necessary or as may be requested by the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

14.     Dykema will coordinate with all other estate professionals, including the Trustee's professionals and other appointed committees, if any, to avoid duplication of efforts.

## C. DYKEMA'S RATES AND BILLING PRACTICES

15.     The Committee requests that all legal fees and related costs and expenses incurred by the Committee on account of services rendered by Dykema in the Case be paid as administrative expense of the Debtor's estate pursuant to sections 328, 330(a), 331, 503(b), and 507(a) of the Bankruptcy Code.  Subject to the Court's approval, Dykema will charge the Committee for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered.

16.     Dykema intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any further orders of this Court for all services performed and expenses incurred since April 26, 2023.

17.     The primary attorneys and paraprofessionals that will work on this representation and their respective discounted hourly rates for this matter are as follows:

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 7

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| William Hotze | Member | $675 |
| Nicholas Zugaro | Senior Counsel | $630 |

18.     Other attorneys and paraprofessionals may render services to the Committee as needed.

19.     Pursuant to section 328(a) of the Bankruptcy Code, the Committee may retain Dykema on reasonable terms and conditions.  The hourly rates set forth above are discounted from the firm's standard hourly rates for work of this nature.  The firm's standard rates are set at a level designed to compensate the firm fairly for work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

20.     Dykema has advised the Committee that the hourly rates set forth above are subject to annual increases in the normal course of Dykema's business.  In the event of any such increase, Dykema will provide the U.S. Trustee and the Committee with written notice of any such increase and file a supplemental affidavit (a "Supplemental Affidavit") with the Court.  Any Supplemental Affidavit will explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code.  Pursuant to section B(2)(d) of the U.S. Trustee Guidelines, Dykema will provide justification of the reasonableness of any rate increase.

21.     In addition, it is Dykema's policy to charge its clients in all areas of practice for all other expenses incurred related to the representation. The expenses charged to clients include, among other things, postage in excess of $2.50 and express mail charges, special or hand delivery charges, internal photocopying charges, external photocopying charges at the actual cost charged, print charge for documents in excess of 10 pages at $.20 per page, travel expenses, expenses for

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 8

"working meals," and computerized research.  Dykema does not charge for long distance calls other than hosted conference calls at vendor's rate. Dykema does not charge for incoming or outgoing telecopier services. Otherwise, Dykema will charge the Debtor for expenses in a manner and at rates consistent with charges made generally to Dykema's other clients and consistent with this Court's rules and the applicable U.S. Trustee Guidelines.  Dykema has advised the Committee that it will charge all costs and expenses in accordance, and only to the extent consistent, with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee Guidelines.

22.     Dykema did not receive any retainer from the Debtors, the Trustee, the Committee, or any other entity in this Case.  Other than as set forth herein, there is no proposed arrangement to compensate Dykema.  Pursuant to Bankruptcy Rule 2016(b), Dykema has not shared or agreed to share (i) any compensation it has received or may receive with any other party or person, other than with the partners, counsels, associates, and contract attorneys associated with Dykema, or (ii) any compensation another person or party has received or may receive.

23.     The Committee believes the compensation arrangements with Dykema are consistent with and typical of arrangements entered by Dykema and other law firms with respect to rendering similar services for clients such as the Committee.

24.     Dykema's compliance with the requirements of Bankruptcy Code sections 327, 328, 330, and 504 and Bankruptcy Rule 2014 is further set forth in detail in the Hotze Declaration.

### D. DYKEMA'S DISINTERESTEDNESS AND DISCLOSURE CONCERNING CONFLICTS OF INTEREST

25.     Based upon the Hotze Declaration annexed hereto, the Committee is satisfied that (i) Dykema is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and represents no interest adverse to the Committee, the Debtors, their estates, or any other

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 9

party in interest in the matters upon which it is to be engaged, (ii) Dykema has no connection with the U.S. Trustee or any other person employed in the office of the U.S. Trustee, except as otherwise disclosed in the Hotze Declaration, and (iii) Dykema has not been paid any retainer against which to bill fees and expenses. To the best of the Committee's knowledge, Dykema has no connection with creditors or any other party-in-interest except as otherwise noted in the Hotze Declaration.

26. As described in the Hotze Declaration, Dykema analyzed the list of interested persons and entities annexed to the Debtor's retention applications and ran the list of relevant parties in interest included on **Schedule 1** to the Hotze Declaration through its conflicts system consistent with the U.S. Trustee's requirements. Dykema does not represent, or have any other connection with, any of the parties in interest listed on **Schedule 1** to the Hotze Declaration, except as set forth below and in the Hotze Declaration. While employed by the Committee, Dykema will not represent any entity having an adverse interest to the Committee in connection with these Cases.

27. Dykema's conflict search resulted in the disclosures set forth on **Schedule 2** to the Hotze Declaration. The Committee is aware that Dykema currently represents certain interested parties in matters wholly unrelated to Case, as further identified in the Hotze Declaration and listed on **Schedule 2** thereto.

28. Dykema does not and will not represent any such interested parties in any matter related to the Debtors or the Trustee. The Committee and Dykema believe that neither a potential nor an actual conflict of interest exists regarding Dykema's representation of the Committee as a result of the foregoing connections. The foregoing connections, however, are disclosed to provide the Court and other parties in interest an opportunity to make their own independent determination.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 10

If any such potential conflicts arise and if ethical or business considerations advise against Dykema undertaking such representation, then separate counsel will handle those matters.

29.     Except as described above and in the Hotze Declaration, Dykema is not aware of any other connections with the Debtors, the Trustee, creditors, any other parties in interest, their respective attorneys and accountant, the United States Trustee, or any person employed in the Office of the United States Trustee.  Should Dykema identify any other connections in the future, the Committee and Dykema will supplement this Application and the Hotze Declaration as appropriate.

## NOTICE AND NO PRIOR REQUEST

30.     Notice of this Application is being served pursuant to Local Rule 9003-1. The Committee respectfully submits that no further notice of this Application is required.

31.     No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) authorizing the Committee to retain and employ Dykema, effective as of May 13, 2025, and (ii) granting such other and further relief as may be just and proper under the circumstances.

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 11

Dated: June 12, 2025

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIANCE FARM AND RANCH, LLC AND ALLIANCE ENERGY PARTNERS, LLC**

By:  */s/ David Freer*
David Freer
As co-chairman

By: */s/ Brad Vincent*
Brad Vincent
As co-chairman

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 12

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of June 2025, the foregoing *Application* was filed with the Court and served (i) via the Court's CM/ECF system to all of the parties registered to receive such notice and (ii) pursuant to Local Rule 9003-1.


*/s/ William Hotze*
William Hotze

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS COUNSEL, EFFECTIVE AS OF MAY 13, 2025.

PAGE 13