**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DYKEMA GOSSETT, PLLC AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ALLIANCE FARM AND RANCH, LLC AND ALLIANCE ENERGY PARTNERS, LLC, EFFECTIVE AS OF MAY 13, 2025**

This matter is before the Court upon the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Dykema Gossett, PLLC as Counsel, Effective as of May 13, 2025* (the "Application"), filed by the Official Committee of Unsecured Creditors (the "Committee") on June 12, 2025, pursuant to sections 327, 328, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"). In the Application, the Committee seeks authority to retain and employ Dykema Gossett, PLLC ("Dykema") as its attorneys, effective as of May 13, 2025. Upon the representation that, while employed by the Committee, Dykema does not represent any other entity having an adverse interest in connection with these chapter 11 Cases in accordance with section 1103(b) of the Bankruptcy Code, and that Dykema has disclosed any connections with parties set forth in Rule

2014 of the Bankruptcy Rules; and it appearing that relief requested in the Application is in the best interest of the Committee and the Debtor's estate, and the Court having jurisdiction to consider the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b), and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and having reviewed the Application and the accompanying *Declaration of William Hotze in Support of Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of Dykema Gossett, PLLC as Counsel, Effective as of May 13, 2025*, the Court finds and determines that Dykema does not represent any other entity having an adverse interest in connection with this chapter 11 Case in accordance with section 1103(b) of the Bankruptcy Code. Due and proper notice of the Application having been provided, and it appearing that no other or further notice is necessary or required, and the Court having reviewed the Application and having determine that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing thereof, it is **HEREBY ORDER THAT:**

    1.    The Application is **GRANTED**, as set forth herein.

    2.    Pursuant to section 328 and 1103(a) of the Bankruptcy Code, Rules 2014 and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Local Rules, the Committee is authorized to employ and retain Dykema as its counsel in this chapter 11 Case, with such employment being effective April 26, 2023.

    3.    Dykema is authorized to render professional services to the Committee in connection with this chapter 11 Case, as described in the Application.

4.     Dykema shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and any other applicable procedures and orders of this Court.

5.     Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

6.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Signed: _____, 2025

                                                  ALFREDO R. PEREZ
                                                  UNITED STATES BANKRUPTCY JUDGE