IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**TRUSTEE'S EMERGENCY MOTION FOR ORDER
(I) SETTING THE GENERAL CLAIMS BAR DATE FOR FILING PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER OF NOTICE OF BAR DATE AND (III) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE AN EMERGENCY HEARING ON THIS MOTION ON JUNE 25, 2025 AT 12:00 P.M. BY AUDIO AND VIDEO CONNECTION. YOU MAY ACCESS THE FACILITY BY DIAL-IN TELEPHONE NO: 832-917-1510 AND ENTERING THE CONFERENCE CODE 282694. VIDEO PARTICIPATION WILL BE BY GOTOMEETING VIDEO LINK: HTTPS://MEET.GOTO.COM/JUDGEPEREZ.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley ("**Howley**"), in his capacity as the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled bankruptcy proceedings (the "**Chapter 11 Cases**"), hereby files this emergency motion (the "**Motion**") for entry of an order, substantially in the form attached hereto (the "**Proposed Order**"), (a) setting bar dates for filing proofs of claim, and (b) approving form and manner of notice of the bar date, and in support hereof, respectfully states as follows:

## RELIEF REQESTED

1. The Trustee seeks entry of an order, substantially in the form attached hereto (the "Bar Date Order"), granting the following relief:

    a. <u>The General Claims Bar Date</u>.  Establishing July 25, 2025, (prevailing Central Time) (the "**General Claims Bar Date**") as the deadline by which each entity[1] (other than governmental units) must file a written proof of claim, substantially in the form of Official Form 410 (a "**Proof of Claim**"), based on prepetition claims of title 11 of the United States Code (the "**Bankruptcy Code**"), against the Debtors;

    b. <u>Bar Date Notice</u>.  Approving the proposed from and manner of notice of the General Claims Bar Date (the "**Notice of General Claims Bar Date**"); and

    c. Any related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested in this Motion are sections 105(a), 501, 502, and 1111(a) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the

---

[1] All terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "claim," and "governmental unit," shall have the meanings ascribed to such terms in section 101 of the Bankruptcy Code.

"**Bankruptcy Code**"), Rules 2002(a)(7), (f), and (l), 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Rule 3003-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

4.  On January 7, 2025 (the "**AFR Petition Date**"), the Alliance Farm and Ranch, LLC (the "**AFR Debtor**") commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

5.  On April 7, 2025 (the "**AEP Petition Date**"), the Alliance Energy Partners, LLC (the "**AEP Debtor**" and together with the AFR Debtor, the "**Debtors**") commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

6.  On May 7, 2025, the United States Trustee filed its *Notice of Chapter 11 Bankruptcy Case* (the "Notice of Bankruptcy Case") [DE 73]. The Notice of Bankruptcy Case set the meeting of creditors (the "**341 Meeting**") for June 2, 2025, at 2:00 p.m. The 341 Meeting was subsequently rescheduled for June 16, 2025, at 1:00 p.m. The 341 Meeting was commenced and continued until June 25, 2025 at 1:00 p.m.  The Notice of Bankruptcy Case established the deadline for a governmental unit to file a proof of claim as November 3, 2025. The Notice of Bankruptcy Case did not establish a deadline for filing general proofs of claim.

7.  On May 12, 2025, the United States Trustee filed its *Notice of Appoint of Committee of Unsecured Creditors* [DE 77] appointing an official committee of unsecured creditors of the Debtors (the "**Committee**").

3

8.      On May 22, 2025, the Committee filed its Emergency Motion for Appointment of Chapter 11 Trustee (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 20025, the United States Trustee filed its *Emergency Motion to Approve Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115] On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 117].

9.      On May 30, 2025, the Trustee filed his *Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Erik and Darla Ostrander and (II) Granting Related Relief* (the "**Settlement Motion**") [DE 121]. The Settlement Motion sought approval of a settlement resolving the Debtors' litigation claims against Erik and Darla Ostrander and bringing in $1.5 million to the AFR estate. On June 3, 2025, the court entered its order approving the Settlement Motion (the "**Settlement Order**") [DE 128].

## BASIS FOR RELIEF REQUESTED

**A.      The Court is Authorized to Approve the General Claims Bar Date**

10.     The Trustee requests the approval of the proposed General Claims Bar Date. The proposed General Claims Bar Date will provide claimants with adequate notice and opportunity to review their records and the Schedules to determine whether to file a Proof of Claim. Specifically, the Trustee requests that the Court establish July 25, 2025, as the General Claims Bar Date by which all entities (other than governmental entities) must file proofs of claim based on secured, unsecured, priority, and non-priority claims, against the Debtors that arose or are deemed to have arisen prior to the Petition Date by the General Claims Bar Date.

