IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |

**ORDER (I) SETTING THE GENERAL CLAIMS BAR DATE FOR FILING PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER OF NOTICE OF BAR DATE AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the Trustee for entry of an order (this "**Order**") (a) establishing a deadline for filing general proofs of claim in these Chapter 11 Cases; and (b) approving the form and manner of notice of the deadline for filing general proofs of claim, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article II of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. Each entity[2] that asserts a claim (whether secured, unsecured, priority, or nonpriority) against either of the Debtors that arose or is deemed to have arisen before the Petition Date, must file an original, written proof of claim (a "**Proof of Claim**"), substantially in the form of Official Form 410. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **a Proof of Claim must be filed so that it is filed on or before July 25, 2025**, (the "**General Claims Bar Date**"), in accordance with the instructions set forth in the Notice of Bar Date Order. The General Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the General Claims Bar Date.

2. The form of the Notice of the General Claims Bar Date as proposed in the Motion, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Notice of the General Claims Bar Date and no further notice be given. The Trustee shall mail a copy of the Notice of General Claims Bar Date to the parties set forth in the Motion within three (3) business days of the entry of this Order or as soon as reasonably practicable. The notice

---

[2] Except as otherwise defined herein and in the Motion, all terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "claim," and "governmental unit," shall have the meanings ascribed to such terms in section 101 of the Bankruptcy Code.

procedures set forth in this paragraph constitute good and sufficient notice of the General Claims Bar Date.

3. Nothing contained in the Motion or this Order shall be deemed or construed as an admission to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

4. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

5. All time periods set forth in this Order shall be deemed to meet the statutory requirements or are hereby altered in accordance with Bankruptcy Rule 9006(a).

6. The Trustee is authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

_____
**ALFREDO R. PEREZ**
**UNITED STATES BANKRUPTCY JUDGE**

EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. 25-30155 | |
| § | | |
| ALLIANCE FARM AND RANCH, LLC, § | (CHAPTER 11) | |
| § | | |
| DEBTOR § | | |
| § | | |
| IN RE: § | CASE NO. 25-31937 | |
| § | | |
| ALLIANCE ENERGY PARTNERS, LLC, § | (CHAPTER 11) | |
| § | | |
| DEBTOR § | | |

**NOTICE OF GENERAL BAR DATE**

To Whom it May Concern:

On January 7, 2025 (the "**AFR Petition Date**"), the Alliance Farm and Ranch, LLC (the "**AFR Debtor**") commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

On April 7, 2025 (the "**AEP Petition Date**"), the Alliance Energy Partners, LLC (the "**AEP Debtor**" and together with the AFR Debtor, the "**Debtors**") commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

On May 7, 2025, the United States Trustee filed its *Notice of Chapter 11 Bankruptcy Case* (the "Notice of Bankruptcy Case") [DE 73]. The Notice of Bankruptcy Case set the meeting of creditors (the "**341 Meeting**") for June 2, 2025, at 2:00 p.m. The 341 Meeting was subsequently rescheduled for June 16, 2025, at 1:00 p.m. The Notice of Bankruptcy Case established the deadline for a governmental unit to file a proof of claim as November 3, 2025. The Notice of Bankruptcy Case did not establish a deadline for filing general proofs of claim.

On May 22, 2025, the Committee filed its Emergency Motion for Appointment of Chapter 11 Trustee (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 20025, the United States Trustee filed its *Emergency Motion to Approve Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115] On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* (the "**Trustee Appointment Order**") [DE 117]. Pursuant to the Trustee Appointment Order, Tom,

1

A. Howley is the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled Chapter 11 Cases.

All documents filed in the case may be inspected at the bankruptcy clerk's office at the addressed listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov.

### General Claims Bar Date

On June __, 2025, the Court entered an order setting the proof of claim bar date for non-government claims on **July 25, 2025**. A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at https://pacer.uscourts.gov, or any bankruptcy clerk's office. Your claim will be allowed in the amount scheduled unless: (i) your claim is designated as disputed, contingent, or unliquidated; (ii) you file a proof of claim in a different amount; or (iii) you receive another notice.

If your claim is not scheduled or your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on the Plan.

You may file a proof of claim even if your claim is scheduled. You may review the schedules at the bankruptcy clerk's office, online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

Dated: June [xx], 2025                 Respectfully submitted,

                                            **HOWLEY LAW PLLC**

                                            /s/ Eric Terry
                                            Eric Terry
                                            State Bar No. 00794729
                                            HOWLEY LAW PLLC
                                            TC Energy Center
                                            700 Louisiana Street Suite 4545
                                            Houston, Texas 77002
                                            Phone: 713-333-9125
                                            Email: tom@howley-law.com
                                            Email: eric@howley-law.com

                                            *Proposed Trustee Counsel*

## **CERTIFICATE OF SERVICE**

      I certify that on June [xx], 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and via first-class mail to all parties on the attached service lists.

                                             */s/ Eric Terry*
                                             Eric Terry