# EXHIBIT 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |

**ORDER (I) SETTING THE GENERAL CLAIMS BAR DATE FOR FILING PROOFS OF CLAIM, (II) APPROVING THE FORM AND MANNER OF NOTICE OF BAR DATE AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[1] of the Trustee for entry of an order (this "**Order**") (a) establishing a deadline for filing general proofs of claim in these Chapter 11 Cases; and (b) approving the form and manner of notice of the deadline for filing general proofs of claim, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article II of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and other parties in interest; and this Court having found that the Debtors' notice of the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. Each entity[2] that asserts a claim (whether secured, unsecured, priority, or nonpriority) against either of the Debtors that arose or is deemed to have arisen before the Petition Date, must file an original, written proof of claim (a "**Proof of Claim**"), substantially in the form of Official Form 410. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, **a Proof of Claim must be filed so that it is filed on or before July 25, 2025**, (the "**General Claims Bar Date**"), in accordance with the instructions set forth in the Notice of Bar Date Order. The General Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the General Claims Bar Date.

2. The form of the Notice of the General Claims Bar Date as proposed in the Motion, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Notice of the General Claims Bar Date and no further notice be given. The Trustee shall mail a copy of the Notice of General Claims Bar Date to the parties set forth in the Motion within three (3) business days of the entry of this Order or as soon as reasonably practicable. The notice

---

[2] Except as otherwise defined herein and in the Motion, all terms used but not defined herein that are specifically defined in the Bankruptcy Code, including "entity," "claim," and "governmental unit," shall have the meanings ascribed to such terms in section 101 of the Bankruptcy Code.

procedures set forth in this paragraph constitute good and sufficient notice of the General Claims Bar Date.

3. Notwithstanding anything herein, the deadline for governmental units to file their proofs of claim is November 3, 2025.

3.4. Nothing contained in the Motion or this Order shall be deemed or construed as an admission to the validity or priority of any claim or lien against the Debtors or any other party or as a waiver of such parties' rights to dispute any claim or lien.

4.5. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall take effect immediately upon its entry.

5.6. All time periods set forth in this Order shall be deemed to meet the statutory requirements or are hereby altered in accordance with Bankruptcy Rule 9006(a).

6.7. The Trustee is authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7.8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

_____
**ALFREDO R. PEREZ**
**UNITED STATES BANKRUPTCY JUDGE**