**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-30155** |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |
| **IN RE:** | § | **CASE NO. 25-31937** |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |

**<u>STIPULATED PROTECTIVE ORDER</u>**

Subject to the approval of the Court, (a) Alliance Farm and Ranch, LLC and its debtor affiliate Alliance Energy Partners, LLC (collectively, the "**Debtors**") as parties to the Main Case (as defined below); (b) the Official Committee of Unsecured Creditors, including its individual members (collectively, the "**Creditors' Committee**"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of <u>Exhibit A</u> hereto (the "**Acknowledgement**"), hereby stipulate and agree as follows:

1.     **DEFINITIONS**

1.1.    "<u>Party</u>": Any party to this Stipulated Protective Order, including successors in interest, officers, directors, investment advisors or managers, and employees.

1.2.    "<u>Discovery Material</u>": All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery (including responses to third-party or non-party subpoenas), in deposition testimony and transcripts, through deposition exhibits, any examination under Federal Rule of Bankruptcy Procedure 2004, for

1

settlement purposes pursuant to Federal Rule of Evidence 408, or other requests for documentation in the Main Case, including informal requests.

1.3. "Confidential Information": All Discovery Material that has not been publicly disclosed and contains proprietary business information, competitively sensitive information, and/or other non-public commercial, financial, research or technical information, including employee personnel files, wage and benefit data, pay stubs, and similar information, and a Party's customers, suppliers, joint venture partners, affiliates, or other parties to whom a party may, in good faith, owe a duty of confidentiality. Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information.

1.4. "Receiving Party": A Party or non-party that receives Discovery Material from a Producing Party.

1.5. "Producing Party": A Party or non-party that produces Discovery Material in connection with the Main Case.

1.6. "Designating Party": A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as Confidential Information or Highly Confidential—Professionals' Eyes Only Information.

1.7. "Highly Confidential—Professionals' Eyes Only Information": All Discovery Material that contains Confidential Information that a Designating Party reasonably and in good faith believes constitutes and/or contains non-public, highly sensitive and/or strictly proprietary information of a Party, including but not limited to trade secrets, pricing, current or future financial data or reports, current or future business and/or pricing plans or strategies, current or future plans for products or services, third-party agreements and their terms, employment agreements and their

terms, customer lists, trading or investment strategies, or other financial information, that would be likely to cause harm to a Party's competitive position if disclosed outside the Main Case.

1.8.   "Outside Counsel": Attorneys who are not employees of a Party but who are retained to represent or advise a Party in the Main Case.

1.9.   "In-House Counsel": Attorneys who are employees of a Party or its affiliates, or of any investment manager, investment advisor, collateral manager, or other manager or advisor of such Party.

1.10.   "Expert": A person with specialized knowledge or experience in a matter pertinent to the Main Case who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Main Case. This definition includes any technical experts, discovery experts, and professional jury or trial consultants retained in connection with the Main Case.

1.11.   "Professional Vendors": Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

1.12.   "Main Case": The above captioned chapter 11 cases that are being jointly administered under *In re Alliance Farm and Ranch, LLC et al.*, Case No. 25-30155 (Bankr. S.D. Tex.) (ARP).

## 2.   SCOPE

All Discovery Material produced or adduced in the Main Case shall be subject to this Order. All Confidential Information and Highly Confidential—Professionals' Eyes Only Information shall be used solely for the purpose of prosecuting, defending, or otherwise seeking adjudication of the Main Case, including, but not limited to, and as applicable, investigations of potential estate claims, motions, contested matters, plan confirmation, discovery, mediation, trial preparation, trial,

and appeal. The protections conferred by this Order extend to any information copied or extracted from Discovery Material, including metadata, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or professionals to or in court or in other settings that might reveal Confidential Information or Highly Confidential—Professionals' Eyes Only Information.

3. **DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY INFORMATION**

3.1.    <u>Manner and Timing of Designation</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

3.2.    <u>Designation of Confidential Information and Highly Confidential—Professionals' Eyes Only Information</u>. Any Discovery Material produced, served, or otherwise disclosed to a Receiving Party by a Producing Party in the Main Case and designated as Confidential Information or Highly Confidential—Professionals' Eyes Only Information shall be treated in a manner that is consistent with the definitions and procedures set forth in this Order.

