UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

### ORDER AUTHORIZING EMPLOYMENT OF HMP ADVISORY HOLDINGS, LLC DBA HARNEY PARTNERS TO PROVIDE FORENSIC ACCOUNTING SERVICES TO THE CHAPTER 11 TRUSTEE

CAME ON FOR CONSIDERATION the *Chapter 11 Trustee's Application for Order Authorizing Employment of HMP Advisory Holdings, LLC, dba Harney Partners to Provide Forensic Accounting Services* (the "Application")[1] filed by Tom A. Howley, Chapter 11 Trustee ("Trustee"), for the bankruptcy estates (the "Estates") of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC (the "Debtors") in the above-captioned chapter 11 bankruptcy cases (the "Cases"), pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, Local Bankruptcy Rules 2014 and 2016; and the Court, having considered the Application, the White Declaration, the record in the Cases, and the representations of the Trustee; and the Court being satisfied, based on the representations made in the Application and the White Declaration, that Harney Partners ("HP") is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code; and that HP represents no interest adverse to the Estates; and the Court having jurisdiction to consider the

---

[1] Capitalized terms not otherwise defined herein are used as defined in the Application.

**ORDER AUTHORIZING EMPLOMENT OF HARNEY PARTNERS
TO PROVIDE FORENSIC ACCOUNTANTING SERVICES TO THE CHAPTER 11 TRUSTEE**                                    **PAGE 1 OF 3**

Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 & 1409; and due and proper notice of the Application having been provided and it appearing that no other or further notice need be provided; and all objections, if any, to the Application have been withdrawn, resolved or overruled; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interest of the Estate,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED.

2. The Trustee is authorized, but not directed, pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, Local Bankruptcy Rules 2014 and 2016, to employ and retain HP to provide forensic accounting services in the Cases beginning on August 1, 2025, in accordance with HP's hourly rates and policies, all as contemplated and disclosed in the Application.

3. HP is authorized to render professional services to the Trustee related to the Cases. Specifically, but without limitation, HP will render the following services to the Trustee:

   a. Analyze historical cash transactions by and between Alliance Farm Ranch, LLC, Alliance Energy Partners, two non-debtor affiliate entities, and two individual equity holders for a to be specified period of time across also to be identified bank accounts;

   b. Produce a forensic report detailing the historical cash transactions;

   c. Provide testimony, as necessary, to support the reported findings; and,

   d. Other services as may be agreed upon between HP and the Trustee.

4. HP will be compensated pursuant to interim and final fee applications for allowance of its compensation and expenses subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any further order of the Court.

5. HP will provide ten-business-days' notice before presenting any invoices reflecting any periodic increases in the rates set forth in the Application and will file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on any grounds, including the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

6. The Trustee and HP are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7. To the extent the Application or White Declaration is inconsistent with this Order, the terms of this Order will govern.

8. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

                                                              **ALFREDO R. PEREZ**
                                                              **UNITED STATES BANKRUPTCY JUDGE**