UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**DECLARATION OF ERIK WHITE IN SUPPORT OF THE
CHAPTER 11 TRUSTEE'S APPLICATION TO EMPLOY
HMP ADVISORY HOLDINGS, LLC DBA HARNEY PARTNERS
TO PROVIDE FORENSIC ACCOUNTING SERVICES**

I, Erik White ("White"), pursuant to 28 U.S.C. § 1746, hereby declare that the following is true based on my knowledge, information, and belief:

1. I am a Managing Director of the HMP Advisory Holdings, LLC, *dba* Harney Partners ("HP"). HP maintains offices at 8911 N Capital of Texas Hwy Suite 2120, Austin, TX 78759. HP has expertise in forensic accounting and fraud examination. My office phone number is (512) 592-7740 and my email address is ewhite@harneypartners.com.

2. Tom A. Howley is the Chapter 11 Trustee (the "Trustee") of the bankruptcy estates (the "Estates") for the bankruptcy cases (the "Cases") of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC (collectively, the "Debtors"). The Trustee seeks to employ HP to advise him on forensic accounting matters related to these Cases.

3. Pursuant to section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, I make this Declaration in support of the *Trustee's Application to Employ HMP Advisory Holdings, LLC dba Harney Partners to Provide Forensic Accounting*

*Services* (the "Application"). The nature of the services performed for the Trustee is set out in the Application and our engagement agreement.

## I. GENERAL STATEMENT

4. Neither HP nor I represent any interest adverse to the Trustee, the Debtors, or the Estates of the Debtors with regard to the matters for which HP is to be employed as required by 11 U.S.C. § 327(e). Additionally, we are "disinterested persons" pursuant to 11 U.S.C. § 101(14) and hold no actual or potential conflicts. Described below are all presently known connections and relationships between HP and the Trustee, Debtors, the Debtors' creditors, and the other parties-in-interest, their respective attorneys and accountants, the United States Trustee, and any person employed in the office of the United States Trustee. In preparing this declaration, I performed a review of the connections and relationships between HP and listed creditors of the Debtors and other parties-in-interest. HP will continue to review connections with parties in the Cases as the Cases progress. To the extent that I become aware of any additional connections or relationships, I will promptly file a supplemental declaration addressing the same. HP will implement appropriate and necessary internal procedures to protect the interests of the Trustee and the Estates in connection with the representations and relationships described below.

## II. SEARCH METHODS FOR CONFLICTS AND CONNECTIONS

5. HP conducted its standard conflicts check for this matter, which is designed to reveal the potential for conflicts of interest and other connections to existing and former clients of HP and to many third parties never represented by HP.

## III. CONNECTIONS BETWEEN THE HP AND THE DEBTORS

6. I have determined that HP has never represented either of the Debtors.

7. I have also determined that no employee of HP owns interests in or have worked for either of the Debtors or any of their affiliates, nor do any employees or owners of the Debtors hold any interests in HP. HP has no information that would suggest that it is now or ever has been adverse to the Trustee, the Debtors, or the Estates with respect to the matters for which HP will be employed.

## IV. CONNECTIONS BETWEEN THE HP AND THE DEBTORS' CREDITORS

V. HP currently has no connections with or representations of any creditors in these cases.

## HARNEY PARTNERS IS DISINTERESTED

8. HP may provide professional services that do not relate to or have any direct connection with these cases, the Debtors, creditors, vendors, professionals, or parties-in-interest in these cases. At this time, no such connections are known except as set forth herein. If any such connections are discovered or arise, HP will supplement this Declaration.

9. To the best of my belief and knowledge, myself and the principals and employees of HP (i) do not have any agreement with any other entity to share any compensation received and no such agreement will be made; (ii) are not related to any United States Bankruptcy Judge or United States District Court Judge for the Southern District of Texas or to the United States Trustee.

10. While HP is disinterested and does not hold or represent any interest adverse to the Debtors or the Estates, I make the following further disclosures regarding:

    a. The connections I and/or HP have to current counsel of record in this matter as of the date of this Declaration.

        i. Justin Renshaw represented me in my capacity as post-confirmation trustee for Newsco International Energy Services USA Inc in case number 19-

        36767 in the Southern District of Texas, Houston Division. Final Decree in this case was entered on November 8, 2021;

    ii. HP has worked with Okin Adams Bartlett Curry LLP in matters in the past, where both firms were engaged by the same clients; and,

    iii. Generally, HP, myself, and its other professionals have connections to persons, parties, and other entities through the Turnaround Management Association and other bankruptcy/restructuring related professional organizations, including continuing education courses, professional conferences, and/or social media. To this end, we may have connections to the Office of the U.S. Trustee, judges, court staff, and practitioners involved in bankruptcy cases, who may also appear in this case.

11. I do not believe that any of these representations or connections give rise to any actual conflict of interest. HP is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that HP and its employees:

(a) Are not creditors, equity security holders, or insiders of the Debtors;

(b) Are not and were not, within two (2) years before the date of the filing of the Debtors' chapter 11 petition, a director, officer, or employee of the Debtors; and

(c) Do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors with respect to the matter for which HP will be employed.

12. HP has not identified any connections between (i) the Estates, the Debtors, the Debtors' significant creditors, parties-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and (ii) HP.

13. Therefore, HP does not believe that an actual conflict of interest exists with respect to its representation of the Trustee and any of its current or past representations.

14. HP recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest in the Cases as they appear or become recognized during these Cases. Accordingly, we reserve the right to, and shall supplement this disclosure, if necessary, as more information becomes available to us.

## VI. COMPENSATION

15. Compensation will be payable to HP on an hourly basis, plus reimbursement of the actual, necessary expenses incurred. I will be the primary party for HP who will represent the Trustee. My hourly rate is $600. I will be supervising and working with Kyle Schanzer, Manager. Mr. Schanzer's hourly rate is $450.

16. The hourly rates set forth above are HP's agreed-upon hourly rates for this matter. The rates were negotiated by me and the Trustee and agreed to at a level designed to compensate HP but also reflect the facts and circumstances that exist in the Cases and the nature of the creditor body.

## VII. CONCLUSION

17. In view of the foregoing, I believe that HP: (i) does not hold or represent an interest adverse to the Trustee or the Estates, (ii) does not hold or represent an interest adverse to any other party in these Cases, and (iii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. The foregoing constitutes the statement of HP pursuant to section 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, on this 4th day of August 2025.

>   /s/ Erik White
>   Erik White