# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

### TRUSTEE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley ("**Howley**"), in his capacity as the chapter 11 trustee (the "**Trustee**") in the above-numbered and styled bankruptcy proceedings (the "**Chapter 11 Cases**"), hereby files his Response in Opposition ("**Response**") to Plaintiff's Motion for Relief from Automatic Stay ("**Stay Motion**"), Docket No. 170, and in support hereof, respectfully states as follows:

### OPPOSITION AND RELIEF REQESTED

1. The Trustee seeks entry of an order, substantially in the form attached hereto, denying the Stay Motion. The Stay Motion clearly states that it seeks "to lift the automatic stay as it may apply to any claims [Dustin Etter] has asserted in the adversary proceeding ("**Adversary Proceeding**" or "**Adversary**") with Case No. 25-03382" so that Etter can proceed with claims against the Debtors. This requested relief has either been mooted by or is an attempt to circumvent the Order Granting Motion (I) Continuing Rule 16 Conference, (II) Abating All Deadlines

1

Regarding Same and (III) Granting Related Relief (the "**Second Abatement Order**") at Docket No. 32 in the Adversary Proceeding. Accordingly, the Stay Motion should be denied.

## BACKGROUND

### Main Bankruptcy Cases

2. On January 7, 2025 (the "**AFR Petition Date**"), the Alliance Farm and Ranch, LLC (the "**AFR Debtor**") commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

3. On April 7, 2025 (the "**AEP Petition Date**"), the Alliance Energy Partners, LLC (the "**AEP Debtor**" and together with the AFR Debtor, the "**Debtors**") commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

4. On May 7, 2025, the United States Trustee filed its *Notice of Chapter 11 Bankruptcy Case* (the "Notice of Bankruptcy Case") [DE 73]. The Notice of Bankruptcy Case set the meeting of creditors (the "**341 Meeting**") for June 2, 2025, at 2:00 p.m. The 341 Meeting was subsequently rescheduled for June 16, 2025, at 1:00 p.m. The 341 Meeting was commenced and continued until June 25, 2025 at 1:00 p.m. The Notice of Bankruptcy Case established the deadline for a governmental unit to file a proof of claim as November 3, 2025. The Notice of Bankruptcy Case did not establish a deadline for filing general proofs of claim.

5. On May 12, 2025, the United States Trustee filed its *Notice of Appoint of Committee of Unsecured Creditors* [DE 77] appointing an official committee of unsecured creditors of the Debtors (the "**Committee**").

6. On May 22, 2025, the Committee filed its Emergency Motion for Appointment of Chapter 11 Trustee (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 20025, the United States Trustee filed its *Emergency Motion to Approve Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115] On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 117].

7. On May 30, 2025, the Trustee filed his *Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Erik and Darla Ostrander and (II) Granting Related Relief* (the "**Settlement Motion**") [DE 121]. The Settlement Motion sought approval of a settlement resolving the Debtors' litigation claims against Erik and Darla Ostrander and bringing in $1.5 million to the AFR estate. On June 3, 2025, the court entered its order approving the Settlement Motion (the "**Settlement Order**") [DE 128]. The settlement has been consummated and the $1.5 million has been deposited in the Trustee's fiduciary account.

**Adversary 25-03382**

8. On July 29, 2024, Dustin Etter ("**Plaintiff**" or "**Etter**") filed its Original Petition in the 457th District Court of Montgomery County, Texas ("**State Court Lawsuit**"). Plaintiff's current live pleading is Plaintiff's Eighth Amended Petition.

9. On May 20, 2025, Plaintiff filed its Notice of Removal regarding the State Court Lawsuit initiating the Adversary.

10. On June 2, 2025, this Court entered its Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, Establishing Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of Civil Procedure as made Applicable by the Federal Rules of Bankruptcy Procedure ("**Rule 16 Conference Order**"). Pursuant to the Rule 16 Conference

3

Order, the Court set a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7016 for July 23, 2025 at 11:00 a.m. Central Time ("**Rule 16 Conference**").

