IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**PLAN PROPONENTS EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN; (III) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH; AND (IV) APPROVING THE SCHEDULING OF CERTAIN DATES IN CONNECTION WITH CONFIRMATION OF THE PLAN**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE AN EMERGENCY HEARING ON THIS MOTION ON OCTOBER 15, 2025 AT 2:30 P.M. IN COURTROOM 400, 4TH FLOOR, UNITED STATES**

**BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE ALFREDO R PEREZ, UNITED STATES BANKRUPTCY JUDGE:

Tom A. Howley, in his capacity as Chapter 11 Trustee (the "**Trustee**") of Alliance Farm and Ranch, LLC ("**AFR**") and Alliance Energy Partners, LLC ( "**AEP**," and together with AFR, the "**Debtors**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Case**") and the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**" and together with the Trustee, the "**Plan Proponents**") jointly files this *Emergency Motion for Entry of an Order (i) Conditionally Approving the Adequacy of the Disclosure Statement; (ii) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (iii) Approving the Form of Various Ballots and Notice in Connection Therewith; and (iv) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan* (the "**Motion**"), and in support thereof respectfully represents as follows:

## RELIEF REQUESTED

1.  The bases for the relief requested herein are sections 105(a), 502, 1123(a), 1124, 1125. 1126. and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 3003. 3016. 3017. 3018, 3019, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2002-1, 3016-1, and 3016-2 of the Bankruptcy Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

2.  The Plan Proponents seek to proceed as efficiently as possible to obtain (i) conditional approval of the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter*

*11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 187][1] (as may be modified, amended, or supplemented from time to time and including all exhibits and supplements, the "**Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**", as applicable) and (ii) confirmation of the Plan. A copy of the Combined Plan and Disclosure Statement is attached hereto as **Exhibit A**. The Plan Proponents jointly propose the Combined Plan and Disclosure Statement. In preparing the Combined Plan and Disclosure Statement, the Trustee and Committee worked extensively together to negotiate a consensual plan that provides potentially significant returns for general unsecured creditors and payment of administrative expenses in an effort to maximize recoveries for unsecured creditors (as beneficiaries of the proposed liquidating trust).

3.     Accordingly, the Plan Proponents request conditional approval of the Disclosure Statement to solicit votes on the Plan and a combined hearing (the "**Combined Hearing**") to consider the adequacy of the Disclosure Statement on a final basis and confirmation of the Plan. The Combined Hearing is necessary to expedite the confirmation process and, in so doing, minimize the potentially-significant administrative fees and costs associated with the maintenance of the Chapter 11 Case and noticing the large body of interested parties multiple times.

4.     A proposed form of order (the "**Proposed Order**") granting the relief requested herein is attached hereto as **Exhibit B**. The Proposed Order:

   a) Conditionally approves the Disclosure Statement;

   b) Approves the notice of the Combined Hearing (the "**Notice of Combined Hearing**") substantially in the form attached as **<u>Exhibit 1</u>** to the Proposed Order;

---

[1] Unless otherwise defined herein, all defined terms shall have the meanings ascribed to them in the Combined Plan and Disclosure Statement.

  c) Approves the solicitation and notice procedures (the "**Solicitation Procedures**") substantially in the form attached as **Exhibit 2** to the Proposed Order;

  d) Finds that the solicitation materials included in the solicitation packages (the "**Solicitation Packages**") that will be sent to Holders of Claims and Equity Interests entitled to vote to accept or reject the Plan are in compliance with Bankruptcy Rules 3017(d) and 2002(b);

  e) Approves the forms of the ballots (the "**Ballots**") to be distributed in the Solicitation Packages, substantially in the forms attached as **Exhibit 3** to the Proposed Order;

  f) Approves other notices to be distributed to certain interested parties, including:

    i) The "**Deemed to Accept Notice**," substantially in the form attached as **Exhibit 4** to the Proposed Order;

    ii) The "**Deemed to Reject Notice**," substantially in the form attached as **Exhibit 5** to the Proposed Order; and

    iii) Notice to Holders of Claims that are subject to a pending objection (the "**Disputed Claims Notice**" ), substantially in the form attached as **Exhibit 6** to the Proposed Order; and

