IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Bankruptcy No. 25-30155 |
| ALLIANCE FARM & RANCH, LLC | § | Chapter 11 |
| and ALLIANCE ENERGY | § | (Jointly Administered) |
| PARTNERS, LLC. | § | |
| | § | |
| *Debtors.* | § | |

# EROD FURR'S OBJECTION TO
# PLAN PROPONENTS EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN; (III) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH; AND (IV) APPROVING THE SCHEDULING OF CERTAIN DATES IN CONNECTION WITH CONFIRMATION OF THE PLAN

**(Responds to ECF Document 188)**

**TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES BANKRUPTCY JUDGE:**

Jerod Furr hereby files this Objection to *Emergency Motion for Entry of an Order (i) Conditionally Approving the Adequacy of the Disclosure Statement; (ii) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Plan; (iii) Approving the Form of Various Ballots and Notice in Connection Therewith; and (iv) Approving the Scheduling of Certain Dates in Connection with Confirmation of the Plan* (the "**Motion**"), and in support thereof respectfully represents as follows:

1. The Combined Disclosure Statement/Plan filed at ECF Doc 187 should not be conditionally approved because it is inadequate in numerous respects. As a matter of background, this is a case with limited resources. In fact there is only one asset that the Trustee holds and that is a $1,500,000 payment made from the settlement of a lawsuit between AFR and Darla and Erik Ostrander (the "**Ostranders**"). In exchange for a release and to end ongoing litigation, the Ostranders agreed to pay $1,500,000 to the Trustee and received releases. The settlement was approved by the *Order (I) Approving Global Settlement Between Debtors and Erik and Darla Ostrander and, (II) Granting Related Relief*, entered by the Bankruptcy Court on June 3, 2025, 2021 [Doc No. 128] which settled the lawsuit pending between AFR and the Ostranders..

2. Through the DS/Plan, the Trustee seeks to confirm a plan where the Trustee turns over to a Liquidating Trustee the following:

   a. "**Liquidating Trust Assets**" which include (i) the Liquidating Trust Funding Amount, (ii) the Liquidating Trust Causes of Action, and (iii) all other Assets of the Debtors and their Estates as of the Effective Date, excluding Assets previously distributed and not otherwise subject to recovery. For the avoidance of doubt, the Liquidating Trust Assets exclude funds in the Professional Fee Escrow Account and the Administrative Expense and Priority Escrow Account . *See* paragraph 55 on Pacer Page 18 of ECF 187.

   b. "**Liquidating Trust Causes of Action**" means all Causes of Action held or owned by the Debtors' Estate immediately prior to the Effective Date (whether asserted directly or derivatively) against all parties, *provided that* the Liquidating Trust Causes of Action

2

       exclude any Claims or Causes of Action released or exculpated as provided in the Plan, including pursuant to Section XIV of the Plan. The Liquidating Trust Causes of Action shall include all Preserved Causes of Action. *See* paragraph 56 on Pacer Page 18 of ECF 187.

   c.   "**Liquidating Trust Funding Amount**" means $250,000 of Cash which shall be contributed to the Liquidating Trust by the Debtors on the Effective Date for the administration of the Liquidating Trust. *See* paragraph 57 on Pacer Page 18 of ECF 187.

3.     The Trustee keeps the remainder of the funds to fund the Professional Fee Escrow Account and the Administrative Expense and Priority Escrow Account. The only administrative expense incurred by the Trustee is the unknown amount charged by the Trustee's forensic accounting firm, Harney Partners Otherwise, the DS/Plan is silent.

4.     The Trustee does not disclose the amount of the administrative claim of Harney Partners, nor does the Trustee disclose the amount of the Chapter 11 fee of the Trustee, or the estimated amount of the fees and costs of the Trustee's attorney or the attorney for the Official Unsecured Creditors Committee.

5.     The Trustee does not disclose other professional fees to be paid from the Professional Fee Escrow Account or the other expenses to be paid from the Administrative Expense and Priority Escrow Account.

6.     The Trustee does not disclose the claims that he proposes to include in the "Liquidating Trust Causes of Actions" being transferred to the Liquidating Trustee.

