IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**NOTICE OF FILING PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE THAT** on October 2, 2025, the Plan Proponents[1] filed their *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* (the "**Plan**") [DE 187].

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan, the Plan Proponents hereby file the Plan Supplement on October 21, 2025. The Plan Supplement, as defined in the Plan, means any supplemental appendix to the Plan, containing certain documents and forms of documents, schedules, and exhibits relevant to the implementation of the Plan, as may be amended, modified, or supplemented from time to time in accordance with the terms of the Plan, the Bankruptcy Code, and the Bankruptcy Rules.

[*Remainder of page left intentionally blank*]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

Dated: October 21, 2025    Respectfully submitted,

*/s/ Eric Terry*
Eric Terry **-** Texas Bar No.  00794729
**HOWLEY LAW PLLC**
700 Louisiana St., Suite 4220
Houston, Texas 77002
Telephone:  713-333-9125
Email:  eric@howley-law.com

*Counsel  for Tom A. Howley - Trustee*

*-And-*

**DYKEMA GOSSETT PLLC**

By:  /s/ *William Hotze*
William Hotze
TX State Bar No. 24087754
Nicholas Zugaro
TX State Bar No. 24070905
5 Houston Center
1401 McKinney Street, Suite 1625
Houston, Texas 77010
Telephone: (713) 904-6900
Email: whotze@dykema.com
         nzugaro@dykema.com

*Counsel for Official Committee of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

## **PLAN SUPPLEMENT**

## **TABLE OF CONTENTS**

| Exhibit | Document |
|---|---|
| Exhibit A | Liquidation Analysis |
| Exhibit B | Retained Causes of Action |

**Exhibit A**
**Liquidation Analysis**
**Alliance Farm and Ranch (25-30155)**

**General Notes:**

Assumes matter converts to Ch. 7 on November 24, 2025, if Plan of Liquidation is not confirmed.

| Sources of Funds | | | |
|---|---|---|---|
| **Assets** | **Chapter 11** | **Chapter 7** | **Notes** |
| Cash - Balance at 10/21/25 | $ 1,508,241 | $ 1,508,241 | [1] |
| Causes of Action and Other | Unknown | Unknown | [2] |
| **Total Proceeds Available for Distribution** | **$1,508,241** | **$1,508,241** | |
| **Uses of Funds** | | | |
| **Unclassified Claims** | | | |
| Administrative | $ - | $ - | [3] |
| Chapter 11 Professional Fees | 420,000.00 | 420,000.00 | [4] |
| Chapter 7 Trustee Fees | N/A | 68,497.23 | [5] |
| Chapter 11 Trustee Fees | 66,000.00 | Unknown | [6] |
| Chapter 7 Conversion and Transition Fees | N/A | 75,000.00 | [7] |
| Post-Confirmation/Post-Conversion Professional Fees | 250,000.00 | 300,000.00 | [8] |
| Priority Tax Claims | - | - | |
| US Trustee Fee | 12,065.93 | N/A | |
| **Net Proceeds Used for Unclassified Claims** | **$ 748,065.93** | **$ 863,497.23** | |
| **Net Proceeds Available for Classified Claims** | **$ 760,175.07** | **$ 644,743.77** | |
| **Classified Claims** | | | |
| Class 1   Other Priority Claims | | | |
| Class 2   Other Secured Claims | | - | |
| Class 3   General Unsecured Claims | 2,500,000.00 | 2,500,000.00 | |
| Class 4   Insider Unsecured Claims | | | |
| Class 5   Equity Interests | | | |
| **Total Classified Claims** | **$ 2,500,000.00** | **$ 2,500,000.00** | |

**Footnotes:**

[1] Combined balances of jointly administered Debtors' DIP bank accounts.

[2] Estimated value between 500k-4mm; represents claims against various entities and individuals as more detailed in the Retained Causes of Actions attached to the First Plan Supplement at Ex. B.

