United States Bankruptcy Court
Southern District of Texas

**ENTERED**

October 23, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**ORDER GRANTING PLAN PROPONENTS EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE PLAN; (III) APPROVING THE FORM OF VARIOUS BALLOTS AND NOTICES IN CONNECTION THEREWITH; AND (IV) APPROVING THE SCHEDULING OF CERTAIN DATES IN CONNECTION WITH CONFIRMATION OF THE PLAN**

Tom A. Howley, in his capacity as Chapter 11 Trustee (the "**Trustee**") of Alliance Farm and Ranch, LLC ("**AFR**") and Alliance Energy Partners, LLC ( "**AEP**," and together with AFR, the "**Debtors**"), in the above-captioned chapter 11 cases (the "**Chapter 11 Case**") and the Official Committee of Unsecured Creditors of the Debtors (the "**Committee**" and together with the Trustee, the "**Plan Proponents**") jointly filed their Motion for an order, (a) conditionally approving the adequacy of the Disclosure Statement for solicitation of votes on the Plan, (b) approving the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, (c) approving the Solicitation and Notice Procedures with respect to Confirmation of the Plan, (d) approving the form of Ballots and notices in connection therewith, and (e) approving the Plan Confirmation Schedule, all as more fully set forth in the Motion; and this Court having jurisdiction

over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion being in the best interests of the Debtor, the estate, creditors, and other parties in interest; and this Court having found that the Plan Proponents' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED:**

1.      The Disclosure Statement is conditionally approved.

2.      The Plan Proponents' request for a Combined Hearing on the approval of the Disclosure Statement and Confirmation of the Plan, and the following Plan Confirmation Schedule is approved:

| Event | Date |
|---|---|
| Voting Record Date | October 24, 2025 |
| Solicitation Deadline | October 29, 2025, at 11:59 p.m. CT |
| Plan Supplement Date | November 10, 2025, at 11:59 p.m. CT (Seven (7) days[1] prior to the Plan and Disclosure Statement Objection Deadline) |
| Voting Deadline | November 19, 2025, at 11:59 pm. CT (Approximately twenty-one (21) days after the Solicitation Deadline) |
| Plan and Disclosure Statement Objection Deadline | November 17, 2025, at 4:00 p.m. CT (Seven (7) days prior to the Combined Hearing) |
| Deadline to File Voting Report | November 20, 2025, at 4:00 p.m. CT (One (1) Business Day after the Voting Deadline) |
| Combined Hearing on Disclosure Statement and Plan | November 24, 2025, at 2:00 p.m. CT (Five (5) days after the Voting Deadline) |

---

[1] All references to "days" shall mean calendar days and shall be calculated pursuant to Bankruptcy Rule 9006.

3.      The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved. The Combined Hearing Notice shall be filed by the Plan Proponents and served upon all required parties within three (3) business days of entry of this Order. The service of the Combined Hearing Notice is deemed to be sufficient and appropriate under the circumstances. Pursuant to Bankruptcy Rule 3018(a), October 24, 2025, is established as the Voting Record Date for determining which Holders of Claims are entitled to vote on the Plan (subject to the Solicitation Procedures) and whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim.

4.      The Plan and Disclosure Statement Objection Deadline is November 17, 2025, at 4:00 p.m. (prevailing Central Time). Any objection to the Plan or the adequacy of the Disclosure Statement on a final basis must be filed by the Plan Objection Deadline and must: (a) be in writing; (b) conform to the Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by counsel to the Trustee, Eric Terry, Howley Law PLLC, 700 Louisiana Street, Suite 4220, Houston, Texas 77002 November 15, 2023, at 4:00 p.m. (prevailing Central Time).

5.      The Solicitation Procedures, substantially in the form attached as **Exhibit 2**, are approved in their entirety.

6.      The procedures for distributing the Solicitation Packages as set forth in the Motion satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules. The Plan Proponents

shall distribute or cause to be distributed Solicitation Packages to all entities entitled to vote to accept or reject the Plan October 29, 2025 (the "**Solicitation Deadline**").

