IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| **ALLIANCE FARM & RANCH, LLC and** | § | **Bankruptcy No. 25-30155** |
| **ALLIANCE ENERGY PARTNERS, LLC.** | § | **Chapter 11** |
| | § | **(Jointly Administered)** |
| *Debtors.* | § | |
| | § | |
| | § | |
| | § | |

# JEROD FURR'S MOTION
# TO CONVERT CASE TO CHAPTER 7

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**MOVANT INTENDS TO REQUEST THAT THE COURT CONDUCT A HEARING ON THIS MOTION AT THE CONFIRMATION HEARING SET FOR THE 16TH DAY OF APRIL, 2026, ,AT 1:00 P.M.**

**TO THE HONORABLE ALFREDO R. PEREZ, UNITED STATES**

**BANKRUPTCY JUDGE:**

Jared Furr, a creditor, interest holder and party-in-interest, files this Motion to convert this case to Chapter 7, and would respectfully show:

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

2.      The Court has jurisdiction ove this matter pursuant to 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O).

3.      The statutory and procedural bases for the relief requested in this Motion is 11 U.S.C. § 1112.

4.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.   The Court has constitutional authority to enter a final order regarding this Motion.  The Motion concerns essential bankruptcy matters which have no equivalent in state law thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.

## BACKGROUND

6.      On January 7, 2025 (the "**AFR Petition Date**"), the AFR Debtor commenced its bankruptcy case (the "**AFR Case**") under chapter 7 of title 11 of the Bankruptcy Code. On March 17, 2025, the AFR Debtor filed its *Emergency Motion to Convert Case to Chapter 11* (the "**Chapter 11 Conversion Motion**"). [DE 13]. On March 19, 2025, the Court entered its order granting the Chapter 11 Conversion Motion. [DE 24].

7.      On April 7, 2025 (the "**AEP Petition Date**"), the AEP Debtor commenced its bankruptcy case (the "**AEP Case**" and together with the AFR Case, the "**Chapter 11 Cases**").

8.      On May 12, 2025, the United States Trustee filed its *Notice of Appointment of Committee of Unsecured Creditors* [DE 77] appointing the Committee.

9.      On May 22, 2025, the Committee filed its *Emergency Motion for Appointment of Chapter 11 Trustee* (the "**Trustee Motion**") [DE 98]. On May 23, 2025, the Court entered its order granting the Trustee Motion [DE 112]. On May 27, 2025, the United States Trustee filed its *Emergency Motion to Approve*

*Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 115]. On May 27, 2025, the Court entered its *Order Approving Appointment of Tom A. Howley as Chapter 11 Trustee* [DE 117].

10.     On May 30, 2025, the Trustee filed his *Emergency Motion for Order Approving (I) Global Settlement Between Debtors and Erik and Darla Ostrander and (II) Granting Related Relief* (the "**Settlement Motion**") [DE 121]. The Settlement Motion sought approval of a settlement resolving the Debtors' litigation claims against Erik and Darla Ostrander and bringing in $1.5 million to the AFR estate. On June 3, 2025, the court entered its order approving the Settlement Motion (the "**Settlement Order**") [DE 128].

11.     On June 25, 2025, the Court entered an order ("**Bar Date Order**") setting the proof of claim bard date for non-governmental claims on July 25, 2025 ("**Claims Bar Date**"). 4

12.     On October 2, 2025,  The Trustee and the Committee filed ae *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [DE 255] (the "**Plan**").

13.     On March 4, 2026, the Trustee and the Committee filed a document entitled Modified *Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* By such document the Trustee and the Committee sought to modify the Plan, and stated:

> "6.  The Plan Proponents shall seek confirmation of the Plan, as modified by the Modifications set forth herein, a determination that pursuant to Section 1127 of the Bankruptcy Code and the Bankruptcy Rule 3019 the Modifications do not require any further disclosure or re-solicitation."

14.     The Unsecured Creditors of the Debtors are classified in Class 4 of the Plan. Jerod Furr and Dustin Etter have been separately classified in Class 5.  The Trustee and Committee  justified the separate classification as follows:

5Separate classification of Insider Unsecured Claims is warranted because the claimants in this class (i) are Insiders; and/or (ii) are asserting estate claims; and/or (iii) are subject to an objection that, as a threshold matter, demonstrates the asserted claims in Class 4 by Etter and Furr must be recharacterized or equitably subordinated; and/or (iv) are asserting double derivative claims on behalf of their equity ownership in a non-debtor.

*See*ECF  page 12 of the Plan.

