United States Courts
Southern District of Texas
FILED

MAR 1 3 2026

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

**NOTICE OF HEARING TO CONSIDER (I) ADEQUACY OF THE
DISCLOSURE STATEMENT AND (II) CONFIRMATION OF THE
JOINT CHAPTER 11 PLAN FILED BY THE PLAN PROPONENTS
AND RELATED VOTING AND OBJECTION DEADLINES**

On March 9, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. 262] (the "**Disclosure Statement Order**") that conditionally approved the *Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 255] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Modified Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[4]

**Voting Record Date**

The Voting Record Date for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim is March 9, 2026 (prevailing Central Time).

---

[4] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.

United States Courts
Southern District of Texas
FILED

MAR 13 2026

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | |
| ALLIANCE ENERGY PARTNERS, LLC, | § | (CHAPTER 11) |
| | § | |
| DEBTOR | § | |
| | § | |

## SOLICITATION PROCEDURES

On March 9, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "**Court**") entered an order [Docket No. 262] (the "**Disclosure Statement Order**") that conditionally approved the *Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation of Alliance Farm and Ranch, LLC and Alliance Energy Partners, LLC Proposed by the Chapter 11 Trustee and the Official Committee of Unsecured Creditors* [Docket No. 255] (as may be amended from time to time and including all exhibits and supplements thereto, the "**Modified Combined Plan and Disclosure Statement**" and the "**Disclosure Statement**" or "**Plan**" as applicable"), as containing adequate information, as required under section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for the purposes of solicitation, and authorized the Debtor to solicit votes with regard to the acceptance or rejection of the Plan.[5]

### Voting Record Date

The Voting Record Date for purposes of determining (a) which Holders of Claims are entitled to vote on the Plan and (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim is March 9, 2026 (prevailing Central Time).

### Voting Deadline

If you held a Claim against the Debtor as of the Voting Record Date and are entitled to vote on the Plan, you have received a Ballot and voting instructions appropriate for your Claim(s). For your vote to be counted in connection with Confirmation of the Plan, you must follow the

---

[5] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Disclosure Statement Order, or the Combined Plan and Disclosure Statement, as applicable.

parties as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

**Voting and General Tabulation Procedures**

*Holders of Claims Entitled to Vote*

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.  Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date and (ii) is not the subject of a pending objection filed with the Court at least seven (7) days prior to the Voting Deadline except as provided in accordance with the Objections to Claims procedures set forth herein;

b.  Holders of Claims who, pursuant to the Bar Date Order, are exempt from any requirement to file a Proof(s) of Claim on or before the applicable Bar Date or have filed a single, master proof of claim by the relevant Bar Date with respect to all claims under an applicable loan document. For the avoidance of doubt, a Holder will only be entitled to vote on account of a Claim arising from the rejection of an executory contract or unexpired lease if the claim is filed by the Voting Record Date;

c.  Holders of Claims that are listed in the Schedules, which are not listed a contingent, unliquidated or disputed, or in a $0 amount; provided, that if the applicable Claims Bar Date has not expired prior to the Voting Record Deadline, a Claim listed on the Schedules as contingent, disputed, or unliquidated shall be allowed to vote only in the amount of $1.00;

d.  Holders of Claims that arise (i) pursuant to an agreement or settlement with the Debtors or the Trustee, as reflected in a document filed with the Court or otherwise, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors or the Trustee pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

e.  Holders of Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

f.  The assignee of any Claim that was properly transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Local Rules:

a.  Except as otherwise provided in the Solicitation Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Plan Proponents), the Trustee, in his sole discretion, shall be entitled to reject such Ballot as invalid and not count it in connection with Confirmation of the Plan;

b.  The Plan Proponents will file with the Court by no later than April 13, 2026, at 6:00 p.m. (prevailing Central Time) a voting report (the "**Voting Report**") that shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile or electronic mail, or damaged (collectively, in each case, the "**Irregular Ballots**"). The Voting Report shall indicate the Trustee's intentions with regard to each Irregular Ballot;

c.  All Ballots should be sent to the Trustee or the Trustee's counsel;

d.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely filed, properly executed Ballot received will be counted and all prior received Ballots will be disregarded;

e.  Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims held by the same Holder within the same Class, the Trustee may, in his discretion, seek to aggregate the Claims or Equity Interests of any particular Holder within a Class for the purpose of counting votes. The Trustee shall identify any such aggregation of multiple Claims in the Voting Report, and any party in interest may contest such aggregation at the Confirmation Hearing including, without limitation, on the basis that the Trustee has not satisfied section 1129(a)(8)(A) of the Bankruptcy Code for failure to meet the numerosity requirement of section 1126(c) of the Bankruptcy Code.

f.  A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

g.  The Trustee, unless subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

q.  Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

r.  For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class may be aggregated and treated as if such creditor held one Claim in such Class, in which case all votes related to such Claim will be treated as a single vote to accept or reject the Plan; provided, however, that if separate affiliated entities, including any funds or accounts that are advised or managed by the same entity or by affiliated entities, hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity or managed fund or account will be counted separately as a vote to accept or reject the Plan.

### *Amendments to the Plan and the Solicitation Procedures*

The Plan Proponents may make non-substantive changes to the Modified Combined Plan and Disclosure Statement (including, for the avoidance of doubt, the Plan Supplement), Ballots, Combined Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Modified Combined Plan and Disclosure Statement, and any other materials in the Solicitation Package before their distribution.