IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | (CHAPTER 11) |
| ALLIANCE FARM AND RANCH, | § | |
| LLC, | § | |
|     Debtor. | § | |
| | § | CASE NO. 25-31937 |
| IN RE: | § | (CHAPTER 11) |
| | § | |
| ALLIANCE ENERGY PARTNERS, | § | Jointly Administered |
| LLC, | § | |
|     Debtor. | § | |

**EMERGENCY MOTION OF AE PARTNERS HOLDINGS, INC., AEP ASSET HOLDINGS, LLC, INVICTUS DRILLING MOTORS, LLC, J PARKER CONSTRUCTION, LLC, AND JEROD FURR FOR LEAVE TO INTERVENE PURSUANT TO FED. R. BANKR. P. 7024 AND 9014**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. MOVANTS HAVE REQUESTED THAT THIS MOTION BE HEARD ON April 23, 2026 AT 3:00 PM AND WILL BE CONDUCTED REMOTELY.**

1

AE Partners Holdings, Inc. ("AEPH"), AEP Asset Holdings, LLC ("AEP Asset Holdings"), Invictus Drilling Motors, LLC ("Invictus"), J Parker Construction, LLC ("J Parker"), and Jerod Furr ("Furr," and collectively with AEPH, AEP Asset Holdings, Invictus, and J Parker, the "Movants"), file this Emergency Motion for Leave to Intervene in the above-captioned, jointly administered Chapter 11 cases (the "Chapter 11 Cases"), and in support thereof respectfully state as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a contested matter under Federal Rule of Bankruptcy Procedure 9014. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory and procedural predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 1109(b), and Federal Rules of Bankruptcy Procedure 7024 and 9014. Movants do not consent to entry of final orders or judgments by this Court on any matter as to which the Court lacks constitutional authority absent the parties' consent. *See Stern v. Marshall*, 564 U.S. 462 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015).

## II. PRELIMINARY STATEMENT

2. Movants are non-debtor entities and a non-debtor individual whose property, equity interests, contractual rights, books and records, and causes of action are referenced — and purportedly transferred — by the Mediated Settlement Agreement Between Limited Number of Mediating Parties (the "Settlement Agreement") [DE 242-1]. The Settlement Agreement was negotiated among the Chapter 11 Trustee (the "Trustee"), the Official Committee of Unsecured

Creditors (the "Committee"), and Dustin Etter ("Etter"). None of the Movants is a party to the Settlement Agreement. None of the Movants consented to its terms.

3.   Despite Movants' non-party status, the Settlement Agreement and Exhibit A purport to (i) transfer to Etter one hundred percent (100%) of the equity in AEPH — a non-debtor entity in which Furr owns a fifty-one percent (51%) interest — and one hundred percent (100%) of the equity in AEP Asset Holdings, Invictus, and J Parker, each of which is a non-debtor entity; (ii) transfer to Etter all books, records, contracts, accounting files, tax attributes, intellectual property, vehicles, drilling equipment, intra-company receivables, reputational rights, and proceeds of those non-debtor entities; (iii) effect mutual releases that, if read broadly, would extinguish claims and causes of action that belong to non-debtor entities and to Furr individually against Etter and his affiliates, relatives, attorneys, and agents; (iv) cancel "all existing equity" under the Plan, including equity in non-debtor entities that is not property of any estate; and (v) commit the Trustee and Etter to seek a temporary restraining order and injunction against AEPH — a non-debtor that has not been named, served, or made a party to any adversary proceeding. The Settlement Agreement and the Modified Plan that incorporates it [DE 255] thus purport to dispose of substantial property, claims, and rights that do not belong to the Debtors' estates and over which the Trustee has no authority under 11 U.S.C. § 541.

4.   Movants seek leave to intervene in these Chapter 11 Cases in order to be heard on confirmation of the Modified Plan and approval of the Settlement Agreement, to protect their property and rights from disposition without notice and a meaningful opportunity to be heard, and to assert the legal limits on the Trustee's authority. Intervention is mandatory as of right under Federal Rule of Civil Procedure 24(a) (made applicable here by Bankruptcy Rule 7024 and 9014)

and is independently authorized by 11 U.S.C. § 1109(b). In the alternative, permissive intervention is plainly warranted under Rule 24(b).

