IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-30155 |
| | § | (CHAPTER 11) |
| ALLIANCE FARM AND RANCH, LLC, | § | |
| Debtor. | § | |
| | § | |
| IN RE: | § | CASE NO. 25-31937 |
| | § | (CHAPTER 11) |
| ALLIANCE ENERGY PARTNERS, LLC, | § | |
| Debtor. | § | Jointly Administered |

**ORDER GRANTING MOVANTS' OBJECTION TO ENTRY OF PROPOSED
CONFIRMATION ORDER AND MOTION TO CONFORM CONFIRMATION ORDER
TO THE COURT'S BENCH RULING**

Came on to be considered the *Objection to Entry of Proposed Confirmation Order and Motion to Conform Confirmation Order to the Court's Bench Ruling and to Strike or Modify Unenforceable Provisions of the Partial Mediated Settlement Agreement and the Modified Plan, or in the Alternative for Reconsideration Under Bankruptcy Rule 9023 or Relief from Order Under Bankruptcy Rule 9024* (the "**Motion**") filed by AE Partners Holdings, Inc. ("**AEPH**"), AEP Asset Holdings, LLC ("**AEP Asset Holdings**"), Invictus Drilling Motors, LLC ("**Invictus**"), J Parker Construction, LLC ("**J Parker**"), and Jerod Furr ("**Furr**," and collectively, the "**Movants**"). The Court, having considered the Motion, the responses thereto, the arguments of counsel, the Court's own expressed view from the bench at the April 16–17, 2026 confirmation hearing that the Trustee cannot sell what the Debtors' estates do not own, and the entire record in these jointly administered Chapter 11 Cases, finds and concludes that the Motion should be, and hereby is, GRANTED, as set forth below.

Page **1** of **10**

**FINDINGS AND CONCLUSIONS**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (L). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. Section 541(a) of the Bankruptcy Code limits property of the bankruptcy estate to "all legal or equitable interests of the debtor in property as of the commencement of the case," and the additional categories enumerated in section 541(a)(2) through (a)(7). The Trustee may convey, sell, or otherwise transfer only property of the estate. 11 U.S.C. §§ 363(b), 1123(a)(5).

3. At the confirmation hearing held on April 16 and 17, 2026, counsel for Furr raised the issue that the Partial Mediated Settlement Agreement [DE 242-1] (the "PMSA") and the Modified Combined Disclosure Statement and Chapter 11 Plan of Liquidation [DE 255] (the "Modified Plan") purport to transfer property and equity of non-debtor entities and of Furr individually that is not, and has never been, property of the Debtors' estates within the meaning of section 541. The Court expressed its view from the bench, in substance, that the Trustee cannot sell what the Debtors' estates do not own. That expressed view is consistent with the long-settled rule of section 541(a) and is hereby reaffirmed.

4. AEPH, AEP Asset Holdings, Invictus, J Parker, Jerod Furr and IsoDrill, Inc. are not Debtors in these Chapter 11 Cases. None has been served with process, named as a defendant in this matter, or been before this Court in any capacity prior to the filing of the Motion (except Jerod Furr in his capacity as a shareholder of AFR and AEP, debtors). The property, equity, books, records, tax attributes, intellectual property (including U.S. Patent No. 9,869,127, owned of record by AEP Asset Holdings), vehicles, drilling equipment, and causes of action of each of the foregoing non-debtor entities are not property of either Debtor's estate within the meaning of section 541.

5. Furr is a non-debtor individual. Furr is the record title owner of certain personal property, including a Mercedes G-Wagon, wherein there has been no determination that it is property of either Debtor's estate within the meaning of section 541. Furr also holds fifty-one percent (51%) of the equity in non-debtor AEPH, which equity is not property of either Debtor's estate.

6. Movants have standing to file and prosecute the Motion. Furr has standing as the record title owner of personally titled property included in PMSA Exhibit A and as the 51% majority equity holder of non-debtor AEPH. The non-debtor entity Movants have standing as the record owners of property and equity purportedly conveyed by the PMSA. *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). The standing finding addressing Furr's pecuniary interest as a creditor and equity holder of the Debtors does not reach and does not foreclose the property-owner standing, non-debtor-equity-holder standing, or non-debtor-entity standing recognized herein.

7. The PMSA, on its face and through its Exhibit A, purports to convey to Dustin Etter assets and interests that are not property of the Debtors' estates, including but not limited to: (a) Furr's personally titled Mercedes G-Wagon and other vehicles titled in the name of non-debtor entities or Furr individually; (b) the equity in non-debtor AEPH, AEP Asset Holdings, Invictus, and J Parker; (c) Furr's 51% majority equity interest in non-debtor AEPH; (d) U.S. Patent No. 9,869,127, owned of record by non-debtor AEP Asset Holdings; (e) drilling motors, equipment, books, records, contracts, accounting files, tax attributes, intellectual property, intra-company receivables, and reputational rights of non-debtor entities; and (f) all claims to equity in non-debtor IsoDrill, Inc. To the extent the PMSA, the Modified Plan, or the proposed Confirmation Order purports to authorize such conveyances, the Trustee's authority under 11 U.S.C. §§ 363 and 1123 has been exceeded.

