**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC** | § | **Bankruptcy Case No. 25-30155** |
| **and** | § | |
| **ALLIANCE ENERGY PARTNERS, LLC** | § | |

**ETTER'S BRIEF IN SUPPORT OF TRUSTEE'S CONFIRMATION ORDER**

Interested Party Dustin Etter files this Brief in Support of Trustee's proposed Confirmation Order (Doc. 312-1) and in opposition to Jerod Furr's proposed Confirmation Order (Doc. 317).

1.      Dustin Etter supports the entry of the Trustee's proposed Confirmation Order. The order is in all respects consistent with the Court's verbal rulings and the applicable law. Also, of note, in Paragraphs 61 and 69 of the Trustee's proposed Confirmation Order, the order specifically addresses Mr. Furr's purported concerns about unintentionally conveying or adjudicating title to property that the Estates do not own. The additional language that Mr. Furr is proposing is not only unnecessary but would go far beyond what the Court ordered and instead adjudicate disputed ownership/title issues in favor of Mr. Furr.

2.      Shown below is Paragraph 61 of the Trustee's proposed order:

For clarity and avoidance of doubt, the PMSA Settlement Agreement transfers only the Estates' interest in the assets listed in the PMSA Settlement Agreement. Nothing in the PMSA Settlement Agreement or this Confirmation Order shall serve as a determination or adjudication of the claims, choses, or rights of action included in the assets transferred pursuant to the PMSA Settlement Agreement, or an adjudication of title to any of those assets against any non-debtor save and except as between Etter and the Estates. This Confirmation Order does not vest in Etter, the Liquidating Trust, or any other person any asset or interest that was not property of the Debtors' Estates.

Shown below is the end of Paragraph 69 of the Trustee's proposed Confirmation Order:

> For the avoidance of doubt, the Retained Causes of Action consist only of the Debtors' and the Estates' own claims, choses, rights of action, and legal and equitable rights as of the Petition Date (or as thereafter properly became property of the Estates under 11 U.S.C. § 541 or other applicable bankruptcy law). In particular and without limitation, to the extent that the Retained Causes of Action may include claims to equitable title to or interests in any drilling motors, patent, or other property owned by AEP Asset Holdings, LLC or in any equity claimed by Jerod Furr in AE Partners Holdings, Inc., nothing in this Confirmation Order shall be construed as an adjudication of any such claim.

Thus, despite Furr's suggestions to the contrary, the Trustee's proposed Confirmation Order explicitly does not resolve any disputed issues of ownership or title, including title to drilling motors, patents, and causes of action claimed by the Trustee.

3. Furr's proposed Confirmation Order goes well beyond merely attempting to avoid unintentionally resolving disputed issues of title/ownership, and instead would actually adjudicate title/ownership in favor of Mr. Furr. For instance, Paragraph 69 of Furr's proposed confirmation order purports to not only explicitly carve out claims brought "derivatively" by Furr on behalf of Debtor AEP, but also to explicitly decide and adjudicate that such "claims are not estate causes of action and the Trustee has no authority to convey them." Similarly, the other language that Mr. Furr proposes in paragraphs 17, 43, 48, 61, and 69 would have the effect of making an affirmative title/ownership determination against Mr. Etter and the Trustee in a variety of ways. Purely by way of example, the language that Mr. Furr proposes in Paragraph 48 of his proposed order carving out claims against property "owned or held by any non-debtor entity or by Jerod Furr individually" would arguably have the effect precluding Mr. Etter from pursuing any equitable ownership claims simply because Mr. Furr or some other entity may be the legal owner of something. Likewise, the "exclusion" language in Paragraph 69 of Mr. Furr's

proposed order would adjudicate ownership/title to claims in Mr. Furr's favor and would prevent Mr. Etter from getting claims from the Trustee even if the Trustee in fact owns them simply because they happen to be in categories that Mr. Furr really does not want Mr. Etter to have.

4.      These sorts of title disputes are questions for another day and which the Trustee's proposed Confirmation Order expressly leaves for another day. Neither Mr. Etter nor the Trustee has to win or adjudicate any part of any claim—including whether either of them even own the claim as against Furr or someone else—before agreeing to trade or otherwise transfer whatever interest, if any, the Trustee may have in the claim. The appropriate time and place to address these disputes over ownership is post-confirmation in the adversary. By proposing a confirmation order which would decide disputed title/ownership in his favor, Mr. Furr shows that it is Mr. Furr, and not the Trustee, who wants to deny other parties due process and proceed in a procedurally irregular way.

5.      This is not intended to be an exhaustive discussion of problems with Mr. Furr's proposed Confirmation Order. For instance, Paragraph 19 of Mr. Furr's proposed Confirmation Order seems to object to the part of the PMSA Settlement Agreement that calls for the Trustee and Mr. Etter to seek a temporary injunction. But that injunction has already been entered as an Agreed Temporary Injunction signed by counsel for Mr. Furr as Adversary Doc. 63.

## PRAYER

Etter therefore requests and prays that the Court decline Mr. Furr's latest effort to muddy the waters and delay and enter the Trustee's proposed Confirmation Order.

**3** of **4**

Respectfully submitted,

IRELAN STEPHENS, PLLC

By:___**/s/ Noah Meek**_____
      Noah E. W. Meek
      State Bar No. 24084554
      Email: nmeek@irelanlaw.com
      2520 Caroline St., 2nd Floor
      Houston, Texas 77004
      Phone:  (713) 222-7666
      Fax:     (713) 222-7669

**ATTORNEYS FOR DUSTIN ETTER**

## CERTIFICATE OF SERVICE

This is to certify that on April 23, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

      **/s/ Noah Meek**_____
      Noah Meek