IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ALLIANCE FARM AND RANCH, LLC | § | Bankruptcy Case No. 25-30155 |
| and | § | |
| ALLIANCE ENERGY PARTNERS, LLC | § | |

**DUSTIN ETTER'S OMNIBUS RESPONSE TO
JEROD FURR'S RECENT FILINGS IN OPPOSITION TO PLAN CONFIRMATION**

Interested Party Dustin Etter files this Response to the various motions (i.e. Docs. 319, 320, and 327) filed by Jerod Furr, AE Partners Holdings, Inc. ("AEPH"), AEP Asset Holdings, LLC ("AEP Asset Holdings"), Invictus Drilling Motors, LLC ("Invictus"), and J Parker Construction, LLC ("J Parker") ("Furr and Furr-Controlled Entities") in opposition to the confirmation of the plan. As further explained below, Furr's efforts to delay confirmation should be rejected because:

- The requested intervention should be denied because FED. R. CIV. P. 24 does not apply to non-adversary proceedings such as plan confirmations and settlement approvals. Although FED. R. BANKR. P. 9014 causes several adversary proceeding rules to apply in contested cases, FED. R. BANKR. P. 7024 (and by extension FED. R. CIV. P. 24) is not among the rules that apply to contested matters.

- Despite Furr's repeated mischaracterizations to the contrary, the plan and proposed confirmation order do not adjudicate claim ownership or title issues against Furr or any of his entities or transfer non-debtor property. And ***being the target of an actual or potential claim of a bankruptcy estate is not grounds for standing in bankruptcy court***. If the rule were otherwise, it "could garner a multitude of objections whenever" a trustee takes some action with respect to such a claim. *In re Teknek, LLC*, No. 05 B 27545, 2008 Bankr. LEXIS 2590, at \*7-8 (Bankr. N.D. Ill. 2008).

- The allegations of injunction violations are irrelevant and nonsensical given that the temporary injunctions do not restrict the Trustee and allow both the Trustee and the Court to allow conduct that would otherwise violate the injunctions.

- Mr. Furr got his "day in court," and it is requested that the Court decline to indulge Mr. Furr's attempts to further delay the entry of an order confirming the plan.

**1** of **5**

1.      The Motion for Leave to Intervene of Furr and the Furr-Controlled Entities should be denied because it is not a motion allowed under the Federal Rules of Bankruptcy Procedure. The Motion is purportedly brought under FED. R. CIV. P. 24, and the purpose of the Motion is to intervene to try to stop the Court from entering an order confirming the plan after the confirmation hearing and the Court's oral pronouncement of its ruling confirming the plan but before a written order is signed. But FED. R. CIV. P. 24 does not apply in this context because plan confirmation is not an adversary proceeding under FED. R. BANKR. P. 7001 and FED. R. BANKR. P. 7024 (and by extension FED. R. CIV. P. 24) is not among the adversary rules made applicable to contested matters under FED. R. BANKR. P. 9014. The Court set a deadline for parties in interest to file objections to the plan, and Furr and the Furr-Controlled Entities cannot circumvent that deadline by attempting to "intervene" after the deadline to file objections has passed and the confirmation hearing has already occurred or by attempting to recast new or untimely substantive objections to the plan as challenges to the form of the order approving it.

2.      Despite repeated misreadings and mischaracterizations by the Furr and the Furr-Controlled Entities to the contrary, neither the PMSA Settlement Agreement nor the plan nor the Trustee's proposed Confirmation Order adjudicates "the validity, priority, or extent of a lien or other interest in property" or was to "recover property" for the purposes of FED. R. BANKR. P. 7001. For instance, the PMSA Settlement Agreement does not actually say that it is adjudicating or transferring ownership of any of the assets listed on its Exhibit A outright. Rather, it says the Estates are transferring "all of the Estate's rights or ownership of each asset and entity listed on Exhibit A" and "all of the Estates' claims that the Estates are the rightful owner of each asset or entity listed on Exhibit A." The

Estates may own all of something, part of it, or none of it, and may have legal title, equitable title, or no title at all. Mr. Etter is simply getting whatever interests in the identified assets that the Estates may have, whether that interest is something or nothing. Thus, PMSA Settlement Agreement, the plan, and related documents simply do not adjudicate claims ownership or property title issues against Mr. Furr or the Furr-Controlled Entities or transfer non-debtor property at all. Mr. Furr and the various entities he controls remain free post-confirmation to assert that they have title to any causes of action in the adversary and the various other assets listed in Exhibit A of the PMSA Settlement Agreement. Mr. Furr and the Furr-Controlled Entities may, and indeed are likely to, lose those ownership/title disputes. But they nonetheless remain able to assert their claims to ownership post-confirmation with no weaker title than they had pre-confirmation.

