**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC** | § | **Bankruptcy Case No. 25-30155** |
| **and** | § | |
| **ALLIANCE ENERGY PARTNERS, LLC** | § | |

**DUSTIN ETTER'S RESPONSE TO**
**LEONARD SIMON'S EXPEDITED MOTION TO WITHDRAW AS**
**COUNSEL FOR DEFENDANTS AND COUINTER-PLAINTIFFS [sic]**

Dustin Etter files this Response to Leonard Simon's Expedited Motion to Withdraw as Counsel for Defendants and Couinter-Plaintiffs [sic]. As briefly summarized below, Mr. Etter is generally agreeable and unopposed to Mr. Simon withdrawing, but requests that any order granting Mr. Simon's withdrawal clarify who will be representing Jerod Furr and the entities that he will control post-confirmation, if anyone, and how Mr. Furr and those entities can be served as required by SDTX Local Rules 83.3 and 83.4. An alternative proposed order conditionally granting Mr. Simon's withdrawal is attached for this purpose.

1. Mr. Etter is generally unopposed to Leonard Simon withdrawing from representing anyone he no longer wants to represent in this case.

2. However, who represents Mr. Furr and entities he controls and in what in what capacities has been a confusing and controversial morass throughout this case. For instance, Mr. Simon seems to be asking to withdraw from representing entities that he has never appeared for, because "Defendants and Counter-Plaintiffs" in the adversary include the Debtors as well as Mr. Furr's wife Corrina Furr. Also, the only other attorneys for Mr. Furr are Deborah Crain, Randy Bays, and other attorneys from their firms. Both of them will obviously also have to withdraw because they represented Debtors AEP and

AFR in the adversary and those entities will become controlled by Mr. Etter and adverse to Mr. Furr under the plan. Ms. Crain and Mr. Bays cannot go from representing Debtors AEP and AFR to defending claims brought by AEP and AFR in the same case or in any related case. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.09 ("Conflict of Interest: Former Client").

3.      Mr. Etter does not want to be put in a position where he has to guess how to best serve Mr. Furr and his entities going forward by serving: (a) attorneys who will have to withdraw and who may claim that they were never representing Mr. Furr or his entities in a particular capacity and/or (b) Mr. Furr individually which may result in accusations that Mr. Etter's counsel is directly communicating with a represented party.[1]

4.      Mr. Simon's proposed order will only add to the confusion. Therefore, Mr. Simon should be required to submit a revised proposed order which provides service information for Mr. Furr and his entities going forward as a condition of withdrawal.

5.      Mr. Etter disagrees with Mr. Simon's parting jab on jurisdiction. The adversary will continue to implicate federal and bankruptcy court jurisdiction post-abatement including preference and fraudulent conveyance avoidance claims and plan interpretation. *See, e.g.*, 28 USC § 157. But that issue is not presently before the Court.

## PRAYER

Mr. Etter requests and prays that Mr. Simon's withdrawal be conditioned as requested in this Response and for such other and further relief to which Mr. Etter is justly entitled.

---

[1] To be clear, it is Mr. Etter's position that Mr. Furr and his entities can technically still be served through their other counsel until they too withdraw. But clearing up how they can be served now is best.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By:___/s/ Noah Meek_____
      Noah E. W. Meek
      State Bar No. 24084554
      Email: nmeek@irelanlaw.com
      2520 Caroline St., 2nd Floor
      Houston, Texas 77004
      Phone:  (713) 222-7666
      Fax:     (713) 222-7669

**ATTORNEYS FOR DUSTIN ETTER**

## CERTIFICATE OF SERVICE

    This is to certify that on May 21, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

        **/s/ Noah Meek**
        _____
        Noah Meek