**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ALLIANCE FARM AND RANCH, LLC** | § | **Bankruptcy Case No. 25-30155** |
| and | § | |
| **ALLIANCE ENERGY PARTNERS, LLC** | § | |

**DUSTIN ETTER'S EXPEDITED MOTION TO DETERMINE OWNERSHIP OF FILE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

Dustin Etter, individually and as successor-in-interest of Debtors Alliance Energy Partners, LLC ("AEP") and Alliance Farm & Ranch, LLC ("AFR"), and as necessary Debtors AEP and AFR themselves, file this Expedited Motion to Determine Ownership of File to determine the ownership of legal files generated by attorney Deborah Crain and her law firm E-Merger Law, PLLC ("E-Merger") while representing the Debtors in this case

and in related cases.

1.      As pointed out in multiple recent filings, under the plan confirmed by the court (**Doc. 338**), Dustin Etter now owns Debtors AEP and AFR and all of their non-cash assets. The plan became effective on 5/22/2026. **Doc. 357**, <u>Notice of Effective Date</u>. After the plan became effective, Mr. Etter sent Ms. Crain a request for various things including her file for any of her representations of AEP or AFR. **Doc. 363-1**, <u>5/22/2026 Demand to Deborah Crain</u>. On 6/1/2026, Ms. Crain responded by, among other things, refusing to provide Mr. Etter and AEP and AFR with client communications files for any joint representations of AEP and AFR without a court order. **Doc. 363-2**, <u>6/1/2026 Letter from Deborah Crain</u>.[1] In relevant part, Ms. Crain's letter states:

> Third, you have not sought, and have not obtained, any order from any court authorizing the production you demand. If your client believes he is entitled to the file or to specific privileged communications, the appropriate vehicle is a motion in the bankruptcy court (or appropriate forum), with notice to all joint clients. I will respond to any such motion on the merits. I will not, however, deliver privileged materials to a litigation adversary on the basis of a demand letter.

2.      Ms. Crain has thus challenged Mr. Etter to get a court order and is refusing to provide with significant parts of legal files for AEP and AFR that now owns unless gets a court order. In the meantime, Ms. Crain is actively using those same client confidences that she is wrongfully withholding from AEP, AFR, and their successor-in-interest Mr. Etter to litigate against them.

3.      It is indisputable that Ms. Crain at times apparently represented AFR alone and at other times apparently jointly represented AFR and AEP with others. For instance,

---

[1] Although not the subject of this Motion, in this letter, Ms. Crain also made various threats including threats to sue Dustin Etter and the undersigned counsel for in-litigation communications and threats to sue AEP and AFR for claims which arose before or during the bankruptcy which were never filed as claims in the bankruptcy itself.

she solely represented AFR during the pendency of this bankruptcy in a state court wrongful foreclosure suit. **Doc. 96-1**, State Court Wrongful Foreclosure Petition; **Doc. 96-3**, State Court Wrongful Foreclosure Notice of Nonsuit; *see also* **Doc. 31**, Application to Employ. Similarly, on 5/20/2025, Ms. Crain purported to file a motion to quash in this bankruptcy on behalf of Debtor AFR alone. **Doc. 91**, Motion to Quash. On 5/22/2025, she purported to file a response to the Committee's motion to appoint a trustee on behalf of Debtor AFR and on behalf of Mr. Furr. **Doc. 103**, Response to Motion for Appointment of Trustee. Ms. Crain also appeared and briefly litigated for Debtors AEP and AFR as well as Jerod Furr and other entities in the adversary with Case No. 25-03382 prior to removal. **Doc. 253-1**, Crain's Notice of Appearance; **Doc. 253-2**; **Doc. 80-24**, Motion to Expunge Lis Pendens.

4. It is indisputable that during the pendency of this bankruptcy, Ms. Crain at times represented Debtor AFR alone, and at other times represented Debtor AFR and/or Debtor AEP as joint clients with others. The relevant law is clear: "Counsel who represents two clients in the same matter cannot keep confidences of one respecting the matter from the other." *In re Mirant Corp.*, 326 B.R. 646, 650 (Bankr. N.D. Tex. 2005). These principles apply in the post-confirmation context and to successors-in-interest of debtors in the post-confirmation context. *See Harbin Enters. Gen. P'ship v. Ingram Micro Inc.*, No. 05-2942 Ma/V, 2007 U.S. Dist. LEXIS 105259, at *18 (W.D. Tenn. 2007) (discussing how Rule 1.09 applies in the context of successors-in-interest); *see also Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 346, 105 S. Ct. 1986, 1990 (1985). As the Supreme Court explained in *Weintraub*:

> *when control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well.*

*New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties.*

5.      A debtor's legal claims and legal rights are property of the estate can be bought and sold. *Briar Capital Working Fund Capital, L.L.C. v. Remmert (In re S. Coast Supply Co.)*, 91 F.4th 376, 383 (5th Cir. 2024) (explaining "preference claims are property of the estate that can be sold" and reversing order of dismissal for lack of jurisdiction of case brought by buyer asserting purchased preference claims); *see also Staneff v. Onsite Health Diagnostics, LLC*, No. 3:25-CV-0353, 2025 U.S. Dist. LEXIS 131001, at \*6-7 (N.D. Tex. 2025) (holding that entity's "attorney-client relationship passed to" the purchaser of an entity despite attorney's long-standing relationship with the entity's former owner). That includes the attorney-client privileges belonging to a debtor. *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, Civil Action No. 3:11-CV-3237-D, 2012 U.S. Dist. LEXIS 114293, at \*18-21 n.9 (N.D. Tex. 2012). There appears to be some divergence in authority about whether the attorney-client privilege can pass to a new entity that constitutes the reorganized debtor under a "practical consequences" test or must remain with the "new management of the same [entity]." *Id.* at \*21. But in this case, it does not matter, because Dustin Etter is both the successor-in-interest of AEP and AFR and the owner of the Debtors.

6.      In this case, contrary to well-established legal precedent, Ms. Crain is taking the position that: (a) a single joint client cannot obtain a legal file without the consent of all of the other joint clients and (b) "displaced managers" have a greater right to control

over a reorganized debtor's legal files than the reorganized debtor and its successor-in-interest.

**PRAYER**

Mr. Etter requests and prays that the Court order Ms. Crain to provide him with all legal files for AEP and AFR and for such other and further relief to which Mr. Etter is justly entitled.

Respectfully submitted,

IRELAN STEPHENS, PLLC

By:___**/s/ Noah Meek**_____
Noah E. W. Meek
State Bar No. 24084554
Email: nmeek@irelanlaw.com
2520 Caroline St., 2nd Floor
Houston, Texas 77004
Phone:  (713) 222-7666
Fax:      (713) 222-7669

**ATTORNEYS FOR DUSTIN ETTER,
ALLIANCE FARM & RANCH, LLC, and
ALLIANCE ENERGY PARTNERS, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that on June 2, 2026, a true and correct copy of this instrument was served upon all parties **VIA the Court's CM/ECF System** in compliance with the Federal Rules of Bankruptcy Procedure.

_____**/s/ Noah Meek**_____
Noah Meek