IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ALLIANCE FARM AND RANCH, LLC, | § | Bankruptcy Case No. 25-30155 |
| and ALLIANCE ENERGY PARTNERS, LLC, | § | JOINTLY ADMINISTERED |
| Debtors. | § | (Chapter 11) |

**EXPEDITED OBJECTION OF JEROD P. FURR AND NON-DEBTOR ENTITIES TO NOTICE OF INTENT TO COMPLY WITH REQUEST FOR TURNOVER OF FILES [DKT. 360] AND REQUEST FOR EXPEDITED HEARING**

THIS OBJECTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE OBJECTION, YOU SHOULD IMMEDIATELY CONTACT THE OBJECTING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE OBJECTING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE OBJECTING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE OBJECTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE OBJECTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE OBJECTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE ALFREDO R. PÉREZ, UNITED STATES BANKRUPTCY JUDGE:

Jerod P. Furr, individually, together with the non-debtor entities AE Partners Holdings, Inc., AEP Asset Holdings, LLC, Invictus Drilling Motors, LLC, and J Parker Construction, LLC (collectively, the "Objecting Parties"), file this Objection to the *Notice of Intent to Comply with Request for Turnover of Files* [Dkt. 360] (the "Notice") filed by Okin Adams Bartlett Curry LLP

("Okin Adams"), former counsel for the Debtors, and respectfully request an expedited hearing. In support, the Objecting Parties state as follows:

**I.**

INTRODUCTION AND RELIEF REQUESTED

1.     By the Notice, Okin Adams states that it intends to turn over its entire file relating to its former representation of the Debtors to Dustin Etter on June 5, 2026 unless a party in interest objects. The Objecting Parties object. The file does not belong to Mr. Etter alone to demand, and it is not the Debtors' alone to surrender. It contains attorney-client communications and work product held jointly with Mr. Furr individually and with non-debtor entities that were never debtors in these cases. Neither the Debtors nor Mr. Etter, as their post-confirmation equity owner, may unilaterally waive the privilege of the other joint holders or compel disclosure of materials that were privileged *against* Mr. Etter at the time they were created.

2.     The Objecting Parties do not ask the Court to resolve, today, the privileged status of any particular document. They ask only that the Court (a) direct Okin Adams to withhold any turnover pending adjudication; (b) require that any production proceed only after the Objecting Parties receive an index or privilege log and an opportunity to assert objections; (c) provide for in camera review of disputed materials; and (d) set this matter for expedited hearing before the June 5, 2026 turnover date or at the very least, issue an order to Okin Adams to hold off on the production until the Court has an opportunity to have a hearing on this matter.

**II.**

BACKGROUND

3.     Okin Adams formerly represented the Debtors, Alliance Farm and Ranch, LLC ("AFR") and Alliance Energy Partners, LLC ("AEP"). During the course of that representation, Mr. Furr individually and one or more of the non-debtor entities were joint clients with, or independent holders of privilege alongside, the Debtors with respect to communications and work product in

the file. That related case had been going on for months, and clearly it had an impact on the bankruptcy matter.  Indeed, Meek removed the underlying case to the adversary matter.

4.      Throughout the relevant period, Mr. Etter's interests were adverse to the Debtors, to Mr. Furr, and to the non-debtor entities. That adversity is reflected in the contested litigation between the parties. The communications and work product now demanded were generated while Mr. Etter was the adverse party.

5.      On May 29, 2026, Okin Adams received a demand from Mr. Etter, as owner of the equity interests in the Debtors, for turnover of the entire file. On June 1, 2026, Okin Adams filed the Notice, asserting that the demand complies with the Modified Plan [Dkt. 255] and the order confirming the Modified Plan [Dkt. 338], and stating that it will turn over the file on June 5, 2026 absent objection.

### III.

ARGUMENT

A. **Acquiring the Debtors' equity did not give Mr. Etter the right to waive privilege held by Mr. Furr or the non-debtor entities.**

6.      Control of a corporation generally carries with it authority over the corporation's attorney-client privilege. *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348–49 (1985). But that authority extends only to privilege the entity actually holds. Where the file reflects a joint representation, no single joint client — or its successor — may waive the privilege as against the other joint clients. Under Texas law, when two or more clients retain counsel on a matter of common interest, the privilege belongs to each, and one joint client cannot waive it unilaterally to the prejudice of another. *See* Tex. R. Evid. 503(b), (d)(5).