11.     Bankruptcy Rule 3003(c)(3) provides that, in chapter 11 cases, "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3).

4

Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Bankruptcy Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units). While Bankruptcy Local Rule 3003-1 sets forth default bar dates for filing proofs of claim and proofs of interest, it states that the Court may order a different date for filing proofs of claim.

12. Bar dates play an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. They "promote the expeditious and efficient administration of bankruptcy cases[,]" thereby permitting the debtor and parties in interest to determine and evaluate the liabilities of the estate. *In re Sam*, 894 F.2d 778, 781 (5th Cir. 1990). With the General Claims Bar Date, the Trustee will have a clear understanding of the nature and scope of claims against the Debtors, which will allow the Debtors to reduce administrative costs and facilitate its exit from this chapter 11 case. Until the General Claims Bar Date has passed, the Debtors remain subject to the risk that additional unknown claims may be asserted, or that creditors whose claims have been scheduled will assert amounts materially greater than the amounts listed in the Schedules. Based on the foregoing, the Trustee requests approval of the General Claims Bar Date herein.

**B.     Consequences of Failure to File a Proof of Claim**

13. Any entity that is required, but fails, to file a Proof of Claim in accordance with this Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and

5

the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim.

**C.     Form and Manner of Notice of Bar Date**

14.     The Trustee requests the approval of the form and manner of the Notice of General Claims Bar Date.  The Trustee proposes to mail (or cause to be mailed) within three (3) business days of the entry of order approving this Motion or as soon as reasonably practicable thereafter, to all known creditors, membership interest holders in the Debtors, and all counterparties to executory contracts and unexpired leases the Notice of General Claims Bar Date, substantially in the form attached hereto as Exhibit "A", setting forth notice of the General Claims Bar Date.

15.     The proposed service of the Notice of General Claims Bar Date will provide sufficient notice to parties of the General Claims Bar Date.

16.     Accordingly, the Trustee respectfully requests that this Court approve the form and manner of the service of the Notice of General Claims Bar Date in the foregoing manner.

**D.     The Proposed Notice Procedures Are Reasonable and Appropriate**

17.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases.  Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of … the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code."  FED. R. BANKR. P. 2002(a)(1).  Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors.  See FED. R. BANKR. P. 2002(f).

18.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing Proofs of Claim.  The Trustee proposes to send the Notice of General Claims Bar Date via first

class mail to known creditors listed on the creditor matrix by no later than three (3) business days or as soon as reasonably practicable after entry of the General Claims Bar Date Order, providing such creditors sufficient written notice of the General Claims Bar Date.

19. The procedures and notice periods described herein provide clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and consistent with the policies of the Bankruptcy Code, while ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner. The Notice of General Claims Bar Date and the form and manner of providing notice thereof are appropriate, inure to the benefit of all parties in interest, and should be approved.

## BASIS FOR EXPEDITED CONSIDERATION

20. The Debtors have limited estate resources and no ongoing operations. The Trustee anticipates filing a liquidation plan shortly and needs to establish the universe of claims against the Debtors in order to ensure the plan's feasibility and confirmability. Emergency consideration of this Motion is appropriate in order to allow the General Claims Bar Date to be set and for the Trustee to provide adequate notice of the General Claims Bar Date to the Debtors' creditors. Absent emergency consideration, the Debtors will continue to incur additional unnecessary administrative expenses, to the detriment of their estates.

## NOTICE

21. Notice of the Motion will be provided by email, facsimile, or overnight courier to: (a) the U.S. Trustee; (b) the Trustee and its counsel, (c) the holders of the 30 largest unsecured claims against the Debtors; (d) the United States Attorney's Office for the Southern District of Texas; (e) those persons who have formally appeared in these chapter 11 cases and requested service pursuant to Bankruptcy Rule 2002; (f) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules; and (g) any other party entitled to notice

pursuant to Bankruptcy Local Rule 9013-1(d) (the "**Notice Parties**"). The Debtors submit that no other or further notice need be provided.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith: (i) granting the relief requested in this Motion; and (ii) granting the Debtors such other and further relief as the Court may deem just and proper.

Dated: June 18, 2025  Respectfully submitted,

**HOWLEY LAW PLLC**

/s/ Eric Terry
Eric Terry
State Bar No. 00794729
HOWLEY LAW PLLC
TC Energy Center
700 Louisiana Street Suite 4545
Houston, Texas 77002
Phone: 713-333-9125
Email: tom@howley-law.com
Email: eric@howley-law.com

*Proposed Trustee Counsel*

## CERTIFICATE OF SERVICE

I certify that on June 18, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and via first-class mail to all parties on the attached service lists.

/s/ Eric Terry
Eric Terry

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ Eric Terry
Eric Terry