(A)    *Documents*. Documents containing Confidential Information or Highly Confidential—Professionals' Eyes Only Information, and any copies thereof, shall be designated as such by including a legend of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" at the bottom of each page that contains such information, and for multi-page documents, on the first page of such documents. Said legend shall be made so as not to obscure any of the Confidential Information's or Highly Confidential—Professionals' Eyes Only Information's content. A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

4

designation, all of the material made available for inspection shall be deemed Highly Confidential—Professionals' Eyes Only Information. After the inspecting Party has identified the documents it would like copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" legend at the bottom of each page that contains Confidential Information.

(B)     *ESI*. With respect to any Confidential Information or Highly Confidential—Professionals' Eyes Only Information that is produced as electronically stored information ("**ESI**") and is not susceptible to the imprinting of a stamp signifying its confidential nature, the Designating Party may label the production media "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" and/or alter the file name of the native ESI to include the designation and shall inform all recipients in writing of the designation at the time that Confidential Information or Highly Confidential—Professionals' Eyes Only Information is produced. Otherwise, the ESI shall be marked with the legend as provided in Section 4.2(A) of this Order.

(C)     *Tangible Objects*. Tangible objects may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" by affixing to the object or its container an appropriate label or tag bearing the designation.

(D)     *Depositions*. Portions of a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" by counsel during or at the conclusion of the deposition, or by denominating by page and line those portions of the deposition which are to be considered Confidential Information or Highly

Confidential—Professionals' Eyes Only Information within ten (10) days of receiving the final transcript and exhibits and so informing all Parties of the designation. Until the 10-day period has passed, each deposition transcript shall be treated as Highly Confidential—Professionals' Eyes Only Information. Any portion of a deposition so designated shall not be filed with the Court, except in accordance with Section 4.2(E) of this Order.

      (E)    *Documents Generated During Suit*. All pleadings, memoranda supporting motions, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that quote information from Confidential Information or Highly Confidential—Professionals' Eyes Only Information and Confidential Information and Highly Confidential—Professionals' Eyes Only Information if filed with the Court, shall be redacted from the Court filing (either by redacting the relevant text of the submission or redacting the entirety of any exhibit that has been designated as containing Confidential Information or Highly Confidential – Professionals' Eyes Only Information) or filed under seal pursuant to the Court's rules governing sealed documents, unless the Designating Party consents in writing to such Confidential Information or Highly Confidential—Professionals' Eyes Only Information being filed publicly.

      (F)    *Sealing of Discovery Material Filed with or Submitted to Court.* Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Discovery Material designated as Confidential Information or Highly Confidential—Professionals' Eyes Only Information, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules and procedures of the Court, except that a Party may, at its option, file redacted pleadings containing the Discovery Material so long as such portions of the pleadings concerning

the Discovery Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9037- 1. The Court's approval and entry of this Order shall constitute authority to file Confidential Information or Highly Confidential—Professionals' Eyes Only Information under seal without the necessity of filing a separate motion under Local Rule 9037-1. If the sealing of these materials is challenged by any party, the Producing Party shall bear the burden of defending such sealing. The filing of any materials under seal pursuant to this paragraph shall not be construed as an admission that the materials are entitled to confidentiality under this Order or under applicable law and shall not waive any party's rights to challenge such designation or sealing at a later time.

3.3.    <u>Restrictions on Use of Confidential Information and Highly Confidential—Professionals' Eyes Only Information</u>. Except as agreed to in writing by the Designating Party or its counsel or as otherwise provided herein, Confidential Information and Highly Confidential—Professionals' Eyes Only Information:

(A)    shall be maintained in confidence;

(B)    may be disclosed only to persons entitled to access thereto under the terms of this Order; and

(C)    shall be used by such persons to whom it is disclosed only for the purposes of prosecuting or defending the Main Case, including appeals, and for no other purpose. Nothing herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing to such disclosure of its designated material.

3.4.    <u>Inadvertent Failure to Designate</u>. If material is produced in the Main Case without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" designation, it does not, standing alone, waive, in whole or in part, the Designating Party's right to

secure protection under this Order for such material. Upon discovery of the inadvertent failure to designate, a Designating Party may advise the Receiving Party of the fact that the information should have been designated and may retroactively designate the material by notice in writing by Bates number or such other means that will allow for the identification of such documents. The inadvertent failure of a Party or non-party to designate specific documents or materials as containing Confidential Information or Highly Confidential—Professionals' Eyes Only Information shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials. Once such later designation has been made, any Discovery Material shall be treated in accordance with that later designation and shall be fully subject to this Order from the date of such later designation forward. Should the Parties disagree as to the appropriate designation of material that was inadvertently not designated, the Designating Party's proposed designation shall be maintained until the Parties reach an agreement of the appropriate designation, or until the Court assigns a designation. Each Party or non-party that designates material for protection under this Order agrees to act in good faith in applying the standards set forth herein.