11. On June 13, 2025, Plaintiff filed its Emergency Motion for Limited Expedited Discovery ("**Limited Discovery Motion**").

12. On June 16, 2025, Jerod Furr ("**Defendant**" or "**Furr**") filed its Objection to the Limited Discovery Motion.

13. This Court set the Limited Discovery Motion for hearing on July 7, 2025 at 4:00 p.m. Central Time.

14. On June 23, 2025, the Trustee filed its Motion for Order (I) Continuing Rule 16 Conference, (II) Abating all Deadlines Regarding Same and (III) Granting Related Relief ("**First Abatement Motion**").

15. On July 7, 2025, the Court held a hearing and, on July 8, 2025, entered the Order Granting First Abatement Motion (the "**First Abatement Order**").

16. The First Abatement Order ordered, among other things, that (i) a status conference be held on July 22, 2025; (ii) the Rule 16 Conference be continued until August 11, 2025; and (iii) all deadlines related to this Adversary including discovery deadlines be abated until August 11, 2025.

17. At the status hearing on July 22, 2025, the parties announced that they had entered into an Agreed Injunction, which the Court entered on July 22, 2025.

18. ***On July 30, 2025, in the Main Case, Etter filed the Stay Motion.***

*19.*     On August 5, 2025, the Trustee filed his Further Emergency Motion for Order (I) Continuing Rule 16 Conference, (II) Abating All Deadlines Regarding Same and (III) Granting Related Relief ("**Second Abatement Motion**").

*20.*     On August 11, 2025, the Court entered the Second Abatement Order.

## BASIS FOR OPPOSITION

21.     The Trustee seeks entry of an order, substantially in the form attached hereto, denying the Stay Motion. The Stay Motion clearly states that it seeks "to lift the automatic stay as it may apply to any claims [Etter] has asserted in the adversary proceeding with Case No. 25-03382" so that it can proceed with claims against the Debtors. This relief requested has either been mooted by or is an attempt to circumvent the Second Abatement Order.

22.     The Trustee incorporates by reference herein the Second Abatement Motion, which includes the Trustee's reasons for requesting the Second Abatement Order. The Second Abatement Motion addresses the reasons to deny the Stay Motion.

23.     Further, the Second Abatement Order moots the requested relief in the Stay Motion.

24.     Moreover, Etter has not articulated any "cause" for lifting the stay that was not addressed by the Second Abatement Motion and Second Abatement Order. At the appropriate time, the Court will lift the Second Abatement Order, which will include stay relief, to the extent necessary, for Etter to prosecute his claims and defend himself against any claim in the Adversary.

## PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted herewith: (i) denying the relief requested in the Motion; and (ii) granting the Trustee such other and further relief as the Court may deem just and proper.

5

Dated: August 14, 2025  Respectfully submitted,

**HOWLEY LAW PLLC**

/s/ Eric Terry
Eric Terry - State Bar No. 00794729
HOWLEY LAW PLLC
700 Louisiana Street Suite 4545
Houston, Texas 77002
Phone: 713-333-9125
Email: eric@howley-law.com

*Trustee Counsel*

## CERTIFICATE OF SERVICE

I certify that on August 14, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

 */s/ Eric Terry*
Eric Terry

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 25-30155 |
| ALLIANCE FARM AND RANCH, LLC, | § § | (CHAPTER 11) |
| DEBTOR | § § § | |
| IN RE: | § § | CASE NO. 25-31937 |
| ALLIANCE ENERGY PARTNERS, LLC, | § § | (CHAPTER 11) |
| DEBTOR | § § § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

Upon the motion (the "**Motion**") of Dustin Etter for Relief from the Automatic Stay at Docket No. 170 and the Trustee's Response in Opposition[1] to the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article II of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion should be denied, it is hereby **ORDERED** that:

1. The Motion is DENIED.

2. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025
Houston, Texas

_____
**ALFREDO R. PEREZ**
**UNITED STATES BANKRUPTCY JUDGE**

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Response.