5. Establishes certain dates and deadlines with respect to Confirmation, as proposed and requested below (the "**Plan Confirmation Schedule**"):

| Event | Date |
| --- | --- |
| Voting Record Date | October 20, 2025 |
| Solicitation Deadline | October 29, 2025, at 11:59 p.m. CT |
| Plan Supplement Date | November 10, 2025, at 11:59 p.m. CT (Seven (7) days[2] prior to the Plan and Disclosure Statement Objection Deadline) |
| Voting Deadline | November 19, 2025, at 11:59 pm. CT (Approximately twenty-one (21) days after the Solicitation Deadline) |
| Plan and Disclosure Statement Objection Deadline | November 17, 2025, at 4:00 p.m. CT (Seven (7) days prior to the Combined Hearing) |
| Deadline to File Voting Report | November 20, 2025, at 4:00 p.m. CT (One (1) Business Day after the Voting Deadline) |

---

[2] All references to "days" shall mean calendar days and shall be calculated pursuant to Bankruptcy Rule 9006.

| | |
|---|---|
| Combined Hearing on Disclosure Statement and Plan | November 24, 2025, at 2:00 p.m. CT (Five (5) days after the Voting Deadline) |

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## SUMMARY OF THE PLAN[3]

7.     The Plan contemplates a liquidation of Debtors and the assets of their respective Estates. The primary objectives of the Plan are to maximize the value of recoveries to all Holders of Allowed Claims and to distribute all property of the Estate that is or becomes available for distribution generally in accordance with the priorities established by the Bankruptcy Code. The Plan Proponents believe that the Plan accomplishes these objectives and is in the best interest of the Estates and their creditors and therefore seeks conditional approval of the Disclosure Statement and confirmation of the Plan.

8.     Pursuant to prior orders of the Bankruptcy Court, the Debtors liquidated its most significant asset pursuant to the Settlement. The Plan contemplates the creation of a liquidating trust to liquidate and administer substantially all remaining assets of Debtors, including Claims and Causes of Action, not sold, transferred, or otherwise waived or released before the Effective Date. In order to effectuate the Plan, the Plan Proponents intend to transfer the proceeds of the Settlement to the Liquidating Trust to support collection the Debtors' remaining assets, object to claims (as necessary), and administer the Liquidating Trust.

---

[3] The following summary is intended only to provide an overview of the Combined Plan and Disclosure Statement. Any party in interest considering the Plan should carefully read the Plan in its entirety. This summary is qualified in its entirety by the Plan. In the even of an inconsistency between this summary and the Plan, the Plan shall control.

9.  Except for the unclassified Claims discussed in Article V of the Plan, all Claims against Debtors and the Estates are classified and treated pursuant to the terms of the Plan. As noted more fully in the Plan and Disclosure Statement (and as described in the chart below), the Plan contains five (5) Classes of Claims and Equity Interests. There is one (1) Class of priority non-tax Claims [Class 1], one (1) Class of secured Claims [Class 2], one (1) Class of general unsecured Claims [Class 3], one (1) Class of Insider Unsecured Claims [Class 4], and one (1) Class of Equity Interests [Class 5]:

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | No (deemed to accept) |
| Class 2 | Other Secured Claims | Unimpaired | No (deemed to accept) |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | Insider Unsecured Claims | Impaired | No (deemed to reject) |
| Class 4 | Equity Interests | Impaired | No (deemed to reject) |

10.  Holders of Claims in Class 3 (General Unsecured Claims) (collectively, the "**Voting Class**") are entitled to vote on the Plan and will receive Solicitation Packages.

11.  Holders of Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) (collectively, the "**Deemed to Accept Classes**") are deemed to accept the Plan and not entitled to vote. The Deemed to Accept Classes will receive the Deemed to Accept Notice.