7.     The Trustee does not provide an estimate of the claims to be incurred by the Liquidating Trust Advisors or the Liquidating Trustee. Without some estimate of these fees and expenses or at least the basis for compensating such professionals, it is impossible to determine whether a chapter 7

liquidation would produce more benefit to creditors than a liquidation by the Liquidating Trustee.[1] This is a fundamental problem with the DS/Plan because, under a chapter 7 liquidation, the Chapter 7 Trustee would not have the expense of the Liquidating Trust Advisors, and the Chapter 7 Trustee's compensation would be limited to that provided in 11 U.S.C. § 326. This must be compared to what the Liquidating Trustee would charge on an hourly basis and the compensation estimated for the Liquidating Trust Advisors. All other things remaining equal, it is obvious to the undersigned counsel that a chapter 7 would be less expensive and afford creditors a greater distribution.

8. The DS/Plan is deficient because it does not attach a liquidation analysis.

9. The treatment of Class 4 creditors is deficient in a number of respects. First, there are no provisions in the DS/Plan requesting that the Court determine whether insider claims should be equitably subordinated. The plan simply provides *ipsi dixit,* that all insider claims are equitably subordinated. Furthermore, the DS/Plan, which is premised on litigation against numerous parties, provides that Class 4 subordinated creditors will not receive any distribution from the Liquidating Trust. If the Liquidating Trustee is successful in such litigation, proceeds in excess of the Class 3 Claims might be realized from such litigation and provide a recovery to Class 4 Creditors.

10. Paragraph B on Pacer Page 31 needs to be completely re-written as it is internally inconsistent. The Liquidating Trust has no obligation to pay professional fees of the Chapter 11, and the Trustee retains control over the escrow accounts for the payment of professional fees, yet the Liquidating Trustee in some parts of Paragraph B has some authority with respect to the payment of such fees.

11. In the last sentence of Paragraph B on Pacer Page 31, the DS/Plan states:

---

[1] The Bankruptcy Code requires in 11 U.S.C. § 1129(a)(7) that the plan satisfy the "best interests of creditors test".

For the avoidance of doubt, any amounts remaining in the Professional Fee Escrow Account after the payment in full of all Allowed Professional Fee Claims shall be transferred to the Liquidating Trust.

12. This amount could be significant, but is not estimated at all. Also there is no similar provision dealing with any excess left in the Administrative Expense and Priority Escrow Account.

13. The "Substantive Consolidation" provision in paragraph C on Pacer page 41 is inadequate and formulaic. Although said section states that the DS/Plan constitutes a Motion to substantively Consolidate the two Debtors, there are no factual allegations asserted that would provide a basis for such extraordinary relief from which parties in interest might formulate a responsive defense.

14. There is no emergency. The deadlines the Trustee wants to set are not workable based on the lack of information in the DS/Plan. This is not an operating Chapter 11 where there is the potential for a decline in the operations of a business. There are no exigent circumstances that would justify the type of expedited deadlines the Trustee seeks to impose on creditors and parties in interest.

15. These are only a few of the inadequate information provided in the DS/Plan. If the Trustee plans on providing such information in the Plan Supplement, there would be inadequate time for creditors and parties in interest to absorb such corrections in order to timely object to the disclosure in the DS/Plan by the objection deadline.

16. As will be explained by the undersigned counsel tomorrow at the hearing, this Court should deny the Emergency Motion and consider converting the jointly administered cases to Chapter 7. The unsecured creditors will fare better in a chapter 7.

Respectfully Submitted this 14th day of October 2025.,

**Pendergraft & Simon, LLP**

/s/ *Leonard H. Simon*
Leonard H. Simon
Texas Bar No. 18387400
S.D. Tex. Adm. No. 8200
William P. Haddock
Texas Bar No. 00793875
S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Attorney in Charge for Jerod Furr*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Response has been served by and through the ECF Noticing system on all parties and their counsel who are registered to receive ECF notices on this 14th day of October 2025.

/s/ *Leonard H. Simon*
Leonard H. Simon