[3] Represents estimated administrative expense claims—assumes no value in the asserted substantial contibution claims by insiders Furr and Etter.

[4] Represents Estates' estimated professional fees claims on the Confirmation Date; Harney approx. 50k; Trustee's professionals approx 180k; UCC's professionals approx 190k.

[5] Calculated in accordance with 11 U.S.C. § 326(a) based upon total estimated disbursements of cash on hand. If the chapter 7 Trustee collected and distributed another 4mm, the chapter 7 Trustee would be entitled to a distribution of 120k.

[6] Chapter 11 Trustee Hourly—All or less than all of the $66,000 may be payable as chapter 11 administrative expense if case is converted.

[7] Includes costs associated with preparing conversion schedules, a new section 341 meeting, a new claims bar date, retention of replacement professionals, and associated transition costs.

[8] Includes Plan Trustee hourly fees. Estimated Chapter 7 Trustee process will be more expensive with new counsel and learning curve.

**Exhibit B**

**Retained Causes of Action**

Under the Plan[1], the Estates preserve, and transfer to the Liquidating Trust the Estates' rights, claims, counterclaims, causes of action, setoffs, and recoupments to be asserted in courts of law, courts of equity, arbitrations, mediations, or other proceedings:

- arising in or under 11 U.S.C. §§ 542, 543, 544, 545, 547, 548, 549, 550, 551, 552, or 553 and applicable related state law including the Texas Uniform Fraudulent Transfer Act at Texas Business and Commerce Code Section 24.005 (including but not limited to 24.005(a) TRANSFERS FRAUDULENT AS TO PRESENT AND FUTURE CREDITORS. "….whether the creditor's claim arose before or within a reasonable time after the transfer was made…);
- arising from breaches of contract, negligence, commercial torts, breach of duty, breach of fiduciary duty, fraud, or misrepresentations, and any joint liability arising therefrom;
- to collect accounts receivable;
- seeking declaratory judgment;
- seeking equitable subordination; or
- seeking debt recharacterization

which accrue on or before the Effective Date against the below listed parties:

| | |
|---|---|
| Alliance Energy Partners, LLC | Debtor |
| Alliance Farm and Ranch, LLC | Debtor |
| AE Partners Holdings, Inc. | Insider |
| AEP Asset Holdings, LLC | Insider |
| Invictus Drilling Motors, LLC | Insider |
| Jerod Furr | Insider |
| Dustin Etter | Insider |
| Thomas Wayne LLC | Insider |
| J Parker Construction | Insider |
| Connect Realty.com Inc. | Insider |
| Heaven Lee Properties, LLC dba Lux Group | Insider |
| Jeanna Lea Hurley | Insider |
| Any entity receiving a transfer from any of the Debtors during the four years prior to bankruptcy, including but not limited to insiders, employees, officers, and equity holders of the Debtors | These transfers include transfers of the Debtors property to obtain property held by AE Partners Holdings, Inc., AEP Asset Holdings, LLC, and Invictus Drilling Motors, LLC including interests in Isodrill and interests in equipment. |

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Combined Disclosure Statement and Chapter 11 Plan* (the "**Plan**") [DE 187].

The Estates preserve and transfer to the Liquidating Trust the Estates' rights, claims, counterclaims, causes of action, setoffs, and recoupments, whether asserted or unasserted, arising in any proceedings, including proceedings in courts at law, courts at equity, arbitrations, mediations, or other proceedings, including the following proceedings, whether original proceedings, removed, transferred, referred, or otherwise, and any appeals arising therefrom, including the following:

- Adversary No. 25-03382 pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

For the avoidance of doubt, this preservation and transfer includes any estate cause of action asserted in the above-referenced Adversary including the alleged estate causes of action in ECF No. 39, Plaintiff's Ninth Amended Complaint at Counts VA, VB, VC, VD, VE, and VI, and the alleged estate causes of action in ECF No. 40, Defendants' Counterclaim and Original Third-Party Petition at Counts A, B, C, D, F, G, H, I, and J.