7.      The Plan Proponents are authorized, but not directed, to distribute the Combined Hearing Notice as a separate mailing from the remaining documents included in the Solicitation Package. If the Plan Proponents mail the Combined Hearing Notice separately, the Plan Proponents are not required to include an additional copy of the Combined Hearing Notice in the Solicitation Package.

8.      The Plan Proponents are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, the Solicitation Procedures, and this Order to Holders of Claims entitled to vote on the Plan in electronic format where possible (i.e., via CD-ROM or flash drive format). Only the Ballots and Combined Hearing Notice will be provided in paper form. On or before the Solicitation Deadline, the Plan Proponents shall provide (a) complete Solicitation Packages (other than Ballots) to the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") and (b) this Order (in electronic format) and the Combined Hearing Notice to all parties required to be notified under Bankruptcy Rule 2002 as of the Voting Record Date and parties on the creditor matrix. Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Plan Proponents and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Plan Proponents' expense).

9.      The Plan Proponents are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Solicitation Package, Ballots, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and related documents

(including the appendices thereto) where, in the Plan Proponents' reasonable discretion, doing so would better facilitate the solicitation process. Subject to the foregoing, the Plan Proponents are authorized to solicit, receive, and tabulate votes to accept or reject the Plan in accordance with this Order, without further order of the Court.

10.     The Ballots (including the voting instructions), substantially in the form attached as **Exhibit 3**. are approved.

11.     The Plan Proponents are authorized to accept Ballots via electronic online transmission Email, or via hard copy though U.S. Mail or other courier service. The ballot data shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

12.     The Plan Proponents shall not be required to solicit votes from the Deemed to Accept Classes or the Deemed to Reject Class. In lieu of distributing a Solicitation Package to the Deemed to Accept Classes and the Deemed to Reject Class, the Plan Proponents shall distribute to the Deemed to Accept Classes and Deemed to Reject Class the Combined Hearing Notice and the Deemed to Accept Notice or Deemed to Reject Notice, as applicable.

13.     The Plan Proponents' rights pursuant to section 1126(e) of the Bankruptcy Code to request that the Court designate any Ballot or Ballots as not being cast in good faith are expressly preserved.

14.     The Deemed to Accept Notice, substantially in the form attached hereto as **Exhibit 4** is approved.

15.     The Deemed to Reject Notice, substantially in the form attached hereto as **Exhibit 5** is approved.

16. The Plan Proponents are excused from mailing Solicitation Packages to those parties to whom the Plan Proponents caused a notice regarding the Combined Hearing to be mailed and received a notice from the United States Postal Service or other carrier that such notice was undeliverable. If any party has changed its mailing address after the Petition Date, the burden is on such party, not the Plan Proponents, to advise the Plan Proponents of the new address. For purposes of serving the Solicitation Packages, the Plan Proponents are authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated as of the Voting Record Date. The Plan Proponents is not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including the Ballots).

17. The Plan Proponents are authorized to serve any notices described herein through electronic mail service, which service constitutes adequate notice under the Bankruptcy Rules.

18. The Plan Proponents are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19. The Plan Proponents' rights are reserved to modify the Plan, in accordance with the terms of the Plan, without further order of the Court in accordance with the Plan and this Order, including the right to withdraw the Plan at any time before the Confirmation Date.

20. All time periods in this Order shall be calculated in accordance with Bankruptcy Rule 9006.

21. Notice of this Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

22. Notwithstanding the provisions of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

23.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: October 23, 2025

Alfredo R Pérez
United States Bankruptcy Judge

# <u>Exhibit 1</u>
# Combined Hearing Notice

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-30155** |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |
| **IN RE:** | § | **CASE NO. 25-31937** |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |

**NOTICE OF HEARING TO CONSIDER (I) ADEQUACY OF THE**
**DISCLOSURE STATEMENT AND (II) CONFIRMATION OF THE**
**JOINT CHAPTER 11 PLAN FILED BY THE PLAN PROPONENTS**
**AND RELATED VOTING AND OBJECTION DEADLINES**

On ____, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**") that conditionally approved the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 187] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[2]

**Voting Record Date**

The Voting Record Date for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim is October 24, 2025 (prevailing Central Time).

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.