15.     The Trustee and Committee then state in all caps the following on ECF Page 13 of the Plan:

TO THE EXTENT NECESSARY, THIS PLAN CONTAINS THIS OBJECTION TO THE CLAIMS BY FURR, ETTER, AND THEIR RELATED ENTITIES, FILED AT CLAIM NOS. 2, 3, 10, 11, 12, AND 13 IN THE ABOVE CAPTIONED JOINTLY ADMINISTERED CLAIM REGISTER AND CLAIM NO. 12 IN THE CLAIMS REGISTER MAINTAINED IN THE AEP DEBTOR CHAPTER 11 CASE (COLLECTIVELY, THE "**FURR AND ETTER CLAIMS**"). WITH FULL RESERVATION FOR FURTHER OBJECTION, PLAN PROPONENTS REQUEST A FINDING BY THIS COURT THAT THE FURR AND ETTER CLAIMS SHALL BE (I) RECHARACTERIZED AS EQUITY; AND/OR (II) EQUITABLY SUBORDINATED.

16.     Thus, as of the filing of the Plan on October 2, 2025, the Trustee and Committee characterized the claims of Etter as insider claims that should be treated as equity and/or equitably subordinated. The Trustee and the Committee treated the Plan as an objection to Etter's Claim.

17.     On February 24, 2026, The Trustee and Committee filed with the Court a Partial Mediated Settlement Agreement Between a Limited Number of Mediating Parties [Docket No. 242 and 242-1] ("Partial MSA").In the Modification, pursuant to section 1123(b)(3)(A) of the Bankruptcy Code, the Trustee and Committee incorporated the Partial MSA into the Plan.

18.     In what can only be characterized as a stunning reversal, In paragraph 2 of the Partial MSA the Committee and the Trustee agreed to pay Etter $495,000 in cash in full compromise of all of his claims against the Estates and all assertions that he is the rightful owner of all or any part of the approximately $1,495,000 of cash held by the Estates. Under the Partial MSA, the Trustee and Committee then granted Etter a full and final release of all claims held by the bankruptcy estates against Etter.

19.     Thus, the claims the Trustee and Committee stated were worthless, to be subordinated and merely equity interests were now being elevated ahead of the general, non-insider claims in Class 4 under the Plan to the extent of $495,000.

20.     Then, in paragraph 3 of the Partial MSA, the Trustee sell to Etter for $325,000.00 all non-cash assets owned by the bankruptcy estates, including equipment Furr values at least in the amount of $300,000, a valuable patent, and valuable causes of action of the bankruptcy estates. Paragraph 3, is set forth below:

> On the Effective Date, Etter will purchase from the Estates (i) all of their claims, choses and rights of action (save and except the Estates' rights to object to claims against the Estates) with other items listed below which may overlap not being intended as a limitation on this; (ii) all non-cash assets of the Estates; (iii) all of the Estates' rights or ownership of each asset and entity listed on Exhibit "A" (iv) all of the Estates' claims that the Estates are the rightful owner of each asset or entity listed on Exhibit "A"; (v) all veil piercing, constructive trust, alter ego or other equitable claims with respect to the ownership and rights to each of the assets and entities on Exhibit "A"; (vi) all of the Estates' rights claims and causes of action against Jerod Furr, and each of his entities (other than Debtors), affiliates, relatives, and agents as well as the Realtor Defendants in the currently-pending adversary proceeding connected to this case; and (vii) 100% of the equity1 in each of the Debtors. The purchase price is $325,000.00.

## **RELIEF REQUESTED**

21.     The Court convert the chapter 11 bankruptcy estates to chapter 7, where ta panel trustee can investigate the claims of the estats against Etter and liquidate the equipment the equipment.

22.     Furr will prove at the Confirmation Hearing that no meaningful investigation has by the Trustee and Committee has occurred.

23.     The fees and expenses of the Trustee and Committee have been substantial, totaling more than $700,000. Yet, no Rule 2004 examinations have been pursued by the Trustee or the

Committee to examine and investigate the valuable claims that have been presented to the Trustee and Committee by Furr's counsel, including those that are set forth in Furr's counterclaim filed in the Adversary Proceeding pending before this Court, as Adversary No. 25-03382, ECF Doc 40, and the patent infringement action that has been presented to the Trustee on several occasions..

24.     .Furr will prove at the Confirmation Hearing that the Partial MSA constitutes a terrible blunder by the Trustee and Committee that will cause substantial harm to the non-insider creditors of the bankruptcy estates.

## CONCLUSION

WHEREFORE, Jerod Furr prays for an order converting these chapter 11 cases to chapter 7 case so that a panel trustee can take control of the assets and claims of the estates, investigate them properly and pursue collection of assets and pursue causes of action for the benefit of the Creditors of these estates. Jared Furr requests all such other and further relief to which he us justly entitled. Respectfully Submitted this 12th day of March 2026.

PENDERGRAFT & SIMON, LLP
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*/s/ Leonard H. Simon*
By: Leonard H. Simon
Texas Bar No. 18387400
lsimon@pendergraftsimon.com

***ATTORNEY IN CHARGE FOR Jerod Furr***

## CERTIFICATE OF SERVICE

**To Be Separately Filed**