### III. THE MOVANTS AND THE CORPORATE STRUCTURE

5. The corporate structure relevant to this Motion is as follows:

   a. **AE Partners Holdings, Inc. ("AEPH")** is a non-debtor parent entity. Jerod Furr owns a fifty-one percent (51%) equity interest in AEPH. AEPH directly or indirectly holds the equity interests in three subsidiaries identified below.

   b. **Alliance Energy Partners, LLC ("AEP")** is a Debtor in these Chapter 11 Cases and is a wholly-owned subsidiary of AEPH.

   c. **AEP Asset Holdings, LLC** is a non-debtor wholly-owned subsidiary of AEPH.

   d. **Invictus Drilling Motors, LLC ("Invictus")** is a non-debtor wholly-owned subsidiary of AEPH.

   e. **Alliance Farm and Ranch, LLC ("AFR")** is a Debtor in these Chapter 11 Cases. AFR is solely owned by Jerod Furr and is not a subsidiary of AEPH.

   f. **J Parker Construction, LLC ("J Parker")** is a non-debtor entity solely owned by Jerod Furr. J Parker is not a subsidiary of AEPH.

   g. **Jerod Furr** is an individual residing in Texas. Furr is not a debtor in any pending bankruptcy case. Furr (i) holds a fifty-one percent (51%) equity interest in AEPH; (ii) is the sole owner of AFR (the only equity interest he holds in any Debtor); and (iii) is the sole owner of J Parker.

6. Only two of the foregoing are debtors: AFR and AEP. The other entities — AEPH, AEP Asset Holdings, Invictus, and J Parker — are non-debtors. Furr is a non-debtor individual. Yet the Settlement Agreement purports to transfer (a) equity in each of AEPH, AEP Asset Holdings, Invictus, and J Parker; (b) all of those entities' books, records, contracts, tax attributes, intellectual property, vehicles, equipment, intra-company receivables, and proceeds; and (c) Furr's personal interests.

## IV. RELEVANT BACKGROUND

7. On January 7, 2025, AFR filed a voluntary petition under chapter 7, which was converted to chapter 11 on March 19, 2025. On April 7, 2025, AEP filed a voluntary chapter 11 petition. The cases are jointly administered. The United States Trustee appointed the Committee on May 12, 2025, and the Court appointed Tom A. Howley as Chapter 11 Trustee on May 23, 2025.

8. On February 4, 2026, the Trustee filed the Notice of Mediated Settlement Agreement Between Limited Number of Mediating Parties [DE 242], attaching the Settlement Agreement as Exhibit A [DE 242-1]. The Settlement Agreement is, on its face, between the Trustee, the Committee, and Etter only. It expressly states that "[a]lthough Jerod Furr participated in the mediation, the other parties were unable to resolve matters with Mr. Furr," and that "[a]ll of his rights are fully preserved." AEPH, AEP Asset Holdings, Invictus, and J Parker did not participate in the mediation, did not negotiate the Settlement Agreement, and are not parties to it.

9. Notwithstanding that all of Furr's rights are purportedly preserved and that the non-debtor entities are not parties, Exhibit A to the Settlement Agreement lists for purported sale to Etter for $325,000.00 (i) one hundred percent (100%) of the equity in AEPH, AEP Asset Holdings, Invictus, J Parker, AEP, and AFR; (ii) all books, records, accounting files, contracts, intellectual property,

5

tax attributes, vehicles (including "any Mercedes G-Wagon and any Ford truck(s)"), drilling equipment, intra-company receivables, and proceeds of all of those entities; and (iii) all claims to equity in IsoDrill, Inc. titled to or paid for by any of those entities. Exhibit A is on its face overbroad and reaches far beyond property of the Debtors' estates.