8.   The proposed Confirmation Order circulated by the Plan Proponents for entry on April 23, 2026, does not faithfully implement the Court's expressed view from the bench. The carve-out language in Paragraphs 61 and 69 of the proposed Confirmation Order is insufficient to cure the structural defect. In particular, Paragraph 69 purports to transfer to Etter, as part of the "Retained Causes of Action," claims that include (a) Furr's and AEP's derivative claims against Etter himself (Counts A through D of ECF No. 40 in Adversary No. 25-03382); (b) claims against Etter's confederates (Counts F through J of ECF No. 40); and (c) Etter's personal claims seeking constructive trust on AEPH equity, rescission of the 2022 corporate restructure, wind-up, or receivership over non-debtor entities (Counts V.A through V.E and VI of ECF No. 39 and the related applications at Sections VIII and IX of ECF No. 39). None of those claims is property of the Debtors' estates within the meaning that authorizes the Trustee to convey them, and the conveyance of such claims to Etter is beyond the Trustee's authority.

9.   The Court has authority under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 3020(b) to enter a Confirmation Order containing carve-outs, reservations, and clarifying language necessary to ensure that the order conforms to the substantive limits of the Bankruptcy Code and to the Court's prior expressed views. See In re Cypresswood Land Partners, I, 409 B.R. 396, 403 (Bankr. S.D. Tex. 2009); In re Cajun Elec. Power Coop., Inc., 119 F.3d 349, 354–55 (5th Cir. 1997).

## ORDER

10. Based on the foregoing findings and conclusions, IT IS HEREBY ORDERED THAT: The Motion is GRANTED.

### ***Primary Relief***

11. The proposed Confirmation Order circulated by the Plan Proponents for entry on April 23, 2026 shall not be entered in its current form. Pursuant to 11 U.S.C. § 105(a) and Federal Rule of

Bankruptcy Procedure 3020(b), the following provisions shall be carved out, stricken, or denied effect, in each case to the extent (and only to the extent) they purport to transfer, convey, vest, cancel, release, waive, discharge, extinguish, enjoin, or otherwise affect any property, equity interest, contract, claim, cause of action, book or record, tax attribute, intellectual property (including U.S. Patent No. 9,869,127), vehicle (including the Mercedes G-Wagon titled to Furr personally), equipment, or other interest owned or held by AEPH, AEP Asset Holdings, Invictus, J Parker, IsoDrill, Inc., any other non-debtor entity, or Furr individually:

    a.   PMSA Paragraph 3(i) through (vii) and Exhibit A thereto;

    b.   PMSA Paragraph 2 (the mutual-release provision);

    c.   Footnote 1 to PMSA Paragraph 3 (the equity-cancellation provision);

    d.   PMSA Paragraph 8 (the TRO/injunction commitment as to AEPH);

    e.   Paragraph 69 of the proposed Confirmation Order and footnote 2 thereto, including without limitation the transfer to Etter of (i) Counts A, B, C, and D of ECF No. 40 in Adversary No. 25-03382 (Furr's and AEP's derivative claims against Etter himself), (ii) Counts F, G, H, I, and J of ECF No. 40 (claims against Travis Daily, Trinidad Peña, Specialized Energy Services LLC, L&L Ventures LLC, and TD Drilling Motors LLC), and (iii) Counts V.A through V.E and VI of ECF No. 39 and the applications for receivership and wind-up at Sections VIII and IX of ECF No. 39 (Etter's personal claims to alter, rescind, terminate, wind up, or place into receivership the ownership structure of any non-debtor entity); and

    f.   Any provision of the Modified Plan that purports to vest, cancel, transfer, release, or otherwise affect any property, equity interest, or other interest of any non-debtor entity or of Furr individually.

***Conforming Provisions Required in Any Confirmation Order Entered***

12. Any Confirmation Order entered in these Chapter 11 Cases shall include the following limiting provisions:

a.  The standing finding addressing Furr's pecuniary interest as a creditor and equity holder of the Debtors does not reach and does not foreclose: (i) Furr's standing as the record title owner of personally titled property; (ii) Furr's standing as the 51% majority equity holder of non-debtor AEPH; (iii) the standing of AEPH, AEP Asset Holdings, Invictus, and J Parker as record owners of their own property and equity; or (iv) the rights of Movants to pursue their property, equity, and ownership claims in any appropriate forum.