3.      Mr. Furr clearly wants to force a "mini-trial" over the claims the Trustee is transferring to Mr. Etter under the PMSA Settlement Agreement before the transfer can occur. But the Federal Rules of Bankruptcy Procedure simply do not allow or require that. Rather, as the 5th Circuit has explained: "In evaluating a Rule 9019 settlement, a bankruptcy court need not conduct a mini-trial to determine the probable outcome of any claims waived in the settlement." *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 541 (5th Cir. 2015); *see also In re Josiahs Trucking, LLC*, No. 21-70009 CHAPTER 7, 2025 Bankr. LEXIS 1857, at *10 (Bankr. S.D. Tex. 2025).

4.      It appears that in substance, much of what Mr. Furr is trying to do is trying to assert that he has non-debtor/non-equity standing to inject himself into proceedings to approve the transfer of claims against him based on the fact that he is a target of the claims. But there is no "target of estate claims" standing in bankruptcy court. *See In re*

*Teknek, LLC*, No. 05 B 27545, 2008 Bankr. LEXIS 2590, at *7-8 (Bankr. N.D. Ill. 2008). If the rule were otherwise, it "could garner a multitude of objections" by potential targets of estate claims seeking to defeat those claims by jamming up retaining counsel to prosecute those claims by objecting to applications to employ or jamming up transfers of those claims by objecting to settlements transferring them, rather than by defeating the claims on the merits. The proper time and place to adjudicate competing claims of ownership is in the adversary and post-confirmation, not before or as a condition of the Estates even being able to transfer its claims.

5.      Mr. Furr's latest assertions in Doc. 327 alleging violations of the agreed temporary injunctions in the adversary proceeding are nonsensical. The adversary temporary injunctions: (1) do not restrict or bind the Trustee and (2) expressly empower the Trustee and the Court to create exceptions to the restrictions of the TIs at will. Under the plain terms of the TIs, if the Trustee or the Court consents to something, it is not a violation. Therefore, the Trustee cannot violate the TIs at all and Mr. Etter cannot violate the TIs by doing what the Trustee and/or the Court allow him to do. Mr. Furr agreed to the entry of the TIs, including the provision that allows the Trustee to create exceptions to its restrictions at will, and he cannot complain about the propriety of orders to which he agreed, including provisions that allow the Trustee to create exceptions at will. *E.g., W. Falcon, Inc. v. Moore Rod & Pipe, LLC*, No. H-13-2963, 2015 U.S. Dist. LEXIS 79296, at *24 (S.D. Tex. 2015). Furthermore, the proper place for a contempt proceeding for an alleged violation of the TIs would be within the adversary proceeding in which the TIs were issued rather than in the main case.

6.      Mr. Furr's multitude of pleadings since the contested confirmation hearing

(a) appear to be without merit given that the Court explicitly stated any sale order would sell only what interests the Estates have and (b) cause only to increase attorney's fees for the Estates and Mr. Etter and should be denied with prejudice. Mr. Furr obviously has a strong incentive to try to muddy the waters as much as possible to gum up the works of approving the plan, because once it is approved, his legal situation becomes essentially hopeless. Mr. Etter therefore requests that the Court reject Mr. Furr's efforts to further delay the entry of a written order or to obtain a redo of the confirmation hearing and promptly enter the Trustee's proposed Confirmation Order.

**PRAYER**

Mr. Etter therefore requests and prays that the Court decline Mr. Furr's latest effort to muddy the waters and delay, enter the Trustee's proposed Confirmation Order, and grant Mr. Furr such other and further relief to which he may be justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By:__**/s/ Noah Meek**_____
    Noah E. W. Meek
    State Bar No. 24084554
    Email: nmeek@irelanlaw.com
    2520 Caroline St., 2nd Floor
    Houston, Texas 77004
    Phone:  (713) 222-7666
    Fax:     (713) 222-7669

**ATTORNEYS FOR DUSTIN ETTER**

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on April 28, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

    __**/s/ Noah Meek**_____
    Noah Meek

**5** of **5**