7.      Rule 503(d)(5) provides only that, in a dispute *between* joint clients, neither may invoke the privilege against the other. It does not authorize one joint client, still less the successor to one

joint client's equity, to extract the entire file from counsel and disclose it to the world over the objection of the remaining privilege holders. Mr. Etter is the successor to the Debtors' equity only. He is a stranger to the privilege held by Mr. Furr individually and by the non-debtor entities, none of which he owns and none of which were debtors here.

### B. Materials privileged against Mr. Etter when created do not become his upon his later acquisition of the Debtors.

8.     Mr. Etter was the adverse party during the representation. Communications and work product generated while he was adverse, including materials concerning the very claims asserted against him, were privileged *against* Mr. Etter at the time. His subsequent acquisition of the Debtors' equity does not convert him retroactively into a proper recipient of materials that were shielded from him when made. To hold otherwise would allow an adversary to obtain his opponents' privileged litigation file simply by acquiring a corporate party after the fact.

### C. The non-debtor entities' privilege never became property of the estates and could not be conveyed by the Plan.

9.     The Notice rests on the premise that the Modified Plan [Dkt. 255] and Confirmation Order [Dkt. 338] authorize the turnover. They do not. The non-debtor entities were never debtors in these cases. Their privilege never became property of the estates under 11 U.S.C. § 541 and could not be administered, sold, or waived through the Plan. As this Court observed from the bench, the Trustee cannot sell what the Debtors' estates do not own. The same principle governs privilege: the estates cannot waive, and the Plan cannot convey, privilege the estates never held exclusively. *See In re Highland Capital Mgmt., L.P.*, 132 F.4th 353 (5th Cir. 2025); 11 U.S.C. § 524(e).

### D. The file contains attorney work product that is not reachable on a demand letter.

10. The file also contains attorney work product, including opinion work product reflecting counsel's mental impressions, legal theories, and litigation strategy. Opinion work product receives near-absolute protection, and ordinary work product is discoverable only upon a showing of substantial need and undue hardship. *See* Fed. R. Civ. P. 26(b)(3); Fed. R. Bankr. P. 7026. A unilateral demand from an adverse equity successor satisfies neither standard, and the work-product protection is held in significant part by counsel independent of any client's waiver.

### E. **The proper vehicle is judicial supervision, not a self-executing turnover.**

11. A dispute over the production of privileged materials is to be resolved by the Court, with the affected privilege holders heard, not by a self-executing deadline that places the burden of preserving privilege on a three-day objection window. The Objecting Parties respectfully submit that the orderly course is to require an index or privilege log, afford the Objecting Parties an opportunity to assert objections, and submit any disputed materials for in camera review under the Court's supervision.

## IV.
### REQUEST FOR EXPEDITED HEARING

12. The Notice sets a turnover date of June 5, 2026. To preserve the status quo and the privilege rights at stake, the Objecting Parties request that the Court set this Objection for hearing on an expedited basis before that date, or alternatively, direct that no turnover occur pending a hearing o this matter.

## V.
### CONCLUSION AND PRAYER

WHEREFORE, the Objecting Parties respectfully request that the Court enter an order: (a) directing Okin Adams to withhold any turnover of its files relating to AFR and AEP pending further order of the Court; (b) requiring that, before any production, Okin Adams provide the Objecting

Parties with an index or privilege log of the materials demanded and a reasonable opportunity to assert objections; (c) providing for in camera review of any disputed materials; (d) setting this Objection for expedited hearing before June 5, 2026 or ordering no production unless and until there is a hearing on this matter; and (e) granting such other and further relief as is just.

Dated: June 2, 2026                      Respectfully submitted,

EMERGER.LAW, PLLC

*/s/ Deborah L. Crain*
_____
Deborah L. Crain
Texas Bar No. 24067319
1334 Brittmoore Road, #2314
Houston, Texas 77043
dcrain@e-merger.law
(346) 535-0818
Attorney for Jerod P. Furr, individually, and
the Non-Debtor Entities

## CERTIFICATE OF CONFERENCE

I certify that counsel for the Objecting Parties has communicated with Okin Adams regarding the subject matter of this Objection. Okin Adams takes the position, as stated in the Notice and in correspondence dated June 1, 2026, that any objection must be presented to the Court. This Objection is accordingly opposed or presented for the Court's resolution.

*/s/ Deborah L. Crain*
Deborah L. Crain

## CERTIFICATE OF SERVICE

I certify that on June 2, 2026, a true and correct copy of the foregoing was served on all parties registered to receive notice via the Court's CM/ECF system.

*/s/ Deborah L. Crain*
Deborah L. Crain