3.5. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Any Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that

Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.      **AUTHORIZED USERS OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY INFORMATION**

4.1.    Basic Principles. A Receiving Party may only use Confidential Information or Highly Confidential—Professionals' Eyes Only Information that is disclosed or produced by another Party or by a non-party in connection with: (i) the Main Case only for prosecuting, defending, appealing, attempting to settle, or otherwise seeking the adjudication of any dispute or contested matter in the Main Case; and (ii) the investigation of potential estate claims being conducted in connection with the Main Case by the Creditors' Committee. Such Confidential Information or Highly Confidential—Professionals' Eyes Only Information may be disclosed only to the categories of persons and under the conditions described in this Order. When the Main Case, as the case may be, has been terminated, a Receiving Party must comply with the provisions of Section 7. Confidential Information and Highly Confidential—Professionals' Eyes Only Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

4.2.    Disclosure of Confidential Information. No person subject to this Order other than the Designating Party shall disclose any material designated as "CONFIDENTIAL" to any person, other than to:

(A)     In-House Counsel for any Party engaged in the Main Case and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of the Main Case.

(B)     Outside Counsel for any Party engaged in Main Case and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of the Main Case.

(C)     The directors, officers, or employees of the Receiving Party or the Receiving Party's subsidiaries or affiliates engaged in assisting the Receiving Party's counsel during the Main Case after a representative of the Receiving Party (i) executes Exhibit A on behalf of such director, officer, or employee, and (ii) covenants to inform the director, officer, and employee of the Receiving Party that they are bound by Exhibit A and the Stipulated Protective Order.

(D)     The members of the Creditors' Committee and their counsel, but with respect to each member's counsel, only after each member's counsel has signed a statement in the form annexed hereto as Exhibit A.

(E)     Financial advisors, accounting advisors, investment bankers and consultants (and their respective staff) that are retained by a Party in connection with the Main Case.

(F)     Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Main Case after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(G)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed

hereto as <u>Exhibit A</u> on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(H)     An author, signatory, or prior recipient of the document or the original source of the information.

(I)     Deponents and trial witnesses, after such deponent has signed a statement in the form annexed hereto as <u>Exhibit A</u> (except that deponents or trial witnesses that are representatives of or affiliated with a Designating Party shall not be required to sign the form annexed as <u>Exhibit A</u> in order to be shown material produced by such Designating Party).

(J)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(K)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as <u>Exhibit A</u>.

4.3.    <u>Disclosure of Highly Confidential—Professionals' Eyes Only Information</u>. No person subject to this Order other than the Designating Party shall disclose any material designated as "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" to any person, other than to:

(A)     In-House Counsel for any Party engaged in the Main Case who is participating in the Main Case, in which the Highly Confidential—Professionals' Eyes Only Information is disclosed or produced. The Receiving Party shall notify the Designating Party of the names of the selected In-House Counsel, within ten (10) business days, that were granted access to such Highly Confidential—Professionals' Eyes Only Information.

(B)     Outside Counsel for any party engaged in the Main Case and the employees and personnel who work with such attorneys to whom it is necessary that the material be shown for purposes of the Main Case, in which the Highly Confidential—Professionals' Eyes Only Information is disclosed or produced.

(C)     Financial advisors, accounting advisors, investment bankers and consultants (and their respective staff) that are retained by a Party in connection with the Main Case, after such advisor, banker, or consultant has signed a statement in the form annexed hereto as Exhibit A.

(D)     Experts, including their staff, consulted by any Party to assist with the prosecution or defense of the Main Case after such Expert has signed a statement in the form annexed hereto as Exhibit A.

(E)     A Party's Professional Vendors and outside service providers and consultants, which includes any e-discovery consultants and trial consultants, provided such persons have signed a statement in the form annexed hereto as Exhibit A. For purposes of this subsection, it is sufficient that a single "project manager" or "team leader" sign the form annexed hereto as Exhibit A on behalf of the entity providing document and ESI processing, hosting, review, or production or trial consultants (and the like) services.

(F)     A person shown on the face of the document to have authored or received it or in the accompanying metadata to have authored or received it.