12.  Holders of Equity Interests in Class 4 (Insider Unsecured Claims) and Class 5 (Equity Interests) (the "**Deemed to Reject Class**") are deemed to reject the Plan and not entitled to vote. The Deemed to Reject Class will receive the Deemed to Reject Notice.

**BASIS FOR RELIEF**

*Conditional Approval of Disclosure Statement*

13. Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide holders of impaired claims and interests entitled to vote on the plan "adequate information" regarding that plan. "Adequate information" means information that is "reasonably practicable" to permit "informed judgment" by impaired creditors and interest holders entitled to vote on the plan. *See* 11 U.S.C. § 1125(a)(1). A disclosure statement must provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a plan. *In re Divine Ripe, L.L.C.*, 554 B.R. 395, 401-02 (Bankr. S.D. Tex. 2016) (citing *In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984)).

14. The Disclosure Statement provides "adequate information" to allow Holders of Claims in the Voting Class to make informed decisions about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains an adequate description of the Debtors' business operations, assets and liabilities, and circumstances leading to the Chapter 11 Case. In addition, the Disclosure Statement includes a thorough description of: (a) the Plan (Article I); (b) the statutory requirements for Confirmation of the Plan (Section IV.B); and (c) the recommendations of the Debtors regarding the Plan (Article XVIII). Additionally, the Disclosure Statement contains information allowing interested parties to make an informed decision about whether to vote to accept or reject the Plan, including, among other things:

 a) The events leading to the filing of the Chapter 11 Case (Section III.D);

 b) The classification and treatment of Claims and Equity Interests under the Plan (Articles VI and VII);

 c) The Plan and a summary of the Plan (Article I);

      d) The means to implement the Plan (Article X);

      e) The estimated return to creditors under a hypothetical chapter 7 liquidation (Article XVII);

      f) Risk factors and alternatives related to the Plan (Article XVII); and Tax consequences arising from the implementation of the Plan (Section, XVII.D).

15. Accordingly, the Plan Proponents submit that the Disclosure Statement contains sufficient information for a reasonable investor to make an informed judgment about the Plan and complies with section 1125 of the Bankruptcy Code. *See Divine Ripe, L.L.C.*, 554 B.R. at 401–02. The Plan Proponents request that the Court conditionally approve the Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code, for solicitation purposes only.

16. The Plan Proponents also request that the Court determine (on a final basis) at the Combined Hearing that the Disclosure Statement provides "adequate information" within the meaning of section 1125 of the Bankruptcy Code. As part of the brief in support of Confirmation of the Plan, the Plan Proponents will provide further support for the Court to determine, on a final basis, the adequacy of the Disclosure Statement and that the Plan Proponents have met the disclosure requirements of section 1125 of the Bankruptcy Code.

### *Confirmation Dates and Deadlines in the Plan Confirmation Schedule*

17. Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c) ("[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation.").

18. Section 105(d)(2)(B)(vi) of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the court deems a combined

hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) (holding that section 105(d) of the Bankruptcy Code authorizes the court to hold combined hearings for disclosure statements and plans).

19. The Plan Proponents request that the Court schedule the Combined Hearing for a date that is approximately five (5) days after the Voting Deadline (as defined below), which would be on or about November 24, 2025. The Plan Proponents propose that the Combined Hearing may be continued with permission of the Court, without further notice, other than by such continuance being announced in open court, entry on the Chapter 11 Case docket, or by a notice of reset being filed with the Court and served on the parties entitled to notice.

20. The Plan Proponents' proposed form of Combined Hearing Notice is attached as **Exhibit 1** to the Proposed Order. Among other things, the Combined Hearing Notice sets forth a summary of the time and place of the Combined Hearing, the procedures associated with objections to the adequacy of the Disclosure Statement, a designation of the Classes entitled to vote, the procedures for voting creditors to vote to accept or reject the Plan, and options for obtaining and reviewing electronic or paper copies of the Plan, the Disclosure Statement, and any other documents contained in the Solicitation Packages for interested parties who have not received full Solicitation Packages.