## Voting Deadline

If you held a Claim against the Debtor as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s). For your vote to be counted in connection with Confirmation of the Plan, you must follow the appropriate voting instructions, complete all required information on the Ballot, as applicable, and execute and return the completed Ballot so that it is actually received by the Plan Proponents in accordance with the voting instructions by November 19, 2025 (prevailing Central Time) (the "**Voting Deadline**"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

## Objections to Plan Confirmation and the Final Approval of Disclosure Statement

The Court has established November 17, 2025, at 4:00 p.m. (prevailing Central Time) (the "**Plan Objection Deadline**"), as the deadline for filing and serving objections to Confirmation of the Plan and the adequacy of the Disclosure Statement. Any objection to the Plan must: (a) be in writing; (b) conform to all applicable rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Equity Interest; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by counsel to the Trustee, Eric Terry, Howley Law PLLC, 700 Louisiana Street, Suite 4220, Houston, Texas 77002 November 15, 2023, at 4:00 p.m. (prevailing Central Time).

## Combined Hearing

A hearing to approve the adequacy of the Disclosure Statement (on a final basis) and confirm the Plan (the "**Combined Hearing**") will commence on November 24, 2025, at 2:00 p.m. (prevailing Central Time), in the United States Bankruptcy Court for the Southern District of Texas before the Honorable Alfredo Perez, at Courtroom 400, 515 Rusk Street, Houston, Texas 77002. Please be advised that the Combined Hearing may be continued from time to time by the Court or the Plan Proponents without further notice other than by such continuance being announced in open court or by a notice of continuance or reset being filed with the Court and served on parties entitled to notice under Bankruptcy Rule 2002 or otherwise. In accordance with the Plan, the Plan may be modified, if necessary, before, during, or as a result of the Combined Hearing without further action by the Plan Proponents and without further notice to or action, order, or approval of the Court or any other Entity.

## Plan Supplement

The Debtor may file a Plan Supplement on or before November 10, 2025. The Plan Supplement does not intend to serve copies of the Plan Supplement on all parties-in-interest in this Bankruptcy Case; the Plan Supplement, however, may be obtained from the Plan Proponents.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN AND DISCLOSURE STATEMENT, AS YOUR RIGHTS MIGHT BE AFFECTED.**

# Exhibit 2
# Solicitation Procedures

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

## SOLICITATION PROCEDURES

On ____, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**") that conditionally approved the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 187] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[3]

### Voting Record Date

The Voting Record Date for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim is October 24, 2025 (prevailing Central Time).

### Voting Deadline

If you held a Claim against the Debtor as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s). For your vote to be counted in connection with Confirmation of the Plan, you must follow the

---

[3] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.

appropriate voting instructions, complete all required information on the Ballot, as applicable, and execute and return the completed Ballot so that it is actually received by the Plan Proponents in accordance with the voting instructions by November 19, 2025 (prevailing Central Time) (the "**Voting Deadline**"). Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote on the Plan.

**Form, Content, and Manner of Notices**

***The Solicitation Package***: The Solicitation Package shall contain copies of the following:

    a.    The Combined Plan and Disclosure Statement, as conditionally approved by the Court (with all exhibits thereto, including the Plan);

    b.    The Disclosure Statement Order (without exhibits);

    c.    These Solicitation Procedures;

    d.    The Combined Hearing Notice;

    e.    The applicable form of Ballot for each Voting Class in which such Holder holds a Claim, in substantially the forms of the Ballots annexed as Exhibit 3 to the Disclosure Statement Order, as applicable;

    f.    A pre-addressed reply envelope; and

    g.    Any supplemental documents that the Trustee may file with the Court or that the Court orders to be made available.

***Distribution of Solicitation Packages:***

    The Solicitation Package shall provide the Combined Plan and Disclosure Statement, the Solicitation Procedures, and the Disclosure Statement Order (without exhibits) in electronic format (i.e., CD-ROM or flash drive format), and all other contents of the Solicitation Package, including Ballots, shall be provided in paper format. Any party that receives the materials in electronic format but would prefer paper format may receive by contacting the Trustee via his counsel of record, Eric Terry, Howley Law, PLLC, 700 Louisiana Street, Suite 4220, Houston, Texas, 77002 or at eric@howley-law.com.