10. On March 4, 2026, the Trustee and Committee filed the Modified Combined Disclosure Statement and Chapter 11 Plan [DE 255] (the "Modified Plan"), incorporating the Settlement Agreement. The Confirmation Hearing was held on April 16 and 17, 2026, and a proposed Confirmation Order is being circulated for presentment before the Court.

11. Movants only recently obtained a clearer understanding of the scope of the Settlement Agreement's asserted reach over their property and equity. Movants now seek to intervene to protect those interests.

## **V. ARGUMENT**

### **A. Movants Are Entitled to Intervene as of Right Under Rule 24(a).**

12. Federal Rule of Civil Procedure 24(a)(2), made applicable by Bankruptcy Rules 7024 and 9014, provides that the Court must permit intervention by anyone who, on timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fifth Circuit applies a four-part test: (i) the application is timely; (ii) the applicant has an interest in the action; (iii) disposition of the action may impair or impede the applicant's ability to protect that interest; and (iv) the applicant's interest is not adequately represented by

existing parties. *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994); *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001). Each element is satisfied.

13. First, the application is timely. Movants seek to intervene promptly upon recognizing the scope of the property and rights the Settlement Agreement purports to dispose of and the imminence of entry of the proposed Confirmation Order. Intervention at the confirmation stage is well-recognized as timely where the intervenor's interests are first clearly threatened by the plan and confirmation process. No party will be prejudiced; on the contrary, intervention prevents the entry of an order that would itself give rise to substantial post-confirmation litigation, including collateral attack and Rule 60(b)(4) motions.

14. Second, Movants have direct, substantial interests in the property and transactions at issue. AEPH, AEP Asset Holdings, Invictus, and J Parker are the record and beneficial owners of the equity, books and records, contracts, tax attributes, intellectual property, vehicles, equipment, intra-company receivables, and proceeds that Exhibit A purports to transfer. Furr is the holder of fifty-one percent (51%) of AEPH's equity, the sole owner of J Parker, and an individual whose personal property and equity rights are referenced. "The interest test [under Rule 24(a)] is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Sierra Club*, 18 F.3d at 1207 (quotation omitted).

15. Third, disposition of the confirmation matter without intervention will, as a practical matter, impair Movants' ability to protect their property. Entry of a confirmation order incorporating and approving the Settlement Agreement — even if such order would be void as to Movants under *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), and the Due Process Clause — will be cited by Etter and the Liquidating Trust as authority to take possession

of Movants' books, records, equipment, vehicles, and equity, and to disrupt the operations of non-debtor entities that are not before this Court. The threat of impairment is also concrete and immediate: Paragraph 8 of the Settlement Agreement commits the Trustee and Etter to "seek a temporary restraining order and injunction to preserve the status quo with respect to the AEPH entity and any related assets, interests, or claims," notwithstanding that AEPH is a non-debtor that has not been served, joined, or named as a defendant in any properly commenced adversary proceeding. AEPH cannot meaningfully defend itself against such injunctive relief unless permitted to intervene now. Practical impairment is the test, and it is amply met. *Glickman*, 256 F.3d at 380.

16. Fourth, no existing party adequately represents Movants' interests. The Trustee owes fiduciary duties to the Debtors' estates and creditors, not to non-debtor third parties. The Committee represents unsecured creditors of the Debtors. Etter is the proposed transferee of Movants' property and is therefore directly adverse. Furr, although he participated in the mediation in his individual capacity, was not joined as a settling party (the Settlement Agreement so states), and the non-debtor entities had no representation at all. The minimal-burden showing required to demonstrate inadequate representation is easily satisfied.

**B. Section 1109(b) Independently Authorizes Intervention by Parties in Interest.**

17. Section 1109(b) of the Bankruptcy Code provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The list is illustrative, not exhaustive, and the Fifth Circuit construes "party in interest" broadly to include any entity whose pecuniary interests are directly affected by the bankruptcy. *In re Sandpoint Cattle Co., LLC*, 556 B.R. 408,

415–16 (Bankr. D. Neb. 2016); *see also In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 354–55 (5th Cir. 1997).