b.  The Confirmation Order does not adjudicate, convey, vest, cancel, release, waive, discharge, extinguish, enjoin, or otherwise affect title to or interests in any property, equity, contract, claim, cause of action, book or record, tax attribute, intellectual property (including U.S. Patent No. 9,869,127), vehicle (including the Mercedes G-Wagon titled to Furr personally), drilling motor or equipment, intra-company receivable, reputational right, or other interest owned or held by AEPH, AEP Asset Holdings, Invictus, J Parker, IsoDrill, Inc., any other non-debtor entity, or Furr individually.

c.  Any equity-cancellation provision of the Modified Plan or the Confirmation Order operates only on equity interests in the Debtors (AFR and AEP) that are property of the Debtors' estates, and does not operate on equity interests in any non-debtor entity, including AEPH (in which Furr holds 51% and Etter holds 49%), AEP Asset Holdings, Invictus, or J Parker.

d.  The transfer of "Retained Causes of Action" to Etter pursuant to the PMSA Settlement Agreement and Paragraph 69 of any Confirmation Order shall exclude, and is

hereby modified to exclude: (i) any claims brought by Furr or AEP (derivatively) against Etter himself, including the claims at Counts A, B, C, and D of ECF No. 40 in Adversary No. 25-03382; (ii) any claims against Travis Daily, Trinidad Peña, Specialized Energy Services LLC, L&L Ventures LLC, or TD Drilling Motors LLC, including Counts F, G, H, I, and J of ECF No. 40; and (iii) any of Etter's personal claims that seek to alter, rescind, terminate, wind up, or place into receivership the ownership structure of any non-debtor entity (including AEPH, AEP Asset Holdings, Invictus, or J Parker), including Counts V.A through V.E and VI of ECF No. 39 and the applications for receivership and wind-up at Sections VIII and IX of ECF No. 39.

e.   Approval of the PMSA Settlement Agreement does not authorize, and shall not be construed to authorize, the entry of any temporary restraining order, preliminary injunction, or other injunctive relief against AEPH or any other non-debtor entity. Any such injunctive relief, if sought, must be commenced as an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 and must comply with Federal Rule of Bankruptcy Procedure 7065.

f.   Movants' rights to assert, defend, and pursue their property, equity, and ownership claims in any appropriate forum are fully preserved and are unaffected by the Modified Plan, the PMSA, or any Confirmation Order.

### _Reconsideration of Standing Finding (Alternative Relief)_

13. To the extent any Confirmation Order entered in these Chapter 11 Cases contains a finding that Furr lacks pecuniary standing to object to confirmation of the Plan, that finding is hereby clarified and limited as follows: the standing finding addresses only Furr's status as a creditor and equity holder of the Debtors. It does not address, reach, or foreclose (a) Furr's standing as the

record title owner of personally titled property included in PMSA Exhibit A, (b) Furr's standing as the 51% majority equity holder of non-debtor AEPH, (c) Furr's standing under any preserved equitable-title claims, or (d) the standing of the non-debtor entity Movants as record owners of their own property and equity.

### *Relief from Order Under Rule 9024 (Alternative Relief)*

14. To the extent the proposed Confirmation Order is entered before consideration of the Motion in a manner that purports to convey or affect property, equity, or interests of any non-debtor entity or of Furr individually without notice and an opportunity to be heard, such conveyance is void as to such non-debtor parties pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule of Civil Procedure 60(b)(4) and (6). United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

### *General Provisions*

15. The Trustee, the Liquidating Trustee, the Committee, and Etter shall not, directly or indirectly, take any action to convey, vest, cancel, release, waive, discharge, extinguish, enjoin, or otherwise affect any property, equity interest, contract, claim, cause of action, or other interest owned or held by any non-debtor entity or by Furr individually, except pursuant to a properly commenced adversary proceeding under Federal Rule of Bankruptcy Procedure 7001 with full notice and opportunity to be heard, or pursuant to a final judgment entered in a court of competent jurisdiction.

16. Nothing in this Order shall be construed as a determination on the merits of (a) any ownership dispute between or among the Movants, the Debtors' estates, Etter, or any other party as to any property, equity, or interest, or (b) any of the underlying causes of action asserted in Adversary No. 25-03382 or any other proceeding. Such determinations, if necessary, shall be made

in properly commenced adversary or other appropriate proceedings with full notice and opportunity to be heard.

17. This Order is a Final Order of the Court.

18. The Court retains jurisdiction over all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SIGNED this _____ day of _____, 2026.

_____
THE HONORABLE ALFREDO R. PÉREZ
UNITED STATES BANKRUPTCY JUDGE

**Submitted by:**

E-Merger.Law, PLLC


/s/ *Deborah L. Crain*
_____
Deborah L. Crain
Bar Card No.: 24067319
1334 Brittmoore Rd Ste 2314
Houston, TX 77043-4037
dcrain@e-merger.law
(346) 535-0822
COUNSEL FOR  MOVANTS AE PARTNERS
HOLDINGS, INC., AEP ASSET HOLDINGS,
LLC, INVICTUS DRILLING MOTORS, LLC, J.
PARKER CONSTRUCTION, LLC and JEROD
FURR