(G)     The Court, officers of the Court, Court personnel (including court reporters, persons operating video recording equipment at depositions, and any special master or referee appointed by the Court), and the trier of fact.

(H)     Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered, including the completion of the form annexed hereto as Exhibit A.

4.4.    Use of Discovery Material in Open Court. Counsel for any Party seeking to use Discovery Material in the course of any Court proceeding shall provide the Producing Party with notice of the Party's intent to use such Discovery Material at least 24 hours prior to the Court proceeding (or, if not practicable, as soon as is practicable). Upon receiving that notice, counsel for any Party or non-Party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Information or Highly Confidential—Professionals' Eyes Only Information, planned to be used during the Court proceeding, and in the event counsel cannot agree on such procedures, the Parties will jointly contact or raise with the Court to address the confidentiality issues, and the Producing Party will bear the burden of demonstrating why such Discovery Material should remain confidential at such trial or hearing.

## 5.     **CHALLENGING DESIGNATIONS**

5.1.    Dispute Resolution. If any Party reasonably and in good faith believes that any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" should not be considered Confidential Information or Highly Confidential—Professionals' Eyes Only Information or has otherwise been misclassified under this Order, is not properly subject to the confidentiality designation assigned to it, or should not be subject to this Order, that Party must notify the Designating Party in writing and provide a description of the Confidential Information or Highly Confidential—Professionals' Eyes Only Information and a concise statement of the basis for the challenge as to each individual document or other item so identified, which the challenging Party believes should be released from some or all of the constraints of this Order, and serve copies of such notice to all other Parties. Counsel shall confer

in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within five (5) business days from the date of service of the written objection, any Party may move the Court for a determination as to whether the designation is appropriate. The burden of establishing confidentiality and the designated level of confidentiality shall be on the Designating Party. The protection of the Confidential Information or Highly Confidential—Professionals' Eyes Only Information afforded by the Order shall continue as originally designated unless and until the Court issues an order on the motion.

5.2.     No Waiver. Nothing in this Order shall be deemed a waiver of:

(A)     any Party's or non-party's right to object to any discovery requests on any ground;

(B)     any Party's right to seek an order compelling discovery with respect to any discovery request;

(C)     any Party's right to object to the admission of any evidence at any stage in the Main Case; or

(D)     any Party's or non-party's right to use and review its own documents and its own Confidential Information; or

(E)     any Party's or non-party's substantive claims or right to argue that any part of the Main Case or any other case or proceeding is not subject to the jurisdiction of the Bankruptcy Court or is not properly adjudicated by the Bankruptcy Court.

## 6.     **DURATION**

6.1.     Any Confidential Information, Highly Confidential—Professionals' Eyes Only Information, or any information contained in or derived from Confidential Information or Highly

14

Confidential—Professionals' Eyes Only Information shall be subject to the provisions of this Order until the Parties agree otherwise or upon order of this Court.

6.2.    This Order shall continue in effect with respect to any Confidential Information or Highly Confidential—Professionals' Eyes Only Information until expressly released by the Designating Party and, if applicable, such effectiveness shall survive the final determination of the Main Case. Within sixty (60) days of the final determination of the Main Case, including any appeal, in which Confidential Information and Highly Confidential—Professionals' Eyes Only Information was disclosed or produced, all Confidential Information and Highly Confidential—Professionals' Eyes Only Information produced by another Party in connection with the finally determined proceeding shall be either (a) returned to the Disclosing Party; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to the Disclosing Party. For purposes of this Order, the final determination of the Main Case shall occur: (i) when the order confirming the Debtors' plan or plans of reorganization becomes a final order after (a) the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of the Court's order confirming the Debtors' plan or plans of reorganization, or (b) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of the Court's order confirming the Debtors' plan or plans of reorganization, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law; or (ii) when the order dismissing the Main Case becomes a final order after (a) the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of the Court's order dismissing the Main Case, or (b) the expiration of all time limits for the filing of or application for all appeals, rehearings, remands, trials, or reviews of the Court's order dismissing the Main Case,

including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.

6.3.    Section 6.2 shall not apply to documents that were not produced by a Party but were created in the course of the Main Case and contain excerpts or references to Confidential Information or Highly Confidential—Professionals' Eyes Only Information, including legal briefs, letters, deposition transcripts, or pleadings prepared by counsel or Expert reports (i.e., attorney files). Counsel for the Parties may keep copies of all such files, so long as these materials are kept confidential.