21. The proposed Combined Hearing Notice also informs Holders of Claims and Equity Interests of the procedures for objecting to Confirmation of the Plan and/or requesting modifications to the Plan. The Combined Hearing Notice requires that objections: (a) be in writing; (b) conform to the applicable rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest; (d) state with particularity the basis and nature

of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed by the Plan Objection Deadline (as defined below).

22. The Plan Proponents will provide service of the Combined Hearing Notice to all parties required to be notified.

23. With respect to addresses from which the Combined Hearing Notice, Solicitation Package, and/or any other notices for which the Plan Proponents seek approval in this Motion are returned as undeliverable, the Plan Proponents request that they be excused from redistributing such notices or Solicitation Packages to those entities listed at such addresses. The Plan Proponents also request that the Court determine that failure to distribute documents to such entities does not constitute inadequate notice of the Combined Hearing Notice, the Solicitation Package, or the Voting Deadline (as defined below), and/or a violation of the Bankruptcy Rules. Further, if a Holder of a Claim or Equity Interest has changed its mailing address after the Petition Date, the burden should be on the Holder of the Claim or Equity Interest—not the Plan Proponents—to advise the Plan Proponents of the new address. *See In re Marshall*, 219 B.R. 687 (Bankr. M.D. N.C. 1997) (notice sent to last known address is reasonable where sender knew recipient had moved but recipient had not provided new address to sender). The Plan Proponents are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including the Ballots).

*Plan Confirmation Schedule*

24. Bankruptcy Rule 3017(d) provides that, upon approval of a disclosure statement, except to the extent that the Court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders, a debtor shall mail to all creditors and equity security holders, and the United States Trustee, a copy of the plan, the disclosure statement, notice of the

voting deadline, and such other information as the court may direct. For purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the Court, for cause, after notice and a hearing." *Id.*

25. The Plan Proponents request that the Court establish the voting record date as October 20, 2025 (the "**Voting Record Date**") for determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim. Cause exists under Bankruptcy Rule 3018(a) to establish the Voting Record Date.

26. Bankruptcy Rule 3017(c) provides, in relevant part, that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ." Fed. R. Bankr. P. 3017(c). The Plan Proponents request that the Court establish the deadline for voting on the Plan (the "**Voting Deadline**") as the date that is twenty-one (21) days after the Solicitation Deadline. The Plan Proponents anticipate completion of solicitation on or before October 29, 2025. The Plan Proponents propose that for votes to be counted, all Ballots must be properly executed, completed, and delivered in the manner described in the Solicitation Procedures so that they are received no later than the Voting Deadline by the Plan Proponents. The Combined Hearing Notice will prominently state the Voting Deadline.

27. Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the Court." Fed. R. Bankr. P. 3020(b)(1). The Plan Proponents request that the Court establish the deadline by which objections to the Plan and Disclosure Statement, if any, must be filed and served in accordance with the Combined Hearing

Notice and applicable rules (the "**Plan Objection Deadline**"), as the date that is seven (7) days before the Combined Hearing, or November 17, 2025. The proposed Plan Objection Deadline will afford the Court and all parties-in-interest reasonable time to consider the objections and proposed modifications prior to the Combined Hearing.

*Solicitation Procedures and Solicitation Packages*

28. The Plan Proponents seek approval of the Solicitation Procedures described herein and set forth in **Exhibit 2** to the Proposed Order to efficiently solicit votes in connection with the Plan in a manner consistent with the Bankruptcy Code and the Bankruptcy Rules. The Solicitation Procedures are tailored to allow the Plan Proponents to solicit votes to accept or reject the Plan effectively. Further, the Solicitation Procedures provide all holders of Claims and Equity Interests with adequate notice of the solicitation process and the relevant dates set forth in the Plan Confirmation Schedule.

29. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests, as applicable, for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan. *See* Fed. R. Bankr. P. 3017(d) (providing that, after approval of a disclosure statement, a debtor must transmit the plan or a court-approved summary of the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the Court may direct to certain holders of claims). In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Bankruptcy Rule 2002(b) and a form of Ballot conforming to the appropriate Official Form No. 314 (the "**Official Form**") shall be mailed to creditors and equity security holders entitled to vote on the Plan.

30. Subject to the Court's approval of the relief requested in the Motion, the Plan Proponents will cause the Solicitation Packages to be distributed on or before the Solicitation Deadline. Specifically, the Solicitation Packages shall contain copies of:

   a) The Disclosure Statement, as conditionally approved by the Court (with all exhibits thereto, including the Plan);

   b) The Proposed Order (without exhibits);

   c) The Solicitation Procedures;

   d) The Combined Hearing Notice:

   e) The applicable form of Ballot for the Voting Class:

   f) A pre-addressed reply envelope; and

   g) Any supplemental documents that the Plan Proponents may file with the Court or that the Court orders to be made available.

31. The distribution of the Solicitation Packages by the Solicitation Deadline will provide all Holders of Claims entitled to vote on the Plan with the requisite materials and sufficient time to make an informed decision with respect to the Plan.

32. The Plan Proponents request that they be authorized to distribute the Plan, the Disclosure Statement, the Solicitation Procedures and the Proposed Order (without exhibits) to Holders of Claims entitled to vote on the Plan in electronic format where possible (i.e., via CD-Rom or flash drive). Only the Ballots and the Combined Hearing Notice will be provided in paper format. Distribution in this manner will translate into significant monetary savings for the Debtors' estate by reducing printing and postage costs (the Plan, the Disclosure Statement, the Solicitation Procedures and the Proposed Order total over a hundred pages, collectively). Further, all documents will be available in print on request to the Plan Proponents.

*Balloting Process and Ballots*

33. The Plan Proponents, will: (a) distribute the Solicitation Packages and solicit votes on the Plan; (b) receive, tabulate and report on Ballots; and (c) respond to inquiries relating to the solicitation and voting process, including all matters related thereto. Further, the Plan Proponents intend to prepare and file with the Court a voting report (the "**Voting Report**") on or before November 20, 2025.

34. The Plan Proponents propose to solicit votes from Holders of Claims in the Voting Class. All votes to accept or reject the Plan must be cast on the appropriate Ballot. In accordance with Bankruptcy Rule 3018(c), the Plan Proponents have prepared and customized (as applicable) Ballots for Holders of Claims in the Voting Class, substantially in the form attached to the Proposed Order as **Exhibits 3(a)-(b)** to tabulate acceptances and rejections of the Plan.

35. The forms of the Ballots are based on the Official Form and have been modified to: (a) address the circumstances of the Chapter 11 Case; and (b) include certain additional information that the Plan Proponents believe to be relevant and appropriate for the Class of Claims entitled to vote on the Plan. *See* Fed. R. Bankr. P. 3017(d) (a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the Plan). The forms of the Ballots comply with Bankruptcy Rule 3018(c), and the Plan Proponents request authority to distribute the Ballots to Holders of Claims entitled to vote on the Plan.

36. The Disclosure Statement and the Ballots each describe the entities subject to or providing a release under the Plan and the causes of action so released in conspicuous, bold typeface. The Disclosure Statement, Combined Hearing Notice and Ballots each conspicuously states which parties will be subject to the releases and that any of those parties that vote to accept

the Plan and do not opt out of the releases will be bound by the Plan's release provisions. Accordingly, the Plan Proponents respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined, released, or exculpated by the Plan.

### *Notices to Classes Deemed to Accept or Reject the Plan*

37. In light of the non-voting status attributed to the Deemed to Accept Classes and the Deemed to Reject Class, the Plan Proponents intend to provide those parties with the Deemed to Accept Notice and the Deemed to Reject Notice, respectively, substantially in the forms attached to the Proposed Order as **Exhibits 4-5**.