    The Plan Proponents shall serve, or cause to be served, (a) all materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee; (b) the Disclosure Statement Order (in electronic format) and the Combined Hearing Notice to all parties required to be notified under Bankruptcy Rule 2002 as of the Voting Record Date and parties on the Master Service List; and (c) the Combined Hearing Notice to all other parties in interest. In addition, on or before the Solicitation Deadline, the Plan Proponents shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims in the Voting Classes that are entitled to vote. To avoid duplication and reduce expenses, the Plan Proponents will use commercially reasonable efforts to ensure that any Holder of a Claim, who has filed duplicative Claims that are classified under the

Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim or Equity Interest and with respect to that Class.

***Non-Voting Status Notices:***

The Deemed to Accept Classes and the Deemed to Reject Class will receive only the Deemed to Accept Notice and Deemed to Reject Notice, as applicable, substantially in the form annexed as Exhibits 4 and 5 to the Disclosure Statement Order. Such notices will instruct these parties as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

## **Voting and General Tabulation Procedures**

***Holders of Claims Entitled to Vote***

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a. Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date and (ii) is not the subject of a pending objection filed with the Court at least seven (7) days prior to the Voting Deadline except as provided in accordance with the Objections to Claims procedures set forth herein;

b. Holders of Claims who, pursuant to the Bar Date Order, are exempt from any requirement to file a Proof(s) of Claim on or before the applicable Bar Date or have filed a single, master proof of claim by the relevant Bar Date with respect to all claims under an applicable loan document. For the avoidance of doubt, a Holder will only be entitled to vote on account of a Claim arising from the rejection of an executory contract or unexpired lease if the claim is filed by the Voting Record Date;

c. Holders of Claims that are listed in the Schedules, which are not listed a contingent, unliquidated or disputed, or in a $0 amount; provided, that if the applicable Claims Bar Date has not expired prior to the Voting Record Deadline, a Claim listed on the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00;

d. Holders of Claims that arise (i) pursuant to an agreement or settlement with the Debtors or the Trustee, as reflected in a document filed with the Court or otherwise, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors or the Trustee pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

e. Holders of Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

f.    The assignee of any Claim that was properly transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

### *Establishing Claim Amounts*

Claim amounts held by a Holder were pre-populated in the Ballots. The Plan Proponents determined these amounts as of the Voting Record Date based on the Debtors' Schedules or as set forth below.

The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Plan Proponents are not binding for purposes of allowance and distribution. In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.    the Claim amount (i) settled and/or agreed upon by the Trustee, as reflected in a document filed with the Court or otherwise, (ii) set forth in an order of the Court, and (iii) set forth in a document executed by the Trustee pursuant to authority granted by the Court;

b.    the Claim amount contained in a Proof of Claim that has been timely filed by the applicable Claims Bar Date (or deemed timely filed by the Court under applicable law); except for any amounts asserted on account of any interest accrued after the Petition Date; provided, further that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly unliquidated or unknown amount (based on a reasonable review by the Trustee) that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code and (ii) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; provided, further that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (i) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

c.    the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); provided that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; provided, further that if the applicable Claims Bar Date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote in the amount of $1.00; and

d.      in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court.

### General Ballot Tabulation

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Plan Proponents' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.      Except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Plan Proponents), the Trustee, in his sole discretion, shall be entitled to reject such Ballot as invalid and not count it in connection with Confirmation of the Plan;

b.      The Plan Proponents will file with the Court by no later than November 20, 2025, at 4:00 p.m. (prevailing Central Time) a voting report (the "**Voting Report**") that shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile or electronic mail, or damaged (collectively, in each case, the "**Irregular Ballots**"). The Voting Report shall indicate the Trustee's intentions with regard to each Irregular Ballot;

c.      All Ballots should be sent to the Trustee or the Trustee's counsel;

d.      If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely filed, properly executed Ballot received will be counted and all prior received Ballots will be disregarded;

e.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims held by the same Holder within the same Class, the Trustee may, in his discretion, seek to aggregate the Claims or Equity Interests of any particular Holder within a Class for the purpose of counting votes. The Trustee shall identify any such aggregation of multiple Claims in the Voting Report, and any party in interest may contest such aggregation at the Confirmation Hearing including, without limitation, on the basis that the Trustee has not satisfied section 1129(a)(8)(A) of the Bankruptcy Code for failure to meet the numerosity requirement of section 1126(c) of the Bankruptcy Code.