18. Each Movant qualifies as a party in interest. AEPH, AEP Asset Holdings, Invictus, and J Parker each have direct pecuniary interests in their own property that the Settlement Agreement and Modified Plan purport to transfer. Furr, as a fifty-one percent (51%) equity holder in AEPH and sole owner of two non-debtor entities (one of which is itself a Debtor in these cases by virtue of his sole ownership of AFR), is also indisputably a party in interest with respect to property and rights identified in Exhibit A. Section 1109(b) thus provides an independent statutory ground for participation.

**C. Permissive Intervention Is Warranted Under Rule 24(b).**

19. Even if intervention as of right were not warranted, permissive intervention should be granted under Rule 24(b)(1)(B), which permits intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The principal question presented at the confirmation stage — the lawful scope of the Trustee's authority under 11 U.S.C. § 541 to transfer property purportedly identified in the Settlement Agreement — is the same question Movants will press. Intervention will not unduly delay or prejudice the existing parties; it will, on the contrary, ensure a complete and constitutionally sound record. *See Newby v. Enron Corp.*, 443 F.3d 416, 423–24 (5th Cir. 2006).

**D. Intervention Is Required by Due Process.**

20. The Fifth Amendment's Due Process Clause requires that, before a person's property or rights may be adjudicated, that person must receive notice and a meaningful opportunity to be heard. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Espinosa*, 559 U.S. at 272. The Bankruptcy Court's adjudication of property rights of non-debtors, especially in the

context of a confirmation order incorporating non-consensual provisions, is constitutionally circumscribed. *Stern v. Marshall*, 564 U.S. 462, 482–503 (2011); *In re Zale Corp.*, 62 F.3d 746, 760–67 (5th Cir. 1995). Bankruptcy Rule 7001 requires that proceedings to determine the validity, priority, or extent of an interest in property, or to recover property, be commenced as adversary proceedings. Fed. R. Bankr. P. 7001(1), (2), (9). Allowing the proposed Confirmation Order to enter without affording Movants intervention and a meaningful opportunity to be heard would violate these protections.

## VI. RESERVATION OF RIGHTS

21. Movants expressly reserve all rights, claims, defenses, counterclaims, cross-claims, third-party claims, and objections of every kind, including without limitation in connection with Adversary Case No. 25-03382, and including without limitation any rights arising under Article III of the United States Constitution, the Due Process Clause of the Fifth Amendment, 11 U.S.C. §§ 105, 363, 541, 1109, and 1129, Federal Rules of Bankruptcy Procedure 7001, 7024, 9014, and 9024, and any applicable non-bankruptcy law. Nothing in this Motion shall be construed as a waiver of any such right or as consent to the entry of final orders by this Court on any matter as to which the Court lacks constitutional authority absent the parties' consent.

## VII. CONCLUSION AND PRAYER FOR RELIEF

22. For the foregoing reasons, Movants respectfully request that the Court enter an order: (i) granting Movants leave to intervene in these Chapter 11 Cases for all purposes related to approval of the Settlement Agreement and confirmation of the Modified Plan, including the proposed Confirmation Order; (ii) granting Movants such other and further relief as is just and proper.

Filed April 23, 2026                    Respectfully submitted,

                                        E-Merger.Law, PLLC


                                        /s/ Deborah L. Crain
                                        _____
                                        Deborah L. Crain
                                        Bar Card No.: 24067319
                                        1334 Brittmoore Rd Ste 2314
                                        Houston, TX 77043-4037
                                        dcrain@e-merger.law
                                        (346) 535-0822
                                        COUNSEL FOR  MOVANTS AE PARTNERS
                                        HOLDINGS, INC., AEP ASSET HOLDINGS,
                                        LLC, INVICTUS DRILLING MOTORS, LLC,
                                        J. PARKER CONSTRUCTION, LLC and
                                        JEROD FURR


## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF notification system on all parties registered to receive electronic notice in these Chapter 11 Cases.


                                        /s/ Deborah L. Crain
                                        _____
                                        Deborah L. Crain

11