**7.    CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL— PROFESSIONALS' EYES ONLY INFORMATION IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in accordance with this Order as Confidential Information or Highly Confidential—Professionals' Eyes Only Information, the Receiving Party must so notify the Designating Party in writing immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expense of seeking protection in that court of its Confidential Information or

Highly Confidential—Professionals' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

**8.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED OR PRIVILEGED MATERIAL**

If a Receiving Party learns, by inadvertence or otherwise, that it has disclosed Confidential Information or Highly Confidential—Professionals' Eyes Only Information to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly notify in writing the Designating Party of the unauthorized disclosure. Within ten (10) business days of that notification, the Designating Party may request that the Receiving Party (a) use its best efforts to retrieve all copies of the Confidential Information, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons execute the form annexed hereto as Exhibit A.

If a Producing Party believes that any Discovery Material subject to any privilege, protection, or other immunity ("**Privileged Material**") has been inadvertently produced, the Producing Party shall promptly notify all parties in writing and state the basis for the claim of privilege, work product protection, or other immunity from production. After receiving notice of the inadvertent production, the Receiving Party must promptly return or destroy the inadvertently produced Privileged Material and any copies it has (provided, however, that if the Receiving Party intends to raise the privilege issue with the court, it may retain and use one sequestered copy of the information solely for this purpose, which must be returned or destroyed in the event the Court upholds the claim of privilege). The Receiving Party may provide the inadvertently-disclosed document to the Court in a sealed filing for the sole purpose of challenging any assertion of privilege, protection, or other immunity, but may not assert as a ground for such motion the fact or

17

circumstances of the inadvertent disclosure (except to show that such circumstances establish that the disclosure was intentional and not inadvertent). If the Receiving Party either returns the material or is ordered to do so, it shall take reasonable steps to retrieve the material from any other person to whom the material was disclosed. The provisions of this Section apply to all information or materials produced in the Main Case whether designated Confidential, Highly Confidential— Professionals' Eyes Only, or not. Further, pursuant to Rule 502(d) of the Federal Rules of Evidence, it is hereby ordered that the inadvertent disclosure of privileged information in connection with the Main Case shall not constitute a waiver in this or any other federal or state proceeding if the producing party or nonparty timely invokes the clawback procedures set forth in this Section.

**9.      USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY INFORMATION AT TRIAL**

The use of any Confidential Information or Highly Confidential—Professionals' Eyes Only Information for the purpose of any hearing or trial that is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise, and Highly Confidential— Professionals' Eyes Only Information will not be used at any hearing or trial that is open to the public absent further agreement or order by the Court.

**10.    APPLICATION OF THE PROTECTIVE ORDER TO THIRD-PARTY SUBPOENAS**

10.1.   A Party that issues a non-party subpoena (the "**Issuing Party**") shall include a copy of this Protective Order with the subpoena and state that the subpoenaed party (the "**Subpoenaed Party**") may produce documents in accordance with the terms of this Protective Order. Nothing in this Protective Order is intended to or may be interpreted to narrow, expand, or otherwise affect the rights of the Parties or third parties to object to a subpoena.

10.2.   Upon receiving notice and a copy of any subpoena to be served from the Issuing Party, as required by Federal Rules of Civil Procedure 45(a)(4), the Subpoenaed Party may, within

18

five (5) business days of such notice, inform the Issuing Party that the documents produced in response to that subpoena may reasonably be expected to contain Confidential Information or Highly Confidential—Professionals' Eyes Only Information under this Protective Order, which shall include a general description of the documents expected to contain information that contains Confidential Information or Highly Confidential—Professionals' Eyes Only Information. In that event or in the event that the Issuing Party informs the Parties that documents received from a Subpoenaed Party may reasonably be expected to contain Confidential Information or Highly Confidential—Professionals' Eyes Only Information at the time it provides the other Parties with copies under Section 11.3, all Parties being so informed shall treat all documents produced in response to the subpoena as containing Highly Confidential—Professionals' Eyes Only Information from the time they receive such documents and until 30 calendar days after the Issuing Party provides copies under Section 11.3. The Subpoenaed Party and the Issuing Party shall have a period of twenty-one (21) calendar days from the time the Issuing Party produces such documents under Section 11.3 during which to designate any part of the third-party production as containing Confidential Information or Highly Confidential—Professionals' Eyes Only Information under this Protective Order. For purposes of this paragraph, if the twenty-first calendar day falls on a weekend or holiday, the applicable deadline shall be the next business day. Any such designation may be challenged as provided in Section 6. Upon request, any Party making designations under this Section 11.2 will provide the other Parties with stamped copies of the documents so designated, consistent with Section 4.2(A). Nothing in this section is intended to or does alter or waive the Parties' rights in Section 9. Notwithstanding the foregoing, if the Issuing Party or any other Party wishes to use a document produced by a Subpoenaed Party in a deposition during the period of twenty-one (21) calendar days described above, the Party that wishes to use the document