38. These notices will be provided in lieu of the Solicitation Package and in addition to the Combined Hearing Notice. The Deemed to Accept Notice will explain to such Holders their non-voting status and also provide instructions regarding how to obtain certain materials with respect to the Solicitation Package (excluding Ballots). The Deemed to Accept Notice complies with the Bankruptcy Code and should be approved. The Deemed to Reject Notice will explain to such Holders their non-voting status and also provide instructions regarding how to obtain certain materials with respect to the Solicitation Package (excluding Ballots) from Debtor. The Deemed to Reject Notice complies with the Bankruptcy Code and should be approved.

### *Voting and General Tabulation Procedures*

39. The Plan Proponents request that the Court approve the voting and tabulation procedures described in the Solicitation Procedures, which conform to section 1126(c) of the Bankruptcy Code and Bankruptcy Rule 3018(a) (the "**Voting and Tabulation Procedures**"). Section 1126(c) of the Bankruptcy Code provides: "A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this

section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan." 11 U.S.C. § 1126(c).

40. In tabulating votes, the Plan Proponents propose that the section entitled "Establishing Claim Amounts" of the Solicitation Procedures shall be used to determine the amount of the Claim associated with each Holder's vote. The amount of the Claim established pursuant to that section of the Solicitation Procedures shall control for voting purposes only and shall not constitute the Allowed amount of any Claim for purposes of distribution under the Plan or the amount of any Claim for any other purpose. The Plan Proponents also propose to use the voting procedures and standard assumptions in tabulating the Ballots set forth in the section entitled "Voting and General Tabulation Procedures" of the Solicitation Procedures. The Voting and General Tabulation Procedures comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules and should be approved.

### *Non-Substantive or Immaterial Modifications*

41. The Plan Proponents reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan, Ballots, Combined Hearing Notice, and related documents without further order of the Court, including changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

### *Notice*

42. Pursuant to the Bankruptcy Local Rules, the Plan Proponents have requested consideration of this Motion on an emergency basis. The hearing will take place at 2:30 p.m. on November 15, 2025, as described in the notice box on the first page of the Motion. The Plan

Proponents respectfully submit that consideration of this Motion is essential to permit the Plan Proponents to seek confirmation of the Plan efficiently and expeditiously, and in so doing, minimize associated administrative expenses. Notice of this Motion will be provided to those parties on the Debtors' creditor matrix and those who have registered to receive notices on the Court's BK/ECF system.

43. The method of service for each party will be described more fully in the certificate of service prepared by the Plan Proponents. The Plan Proponents respectfully submit that, under the circumstances, such notice is sufficient and that no other or further notice of this Motion is required.

**WHEREFORE**, the Plan Proponents respectfully request that the Court enter the Proposed Order and granting any further or additional relief deemed warranted by the Court.

Dated: October 8, 2025 Respectfully submitted,

*/s/ Eric Terry*
Eric Terry - Texas Bar No. 00794729
**HOWLEY LAW PLLC**
700 Louisiana St., Suite 4220
Houston, Texas 77002
Telephone: 713-333-9125
Email: eric@howley-law.com

*Counsel for Tom A. Howley - Trustee*

*-And-*

**DYKEMA GOSSETT PLLC**

By: /s/ *William Hotze*
William Hotze
TX State Bar No. 24087754
Nicholas Zugaro
TX State Bar No. 24070905
5 Houston Center
1401 McKinney Street, Suite 1625
Houston, Texas 77010
Telephone: (713) 904-6900
Email: whotze@dykema.com
         nzugaro@dykema.com

*Counsel for Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

   This is to certify that on October 8, 2025, a true and correct copy of the foregoing Notice of Appearance was served via the Court's CM/ECF notification system.

                   */s/William Hotze*
                   William Hotze

**CERTIFICATE OF ACCURACY**

   I hereby certify that the facts and circumstances described in this pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information and belief.

                   */s/ William Hotze*
                   William Hotze