f.      A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

g.      The Trustee, unless subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

h.      Neither the Trustee, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

i.      Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

j.      In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim or Equity Interest will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

k.      Subject to any order of the Court, the Trustee reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Trustee, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided that any such rejections will be documented in the Voting Report;

l.      If a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only and not for purposes of allowance or distribution;

m.      If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

n.      The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit identification of the Holder of such Claim; (ii) any Ballot cast by a party that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by a party not entitled to vote pursuant to the procedures described herein;

o.      After the Voting Deadline and subject to the requirements of Bankruptcy Rule 3018(a), no Ballot may be withdrawn or modified without the prior written consent of the Trustee, except by order of the Court;

p.      The Trustee is authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

q.      Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

r.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; provided, however, that if separate affiliated entities, including any funds or accounts that are advised or managed by the same entity or by affiliated entities, hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity or managed fund or account will be counted separately as a vote to accept or reject the Plan.

### *Amendments to the Plan and the Solicitation Procedures*

The Plan Proponents may make non-substantive changes to the Disclosure Statement, Plan (including, for the avoidance of doubt, the Plan Supplement), Ballots, Combined Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution.

# **<u>Exhibit 3</u>**
## **Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-30155** |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |
| **IN RE:** | § | **CASE NO. 25-31937** |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE COMBINED**
**DISCLOSURE STATEMENT AND CHAPTER 11 PLAN OF LIQUIDATION**
**OF ALLIANCE FARM AND RANCH, LLC AND ALLIANCE ENERGY**
**PARTNERS, LLC PROPOSED BY THE CHAPTER 11 TRUSTEE AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**IN ORDER FOR YOUR VOTE TO BE COUNTED, THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE TRUSTEE BY NOVEMBER 19, 2025 (THE "VOTING DEADLINE") IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED HEREIN**

---

On ____, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**") that conditionally approved the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 187] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[4]

---

[4] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.

You are receiving this ballot (this "**Ballot**") because you are a Holder of a General Unsecured Claim (your "**General Unsecured Claim**") as of October 24, 2025 (the "**Voting Record Date**"). Accordingly, you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which was included in the package (the "**Solicitation Package**") you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials). If you received Solicitation Package materials in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them by contacting the Trustee via his counsel of record, Eric Terry, Howley Law, PLLC, 700 Louisiana Street, Suite 4220, Houston, Texas, 77002 or at eric@howley-law.com.

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this contact the counsel of record for the Trustee immediately at the address or telephone number set forth above.

You should review the Disclosure Statement, the Plan, and the instructions contained herein before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your General Unsecured Claim has been placed in a specific class under the Plan.

**Via Paper Ballot**. Complete, sign, and date this Ballot and return it (with an original signature) promptly via first class mail (or in the enclosed reply envelope provided), overnight courier, or hand delivery to:

Tom A. Howley, Chapter 11 Trustee
c/o Eric Terry
700 Louisiana Street, Suite 4220
Houston, Texas 77002

OR

**Via Electronic Mail**: If you choose to return your Ballot via electronic mail, it must be sent to both the email addresses below so as to be actually received by the voting deadline:

eric@howley-law.com
whotze@dykema.com

**Item 1.**         **Amount of Claim**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of General Unsecured Claims in the following aggregate unpaid amount (insert amount in the box below):

$\$$_____

**Item 2.**        **Vote on Plan**

The Holder of the General Unsecured Claims set forth in Item 1 votes to (please check only one):

\_\_\_\_ **ACCEPT** (vote FOR) the Plan        \_\_\_\_ **REJECT** (vote AGAINST) the Plan

**Your vote on the Plan will be applied to the Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**Item 3.**        **Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtor that:

a.        as of the Voting Record Date, either: (i) the party is the Holder of the Claims being voted; or (ii) the party is an authorized signatory for an Entity that is a Holder of the Claims being voted;

b.        the party (or in the case of an authorized signatory, the Holder) has received the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

c.        the party has cast the same vote with respect to all of its Claims; and

d.        no other Ballots with respect to the amount of the Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked.