and the Subpoenaed Party shall confer in good faith about whether the document should be treated as containing Highly Confidential—Professionals' Eyes Only Information for the purposes of the deposition, and if so, upon what conditions it may be used; and if the party that wishes to use the document in the deposition and the Subpoenaed Party cannot agree upon the appropriate treatment of the document, the party that wishes to use the document may move the Court for a determination as to what designation is appropriate and whether the document can be used in the deposition.

10.3.    Whether or not a Subpoenaed Party informs the Issuing Party as provided in Section 11.2 above, any Issuing Party in the Main Case will promptly provide, within five (5) business days, the other Parties to the contested matter, if applicable with a copy of all materials produced by the Subpoenaed Party in response to the subpoena (including a copy of the Subpoenaed Party's written responses or objections, if any). If the Issuing Party is unable to provide the other Parties with a copy of all materials produced by the third party within five (5) business days, the Issuing Party shall immediately notify the other Parties in writing.

## 11.    **MISCELLANEOUS**

11.1.    <u>Right of Further Relief</u>. Nothing herein shall limit in any way the ability of any Party to file a motion with the Court after meeting and conferring to challenge the opposing Party's efforts to limit the use of discovery or to oppose a Party's designation of Confidential Information or Highly Confidential—Professionals' Eyes Only Information under this Order.

11.2.    <u>Right to Seek Modification</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court.

11.3.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.4.   <u>No Probative Value</u>. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Confidential Information or Highly Confidential—Professionals' Eyes Only Information. The fact that information is marked with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—PROFESSIONALS' EYES ONLY" designation under the Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. The fact that any information with a confidentiality designation is disclosed, used, or produced in any Court proceeding governed by the Order shall not be offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible or confidential.

11.5.   <u>Use of Party's Own Materials</u>. Nothing in this Order shall restrict a Party's ability to use and disclose its own designated material as it chooses. Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or non-parties to disclose such material in violation of this Order.

11.6.   <u>Prior Orders</u>. This Order shall not affect any prior order of the Court.

11.7.   <u>Public Documents</u>. None of the restrictions set forth in this Order shall apply to any document or other information that is in the public domain or became public knowledge by means not in violation of the provisions of this Order. Nothing in this Order shall prevent a Party from using any information that the Party properly possessed prior to receipt of any Confidential Information, Highly Confidential—Professionals' Eyes Only Information, or items from the other Parties that are or were discovered independently by the Receiving Party. The terms for the treatment of Confidential Information, Highly Confidential—Professionals' Eyes Only Information, and items pursuant to the Order shall be effective only upon the entry of this Order.

11.8.   <u>Other Obligations</u>. Nothing in this Order shall affect the obligation of any Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from other pre-existing or subsequent agreements, including other confidentiality or non-disclosure agreements with the Debtors.

11.9.   <u>Reservation of Rights</u>. Nothing in this Order shall restrict a Party's ability or rights, all of which are expressly reserved, to present any claims or defenses in the Main Case including but not limited to motions to transfer or motions to dismiss on grounds of improper venue.

Dated: _____, 2025

_____
Alfredo R. Perez
United States Bankruptcy Judge

**HOWLEY LAW PLLC**

/s/  Eric Terry
Eric Terry
State Bar No. 00794729
HOWLEY LAW PLLC
TC Energy Center
700 Louisiana Street Suite 4545
Houston, Texas 77002
Phone: 713-333-9125
Email: tom@howley-law.com
Email: eric@howley-law.com

*Trustee Counsel*

**DYKEMA GOSSETT PLLC**

By:  /s/  William Hotze
William Hotze
TX State Bar No. 24087754
Nicholas Zugaro
TX State Bar No. 24070905
5 Houston Center
1401 McKinney Street, Suite 1625
Houston, Texas 77010
Telephone: (713) 904-6900
Email: whotze@dykema.com
       nzugaro@dykema.com

*Proposed Counsel for Official Committee of
Unsecured Creditors*