Name of Holder:   _____

(Print or Type)

Signature:        _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

Telephone: _____

Email: _____

Date Completed: _____

**IF THE TRUSTEE DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE NOVEMBER 19, 2023, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE TRUSTEE.**

## <u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>

1) The Plan Proponents are soliciting the votes of Holders of Claims with respect to the Combined Plan and Disclosure Statement. PLEASE READ THE COMBINED PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.

2) The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of Claims in at least one class that votes on the Plan and if the Plan otherwise satisfies the requirements for confirmation provided by section 1129(a) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

3) To ensure that your Ballot is counted, you must complete and submit this Ballot as instructed herein.

4) Use of Ballot. To ensure that your Ballot is counted, you must: (a) complete your Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) clearly sign and submit your Ballot as instructed herein.

5) Your Class Ballot must be returned to the Trustee so as to be actually received by the Trustee on or before the Voting Deadline. The Voting Deadline is November 19, 2023.

6)      If a Ballot is received after the Voting Deadline and if the Voting Deadline is not extended, it may be counted only in the sole and absolute discretion of the Debtor. Additionally, the following Ballots will not be counted:

   a)  any Ballot that partially rejects and partially accepts the Plan;

   b)  Ballots sent to any party not specifically designated herein to receive the Ballot;

   c)  any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   d)  any Ballot cast by a party that does not hold a Claim;

   e)  any Ballot submitted by a Holder not entitled to vote pursuant to the Plan;

   f)  any unsigned Ballot; and/or

   g)  any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan.

7)      The method of delivery of Ballots to the Trustee is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Trustee actually receives the originally executed Ballot. In all cases, Holders should allow sufficient time to assure timely delivery.

8)      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the latest, timely received, and properly completed Ballot will supersede and revoke any earlier received Ballots.

9)      You must vote all of your Claims within each class to either to accept or reject the Plan and may not split your vote.

10)     This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11)     Please be sure to sign and date your Ballot. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Plan Proponents or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the ballot.

# **Exhibit 4**
# **Deemed to Accept Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

### NON-VOTING STATUS NOTICE WITH RESPECT TO DEEMED TO ACCEPT CLASS

On \_\_\_\_, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. \_\_\_] (the "**Disclosure Statement Order**") that conditionally approved the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 187] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[5]

**PLEASE TAKE NOTICE THAT** the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package may be obtained by contacting the Trustee via his counsel of record, Eric Terry, Howley Law, PLLC, 700 Louisiana Street, Suite 4220, Houston, Texas, 77002 or at eric@howley-law.com.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because, pursuant to the terms of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are unimpaired and, pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. Accordingly, this notice and the Combined Hearing Notice are being sent to you for informational purposes only.

---

[5] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.

# **Exhibit 5**
# **Deemed to Reject Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 25-30155** |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |
| **IN RE:** | § | **CASE NO. 25-31937** |
| | § | |
| **ALLIANCE ENERGY PARTNERS, LLC,** | § | **(CHAPTER 11)** |
| | § | |
| DEBTOR | § | |
| | § | |

## NON-VOTING STATUS NOTICE WITH RESPECT TO DEEMED TO REJECT CLASS

On ____, 2025, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. ___] (the "**Disclosure Statement Order**") that conditionally approved the *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 187] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[6]

**PLEASE TAKE NOTICE THAT** the Disclosure Statement, Disclosure Statement Order, the Plan, and other documents and materials included in the Solicitation Package may be obtained by contacting the Trustee via his counsel of record, Eric Terry, Howley Law, PLLC, 700 Louisiana Street, Suite 4220, Houston, Texas, 77002 or at eric@howley-law.com.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because, pursuant to the terms of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are impaired and you will receive no distribution on account of such Claim(s) under the Plan, and, pursuant to section 1126(g) of the Bankruptcy Code, you are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan. Accordingly, this notice and the Combined Hearing Notice are being sent to you for informational purposes only.

---

[6] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.